IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

MOTION TO DISMISS ON THE BASIS OF
SELECTIVE PROSECUTION
OR, ALTERNATIVELY, MOTION FOR DISCOVERY TO
DEMONSTRATE SELECTIVE PROSECUTION

Pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(B), Michael C. Irving, through undersigned counsel, respectfully moves this Court to dismiss the Indictment on the basis of selective prosecution. The reasons supporting this motion are set forth below.

I. **BACKGROUND**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. §287, (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. 7201, (3) One count of fraud in violation of 22 D.C. Code § 3221(a), and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code §410(a). All the charges arise from the Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

## II.     LEGAL ARGUMENT

Over 100 years ago, the Supreme Court, in *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), held that the discriminatory application of a valid law to similarly situated persons is an unconstitutional denial of equal protection. *See United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978). "Selectivity is permitted only to foster needed flexibility, not to disguise unconstitutional arbitrariness." *Teague v. Alexander*, 662 F.2d 79, 85 (D.C. Cir. 1981) (Tamm, J., concurring). Otherwise, "selective prosecution then can become a weapon used to discipline political foe and the dissident" and "[t]he prosecutor's objective is then diverted from the public interest to the punishment of those harboring beliefs with which the administration in power may disagree." *United States v. Berrios*, 501 F.2d 1207, 1209 (1974).

"[A]lthough prosecutorial discretion is broad, it is not 'unfettered'. Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints.'" *Wayte v. United States*, 470 U.S. 598, 608 (1985)(quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979)(internal quotations omitted)). These constitutional constraints forbid a prosecutor from basing the decision to prosecute on an "unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." Id. (internal citations and quotations omitted); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Marcum*, 16 F.3d 599, 602 (4th Cir. 1994)("[T]he government may not chose to prosecute a person solely because of his race, religion, or the exercise of his constitutional rights"). These include First Amendment rights. *See United States v. Falk*, 479 F.2d 616, 620 (7th Cir. 1973)("And, just as discrimination on the basis of religion or race is forbidden by the Constitution, so is discrimination on the basis of the exercise of protected First

Amendment activities, whether done as an individual or, as in this case, as a member of a group unpopular with the government").

To establish discriminatory prosecution, it is necessary to show "that the . . . system had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte*, 470 U.S. at 608. The discriminatory effect in a selective prosecution inquiry is judged by ordinary equal protection standards. *See Wayte*, 470 U.S. at 608. It is not necessary to show that no others who are similarly situated have been prosecuted, but rather that "others are *generally* not prosecuted for the same conduct." *United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981)(emphasis added). In order to make out a case of "selective prosecution," a defendant must show both that others who have committed the same acts have not been prosecuted and that the defendant's prosecution was predicated on a constitutionally impermissible motive. See *United States v. Gordon*, 817 F 2d 1538 (11th Cir. 1987) vacated in part on other grounds, 836 F. 2d 1312 (11th Cir. 1988).

The Government does not release statistics on the number of taxpayers who make "frivolous" filings or who protest the Constitutionality of the Internal Revenue Code, but various commentators have placed the number of such "tax protesters"[1] to be in the thousands and in one year the IRS reported such "illegal" protest returns exceeded 58,000. In fact, there is an IRS office set up in Utah, which processes *civilly* thousands of the illegal protest returns each year. Of this extremely large number of protesters, only a small handful is prosecuted criminally. The Government's policy is generally to prosecute **promoters** of tax protest schemes because they work against the Tax Code and take other innocent taxpayers outside of the tax system and disrupt the tax collection system. The Government also prosecutes Tax Protesters who combine

---

[1] The Government no longer refers to such frivolous return filers as "tax protesters" as that label tends to undermine the Government's position that the filers' actions are not premised on First Amendment protests and free speech.

3

their protest activities with **other criminal actions**, such as the violent anti-government group *Posse Comitatus* in Montana and North Dakota.

Mr. Irving does not fall into either category of persons to be prosecuted – he is a highly commended homicide detective on the Metropolitan Police Department, who has successfully closed major, high profile homicide investigations. As a prominent African American public servant in the Washington, DC area, Mr. Irving has been singled out from all other tax protesters and charged with nine felony counts all arising from Mr. Irving's flawed understanding of the tax system. He did not encourage other persons to seek "exempt" status, but was in fact victimized by a tax return preparer who led him through each of the steps which he believed would legitimately make him exempt from withholding taxes.

Moreover, Mr. Irving can demonstrate that there are numerous other similarly situated persons who are not prosecuted. Even within the Metropolitan Police Department, Mr. Irving and his counsel have identified to the prosecutors other police officers who did precisely what Mr. Irving is alleged to have done and were not prosecuted.[2]

Selective prosecution requires proof that the government was aware of other violators and did not prosecute them. See *United States v. Kahl*, 583 F 2d 1351, 1353-54 (5th Cir. 1978) (finding no selective prosecution because the government proved that it prosecuted all persons it was aware of that did not file tax returns). In this case, the government is aware of other violators who have not been prosecuted. The Government's prosecution of an act, which is typically handled civilly, is believed to be based on the fact that Mr. Irving is a prominent black man in Washington, DC and the Government is intent upon making an example out of Mr. Irving to deter other African-Americans in the District of Columbia from taking similar protest actions.

---

[2]   The Prosecutors have objected to providing any discovery into other Metropolitan Police Department, even though a search for other persons who have claimed "exempt" status would be exceptionally easy.

4

At a minimum, the Defendant is entitled to discovery regarding his selective prosecution. See *United States v. Folkers*, 2007 U.S. Dist. Lexus 14724, 13 – 14(D. Kan. 2007), discussing that defendant is entitled to discovery if he presents some evidence tending to show the essential elements of his selective prosecution claim.

In this case, the evidence known to date indicates that the federal prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose. Although additional evidence may be needed to fully document this discriminatory effect and purpose, such evidence is within the exclusive control of the government and the government has refused to provide such information. The Defendant is entitled to discovery under these circumstances. Such discovery would not only shed light on Mr. Irving's motivations, but also provide information relating to selective prosecution.

WHEREFORE, the Defendant, Michael Irving, respectfully requests that this case be dismissed due to impermissible selective prosecution, or alternatively, that he should be allowed to engage in discovery to gain information to document such impermissible selective prosecution.

Date: July 6, 2007                                         Respectfully submitted,

                                                           SCHERTLER & ONORATO, LLP


                                                           _____/s/_____
                                                           David Schertler (DC Bar #367203)
                                                           David H. Dickieson (DC Bar #321778)
                                                           601 Pennsylvania Avenue, NW
                                                           North Building, 9th Floor
                                                           Washington, DC 20004
                                                           Telephone: (202) 628-4199
                                                           Facsimile: (202) 628-4177

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| v. | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

**<u>ORDER</u>**

Upon careful consideration of Defendant's Motion to Dismiss on the Basis of Selective Prosecution, or, Alternatively Motion for Discovery to Demonstrate Selective Prosecution, the Motion is hereby GRANTED this _____ day of _____, 2007, and the case is DISMISSED.

SO ORDERED.

_____       _____
Date                                                               The Honorable Paul L. Friedman
                                                                           US District Court Judge