IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| v. | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

**MOTION TO STRIKE**
**LEGALLY ERRONEOUS ALLEGATIONS IN INDICTMENT**

NOW COMES the Defendant, Michael C. Irving and hereby moves to strike those portions of the Indictment, which as a matter of law or undisputed fact, cannot be sustained as allegations in the indictment. Such material creates a false impression of the Defendant and demonstrates a fundamental misconception of the legal issues in the case as constructed by the attorneys for the United States. Specifically, in Counts Three, Four, Five, Six, Seven, Eight and Nine, the Government asserts that the Defendant submitted "false" documents because the Defendant indicated on those documents that he believed that he was "exempt" from taxes. The Government has concluded, and Michael Irving now understands following consultation with a tax lawyer, that he did not qualify for "exempt" status, but his mistaken belief at the time the forms were submitted does not rise to the level of the intentional "false" claim of fact.

The determination as to whether a person is "exempt" is not a question of fact, but a legal conclusion, which is largely a mystery to laymen, particularly laymen with the limited educational background held by the Defendant. Defendant Irving is not a tax lawyer, nor has he ever been trained in the law apart from his training to work as a homicide detective. The determination as to whether a person is "exempt" from taxes is a complex process and the notion

that anyone who comes to the wrong conclusion on that issue has committed a felony is also a misguided legal conclusion.

Legal authorities with respect to false statements and perjury indicate that criminal intent cannot be prosecuted based on the defendant's assertion of an erroneous legal conclusion. The United States Supreme Court has already determined that a person cannot be criminally prosecuted for tax fraud if one's actions are premised on ignorance or a sincere subjective belief that one's actions were legal. See *United States v. Cheek,* 498 U.S. 192 (1991).

> A defendant's conduct is not willful if the jury finds it resulted from "ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws." *Cheek v. United States*, 498 U.S. 192, 202 (1991).

The Supreme Court explained that:

> In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief is objectively reasonable. *Cheek*, 498 U.S. at 202.

The Supreme Court held the trial court's jury instructions that Cheek's good faith beliefs or misunderstanding of the law would have to be objectively reasonable to negate willfulness were erroneous, stating:

> It was therefore error to instruct the jury to disregard evidence of Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be.
> *Cheek,* 498 U.S. at 203.

2

Consequently, the issue here is not whether Mr. Irving made a false statement on tax forms, but whether his statements were based on ignorance or if he had a good faith belief in the legal conclusions written on the tax forms.

Moreover, the government cannot assert the making of a false statement if the statement does not relate to a concrete statement of fact. This brief examines the legal authorities, which generally hold that asserting an erroneous legal conclusion or opinion is not tantamount to making a false statement. While the issue of whether Mr. Irving was sincere in his subjective belief is a factual question that will be addressed at trial, the issue of whether any statement asserted by Mr. Irving is a "false statement" of fact is a legal issue that may be addressed before trial.

In **U.S. v. Endo, 635 F.2d 321 (4th Cir. 1980)** the Fourth Circuit analyzed the distinction between statements of fact and legal conclusions. The Court held:

> At common law and under many state statutes, statements which present legal conclusions are considered opinion, and cannot form the basis of a perjury conviction. See, e.g., *People v. Longuemire*, 57 Mich.App. 395, 275 N.W.2d 12 (1978). Prosecution there rested on the defendant's sworn testimony at a trial for breaking and entering and larceny where he was convicted of those crimes. His alleged perjury concerned denials that he had committed breaking and entering.
> …
> Basic adjudicative facts pertain to who did what, where, when, how and with what motive or intent.... They may be proved for both substantive and impeachment purposes. Ultimate fact questions concern the legal definitions and effects ascribed to the basic facts or combinations of basic facts as found.[3] At common law, it is doubtful that false testimony as to the latter can ever be a basis for a perjury charge, since a court would most likely construe it as mere opinion or as a conclusion of law beyond the realm of common knowledge. See 18 Mich.Law & Practice, Perjury, s 1, p. 458. Id., quoting **People v. Longuemire, N.W.2d 12 (Mich. App. 1978):**

The Fourth Circuit ultimately determined that the perjury conviction must be reversed because the alleged "false statement" was not a statement of fact:

> Conviction for perjury cannot be sustained solely because the defendant gave

3

inconsistent answers to the question, "are you guilty?" To be false, "the statement must be with respect to a fact or facts" and "(t)he statement must be such that the truth or falsity of it is susceptible of proof." See *Kolaski v. U. S.*, 362 F.2d 847, 848 (4th Cir. 1966).

In other cases where the Court rejected the Defendant's argument that his/her statements were opinions or legal conclusions and not statements of fact, the operative statements do not have the flavor of a legal conclusion, but were in actuality statements which are susceptible to a determination by a lay person that such a statement was true or false. See *Todorow v. United States*, 173 F.2d 439 (9th Cir. 1949), cert. den. 337 U.S. 925, 69 S.Ct. 1169, 93 L.Ed. 1733 (1949), wherein the false statement under a section 1001 prosecution was the assertion that the truck (surplus property of the United States) was to be for the applicant's own use, when in fact it was to be for the use of another. *McCoy v. United States*, 169 F.2d 776 (4th Cir. 1948), cert. den. 335 U.S. 898, 69 S.Ct. 298, 93 L.Ed. 433 (1948), is to the same effect. See also *United States v. Uram*, 148 F.2d 187, 188 (2nd Cir. 1945).

In *United States v. Outer Harbor Dock & Wharf Company*, 124 F.Supp. 337 (S.D.Ca.1954), the court provided an **"illustration of what a conclusion of law or mere legal opinion is really like.** The statement alleged to have been made in the Outer Harbor Dock case, supra at 340, was 'the Company 'was obligated under its lease with the City * * * to remove warehouse buildings and installations * * *.'" This statement is much more akin to the opinion stated by Mr. Irving that he believed he was "exempt" from withholding.

Similarly, in *Chambers, et al. v. The Habitat Co.*, **2001 WL 1104615 (N.D.Ill. Sept. 18, 2001),** the court provided another example of what would be a "conclusion of law" rather than a false statement of fact:

> In a section entitled "false statements," the plaintiff complains that defendants obtained judgment against her by making false representations to the court. The false statements identified by the plaintiff are (1) that one of Habitat's attorneys pled that Chambers' due process rights were not violated…
>
> There are a number of problems with these claims. As to statement (1), this is a **conclusion** of **law** rather than a **false statement** of fact. *See United States v. Endo,* 635 F.2d 321, 323 (4th Cir.1980) (noting a distinction between denying specific acts and denying a legal conclusion). It is therefore not actionable.

Since the assertion of a legal conclusion is not actionable, the inclusion of such allegations in the indictment should be stricken.

Sometimes a common factual statement can in reality be a complex legal conclusion. For example in the case *In re Valvo*, **440 N.E.2d 780 (N.Y. App. 1982),** the court wrestled with the rather pedestrian question of did the claimant make a false statement when she said that she was "unemployed:"

> The court accepted the board's determination that claimant's check-writing activities constituted employment***698 but found nothing in the record to support the board's determination of willfulness. With respect to the board's right to recover a portion of the benefits . . . on the theory that she had made a **false statement** the court held that "the term '**false statement**' in the statute refers to a false *factual* statement" and not to an erroneous **conclusion** of **law**. (83 A.D.2d, at p. 346, 445 N.Y.S.2d 292.)   In this case the court found that "the requirement that claimant weekly 'report and certify as to his unemployment' (12 NYCRR 473.2[a]) obligated claimant to draw a legal conclusion-whether her uncompensated check-writing activities constituted employment within the meaning of the Labor Law-rather than provide factual data". (83 A.D.2d, at p. 347, 445 N.Y.S.2d 292.)

If the statement that one is "unemployed" does not constitute a factual statement due to the legal issues that go into a determination of what constitutes "employment," then it is manifestly clear

5

that a determination that one is "exempt" cannot possibly be a factual statement, as many laypersons would not know if such a statement were true.

Consequently, the Defendant believes that the Indictment unfairly asserts that he provided "false statements" when he was merely stating a legal conclusion or opinion which turned out to be incorrect. This conclusory statement - that Mr. Irving was "exempt" - is not an actionable false statement.

WHEREFORE, the Defendant respectfully requests that this Court strike every reference to making a false statement in the Indictment and preclude the Government from asserting that Mr. Irving made a "false statement" when he indicated that he was "Exempt" on his W-4 or D-4 Forms or presented legal argument to that effect.

> Respectfully submitted,
>
> SCHERTLER & ONORATO, LLP
>
> _____/s/_____
> David Schertler (DC Bar #367203)
> David H. Dickieson (DC Bar #321778)
> 601 Pennsylvania Avenue, NW
> North Building, 9th Floor
> Washington, DC 20004
> Telephone: (202) 628-4199
> Facsimile: (202) 628-4177

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) |  |

**ORDER**

Upon careful consideration of Defendant's Motion to Strike Legally Erroneous Allegations in Indictment, the Motion is hereby GRANTED this _____ day of _____, 2007.

SO ORDERED.


_____                           _____
Date                                            The Honorable Paul L. Friedman
                                                U.S. District Court Judge