IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) |  |

**REPLY IN SUPPORT OF PRE-TRIAL MOTIONS**

On July 13, 2007 the Defendant Michael C. Irving filed four pre-trial motions: (i) one motion to strike material in the indictment relating to "false statements," (ii) one motion to dismiss Count Four relating to District of Columbia charges of fraud in the first degree; (iii) one motion to dismiss four counts relating to tax documents which were forged by persons in the payroll section of the Metropolitan Police Department; and (iv) one motion to dismiss the case for selective prosecution. The Government responded to those four motions with a consolidated Opposition Brief, setting forth the Government's version of the facts at length.[1] This Reply Brief addresses the Government's consolidated Opposition Brief and rebuts the Government's assertions that the Indictment should stand as written.

I.   **The Government's Version of the Facts Supports the Defendant's Motions**

The Government provided a lengthy statement of facts, but in setting forth the facts as the Government perceives them, the prosecutors reveal that there is no dispute with respect to the key fact underlying the Defendant's motions – that the Defendant made a common error of law, not a fraudulent statement of fact.

---

[1]   This Reply Brief is not intended to contest the factual statements made in the Government's Brief, as such a factual contest would negate the purpose of these Pre-Trial Motions. Instead, this Reply uses the Government's recitation of facts to point out where - even by the Government's view of the facts - these Pre-Trial motions should be granted as a matter of law.

The Government quotes from the IRS pamphlet, which it transmitted to the Defendant shortly before pursuing the defendant for criminal tax fraud. The pamphlet states:

> There have always been individuals who, for a variety of reasons, argue that various taxes are illegal. They use false, misleading, or unorthodox tax advice to gain followers. The courts have repeatedly rejected their arguments as frivolous, and now routinely impose financial penalties for raising such meritless defenses. [Government Opposition Brief, p.9]

This quoted section contains admissions by the Government which undermine the basis for the indictment against Mr. Irving:

1. The Government admits that Mr. Irving falls into a category of individuals who "argue that various taxes are illegal." Thus, the Government acknowledges that the statements made by Mr. Irving are legal arguments and not false statements of fact. Making distinctions between legal issues and factual issues is a routine task of this Court and a task that can be resolved at this early stage of the proceeding before the introduction of evidence

2. The Government acknowledges that the "routine" treatment of such tax protesters is to "routinely impose financial penalties for raising such meritless defenses." This undermines the Government's position that they are unaware of other persons similarly situated who are not being prosecuted criminally.

Both of these issues will be addressed in greater detail below.

**II.   The Government Failed to Rebut the Motion to Strike References to "False Statements."**

The Government brief did not rebut the assertion in the motion that the determination as to whether a person is "exempt" is not a question of fact, but a legal conclusion. The Government failed to address the legal authorities with respect to the prosecution of legal conclusions and perjury. The Government failed to rebut the Defendant's position and the stated legal authorities that criminal intent cannot be prosecuted based on the defendant's assertion of an erroneous legal

conclusion. Instead, the Government re-characterized the gist of the Defendant's motion and asserted that the Defendant was arguing that he did not know that the statement was false when he made it. This re-characterization completely misses the point raised in this critical motion – the statement cannot be an actionable false statement if it is a statement of a legal conclusion. The Government, after re-characterizing the motion, then devotes less than a page to oppose the Motion to Strike. The Government chose not to address the following legal authorities raised in the Defendant's motion:

- *U.S. v. Endo*, 635 F.2d 321 (4th Cir. 1980)
- *People v. Longuemire*, N.W.2d 12 (Mich. App. 1978)
- *United States v. Outer Harbor Dock & Wharf Company*, 124 F.Supp. 337 (S.D.Ca.1954)
- *Chambers, et al. v. The Habitat Co.*, 2001 WL 1104615 (N.D.Ill. Sept. 18, 2001)
- *In re Valvo*, 440 N.E.2d 780 (N.Y. App. 1982).

These unrebutted authorities indicate that asserting an erroneous legal position is not the equivalent to making a "false statement."

Mr. Irving's statement that he was "exempt" from withholding taxes was not made in a vacuum as a "fact," nor was it made without explaining the precise legal argument, however flawed, upon which this legal conclusion was based. The Government's recitation of their version of the facts provides portions of the Affidavit that Mr. Irving submitted with the W-4 form:

> You can see by checking my statement <u>against the law itself</u> that I <u>have fulfilled all the requirements contained in the law</u>. The law makes it perfectly clear that "not withstanding any other provision of this section" (i.e. Section 3402(n) that you "shall not be required to deduct and withhold any tax. . ."[sic] from my wages if I provide you with the certified statement contained in this affidavit. Let me further point out that under law (Section 3402(n) <u>I am not required to provide you or the IRS with any other document or statement because this affidavit fulfills all the requirements contained in the law.</u>
>
> Let me further remind you that no mimeographed letter or alleged regulation can abrogate or supercede (*sic*) my sworn statement and the clear language and intent <u>of the law as shown below</u>.

3

*Id*. (emphasis in original). [Irving Affidavit attached to his Form W-4]

The Government's Opposition Brief preserved the Defendant's underlining of key parts of this affidavit. Those underlined portions quoted above emphasize the legal nature of the Defendant's argument – "*against the law itself,*" "*have fulfilled all the requirements contained in the law,*" "*I am not required to provide you or the IRS with any other document or statement because this affidavit fulfills all the requirements contained in the law,*" and "*of the law as shown below.*" All of these underlined statements highlight the Defendant's communication of a purely legal position that led to the erroneous ultimate legal conclusion that he was "exempt" as a matter of law.

As a matter of law, this Court may determine at this stage of the proceeding that Mr. Irving did not use a false statement of fact to evade taxes. No, Mr. Irving laid out his theory in its entirety and upon reading that theory, the IRS knew that Mr. Irving was making a legal argument and they transmitted a warning that such legal arguments were frivolous and may subject Mr. Irving to a financial penalty. For the Government to now claim that such statements are statements of fact is unsupportable legally or logically and merit a grant of the Motion to Strike.

The Government's claim that Mr. Irving made actionable false statements on his W-4 and D-4 tax forms must be stricken. The Supreme Court has recognized that such views about income taxes and wages may be incredible, but do not constitute a crime, stating:

> It was therefore error to instruct the jury to disregard evidence of Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be.
> *Cheek,* 498 U.S. at 203.

Consequently, the Defendant believes that the Indictment unfairly and inaccurately asserts that he provided "false statements" when he was merely stating a legal conclusion or opinion which turned out to be incorrect. This conclusory statement identified in the Indictment - that Mr. Irving

4

was "exempt" - is not an actionable false statement. In the absence of any rebuttal to this argument by the Government, the Defendant respectfully requests that this Court strike every reference to making a false statement in the Indictment and preclude the Government from asserting that Mr. Irving made a "false statement" when he indicated that he was "Exempt" on his W-4 Forms and/or presented legal argument to that effect.

### III.     The Government Mischaracterizes the Selective Prosecution Motion

The Defendant moved to dismiss for "selective prosecution" or in the alternative for discovery into the issue of selective prosecution. The Government responded to this motion by mischaracterizing the Defendant's selective prosecution argument as asserting that other similarly situated persons are "being ignored." This mischaracterization of the Defendant's motion is unfair and inaccurate. The Defendant is not claiming that other tax protesters are being "ignored," but rather that the Government has an array of punitive measures which it uses to enforce the tax laws and that by the Government's admission, the routine punitive measure used is a financial penalty and not criminal prosecution. And that the prosecutors have singled out Mr. Irving to prosecute.

The Government has criticized the absence of authority cited in the selective prosecution motion, but this Court should recognize that (i) the Government is the sole repository for all such information about frivolous returns and tax protesters; and (ii) the Government has provided adequate authority in their Opposition Brief when they quote from the IRS pamphlet that the IRS "routinely impose[s] financial penalties for raising such meritless defenses." The fact that the IRS has prepared a "pamphlet" to deal with such frivolous returns and the admission that it "routinely" imposes financial penalties indicates that this case is not an isolated situation where everyone filing frivolous returns is criminally prosecuted.

The Defendant's motion never indicated that tax protesters should be "ignored." Rather, the IRS has established an Office in Utah that routinely handles such "frivolous" return matters with civil penalties. The Defendant's selective prosecution motion is premised on the decision, which is statistically rare, to prosecute this particular defendant in this Court, when thousands of other similarly situated tax protesters are facing only financial penalties.

The Government's Opposition Brief then seeks to compound the selective prosecution injustice by asserting that the Defendant is not entitled to discovery to try to determine the Government's basis for selecting him for prosecution among the thousands who file frivolous returns. The Government has provided no basis for denying this discovery in this case, even when their own brief acknowledges that the routine method of dealing with such "frivolous" returns is a financial penalty.

It is the Government's argument which bends the credulity of this Court when they point to a group of other cases where tax protesters have been prosecuted in the past. The Government fails to note that for every criminal prosecution there are undoubtedly a thousand tax protesters who receive only a financial penalty. When the IRS deals with tens of thousands of tax protesters every year, pointing to a handful of prosecutions (only nine are provided nationwide in Gov. Exhibit 9) does not prove their point that the Defendant has not been impermissibly selected for prosecution. Almost all of the nine cases prosecuted each involve additional criminal conduct, such as concealment of assets, obstruction of justice, passing a fictitious financial instrument, and substantially higher amounts of unpaid taxes, which are not present in the instant case.

Moreover, the Government also undermines its selective prosecution rebuttal argument when it informs the Court that there was another police detective (Gov. Exhibit 10) who was not prosecuted because he dropped his protest activities after he was contacted by Maryland taxing

authorities. The Government asserts in the indictment that the tax fraud crime is complete when the tax form is filed. If the Government is looking at *post-filing activity* to determine who should be prosecuted, it makes no prosecutorial sense to continue to prosecute the police detective who continued to believe that what he was doing was legally correct, and allow the police detective who abandoned his legal position when the wind began to blow in a different direction. Such a decision validates the argument that Mr. Irving is being prosecuted because he persisted in making Constitutional arguments against the income tax. A decision designed to punish Mr. Irving for continuing to make such Constitutional arguments, no matter how flawed, forms a second basis for finding impermissible selective prosecution – prosecution "designed to prevent or paralyze his exercise of constitutional rights," as argued by the Government in citing *United States v. Mangieri, Jr.,* 694 F. 2d 1270, 1273 (D.C. Cir. 1982) [Government Brief at p. 12].

The Government's admissions concerning routine procedures for imposing civil penalties for frivolous returns and tax protesters coupled with its weak showing of only nine cases nationwide (without any race information) prove a non-uniform criminal prosecution and demonstrate that more than a threshold showing of selective prosecution has been made. At a minimum, discovery into that issue is warranted. *U.S. v. Armstrong*, 517 U.S. 456, 468.

In *Armstrong*, the Supreme Court contemplated the "evidentiary obstacles that defendants face" in presenting race-based evidence of selective prosecution, but in the end concluded that such task was not "insuperable." 517 U.S. 456, at 468. Here, the Government holds all of the information about the number of frivolous returns filed and how they are treated. Such information is no longer provided to the public. Apart from dated press reports that such frivolous returns number in the tens of thousands, the Defendant does have an "insuperable" task of trying to present evidence that is exclusively in the hands of the Government. This Court can distinguish the holding in *Armstrong* by

7

noting that the Government has admitted disparate treatment between the thousands "routinely" fined and the handful (nine) prosecuted without any explanation. Only the IRS and the Department of Justice has information explaining the selection process for prosecution and the prosecutors have acknowledged that, in this case, a similarly situated police detective was not prosecuted because he abandoned his Constitutional argument upon threat of prosecution. Because the Defendant has shown that there is disparate treatment and the Government in its Opposition Brief admits that it made a decision not to prosecute in a similar case based on the other police detective's abandonment of his Constitutional argument, further discovery into this issue is merited.

    **IV.**     **The Government's Defense of Counts Which Rely on Forged Documents Misses the Point that those Counts Fail as a Matter of Law.**

The Defendant provided evidence that various key documents underlying Counts Four, Five, Eight and Nine were forged by persons in the Metropolitan Police Department. The Defendant's purpose in presenting such evidence was not to foreshadow a factual dispute that will be adjudicated at trial, but rather to raise a point that the undersigned counsel believed was undisputed and to deal with the legal consequences of such an undisputed fact. The Defendant maintained that those Counts cannot be sustained if the tax forms were in fact forged by MPD payroll personnel.

The Government did not affirmatively dispute that the documents were forged, but instead took the oblique position that whether the forms were forged is an issue to be determined at trial. If the Government already knows that the documents were forged, as it should since it has brought at least one person from the payroll department before the grand jury, the Government should not force the issue to be tried when it has no good faith basis for denying such forgeries.

As a fallback position, the Government asserts that even if the documents were forged, the Defendant is still criminally responsible, as he "filed or caused to be filed false and fraudulent W-4 documents" which constitutes a crime. The Government's position is too narrow and fails to see the

8

connections between the forgery issue and the false statement issue, even though the Government prepared a consolidated brief dealing with both matters and even though it refers to both issues – "causing to be filed" and "false and fraudulent documents" -- in the same sentence. The Government may be able to prove that Mr. Irving "*caused to be filed* the W-4 forms, but as a matter of law such forms are not false and fraudulent because they provide only legal conclusions which were erroneous. *See* discussion *supra*. The combined impact of these two issues leave the Government in the untenable position that the MPD Payroll Department was conspiring with the Defendant to file false tax forms.

The Government should be required to disclose their analysis of any forged documents, as such information that the Defendant did not sign the forms is exculpatory information. Once the issue of forgery is resolved, this Court may make the legal finding that even "causing another person to file" forms with an erroneous legal conclusion does not constitute tax fraud as alleged by the Government.

### V. The Government Fails to Explain Its District of Columbia Fraud Count.

The Defendant filed a motion indicating that, as a matter of law, there could be no fraud in the first degree as the District of Columbia defines that crime because there was no deception and no loss to the victim – here, the victim is alleged to be the District, itself. The Defendant recognizes that the fact that there was no loss to the District of Columbia is a fact outside of the four corners of the indictment, but it would be absurd and abusive for the Government to proceed with this fraud in the first degree count, if it cannot possibly show a loss.

So for the sake of argument, let's assume that the Government plans to prove that there was in fact a loss to the District of Columbia. No evidence of any such loss was provided to the Defendant during discovery. No refund checks were identified. Count Six relates to years where

Mr. Irving paid his taxes, but later asserted a claim for refund. Those refunds were denied and thus no loss was incurred. In the Opposition Brief, the Government fails to come forth and declare that there was in fact a loss, but instead asserts that it need not identify any loss at this time.

The Government may believe it is entitled to assert cryptically that it may wait for trial to present evidence of this District of Columbia crime, but this only raises issues concerning the Government's compliance with discovery and/or the Government's decision to proceed on a claim where it cannot satisfy the required elements of proof. By refusing to divulge the requisite elements of the fraud in the first degree, the Government is denying Mr. Irving the means to formulate his defense. If the Government does in fact assert that Mr. Irving engaged in deceptive acts with respect to the District of Columbia, it should be obligated to describe those facts with greater particularity. Moreover, if the Government asserts that Mr. Irving deprived the District of Columbia by this deceptive scheme, the loss should be described with particularity. In the absence of any such allegations, this Count relating to fraud in the first degree should be dismissed.

## CONCLUSION

For the reasons stated herein and in the previously filed motions, the Defendant respectfully maintains that the indictment fails to state a case against him -- his actions do not constitute false statements of fact, he did not file or cause to be filed fraudulent tax returns, he did not deceive the District of Columbia and cause it any loss, and the decision to prosecute him was unfairly made and contrary to the constitutional protections afforded to him against selective prosecution.

Respectfully submitted,

SCHERTLER & ONORATO, LLP

_____/s/_____
David Schertler (DC Bar #367203)
David H. Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177