IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) ) | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY OF TAX INFORMATION
POSSESSED BY THE METROPOLITAN POLICE DEPARTMENT**

The Defendant, Michael C. Irving hereby moves to compel certain discovery information in the possession of the District of Columbia Government that the Government has refused to provide. The reasons supporting this motion are set forth below.

**I.    BACKGROUND**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. §287, (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. 7201, (3) One count of fraud in violation of 22 D.C. Code § 3221(a), and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code §410(a). All the charges arise from the Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

At issue in this case is Mr. Irving's intent. Mr. Irving did not file his tax returns and did not pay taxes for the years in question because he was acting under a subjective good faith belief that he was not required to do so. Mr. Irving contends that he was first exposed to this idea by another Metropolitan Police Department Detective, Eugene Lonon. Mr. Lonon was killed in an

automobile accident in April 2003. The defense also believes that Mr. Lonon told other police officers about the concept of being a "tax protester" and that these other officers, following Mr. Lonon's guidance, did precisely what Mr. Irving is alleged to have done, namely, submit documentation to the authorities announcing their tax protester status and failing to file tax returns or pay taxes.

In correspondence to the Government dated June 11, 2007, counsel for Mr. Irving made several specific demands for information that we believe must be disclosed under *Brady v. Maryland*, 373 US. 83 (1973) and its progeny. In particular, defense counsel made a "specific Brady request for "***the identities, names and addresses, and statements (in whatever form) of any and all persons, whether or not those persons are cooperating with the government, who filed a W-4T Form and/or a W-4 Form indicating that they were "exempt" from withholding with the D.C. Metropolitan Police Department from 2000 through present.***"

We submit that this information is critical to the defense in this case because, to the extent it exists, it will assist the defense in discovering other persons who may well corroborate Mr. Irving's claim that he acted on information provided to him by Mr. Lonon and that these other police officers acted on the same information. In that sense, it is clearly "favorable to the accused." The Government, however, has declined to provide this information to the defense, claiming "[w]e are not in possession of the requested evidence, and do not have the ability to obtain it from the Metropolitan Police Department, as they are not an agency participating, nor closely aligned, in this investigation." By way of this motion, we ask that the Court compel the Government to discover and disclose the information requested.

## II.     LEGAL ANALYSIS

The basic tenets of *Brady v. Maryland*, *supra*, have been the subject of much litigation, both at the trial level and the appellate level.  At the heart of *Brady* and its progeny is the common sense proposition that if the Government is aware or has within its possession information that might be favorable to the accused, it must disclose that information to the defense.  In fact, the District of Columbia has adopted Rule of Professional Conduct 3.8, entitled "Special responsibilities of a prosecutor," which provides that a prosecutor shall not "intentionally fail to disclose to the defense, upon request and at a time when use by the defense is reasonably feasible, any evidence or information that the prosecutor knows or reasonably should know tends to negate the guilt of the accused or mitigates the offense . . ."  Rule 3.8(e). The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).  *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[*Brady*] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate. *See* ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense")).

In this case, Mr. Irving has requested information from the Government that, should it exist, would be material to his defense in this case. Information relating to the Metropolitan Police Department's handling of these W-4 and D-4 Forms is critical to Mr. Irving's defense because the fact that the Police Department accepted these forms led Detective Irving to believe the misguided advice he was received Mr. Lonon was lawful and acceptable. Furthermore, the information regarding other police officers claiming exempt status on their forms D4 and W4 will open avenues of investigation for the defense to ascertain whether there are other officers who were acting under the same understanding as Detective Irving and thus could corroborate his defense.

Notably, the Government has not contested the materiality of such information. Rather, the Government's response is that it has no ability to obtain records within the possession of the Metropolitan Police Department. That is incorrect. As an initial matter, because the U.S. Attorney's Office for the District of Columbia recused itself in this case, the Tax Division of the U.S. Department of Justice is acting in place of the U.S. Attorney's Office for the District of Columbia and, as such, assumes the same responsibilities and obligations as if the case were being handled by that Office. This prosecution is a joint prosecution with the District of Columbia Office of Tax and Revenue and the prosecutors, working with District of Columbia agents, who have demonstrated their ability to access District of Columbia records and payroll records in particular when those records suit their needs.[1] As such, the District of Columbia, and by extension, the Metropolitan Police Department of the District of Columbia, is a branch of government "closely aligned with the prosecution." *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992). But for the the issue of recusal, the U.S. Attorney's Office for the

District of Columbia would have prosecuted this case potentially in conjunction with the Tax Division of the Department of Justice, as they have done frequently in the past. It is beyond purview that in the cases of this Circuit, the federal government has been charged with the responsibility of being in possession of records held by the Metropolitan Police Department. *United States v. Brooks, supra*; *In re Sealed Case No. 99-3096 (Brady Obligations)*, 185 F.3d 887, 896 (D.C. Cir. 1999).

      WHEREFORE, the Defendant respectfully requests that this Court compel the Government to disclose the specific information, as set forth above, that the Defendant has requested.

                                      Respectfully submitted,

                                      SCHERTLER & ONORATO, LLP

                                      _____/s/_____
                                      David Schertler (DC Bar #367203)
                                      David Dickieson (DC Bar #321778)
                                      601 Pennsylvania Avenue, NW
                                      North Building, 9th Floor
                                      Washington, DC 20004
                                      Telephone: (202) 628-4199
                                      Facsimile: (202) 628-4177

---

[1] If it is determined that the Government does not have these payroll records in its possession, the Defendant requests that this motion be expanded to authorize a subpoena to the District of Columbia to obtain the relevant payroll records.