UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. 07-107 (PLF) |
| : | |
| MICHAEL C. IRVING, : | |
| : | |
| Defendant. : | |
| : | |

_____

**GOVERNMENT'S CONSOLIDATED REPLY TO DEFENDANT'S PRE-TRIAL
MOTIONS TO COMPEL**

Comes now the United States of America, by and through undersigned counsel, and files this response to Defendant's Motion To Compel Discovery of Tax Information Possessed By The Metropolitan Police Department, Defendant's Motion for a Court Order to Disclose Tax Return Information of Specific Individuals, and Defendant's Motion to Compel Discovery of Grand Jury Testimony of Darryl B. Richmond.  Defendant's motions lack merit and should be denied, as set forth in further detail below.

**PROCEDURAL BACKGROUND**

On April 24, 2007, a duly impaneled grand jury in the United States District Court for the District of Columbia returned an indictment charging defendant with two counts of filing false claims, three counts of federal income tax evasion, one count of fraud in the first degree in violation of D.C. Code, and three counts of D.C. income tax evasion.  These charges stem from defendant's affirmative attempts to evade his federal and local income taxes for the calendar years 2002 through 2005, and his fraudulent attempts to obtain money from the federal

government and the District of Columbia.

## **ARGUMENT**

I. **Discovery of Unknown Tax Information of Unknown Persons in the Possession of Metropolitan Police Department is Not Relevant or Material to Defendant's Defense and Therefore Should Not be Permitted**

Defendant's requests that the government search out identities, personal information, and tax filing information of "any and all persons" who filed exempt forms with D.C. Metropolitan Police Department ("MPD") are over-broad, seeks information which is immaterial to the case and is an effort to cause the government to engage in a fishing expedition.[1]  Defendant alleges the information sought "could be" favorable to him, insofar as, allegedly it will assist him in "discovering other persons who may corroborate" his claims that he learned of his tax scheme from MPD Officer Eugene Lonan.  See Defendant's Motion to Compel Discovery of Tax Information Possessed by the Metropolitan Police Department," Document 16 at 1.

As identified by defendant in his filings, the issue in this case is the subjective state of mind of defendant at the time of the commission of the crime.  Information defendant did not know at the time of the commission of his crimes is irrelevant to his then-existing state of mind; he can only testify as to what he knew or believed.  Accordingly, the information the defendant now seeks is irrelevant and defendant's motion should be denied.

Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. Brady v. Maryland, 373 U.S. 83, 87 (1963);  Giglio v.

---

[1] It appears by this request that defendant is simply attempting to revisit his request for Expansive Discovery pursuant to his unfounded selective prosecution claims.  The Court properly denied that request, and defendant should not be permitted to circumvent the Court's holding in his effort to reframe the issue.

United States, 405 U.S. 150. 154 (1972). The law requires the disclosure of exculpatory and impeachment evidence when such evidence is material to guilt or punishment. Brady, 373 at 87; Giglio, 405 U.S. at 154; United States v. Agurs, 427 U.S. 97 (1976). However, the Constitution does not create general discovery right. United States v. Ruiz, 536 U.S. 622,629 (2002); Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Defendant fails to demonstrate a valid basis for discovery either under Federal Rule of Criminal Procedure 16, or under the principles of Brady.

A.      Federal Rule of Criminal Procedure 16

Discovery in a criminal case is governed by Federal Rule of Criminal Procedure 16, which provides in relevant part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (I) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to defendant
.
Fed. R. Crim. P. 16(a)(1)(E).

In order for defendant to prevail in a request for discovery under Rule 16, he must make a showing of materiality. There must be some indication that the requested evidence "bears some abstract logical relationship to issues in the case" and the disputed evidence "would enable defendant significantly to alter the quantum of proof in his favor." United States v. Lloyd, 902 F.2d 348, 351 (C.A.D.C. 1993). Defendant has not made and cannot make a showing that unknown persons who filed exempt forms could have been relied upon by him in forming his subjective intent. As such, the evidence, if any, is not material. The only purpose for seeking to

3

offer such evidence is to foster jury confusion.

B.     Brady v. Maryland

The information sought by defendant is also not Brady material. The Brady rule dictates that defendant must make, at a minimum, a showing beyond mere speculation that the government file may contain Brady material. See United States v. Morris, 957 F.2d 1391, 1402-03 (7th Cir. 1992) ("a due process standard which is satisfied by mere speculation would convert Brady into a discovery device and impose an undue burden." (Internal quotation and citation omitted)), cert. denied, 506 U.S. 941 (1992). This Court is not required by Brady to permit defendant to engage in a "fishing expedition" through material in order that he might be able to find something exculpatory. United States v. Davis, 752 F.2d 963, 976 (5th Cir. 1985).

By his very broad request, defendant seeks the government to divert resources from the prosecution of defendant, and affirmatively investigate the tax and personal information regarding his third-party colleagues, who are not government witnesses, and who unrelated to this prosecution. By its terms, this request covers MPD employees whose personal tax liability is completely irrelevant to the case at hand, and has no bearing on the issue of defendant's then-existing state of mind. Although defendant has a right to present a good faith defense, he cannot parlay that right into improper discovery requests. Before the government should be compelled to engage in a search of third party tax information, defendant's request must demonstrate a "non-trivial prospect that the examination might yield material exculpatory information." United States v. Brooks, 966 F.2d 1500, 1504 (D.C. Cir. 1992). [2]

---

[2] Moreover, based upon the specific facts of this case, it is questionable whether MPD constitutes a "closely aligned" party in this investigation. The actual parties involved in this investigation are DOJ, I.R.S., and the D.C. Office of Tax and Revenue. MPD, the local law

Because defendant fails to make even a minimal showing of how MPD personnel records are personally exculpatory in this case, his Motion for Discovery should be denied.

II. **Discovery of Tax Information is Controlled by 26 U.S.C. § 6103, and Tax Information Cannot be Disclosed Absent a Court Order that Contains Specific Findings**

Again, by his request, defendant seeks tax information of specific third party taxpayers who are not charged with any crime, not named in the indictment, and are not government witnesses. There is no authority to disclose any tax information in the absence of a Court order that specifically permits disclosure pursuant to 26 U.S.C. § 6103, or based upon a finding by the Court that the relevant information constitutes exculpatory evidence. Brady v. Maryland, 373 U.S. 83 (1963).[3]

Tax returns and return information of individuals are protected from disclosure by statute. In general, the government is prohibited from access to tax returns and return information of individuals unless the need is defined specifically within the exceptions delineated in 26 U.S.C. 6103. Disclosure of this information is prohibited unless such disclosure involves the taxpayer and relates to an administrative or judicial matter within the statutory exceptions to this general rule. Section 6103 permits limited disclosure with Court order, and

---

enforcement agency in the District of Columbia, is not a participant in this investigation or prosecution. MPD has sought and received subpoenas from the government for records and information in various capacities during this investigation. A tax investigation is much different than the homicide case which was investigated by MPD, and prosecuted by the D.C. United States Attorney's Office, as discussed in Brooks. United States v. Brooks, 966 F.2d 1500, 1503 (C.A.D.C. 1992).

[3]Although it is our position that these protected tax records are in no way material or favorable to defendant, we provide a summary for this Court to conduct an in camera review. See Exhibit One, ex parte and in camera.

5

provides at relevant part:

>   (A) the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability;
>
>   (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
>
>   (C) if such return or return information directly relates to a transactional relationship between a person who is a party to a proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding, or
>
>   (D) to the extent required by order of a court pursuant to section 3500 of Title 18, United States Code or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

26 U.S.C. § 6103 (h)(4).

Disclosure must be authorized by § 6103. Sections (A) through (C), as set forth above, do not permit disclosure. Accordingly, disclosure could only be compelled by subpart (D), related to Jencks Act material, Rule 16 or Brady material.

Defendant identifies the basis for disclosure as:

>   records of these persons will substantiate the testimony of Detective Irving and provide information verifying the reasons why Detective Irving believed that his actions were legal, namely, that other law enforcement officers were doing the same thing and also believed that they were complying with the law.

See "Defendant's Motion for a Court Order to Disclose Tax Return Information or Specific Individuals," at p.4. The bare assertion that others may be engaged in conduct similar to that of defendant, without more, and is in no way material or exculpatory to defendant and does not constitute Brady. This is no more material to defendant's case, than the assertion and identification of millions of U.S. taxpayers who disregard tax protestor rhetoric and promptly file

6

truthful tax returns and pay their fair share of taxes.

Defendant cites Lloyd to support his request. United States v. Lloyd, 992 F.2d 348, 352 (C.A.D.C. 1993). The facts in Lloyd, however, are substantially different from the facts of this case. Lloyd was a prosecution of a tax return preparer for preparing false tax returns for clients. Id. Preparer sought tax returns of government witnesses who were identified in the indictment as clients for whom preparer prepared false income tax returns. Id. Direct testimony of these taxpayers was relied upon by the government to convict. The Court held that prior year tax returns of clients that were not prepared by preparer were material to the defense of defendant. Id. Specifically, the Court held that the prior years tax returns were "materially exculpatory" because similarities on returns tended to suggest the falsities originated with the taxpayer, rather than defendant, and returns could have been used to impeach taxpayer statements that accurate information was supplied to the preparer. Id. at 351.

To show materiality, according to Lloyd, defendant must demonstrate that the requested evidence "bears some abstract logical relationship" to the issues in the case. Id. There must be some indication that the pretrial disclosure of the disputed evidence would enable the defendant significantly alter the quantum of proof in his favor. Id.

The disputed tax disclosures in Lloyd were directly tied to the issue in that case of culpability for false information on tax returns. Id. The tax disclosures were closely related to the government evidence against preparer. Unlike Lloyd, defendant requests tax information of unrelated third parties. He claims the requested information, of which he is presently unaware, may corroborate his state of mind at the time of the commission of his crimes. Defendant has not demonstrated how the conduct of these people is material or relevant to his conduct at the time of

the commission of the crime. What defendant relied upon, if anything, during the years at issue is already known to defendant. Extraneous tax records have nothing to do with defendant's subjective understanding of the tax laws. Defendant justifies his discovery request by arguing that it will bolster and corroborate his subjective state of mind. But matters existing outside defendant's then-existing state of mind are irrelevant to a good faith defense. There is no allegation that defendant relied on the tax filings or tax information of the named individuals. The allegation is instead that he relied on his belief "that others were doing the same thing." Id. Defendant is not precluded from presenting evidence of what actual information and counsel he relied upon to formulate his beliefs. Defendant is permitted to explain to the jury the genesis of his purported subjective good faith defense.

The Court of Appeals has acknowledged that there are contexts wherein the congressional policy demonstrated in section 6103, favoring the confidentiality of tax returns and return information, may raise the materiality standard of Rule 16. United States v. Lloyd, 992 F.2d 348, 352 (C.A.D.C. 1993). This is such a case, where unlike in Lloyd, the identified taxpayers whose information is sought by defendant are not government witnesses, are not charged with crimes and are not named in the indictment.

Finally, with regard to Stephen A. Harris, defendant alleges that his personal tax information is "extremely relevant" because it should corroborate Detective Irving's position that he was misled by a person who purported to have substantial knowledge about taxes and who provided the necessary documents" to defendant. Id. at 5. Again, that Harris, an unemployed computer repairman, allegedly misled defendant about taxes is not going to be revealed by Harris' tax information. Defendant did not know Harris' tax information when he engaged in his scheme.

A retroactive review of Harris tax information now is not likely to illuminate defendant's state of mind at the time of the commission of the crime. Harris' tax information is neither material nor relevant to defendant's allegation that defendant was misled by Harris.

Defendant has failed to demonstrate how the requested tax records constitute <u>Brady</u> or are material to the preparation of the defense such that the tax privacy of five unrelated and unrepresented citizens should be compromised.

III. **The Summary of the Grand Jury Transcript of the Testimony of Darryl Richmond Provided by the Government to Defendant Suffices to Meet the Government Brady Obligations**

Prior to any request from defendant, government provided defendant a written summary of Darryl Richmond's testimony in the grand jury. This summary was sufficient to notify defendant of the substance of the testimony of Richmond. <u>United States v. Holloway</u>, 740 F.2d 1373, 1381 (6th cir. 1984) (government's duty to disclose discharged by report released to defendant which provided substance of defendant's oral statement); <u>United States v. Coe</u>, 220 F.3d 573, 583 (7th Cir. 2000) (government's duty to disclose was discharged by typewritten report that provided accurate reflection of handwritten notes of conversation between defendant and federal agent.). Defendant is in possession of the information, and is not entitled to comb through the entire grand jury transcript.[4]

The grand jury transcript is in no way material or relevant to defendant beyond the summary already provided by the government. Accordingly, defendant's motion should be denied.

---

[4] The government submits this transcript to the Court as Exhibit 2 for ex parte in camera review.

9

**CONCLUSION**

WHEREFORE, the United States moves this Court for an Order denying all of defendant's Motions.

Respectfully submitted,

JOHN MORRELLA

Deputy Assistant Attorney General

  /s/ Karen E. Kelly
Karen E. Kelly
VA. Bar No. 35403

Michael P. Ben'Ary
VA. Bar No. 46658
Tax Division
601 D. Street, NW
Washington, DC 20530
(202) 616-3864

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 07-107 (PLF) |
| | : | |
| | : | |
| MICHAEL C. IRVING, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

**ORDER**

AFTER careful consideration in this case, IT IS HEREBY ORDERED that the Defendant's Motions are denied.

**SO ORDERED.**

_____
JUDGE PAUL L FRIEDMAN
U.S. District Court for District of Columbia

**EXHIBIT ONE**

Filed in camera and ex parte

2669087.1

**EXHIBIT TWO**

Filed in camera and ex parte