IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) | |

**DEFENDANT'S SUPPLEMENTAL PLEADING IN SUPPORT OF HIS
MOTION TO DISMISS COUNT SIX OF THE INDICTMENT**

The Defendant, Michael C. Irving, through counsel, hereby this supplemental pleading in support of his motion to dismiss Count Six of the Indictment, which charges him with fraud in the first degree under 22 D.C. Code §3221(a), on the grounds that Count Six fails to allege facts sufficient to support a fraud charge.

For the first time during argument on this motion, the Government raised the case of *Pasquantino v. United States*, 544 U.S. 349 (U.S. 2005) in support of its opposition to Mr. Irving's motion to dismiss Count Six of the indictment. As the Court will recall, Count Six charges Mr. Irving with a violation of the District's general fraud provision set out in 22 D.C. Code §3221(a). That statute states:

> A person commits the offense of fraud in the first degree if that person engages in a scheme or systematic course of conduct with intent to defraud or to obtain property of another by means of a false or fraudulent pretense, representation, or promise and thereby obtains property of another or causes another to lose property.

Specifically, Count Six alleges that Mr. Irving engaged in a scheme using false representations to obtain property of the District of Columbia consisting of District of Columbia income taxes. The charges identifies five specific acts that the Government alleges Irving committed in an

effort to avoid paying taxes or to attempt to obtain refunds for taxes paid in 2000, 2001, and 2002. Those specific allegations made in Count Six are as follows:

(1) filing and causing to be filed false and fraudulent Forms W-4 and D-4 with MPD, in which [the defendant] falsely claimed he was "exempt" from withholdings;

(2) filing and causing to be filed false a false claim for refund in the amount of $12,490, to wit: 2000 Fiduciary Income Tax Return;

(3) filing and causing to be filed false a false claim for refund in the amount of $12,523, to wit: 2001 Fiduciary Income Tax Return;

(4) filing and causing to be filed false a false claim for refund in the amount of $10,534, to wit: 2002 Fiduciary Income Tax Return;

(5) filing and causing to be filed false a false claim for refund in the amount of $10,534, to wit: 2002 District of Columbia Individual Income Tax Return which falsely reported his total income was $0.

The latter four allegations do not support a violation of fraud in the first degree under D.C. Code § 22-3221 because Mr. Irving never received a refund of his D.C. income taxes. Thus, those four allegations cannot satisfy the "third element" of fraud in the first degree, namely, that the defendant obtained the property of another or caused another to lose property.

Consequently, the fraud charge rests upon the allegation that Mr. Irving file "false and fraudulent" D4 and W4 forms, claiming that he was exempt from tax withholding from his D.C. government paycheck. The Government's argument is that because Mr. Irving filed forms that the D.C. Government accepted and did not withhold taxes, this enabled Mr. Irving to avoid paying D.C. income taxes and thus constituted a fraud upon the government.

*Pasquantino, supra*, involved a situation in which the defendants were convicted of federal wire fraud for carrying out a scheme to smuggle large quantities of liquor into Canada from the United States without paying the required Canadian excise taxes. The defendants were able to avoid paying these taxes by hiding the liquor in their vehicles and failing to declare the goods to Canadian customs officials.

We reluctantly concede that *Pasquantino* squarely holds that a government entity's right to receive tax revenue constitutes a property right under the federal wire fraud statute, which is worded similarly to the D.C. fraud statute, and that in light of *Pasquantino*, our argument that the prospective right to receive tax revenues does not satisfy the third element of fraud -- that the defendant have obtained property of another or caused another to lose property – must fail.

Nonetheless, we continue to maintain that Count Six should be dismissed because, as we argued before, Count Six fails to establish the second essential element of the crime, namely, that the defendant utilized a false or fraudulent pretense representation, or promise. In *Pasquantino*, the Court held that the defendants did utilize a "scheme or artifice to defraud" in that:

> The evidence showed that petitioners routinely concealed imported liquor from Canadian officials and failed to declare those goods on customs forms. [Citations omitted.] By this conduct, they represented to Canadian customs officials that their drivers had no goods to declare. This, the, was a scheme "designed to defraud by representations." *Durland v. United States*, 161 U.S. 306, 313, 16 S. Ct. 508, 40 L.Ed. 709 (1896), and therefore a "scheme or artifice to defraud" Canada of taxes due on the smuggled goods.

*Id.* at 357.

In this case, Mr. Irving did not utilize a fraudulent pretense, representation, or promise. To the contrary, in filing his D4 and W4 forms in which he claimed he was exempt from any withholding tax on his salary and wages, he clearly indicated the reasons for which he believed that he was exempt. He did not attempt to conceal or misrepresent those reasons.

3

As we submitted to the Court in our original filing, when he first requested exempt status, Mr. Irving also filed a four-page affidavit explaining clearly the basis on which he believed himself to be exempt.  In doing so, Mr. Irving did not use a false or fraudulent pretense or representation to deceive the D.C. Government into agreeing not to withhold taxes.  Mr. Irving completely disclosed to the D.C. Government his reasons for claiming exempt status.  In response, the D.C. Government chose to accept Mr. Irving's position and essentially, agreed with him that he was exempt from withholding and determined that it would not withhold taxes from payments the D.C. Government made to him for his work.  Knowing fully why Mr. Irving was claiming exempt status, the D.C. Government could have decided that his claim for exemption had no merit and refused to provide him exempt status.  It did not do that.  To the contrary, the D.C. Government placed its imprimatur of approval upon Mr. Irving's position by honoring it and granting him exempt status.  The United States must concede that there was no deception or fraud upon the D.C. Government in Mr. Irving's filing of the D4 or W4 forms.  In fact, to make the analogy to the *Pasquantino* case, it would have been akin to the drivers having informed the Canadian officials that their trucks contained liquor, but that they were refusing to pay Canadian taxes because they did not believe that those taxes were legal.  At that point, the Canadian officials could simply have refused them entry into Canada.  The point is that in contrast to the Pasquantino case, or for traditional fraudulent schemes for that matter, Mr. Irving did not conceal his actions or attempt to portray them in a false light.  As a consequent, the Government cannot show that Mr. Irving deprived the District of its right to taxes "by means of a false or fraudulent pretense, representation or promise."  Count Six should therefore be dismissed.

WHEREFORE, the Defendant respectfully requests that this Court dismiss Count Six of the Indictment.

Date:  August 13, 2007

Respectfully submitted,

SCHERTLER & ONORATO, LLP

_____/s/_____
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177