UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. 07-107 (PLF) |
| : | |
| MICHAEL C. IRVING, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO DEFENDANT'S REPLY TO GOVERNMENT'S CONSOLIDATED REPLY TO DEFENDANT'S PRE-TRIAL MOTIONS TO COMPEL**

Comes now the United States of America, by and through undersigned counsel, and files this memorandum in response to defendant's September 17, 2007 Reply to Government's Consolidated Reply to Defendant's Pre-trial Motions to Compel. For the reasons discussed below, his motion to compel should be denied.

The defendant seeks three categories of documents, which are summarized as follows:

(1) Tax returns and return information of five named individuals who are unrelated to the government's case, but who defendant believes to be engaged in tax fraud;

(2) The personal and tax information of an unknown number of unknown persons who filed Forms W-4 "exempt" with the District of Columbia Office of Payroll during a seven-year period;

(3) The full grand jury transcript of MPD Detective Darryl Richmond, a summary of which defendant already possesses.

Defendant's requests do not seek evidence to which he is entitled under Rule 16 or Brady.

1

Therefore, his motion should be denied.

I. **The Tax Returns and Tax Return Information of the Five Named Friends and Co-workers are not Discoverable under Rule 16 or Brady**

    A. <u>**The Requested Information is Not Rule 16 Evidence**</u>

Tax returns and tax return information enjoy heightened protections from disclosure. Unlike other evidence which may be sought in criminal discovery, disclosure of tax information is strictly controlled by statute. Congress provided stringent civil and criminal liabilities for unauthorized disclosures. <u>See</u> 26 U.S.C. §§ 6103 and 7213. Rules governing disclosure of tax returns and return information are strictly construed. <u>United States v. Recognition Equipment, Inc.</u>, 720 F. Supp. 13, 14 (D.C. 1989). The Court of Appeals for the District of Columbia acknowledged Congressional intent to protect the confidentiality of tax returns and return information when it opined that, in certain cases, Section 6103 raises the "materiality" standard for the disclosure of information. <u>United States v. Lloyd</u>, 992 F.2d 348, 352 (D.C. Cir. 1993).

Defendant has failed to establish that the tax return information he seeks is material to his defense. Moreover, the requested material does not meet the heightened protections as set forth by Congress. <u>See</u> <u>United States v. Armstrong</u>, 517 U.S. 456, 462 (1996) (information is material where it tends to refute the government's arguments that defendant committed the crime charged).

Defendant avers in his filing that the only issue in this case is defendant's state of mind at the time of the commission of his crime. The argument proffered is that the tax filings and tax information of his friends will "corroborate" defendant's state of mind. However, defendant does not and cannot, explain how the tax returns and return information, which defendant has

never seen, could corroborate a state of mind that existed during the prosecution years.

The possibility of testimony from individuals on behalf of defendant does not, as defendant attempts to infer, make their tax information discoverable from the IRS under Rule 16, or even under a Brady analysis. (See *infra* section B, below.) Those individuals can choose to provide defendant with their tax information, or defendant can compel his friends to provide the information. Conversely, the lack of disclosure of tax information from IRS does not affect defendant's presentation of evidence of *his* state of mind as it concerns his understanding of the tax conduct of others. Defendant is free to present evidence of his alleged beliefs at the time of the commission of the crime and evidence of what he relied upon to reach his conclusions.

B.     **The Requested Information is Not Brady**

Defendant also failed to demonstrate how the requested tax records constitute Brady. Brady has been defined by this Court as evidence that "is favorable to the accused." United States v. Safavian, 233 F.R.D. 12, 16 ( D.C. 2006). Favorable under Brady is "any information in the possession of the government * * * that relates to guilt or punishment and that tends to help the defense either by bolstering the defense case or impeaching potential prosecution witnesses." Safavian at 16.

The requested tax filings, defendant claims, constitute Brady insofar as they have the "potential to corroborate" his defense: his belief that others engaged in the same tax scheme with some degree of success.[1] Defendant does not make clear how the requested tax information is corroborative of his defense. Defendant's subjective belief that he did not have to pay taxes is neither corroborated nor undermined by the requested IRS information. Matters existing outside

---

[1] Defendant does not claim to seek the tax information for impeachment purposes.

of defendant's then-existing state of mind are irrelevant to a good faith defense. Defendant has not claimed that, at the time of the commission of his crimes, he relied on the tax filings or tax information of the named individuals. Again, defendant can present evidence of *actual* information and *actual* counsel he relied upon to formulate his beliefs and can explain to the jury the genesis of his purported subjective good faith defense. The requested tax information neither corroborates nor undermines that presentation.[2]

II.     **The Personal and Tax Information of an Unknown Number of Unknown Persons who Filed Forms W-4 "Exempt" with the District of Columbia during a Seven-Year Period is not <u>Brady</u>**

Seven years of Forms W-4 filed by unknown persons with the District of Columbia Office of Payroll is not <u>Brady</u> and is in no way favorable to defendant. As discussed above, the issue in this case is defendant's subjective state of mind at the time of the commission of the crime. Information defendant did not know at the time of the commission of his crimes is not exculpatory, and the government should not be compelled to engage in a search of unrelated third-party tax information, because there is no prospect that the examination may yield material exculpatory information. <u>United States v. Brooks</u>, 966 F.2d 1500, 1504 (D.C. Cir. 1992).

Additionally, as stated above, the information sought is irrelevant to defendant's then-existing state of mind; he can only present evidence as to what he knew or believed. Accordingly, the information the defendant now seeks is neither corroborative nor relevant. Although defendant has a right to present a good faith defense, he cannot parlay that right into improper

---

[2] Defendant's proposition that "other persons around him engaged in the same type of activity" provides any shred of evidence of "reasonableness" is beyond belief. For each law enforcement officer defendant intends to parade into the courtroom who allegedly engaged in the same crime as defendant, the prosecution could parade in ten other law enforcement officers who chose to obey the law and pay their taxes.

discovery requests.

Moreover, defendant is incorrect that Metropolitan Police Department ("MPD") constitutes a "closely aligned" party in this investigation.  Actually, the prosecution team includes the Department of Justice Tax Division ("DOJ"), the Internal Revenue Service Criminal Investigation, and the D.C. Office of Tax and Revenue ("DC-OTR").[3]  The prosecution team has no affiliation with MPD or the D.C. Office of Payroll.  In fact, D.C. Office of Payroll and MPD are merely witnesses subpoenaed for records and testimony in this investigation.  Defendant is free to subpoena these organizations for the additional records he seeks.

Defendant relies on Brooks to support his assertion that DOJ maintains possession of, and has a duty to search MPD and D.C. Office of Payroll employee records.  United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992).  In Brooks, the Circuit Court agreed that the prosecutor had a duty to search MPD's internal affairs files for potential impeachment information of its key witness, an MPD officer.  Brooks, 966 F.2d at 1503.  The Court based its findings on the fact that in the Brooks homicide investigation the USAO and MPD enjoyed a "close working relationship." Id.  In contrast, MPD does not have jurisdiction to initiate and investigate tax crimes (that authority resides by statute with the IRS and, for DC tax matters only with DC-OTR), and therefore MPD *cannot* be part of the team prosecuting defendant.  MPD and DOJ are not closely aligned for purposes of this investigation.

III.  **Defendant has the Relevant Portion of the Grand Jury Transcript and Brady Does not Entitled him to the Entire Transcript**

---

[3]The D.C. United States Attorneys Office was recused from this case because defendant is married to a former Assistant United States Attorney, and defendant worked closely with the homicide unit in that office.

5

Disclosure of Brady information –rather than the document containing the information, is adequate. United States v. Acosta, 357 F. Supp. 2d 1228 (D. Nev. 2005). The prosecution provided defendant a written summary of the relevant portion of the grand jury testimony consistent with its duties under Brady. United States v. Holloway, 740 F.2d 1373, 1381 (6th Cir. 1984) (government's duty to disclose discharged by report released to defendant which provided substance of statement). Review of the grand jury transcript by this Court will reveal that there is no Brady material relevant to defendant beyond the summary.[4] Accordingly, defendant's motion should be denied.

## CONCLUSION

WHEREFORE, the United States moves this Court for an Order denying all of defendant's Motions.

Respectfully submitted,

JOHN MARRELLA

Deputy Assistant Attorney General

　/s/ Karen E. Kelly
Karen E. Kelly
VA. Bar No. 35403

Michael P. Ben'Ary
VA. Bar No. 46658
Tax Division
601 D. Street, NW
Washington, DC 20530
(202) 616-3864

---

[4] The full transcript was submitted to this Court *in camera* with its Consolidated Reply to Defendant's Pre-Trial Motions to Compel.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 07-107 (PLF) |
| | : | |
| | : | |
| MICHAEL C. IRVING, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

AFTER careful consideration in this case, IT IS HEREBY ORDERED that the Defendant's Motions to Compel are denied.

**SO ORDERED.**

_____
JUDGE PAUL L FRIEDMAN
U.S. District Court for District of Columbia