IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| ) | |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

**MICHAEL C. IRVING'S APPLICATION FOR FEDERAL
RULE OF CRIMINAL PROCEDURE 17(c) SUBPOENA DUCES TECUM**

Defendant, Michael C. Irving, pursuant to Federal Rule of Criminal Procedure 17(c), hereby makes the following application requesting that the Court authorize the issuance of the attached Rule 17(c) subpoena *duces tecum*[1] mandating the production of requested records in the possession of the Metropolitan Police Department ("MPD") Payroll Unit. The authorization and issuance of this Rule 17(c) subpoena will assist in an orderly trial and safeguard Detective Irving's Constitutional rights to due process and effective assistance of counsel. The reasons for this request are as follows:

**I.   BACKGROUND**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. §287, (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. 7201, (3) One count of fraud in violation of 22 D.C. Code § 3221(a), and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code §410(a). All the charges grow out of the

---

[1] A copy of the proposed Rule 17(c) Subpoena is attached hereto as Exhibit A.

1

Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

At issue in this case is Mr. Irving's intent. Mr. Irving did not file his tax returns and did not pay taxes for the years in question because he was acting under a subjective belief that he was not required to do so. In lieu of filing his tax returns, Mr. Irving filed certain documentation with the MPD Payroll Unit which he knew to be substantially similar to other MPD employees. Mr. Irving was acting under the good faith belief that various individuals in the United States and corporations and trusts had found a *legitimate* way to avoid paying taxes. Mr. Irving was first exposed to this idea by another Metropolitan Police Department Detective, Eugene Lonon. Mr. Lonon was killed in an automobile accident in April 2003. The defense also has good reason to believe that Mr. Lonon told other police officers about the concept of being a "tax protester" and that these other officers, following Mr. Lonon's guidance, did precisely what Mr. Irving is alleged to have done, namely, submit documentation to the authorities announcing their tax exempt status and failing to file tax returns or pay taxes. In the absence of testimony from Detective Lonon, documents reflecting Detective Lonon's submissions to the Payroll Unit are vital to corroborating Detective Irving's testimony. Similarly, the records of other similarly situated MPD employees will verify that Detective Irving received positive reinforcement that his actions were legal. Lastly, the requested records will show that the MPD Payroll Unit actively assisted the Defendant in his efforts to remain exempt from taxes.

In correspondence to the Government dated June 11, 2007, counsel for Mr. Irving made several specific demands for information, including information within the possession and control of the MPD Payroll Unit that we believe must be disclosed under *Brady v. Maryland*, 373

US. 83 (1973) and its progeny. The prosecutors have opposed the motion and that motion is still pending. With the trial date looming on October 22, 2007, the Defendant still does not have the necessary information from the MPD.

In order to prepare and present a defense at trial, it is critical that Detective Irving have access prior to trial of all records held by the Metropolitan Police Department which corroborate his position that (1) he was advised by others within the MPD that this "Exempt" from tax strategy was legitimate; (2) that others were taking similar action with the knowledge and approval of persons in the Payroll Unit; (3) that the Payroll Unit assisted in his claims for Exempt status; and (4) that when he tried to correct his declaration of Exempt status before being notified of the criminal investigation, the Payroll Unit mishandled his correction attempt.

## II.     THE PRESENT MOTION

Pursuant to Federal Rule of Criminal Procedure 17(c), in this application, Detective Irving requests that the Court authorize the issuance of the attached Rule 17(c) subpoena *duces tecum* mandating the production of requested records from the MPD.

## III.    LEGAL ARGUMENT

Rule 17(c) of the Federal Rules of Criminal Procedure provides:

> The court may direct that books, papers, documents or objects designated in the subpoena may be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or other objects or portions thereof to be inspected by the parties and their attorneys.

FED. R. CR. P. 17(c). "Rule 17(c) reflects the command of the Sixth Amendment that the full power and processes of the courts are available to defendants in criminal cases to help them defend against the charges brought by the Government." *United States v. Beckford*, 964 F.Supp. 1010, 1016 (E.D. Va. 1997). The rule serves to facilitate fair and efficient trials by "providing a

time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The decision whether to authorize the issuance of a Rule 17(c) subpoena is within the sound discretion of the Court. *United States v. Nixon*, 418 U.S. 683, 702 (1973).

The attached subpoena is directed to the MPD requesting payroll records which will corroborate Detective Irving's testimony on several issues. As such, the attached Rule 17(c) subpoena should be issued because the documents are "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. Additionally, the documents may constitute exculpatory information, which is properly obtainable pursuant to a Rule 17(c) subpoena. *See United States v. King*, 194 F.R.D. 569, 573-74 (E.D. Va. 2000) (citing *See United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir.), *cert. denied*, 454 U.S. 1056 (1981); *cf. Brady v. Maryland*, 373 U.S. 83, 87-88 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972). Furthermore, the documents are likely to be admissible and are not otherwise procurable reasonably in advance of trial by exercise of due diligence. *See Nixon*, 418 U.S. at 699-700. Detective Irving cannot properly prepare for trial without such production and inspection in advance of trial and failure to obtain such inspection may tend unreasonably to delay the trial. Finally, this application is made in good faith and is not intended as a general "fishing expedition." *Id.*

The documents requested pursuant to the attached Rule 17(c) subpoena are essential to preserving Detective Irving's ability to mount an adequate defense against the charges in this case. The documents verify the heart of Detective Irving's defense relating to the reliance on others with greater knowledge of taxes and confirm the positive feedback he was receiving from the District of Columbia and his employer about his claim for "exempt" status.

As such, Detective Irving requests a return date of October 16, 2007, and that the documents be produced to the offices of Schertler & Onorato, L.L.P., Attention: David Schertler, Schertler & Onorato, LLP, 601 Pennsylvania Avenue, NW, Washington, D.C. 20004, counsel for Detective Irving.

Within ten (10) business days of receipt of documents under the subpoena here applied for, counsel for Detective Irving will make available copies of all documents received pursuant to this subpoena to all parties.

## IV.  CONCLUSION

**WHEREFORE**, Detective Irving respectfully requests that the Court sign the attached order authorizing issuance of the attached subpoena *duces tecum* pursuant to Fed. R. Cr. P. 17(c).

Date:  October 5, 2007

Respectfully submitted,

SCHERTLER & ONORATO, LLP

_____/s/_____
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

ATTACHMENT A

Case 1:07-cr-00107-PLF     Document 31     Filed 10/05/2007     Page 6 of 9

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF     COLUMBIA

UNITED STATES OF AMERICA

V.

MICHAEL C. IRVING

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 1:07-CR-75

TO: Custodian of Records
Metropolitan Police Department
Government of the District of Columbia
300 Indiana Avenue, NW
Washington, DC 20001
(202) 727-4218

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  | 10/16/2007 9:00 am |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attached Schedule of documents to be provided to counsel for the Defendant at the following address:

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk *[signature: Dawn H. D...]* |  |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
David Dickieson, Esquire - (202) 628-4199
601 Pennsylvania Avenue, NW, North Building, 9th Floor, Washington, DC 20004

DC Bar # 321798

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES    ☐ NO    AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.<br><br>Executed on _____<br>                         DATE                                              SIGNATURE OF SERVER<br><br>                                                                                   ADDRESS OF SERVER |

ADDITIONAL INFORMATION

## ATTACHMENT

YOU ARE COMMANDED TO BRING WITH YOU THE FOLLOWING DOCUMENTS:

1. All payroll records[1] relating to Michael C. Irving during the period January 1, 2000 to the present, including, but not limited to:

    a. District of Columbia Forms D-4
    b. Internal Revenue Service Forms W-4
    c. Any documents relating to Mr. Irving's claim that he was "exempt" from D.C. or federal taxes
    d. Any transmittal payroll records relating to Michael C. Irving indicating, for example, any action taken or to be taken by the Payroll Unit with respect to Detective Irving.

2. All payroll records relating to full-time employees who asserted the claim that they were exempt from D.C. or federal taxes.

3. All payroll records from 2000 to the present relating to the following Metropolitan Police Department employees:

    a. Jamelle Green a/k/a Jamelle Stallings
    b. Michael Muhammad a/k/a Michael Matthews
    c. Eugene Lonon
    d. Daryl Richmond
    e. Alexander Shephard

4. Any affidavits submitted by any Metropolitan Police Department employee asserting that the employee was "exempt" from D.C. or federal taxes.

5. Any payroll record purporting to be a policy manual or other document setting forth the policies and practices of the Metropolitan Police Department Payroll Department with respect to:

    a. the handling of Forms W-4, W-2;
    b. withholding of taxes from employees;
    c. signature requirements on tax forms; and
    d. forged documents.

6. Any payroll record relating to any Metropolitan Police Department employees' attempt to protest taxes, avoid a tax or a withholding obligation, aid or abet another employee in avoiding a tax, or relating to a forged signature on any D.C. or federal tax form.

---

[1] DEFINITION: "Payroll records" are defined as documents submitted to, prepared by, filed or stored within, or passing through the Payroll Department of the Metropolitan Police Department, including electronic records, such as e-mails or faxes, and ordinary documents.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) ) | |

### ORDER

Upon consideration of the Application of Michael C. Irving for an order authorizing issuance of a subpoena pursuant to Fed. R. Crim. Proc. 17(c), it is hereby **ORDERED**

   (a) that the attached subpoena is approved for issuance and service by counsel for Defendant Michael C. Irving, and

   (b) that the subpoena designate the date of October 16, 2007, as the date for the return of documents.

**SO ORDERED.**


_____          _____
Date                                                                      The Honorable Paul L. Friedman
                                                                                    US District Court Judge

ATTACHMENT A

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

_____   DISTRICT OF   _____ COLUMBIA _____

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **SUBPOENA IN A CRIMINAL CASE** |
| MICHAEL C. IRVING | Case Number: 1:07-CR-75 |

TO: Custodian of Records
Metropolitan Police Department
Government of the District of Columbia
300 Indiana Avenue, NW
Washington, DC 20001
(202) 727-4218

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | 10/16/2007 9:00 am |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attached Schedule of documents to be provided to counsel for the Defendant at the following address:

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
David Dickieson, Esquire - (202) 628-4199
601 Pennsylvania Avenue, NW, North Building, 9th Floor, Washington, DC 20004

DC Bar # 321798

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES   ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

ADDITIONAL INFORMATION

Case 1:07-cr-00107-PLF   Document 31-2   Filed 10/05/2007   Page 4 of 5

# ATTACHMENT

YOU ARE COMMANDED TO BRING WITH YOU THE FOLLOWING DOCUMENTS:

1. All payroll records[1] relating to Michael C. Irving during the period January 1, 2000 to the present, including, but not limited to:

    a. District of Columbia Forms D-4
    b. Internal Revenue Service Forms W-4
    c. Any documents relating to Mr. Irving's claim that he was "exempt" from D.C. or federal taxes
    d. Any transmittal payroll records relating to Michael C. Irving indicating, for example, any action taken or to be taken by the Payroll Unit with respect to Detective Irving.

2. All payroll records relating to full-time employees who asserted the claim that they were exempt from D.C. or federal taxes.

3. All payroll records from 2000 to the present relating to the following Metropolitan Police Department employees:

    a. Jamelle Green a/k/a Jamelle Stallings
    b. Michael Muhammad a/k/a Michael Matthews
    c. Eugene Lonon
    d. Daryl Richmond
    e. Alexander Shephard

4. Any affidavits submitted by any Metropolitan Police Department employee asserting that the employee was "exempt" from D.C. or federal taxes.

5. Any payroll record purporting to be a policy manual or other document setting forth the policies and practices of the Metropolitan Police Department Payroll Department with respect to:

    a. the handling of Forms W-4, W-2;
    b. withholding of taxes from employees;
    c. signature requirements on tax forms; and
    d. forged documents.

6. Any payroll record relating to any Metropolitan Police Department employees' attempt to protest taxes, avoid a tax or a withholding obligation, aid or abet another employee in avoiding a tax, or relating to a forged signature on any D.C. or federal tax form.

---

[1] DEFINITION: "Payroll records" are defined as documents submitted to, prepared by, filed or stored within, or passing through the Payroll Department of the Metropolitan Police Department, including electronic records, such as e-mails or faxes, and ordinary documents.