UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

**GOVERNMENT'S NOTICE OF INTENT TO CROSS-EXAMINE DEFENDANT AND CHARACTER WITNESSES AS TO SPECIFIC INSTANCES OF CONDUCT PROBATIVE OF DEFENDANT'S TRUTHFULNESS**

The United States of America, by and through its attorneys, hereby gives notice to this Court that pursuant to Federal Rule of Evidence 608(b), the government intends to cross-examine defendant and character witnesses as to specific instances of conduct probative of defendant's truthfulness. The government files this motion in an effort to comply with this Court's standing Order Regarding Trial Procedures, which directs counsel to resolve anticipated evidentiary issues through pretrial motions to avoid trial delay, jury inconvenience and unfair surprise.

**I. ARGUMENT**

Defendant is not required to testify in his defense and his failure to do so may not be the basis for any inference against him. However, where defendant does choose to testify, his credibility may be impeached like that of any other witness. Although typically he may not be cross-examined as to general character, defendant may be cross-examined as to his credibility. See United States v. Lollare, 606 F.2d 587 (5th Cir. 1979). Under Federal Rule of Evidence 608(b), an adverse party may inquire into specific instances of conduct on cross-examination, at

1

the discretion of the Court, if they are probative of a witness's truthfulness or untruthfulness. Fed. R. Evid. 608(b) and 405(a).

The government intends to cross-examine defendant regarding his lack of credibility should the defendant choose to testify. For purposes of cross examination, the government intends to rely upon the facts and findings contained within defendant's Metropolitan Police Department Office of Internal Affairs file.[1] Specifically, the government intends to cross-examine defendant regarding the fact that he lied during a July 7, 2003 interview with an Agent at MPD's Office of Internal Affairs. The report found defendant violated General Order 1201.1, Part 1-b, Section B-6: "willfully and knowingly making an untruthful statement of any kind in any verbal or written report pertaining to his/her duties as a Metropolitan Police Officer to, or in the presence of any superior officer, or making any untruthful statement before any court or any hearing."[2]

Moreover, should defendant call character witnesses to testify regarding his truthfulness or honesty, the government intends to use this conduct and report of dishonesty by the Office of Internal Affairs for cross examination. See Fed. R. Evid. 405(a); United States v. Coumaris, 399 F.3d 343, 348 (D.C. Cir. 2005).

The information contained in the July 7, 2003 report from the Office of Internal Affairs is

---

[1] See Exhibit One, under seal.

[2] General Order 1201.1 , Part 1-b, Section B-6. The report also cites violations of General Order 201.26, Part I, Section B-30, which states: when questioned by superior officer in connection with matters relating to the official business of the police department, subordinate members shall respond truthfully. Additionally, during the course of an investigation, all members shall respond truthfully to questions by an agent or official of the Office of Internal Affairs (OIA), even if the OIA agent is not a superior rank.

appropriate grounds for cross examination pursuant to Fed. R. Evid. 608 (b) and 405(a), as the evidence is clearly relevant to an assessment of defendant's credibility.

Accordingly, this Court should permit such cross examination of defendant and witnesses.

                                       Respectfully submitted,

                                       John Marrella
                                       Deputy Assistant Attorney General
                                       For Criminal Matters

                                         s/Karen E. Kelly
                                       Karen E. Kelly
                                       Michael P. Ben'Ary
                                       Trial Attorneys

**GOVERNMENT'S EXHIBIT ONE**
**FILED UNDER SEAL**