IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| v. | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

**DEFENDANT IRVING'S MOTION IN LIMINE TO PRECLUDE THE
GOVERNMENT FROM INQUIRING INTO SPECIFIC INSTANCES
OF ALLEGED PRIOR CONDUCT BY DETECTIVE MICHAEL IRVING**

NOW COMES the Defendant, Michael C. Irving, through undersigned counsel, and hereby moves this Court, *in limine*, to proscribe the Government from referencing, in any manner, any allegation of specific prior conduct by Detective Irving, regardless of whether Detective Irving introduces evidence of his character at trial. Specifically, Defendant has received notice of two incidences where Disciplinary or Adverse Action was initiated against Detective Irving during his tenure as a detective with the D.C. Police Department—a sexual harassment claim made by a Ms. Kimberley Smith in 2003 and an incident where Detective Irving unintentionally discharged his gun in 2005.[1] The reasons supporting this motion are set forth below.

**I.    FACTUAL BACKGROUND**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. § 287; (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. §

---

[1] The Government has produced substantial quantities of documents in discovery relating to these two incidents as well as questioned witnesses about the unintentional gun discharge, thereby telegraphing their intent to use these irrelevant incidents in the trial against Detective Irving.

7201; (3) One count of fraud in violation of 22 D.C. Code § 3221(a); and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code § 410(a). All the charges arise from the Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

## II.     LEGAL ANALYSIS

The Court should preclude the Government from questioning Detective Irving or any other witness at trial about the aforementioned instances of alleged prior misconduct. First, any testimony about the 2003 harassment claim and the 2005 accidental gun discharge is inadmissible under Section 405(a) of the Federal Rules of Evidence since neither incident is relevant to the instant offenses with which Detective Irving is charged.

In addition, Fed. R. Evid. 608 precludes the government from inquiring into specific instances of past misconduct, such as those at issue here, that are not probative of Detective Irving's character for truthfulness or untruthfulness. The introduction of general background evidence regarding Detective Irving's experience, prior good record as a detective, and his lack of any prior disciplinary record does not "open the door" to the admission of evidence relating to alleged prior misconduct.

Finally, evidence of Detective Irving's alleged prior misconduct should be excluded under Federal Rule of Evidence 403 because any probative value it may have is substantially outweighed by the unfair prejudice, undue delay, and waste of time and judicial resources that would result from its admission at trial.

A.   E̲v̲i̲d̲e̲n̲c̲e̲ ̲A̲b̲o̲u̲t̲ ̲t̲h̲e̲ ̲A̲l̲l̲e̲g̲e̲d̲ ̲P̲r̲i̲o̲r̲ ̲I̲n̲c̲i̲d̲e̲n̲t̲s̲ ̲i̲s̲ ̲I̲n̲a̲d̲m̲i̲s̲s̲i̲b̲l̲e̲ ̲U̲n̲d̲e̲r̲ ̲4̲0̲5̲(̲A̲)̲

Pursuant to Fed. R. Evid. 404, the Government is generally precluded from asking a defendant or any other witness about any incidents allegedly reflecting negatively on the defendant's character. One exception to this rule is that when a defendant has offered evidence of his good character under 404(a), the Government may inquire into relevant specific incidences of conduct. Fed. R. Evid. 405(a). *See* United States v. Coumaris, 399 F.3d 343, 348 (D.C.Cir.2005) ("[Defendant] concedes that, when a defendant offers witnesses to testify regarding his character, on cross-examination 'inquiry is allowable into relevant specific instances of conduct, Fed.R.Evid. 405(a)'" (quoting *United States v. Lewis*, 482 F.2d 632, 638 (D.C.Cir.1973))). Accordingly, the Government may only inquire as to specific instances of conduct that are relevant to the instant charges and, more specifically, to the traits of character about which the witness has testified. *See United States v. Brown*, 2007 WL 2409729, (D.D.C. 2007) (citing *Lewis*, 482 F.2d at 641).

Here, Defendant intends to present evidence related to his reputation for truthfulness and honesty. Neither the 2003 sexual harassment allegations nor the 2005 unintentional gun discharge relate in any manner to the charges levied against Defendant nor to any possible character evidence that Defendant might present. As such, there is no probative value in either inquiry, and the Court should preclude the Government from asking questions about either incident.

B.   R̲u̲l̲e̲ ̲6̲0̲8̲ ̲P̲r̲e̲c̲l̲u̲d̲e̲s̲ ̲I̲n̲q̲u̲i̲r̲y̲ ̲I̲n̲t̲o̲ ̲S̲p̲e̲c̲i̲f̲i̲c̲ ̲I̲n̲s̲t̲a̲n̲c̲e̲s̲ ̲o̲f̲ ̲C̲o̲n̲d̲u̲c̲t̲
N̲o̲t̲ ̲P̲r̲o̲b̲a̲t̲i̲v̲e̲ ̲o̲f̲ ̲C̲h̲a̲r̲a̲c̲t̲e̲r̲ ̲f̲o̲r̲ ̲T̲r̲u̲t̲h̲f̲u̲l̲n̲e̲s̲s̲ ̲o̲r̲ ̲U̲n̲t̲r̲u̲t̲h̲f̲u̲l̲n̲e̲s̲s̲

To the extent that Detective Irving introduces evidence relating to his character for truthfulness -- for example, by offering the testimony of his fellow police officers or prosecutors as to their opinion of his reputation -- Federal Rule of Evidence 608(b) limits the government's

inquiry on cross-examination to specific instances of conduct that are probative of Detective Irving's character for truthfulness or untruthfulness.  The 2003 sexual harassment allegations and 2005 unintentional gun discharge incident have no bearing on Detective Irving's veracity and are therefore inadmissible.

Rule 608(b) provides that "[s]pecific instances of the conduct of a witness . . . may . . ., in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . .."  Fed. F. Evid. 608(b).  In order for an act to be probative of truthfulness or untruthfulness, it must be "characterized by an element of deceit or deliberate interference with a court's ascertainment of truth."  *United States v. Smith*, 551 F.2d 348, 363 (D.C. Cir. 1976).  The D.C. Circuit has held that not every bad act or even outright violation of the law is by definition indicative of untruthfulness.  *See United States v. Millings*, 535 F.2d 121, 123 (D.C. Cir. 1976) ("Although it may be argued that any willful violation of law . . . evinces a lack of character and a disregard for all legal duties, including the obligations of an oath, Congress has not accepted that expansive theory."); *see also United States v. Lewis*, 626 F.2d 940, 946 (D.C. Cir. 1980) (conviction for distributing heroin not indicative of dishonesty or false statement).  "Rule 608(b) is intended to be restrictive . . . .  The rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness."  Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence §608.22[2][c][i] (2d ed. 1997).  See also 28 Charles A. Wright & Victor James Gold, Fed Prac & Proc. § 6118 (2004) ("The first point to make about discretion under subdivision (b) [of Rule 608] is that it is limited.").

Neither the 2003 sexual harassment allegations or the 2005 unintentional gun discharge incident have any bearing on Detective Irving's character for truthfulness or untruthfulness and

4

are therefore inadmissible under Rule 608(b).  Neither incident alleges a situation in which Detective Irving is alleged to have lied under oath, the classic example of the type of evidence considered probative of a witness' character for untruthfulness.  *See United States v. Whitmore*, 359 F.3d 609, 619 (D.C. Cir. 2004) ("Nothing could be more probative of a witness's character for untruthfulness than evidence that the witness was previously lied under oath.").  As such, they have no probative value as to Detective Irving's truthfulness or untruthfulness and are inadmissible under Rule 608(b).

      C.      EVIDENCE ABOUT THE ALLEGED PRIOR INCIDENTS SHOULD BE PRECLUDED UNDER RULE 403

Even if the Court determines that the government is not precluded under 405(a) and 608(b) from inquiring into the aforementioned specific instances of conduct, the Court should exclude the evidence under Rule 403.  A court may exclude relevant evidence pursuant to Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Because the alleged incidents bear no application to an essential element of the charges against Detective Irving, his related defense, or any possible evidence that might be submitted in regards to Detective Irving's character for veracity and honesty, their probativeness is decidedly minimal, if not nonexistent.  An inquiry into either incident can have no possible purpose other than an attempt to mar the general character of Detective Irving in the eyes of the jury.  As such, an inquiry into either incident would be extremely prejudicial to Detective Irving and would substantially outweigh any minimal probative value such inquiry might have.  *See United States v. Johnson*, 380 F. Supp. 2d 660 (E.D. Pa. 2005) ("the probative value of cross-examination testimony of [the officer witness] about the alleged theft of cash from [a suspect] is substantially

outweighed by the danger of unfair prejudice since the role of these officers in that alleged theft has never been substantiated").

Moreover, because Detective Irving and the Government disagree about the facts underlying the two occurrences, the testimony that would be required at trial to fully explore those facts and provide the jury with a complete picture could create a "trial within a trial," unduly delaying the proceedings and resulting in a waste of time and judicial resources. Courts have broad discretion to curtail or exclude witness testimony on the grounds that it would result in undue delay of the trial or expend valuable time and judicial resources. *See United States v. Hill*, 322 F.3d 301, 306 (4th Cir. 2003) (evidence properly excluded under Rule 403 where government and defendant "vehemently dispute[d]" its meaning, and where its admission "would have necessitated an exhaustive case within a case that would have confused the jury as to the issues to be decided"); *see also United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989) (affirming district court's exclusion of certain testimony and documents "on the ground that their relevance, if any, was outweighed by their propensity for confusion and their cumulative nature"); *United States v. Guardia*, 955 F. Supp. 115, 118 (D.N.M. 1997) (excluding four government witnesses under Rule 403 because their testimony "add[s] little probative value to the testimony of the [other] witnesses but ha[s] the definite potential to confuse the jury and unnecessarily extend the trial").

Rule 403 thus provides an additional basis on which the Court should preclude the government from questioning Detective Irving about either the 2003 sexual harassment allegations or the 2005 accidental gun discharge.

## III. <u>CONCLUSION</u>

WHEREFORE, for these and such other reasons as the Court may deem relevant, we hereby request that the Court proscribe the Government from eliciting evidence about the 2003 sexual harassment claim and the 2005 unintentional gun discharge.

                              Respectfully submitted,

                              /s/
                        David Schertler (DC Bar #367203)
                        David Dickieson (DC Bar #321778)
                        Schertler & Onorato, LLP
                        601 Pennsylvania Avenue, NW
                        North Building, 9th Floor
                        Washington, DC 20004
                        Telephone: (202) 628-4199
                        Facsimile: (202) 628-4177

                        *Attorneys for Michael C. Irving*

Dated: October 5, 2007