**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

**DEFENDANT IRVING'S MOTION IN LIMINE TO PRECLUDE**
**THE GOVERNMENT FROM ARGUING TAX POLICY ISSUES**

NOW COMES the Defendant, Michael C. Irving, through undersigned counsel, and hereby moves this Court, *in limine*, to proscribe the Government from improperly appealing to the passions of the jury by discussing the importance of self-reporting and honesty in self-reporting, asserting that Detective Irving deprived the citizens of the United States and/or District of Columbia of their rightful tax money, or discussing the types of public goods or services to which tax money might be applied. The reasons supporting this motion are set forth below.

I.   **FACTUAL BACKGROUND**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. § 287; (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. § 7201; (3) One count of fraud in violation of 22 D.C. Code § 3221(a); and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code § 410(a). All the charges arise from the Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

## II. LEGAL ANALYSIS

Detective Irving has the right to a trial where the jury's decision is founded on the strength of the Government's case against him and not on an emotional response to a Government argument that Detective Irving's actions affected their own financial welfare. Taxes are a vague and complicated subject for many people, and it is imperative to Detective Irving's fair trial rights that his case is adjudicated on fact and law as opposed to emotions. The importance of paying taxes, possible applications of taxes for the public good, and local or national tax policy in general are all irrelevant to the instant offenses with which Detective Irving is charged. Any discussion or arguments by the Government of such matters would be a clear attempt to appeal to the passions of the jury and detract from the relevant issues at trial, such as whether Detective Irving acted under the requisite intent.

WHEREFORE, for these and such other reasons as the Court may deem relevant, we hereby request that the Court proscribe the Government from misrepresenting the nature of the taxes at issue in this case or appealing to the economic bias of the jury by discussing the importance of self-reporting and honesty in self-reporting, asserting that Detective Irving deprived the citizens of the United States and/or District of Columbia of their rightful tax money, or discussing the types of public goods or services to which tax money might be applied.

Respectfully submitted,

/s/
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
Schertler & Onorato, LLP
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Attorneys for Michael C. Irving*

Dated: October 5, 2007