**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **07-CR-107 (PLF)** |
| v. ) | **Judge Paul L. Friedman** |
| ) | |
| **MICHAEL C. IRVING** ) | |

**DEFENDANT IRVING'S MOTION IN LIMINE TO PRECLUDE THE
GOVERNMENT FROM ASKING CHARACTER WITNESSES ANY
<u>GUILT-ASSUMING HYPOTHETICAL QUESTIONS</u>**

NOW COMES the Defendant, Michael C. Irving, through undersigned counsel, and hereby moves this Court, *in limine*, to proscribe the Government from asking character witnesses any guilt-assuming hypotheticals that would require the witness to assume Detective Irving's guilt in the crimes with which he is charged. The reasons supporting this motion are set forth below.

**I.   <u>FACTUAL BACKGROUND</u>**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. § 287; (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. § 7201; (3) One count of fraud in violation of 22 D.C. Code § 3221(a); and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code § 410(a). All the charges arise from the Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

**II.   LEGAL ANALYSIS**

The vast majority of circuits addressing the issue of guilt-assuming hypotheticals disallow the practice, finding such questions to be, at minimum, improper and, in some cases, reversible error.[1]  *See U.S. v. Shwayder*, 312 F.3d 1109, 1121 n.7 (9th Cir. 2002) (referencing numerous circuits that have also decided the appropriateness of guilt-assuming hypotheticals during the cross-examination of a defendant's character witness); *U.S. v. Candelaria-Gonzalez*, 547 F.2d 291 (5th Cir. 1977) (reversible error found where prosecution was allowed to ask "grossly prejudicial" guilt-assuming hypotheticals and trial judge was overly aggressive in nature towards defense counsel).  Typically, Courts have offered two reasons for their disapproval: (1) Guilt-assuming hypotheticals are an improper use of character evidence under the Federal Rules of Evidence, and (2) Such questions are a violation of a defendant's due process rights and the fundamental concept of the presumption of innocence.

### A.  GUILT-ASSUMING HYPOTHETICALS ARE AN IMPROPER USE OF CHARACTER EVIDENCE UNDER THE FEDERAL RULES OF EVIDENCE

Evidence of an individual's character is infrequently admissible in a criminal trial.  In those instances where it is allowed, Rules 404 and 405 of the Federal Rules of Evidence govern its admissibility.  Under these rules, two different types of character evidence are admissible: (1) General evidence as to the character or a particular character trait of a person under 404(a) and 405(a), and (2) Evidence as to specific instances of conduct that relate to an essential element of the charge or when used to rebut previously admitted general character evidence under 405(b).  Under 404(a)(1), only the defendant may proffer testimony about his character; the government is limited to cross-examination or rebuttal of any particular character testimony.  Under Rule

---

[1] The D.C. Circuit, in *United States v. White*, 887 F.2d 267, 274-75 (D.C.Cir.1989), is the only circuit to hold that witnesses testifying about their opinion of a defendant's character may be asked guilt-assuming hypothetical questions on cross-examination.  *White* will be discussed below in Section C.

405(a), evidence of character or a specific trait of character may be presented through testimony as to the accused's general reputation in the community or personal opinion of the defendant's character. Under 405(b), evidence of a specific act is admissible in cases where a witness' character or a trait of character is an essential element of the charge, claim, or defense, or where the government is cross-examining a character witness.

No admissible rebuttal character evidence is present in a guilt-assuming hypothetical question. The elicited response does not contain information about the accused's general reputation for character in the community, nor does it draw out the character witness' opinion of the defendant. *See Candelaria-Gonzalez*, 547 F.2d at 294 (holding that guilt-assuming questions asked during cross-examination were "a far cry from any concept of formulated community opinion"). Further, while character witnesses have been allowed to testify as to reputation existent prior to and not remote from the date of the offense, evidence of the accused's reputation after the criminal charge has been made public are generally held inadmissible because such evidence might not be a trustworthy indication of the accused's character. *See Id.* n.5 (citing *United States v. Lewis*, 482 F.2d 622, 641 (D.C. Cir. 1973). Calling for a prediction of what the community or an individual might think of the accused if he were convicted sometime in the future is "void of any trustworthiness whatever." *Id*. at 294.

Moreover, guilt-assuming hypotheticals have negligible probative value under 405(a). Courts have allowed a defendant to introduce evidence of good character for the purpose of showing that it is unlikely that he committed the offense at bar. *Lewis*, 482 F.2d at 638; *United States v. Fox*, 473 F.2d 131, 134 (D.C. Cir. 1972). Asking a character witness to surmise whether their opinion of the defendant would change based upon a hypothetical assumption of guilt or a future conviction for the crimes charges is inapposite and outside the parameters of

3

405(a). It is not the individual character witness' opinion that is probative but rather the fact that the defendant's known character is inconsistent with the offense with which he is charged. Guilt-assuming hypotheticals provide no probative value on the central issue of guilt. *Shwayder*, 312 F.3d at 1120.

Neither are guilt-assuming hypotheticals about the unlawful conduct at issue permissible as specific instances of conduct under 405(b). Cross-examination as to specific instances of conduct is permitted in order to test the credibility of the character witness, for the good-reputation testimony may be doubted if the witness is aware of other instances of bad conduct or the testimony may be held less weighty if the witness was unaware of other instances of conduct. *Lewis*, 482 F.2d at 638. Such cross-examination is only valuable as an assessment of the strength of the witness' testimony. *Id.* A guilt-assuming hypothetical about the presently charged conduct presents nothing new to the jury and does not assist them in assessing the witness' credibility since they clearly understand that the character witness is aware of the charges against the defendant. *See United States v. Morgan*, 554 F.2d 31, 33 (2d Cir.) (noting that a question based on testimony already offered "introduced nothing into the case which was not already before the jury").

While this issue has not been decided directly in the D.C. Circuit, the majority of circuits who to review the issue have found such questioning to be improper. *See United States v. Page*, 808 F.2d 723 (10th Cir. 1987) (disapproving of question regarding bad acts at issue in trial, but upholding conviction), cert. denied, 482 U.S. 918 (1987); *United States v. McGuire*, 744 F.2d 1197 (6th Cir.1984) (disapproving of question regarding bad acts at issue in trial) (dicta), cert. denied, 471 U.S. 1004 (1985); *United States v. Williams*, 738 F.2d 172 (7th Cir. 1984) (disapproving of question regarding bad acts at issue in trial, but upholding conviction); *United*

4

*States v. Polsinelli*, 649 F.2d 793 (10th Cir.1981) (overturning conviction because government questioned defendant's character witness about bad acts at issue in trial); *United States v. Palmere*, 578 F.2d 105 (5th Cir.1978), cert. denied, 439 U.S. 1118 (1978).

Further, during trial, a defendant is presumed innocent of the crimes with which he is charged. Thus, the probativeness under 405(b) of questions asking a witness to assume a fact that is presumed in a trial not to have occurred is inconsequential. *See McFerguson v. United States*, 870 A.2d 1199 (D.C. 2005).

### B. GUILT-ASSUMING HYPOTHETICALS VIOLATE DUE PROCESS AND THE PRESUMPTION OF INNOCENCE

In addition to the proper application of the rules of evidence, almost every circuit that has addressed the issue has held that guilt-assuming hypotheticals violate "adherence to a basic concept of our justice system, the presumption of innocence." *United States v. Mason*, 993 F.2d 406, 409 (4th Cir. 1993); *see also Shwayder*, 312 F.3d at 1121 ("Following almost every other circuit that has addressed the question" and holding that "the use of guilt assuming hypotheticals undermines the presumption of innocence and thus violates a defendant's right to due process"); *Candelaria-Gonzalez*, 547 F.2d at 294 ("These hypothetical questions [strike] at the very heart of the presumption of innocence which is fundamental to Anglo-Saxon concepts of fair trial."); *United States v. McGuire*, 744 F.2d 1197, 1204 (6th Cir.1984) ("It would be error to allow the prosecution to ask the character witness to assume defendant's guilt of the offenses for which he is then on trial"); *United States v. Guzman*, 167 F.3d 1350, 1352 (11th Cir.1999) ("The government may not ... pose hypothetical questions that assume the guilt of the accused in the very case at bar").

Guilt-assuming hypotheticals to violate the presumption of innocence in a variety of ways, including by improperly inferring guilt. *See United States v. Oshatz*, 912 F.2d 534, 539

(2d Cir.1990) ("The jury might infer from the judge's permission to ask a guilt-based hypothetical question that the prosecutor has evidence of guilt beyond the evidence in the record."); *United States v. Williams*, 738 F.2d 172, 177 (7th Cir.1984) (guilt-assuming hypotheticals "allow[ ] the prosecution to foist its theory of the case repeatedly on the jury and to force an unsuspecting witness to speculate on the effect of a possible conviction…. assum[ing] away the presumption of innocence"). Further, courts have found such questioning to be improper whether used with a witness testifying to the accused's reputation in the community or with an opinion character witness. *Guzman*, 167 F.3d at 1352.

### C. UNDER *WHITE*, THE TRIAL JUDGE HAS DISCRETION TO LIMIT THE CROSS-EXAMINATION OF A CHARACTER WITNESS

The D.C. Circuit, in *United States v. White*, 887 F.2d 267 (D.C. Cir. 1989), is the only circuit to hold that character witnesses may be asked guilt-assuming hypothetical questions on cross-examination. We respectfully suggest that the holding expounded in *White* is anachronistic, based on hollow legal support, and undermined by the compelling reasoning of every other circuit that has addressed the issue. Further, regardless of a hard and fast rule on the issue of guilt-assuming hypotheticals, the crux of the holding in *United States v. Lewis* (*supra* page three) one of the primary authorities cited in *White*, is that the trial court is bestowed with great discretion as to the admission of character evidence, particularly in the area of cross-examination.

#### 1. LACK OF SUPPORT FOR HOLDING IN *WHITE*

Not only does *White* stand alone among the Circuits in holding that guilt-assuming hypotheticals are admissible during the cross-examination of a defendant's character witness, its holding is based on noticeably weak foundation. For example, the 11th Circuit in *United States v. Guzman* (*supra* page four), when noting that *White* is the only case to finding guilt-assuming

6

hypotheticals admissible, states of *White*, "holding that character witness testifying to opinion of the accused may be cross-examined with guilt-assuming hypotheticals, *citing cases that do not support that proposition*" (Emphasis added).

Specifically, *White* cites to three cases in support of its holding: (1) *United States v. Polsinelli* (*supra* page five); (2) *United States v. Palmere*, (*supra* page five); and (3) *United States v. Morgan* (*supra* page four). In *Polsinelli*, the prosecutor asked the character witnesses on cross-examination whether their opinion of the defendant would change if they knew he was guilty of distributing cocaine, the charges for which he was on trial. 649 F.2d at 794-95. On appeal, contrary to the indication in *White*, the court "concluded that the Government's cross-examination of Polsinelli's character witnesses was improper" and cited both to cases where the character witness had testified to the defendant's general reputation in the community as well as their own personal opinion. *Id.* at 796-97. In *Palmere*,

> [T]he Government asked a character witness if his opinion of defendant's reputation would be changed if he knew that defendant had smuggled cocaine into the country, which was the crime for which he was then on trial. No objection was made to the propriety of that question, and on appeal the Fifth Circuit held that the one asking of the question did not constitute plain error. In thus holding, the Fifth Circuit emphasized that in Palmere there was only "one asking," as opposed to Candelaria-Gonzalez, where the question was put to several of the defendant's character witnesses, over strenuous objection. 578 F.2d at 107. Palmere did not overrule, or disavow, Candelaria-Gonzalez.

*Polsinelli*, 649 F.2d at 796. Finally, in *Morgan*, the defendant's character witnesses gave their personal opinion of the defendant's character, in addition to testimony about community reputation. 554 F.2d at 33. On cross-examination, the Government was allowed to ask guilt-assuming hypotheticals. The *Morgan* court held that where the character witness gave personal opinion and not just reputation testimony, a cross-examination using guilt-assuming questions

7

"was not prejudicially improper so as to mandate reversal." *Id.* However, the court was quick to add that "[i]t does not follow from this holding that we approve of the question which was asked." Moreover, the witness in *Morgan* was an expert character witness, and the court further noted, "[i]nsofar as non-expert character witnesses are concerned … we believe that the probative value of a hypothetical question such as the one at issue herein is negligible and that it should not be asked."

Therefore, as this review of the authority in *White* makes perfectly clear, not only has the weight of authority in the Circuits swung strongly against the use of guilt-assuming hypotheticals in the cross-examination of a character witness, the holding in *White* was never founded on strong authority.

>   2.  UNDER *UNITED STATES V. LEWIS*, THE COURT HAS DISCRETIONARY AUTHORITY OVER THE CROSS-EXAMINATION OF CHARACTER WITNESSES

Secondly, *White* permits the Court to exclude such character evidence under the Court's judicial discretion, holding that "[t]he decision whether to permit such cross-examination lies in the discretion of the trial court." *White*, 887 F.2d at 275 (citing *United States v. Lewis*, *supra.*) In *Lewis*, the Court addressed the admission of character evidence at trial, specifically noting concern about the scope of the cross-examination of character witnesses. 482 F.2d at 639. In response to this concern, the Court noted that the judiciary had "developed a series of restrictions designed to mitigate the potential hazard" of overarching cross-examinations of character witnesses. Specifically, "[w]ide discretion is accompanied by heavy responsibility on trial courts to protect the practice from any misuse." *Id.* (citing *Michelson v. United States*, 335 U.S. 469, 480 (1948)). Therefore, this Court, exercising its discretion, should preclude the Government

from asking guilt-assuming hypothetical questions of any of Detective Irving's character witnesses.

## III. CONCLUSION

WHEREFORE, for these and such other reasons as the Court may deem relevant, we hereby move this Court to proscribe the Government from asking character witnesses any guilt-assuming hypotheticals that would require the witness to assume Detective Irving's guilt in the very crimes with which he is charged.

Respectfully submitted,

/s/
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
Schertler & Onorato, LLP
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Attorneys for Michael C. Irving*

Dated: October 5, 2007