UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ASKING CHARACTER WITNESSES GUILT-ASSUMING HYPOTHETICAL QUESTIONS**

The Court of Appeals of the District of Columbia has considered and upheld the propriety of permitting cross-examination of a character witness with hypotheticals that assume the guilt of defendant of the crimes for which he is on trial. United States v. White, 887 F.2d. 267, 275 (D.C. Cir. 1989).[1] In White, the Court of Appeals distinguished a witness called to testify as to the community reputation of defendant from a character witness. See id. For the witness who testified regarding the purported community reputation of defendant, the Court held that guilt assuming hypotheticals may be improper. See id. However, such hypothetical questions were appropriate for character witnesses who testified as to their own opinion of defendant's character. See id. The purpose of asking the guilt-assuming hypothetical of a character witness is to fully explore the bias and credibility of that character witness. Steadfast adherence to a favorable opinion by a witness asked to assume the defendant's guilt would arguably reveal bias on behalf

---

[1] As recently as September, 2003, the Court of Appeals for the District of Columbia revisited and reaffirmed the propriety of cross-examination through the use of guilt-assuming hypotheticals of character witnesses offered by defendant. See United States v. Edwards, 76 Fed. Appx. 335, 336 (D.C. Cir. 2003)(Unpublished opinion.)

of that witness in favor of the defendant and provide some basis for a jury to conclude that the witness is not offering credible testimony about defendant's character.  Such challenges are the essence of cross-examination.  Moreover, the potential for prejudice is fairly limited because any hypothetical question posed to a character witness does not introduce any new information to the jury.  A duly convened jury is already fully informed of the charges in the indictment levelled against a criminal defendant and incorporating those allegations from the indictment into cross-examination does not introduce new facts or evidence to the jury.

      The law in the District of Columbia, as set forth by the Court of Appeals, is clear and permits guilt assuming hypotheticals to be posed to character witnesses.  Accordingly, defendant's motion in limine should be denied.

> Respectfully submitted,
> John Marrella
> Deputy Assistant Attorney General
> For Criminal Matters
>
>  s/Michael P. Ben'Ary
> Michael P. Ben'Ary
> Karen E. Kelly
> Trial Attorneys