**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-107(PLF)** |
| _____ | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |
| **Defendant .** | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE**
**THE GOVERNMENT FROM INQUIRING INTO SPECIFIC INSTANCES OF**
**ALLEGED PRIOR CONDUCT BY DEFENDANT**

As set forth in the Government's Notice of Intent to Cross-Examine the Defendant and

Character Witnesses with Information Contained in Defendant's MPD Internal Affairs File, the

Government should be permitted to cross-examine character witnesses with specific instances of

conduct.  Under Federal Rule of Evidence 405(a), where character evidence is admitted, cross-

examination is permitted into relevant specific instances of conduct.  When the defense sponsors

testimony that the defendant has a reputation for honesty in a particular community, the

government is clearly allowed to cross-examine the character witness with specific instances of

conduct that would bear upon defendant's veracity or the witnesses' knowledge of defendant's

reputation in the community.  Likewise, if the defense sponsors testimony that the defendant has

a reputation for being a law-abiding person in a particular community, the government is clearly

allowed to cross-examine the character witness with specific instances of conduct relevant to

defendant's purported law-abidingness.

The Court of Appeals for the D.C. Circuit has interpreted Rule 405 to permit cross-

examination into specific instances of conduct that are reflective of the traits of character about

which a witness has testified.  See United States v. Lewis, 482 F.2d 632, 641 (D.C. Cir. 1973).

In the present case, a report was issued by MPD Internal Affairs Division that contained a finding

that defendant was deceptive during an investigation conducted by MPD Internal Affairs

Division.  The investigation involved allegations that defendant assaulted a female employee in

the office of the U.S. Attorney for the District of Columbia in 2003.  This report implicates both

the defendant's veracity and defendant's propensity to violate the laws.  Thus, under Rule 405(a),

the government can cross-examine character witnesses about the specific conduct described in

the MPD Internal Affairs file and any other "relevant specific instances of conduct."  Fed. R.

Evid. 405(a).

Federal Rule of Evidence 608 governs the admissibility of character evidence of a

witness.  Under Rule 608(b), when a witness testifies regarding another's reputation in the

community for veracity, the Court has discretion to allow cross-examination of that witness using

specific instances of conduct that pertain to veracity.  In the present case, should defendant

choose to testify, the Rules permit the government to cross-examine defendant with any specific

instances of conduct that bare on his credibility, including the finding by Internal Affairs that he

lied to their investigator during an investigation of an assault at the U.S. Attorney's Office.

Further, should the defendant call witnesses to bolster his credibility with character

evidence, the Government should have the same latitude to cross-examine them with specific

instances of defendant's conduct.  This is particularly so when the character witnesses are

associated with MPD and the U.S. Attorney's Office, the very community within which the

specific instances of conduct occurred.

For the reasons stated above, the Defendant's Motion in Limine should be denied.

                    Respectfully submitted,
                    John Marrella
                    Deputy Assistant Attorney General
                    For Criminal Matters

                    s/Michael P. Ben'Ary
                    Michael P. Ben'Ary
                    Karen E. Kelly
                    Trial Attorneys