UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. )    Criminal No. 07-107(PLF)  )  MICHAEL C. IRVING )  )  Defendant . ) | |

**GOVERNMENT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF
DEFENDANT'S AWARDS AND COMMENDATIONS**

On October 11, 2007, after the expiration of the filing date for motions in limine, the defendant indicated by letter that he intends to introduce awards and commendations that the defendant has received as evidence in this case. Since these awards and commendations are inadmissible character evidence, the Government seeks an order prohibiting their introduction during the trial of this case.

The Circuit Court for the District of Columbia dealt with defendants' request to introduce their commendations as police officers in United States v. Washington, 106 F.3d 983, 999 (D.C. Cir. 1997). In the Washington case, the defendants, who were MPD officers, were charged with conspiracy, drug distribution and weapons charges. See id. At trial, Judge Hogan denied the defendants' requests to admit their commendations as police officers. The D.C. Circuit held that Judge Hogan did not abuse his discretion in denying the defendants' requests to admit these awards and commendations because "the commendations were not admissible under either [Rule 404 or 405] because appellant's 'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed

lack of predisposition to engage in the corrupt criminal activity with which he was charged." Id. at 191-92 (citing United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir.1989) (excluding evidence of police officer's prior commendations because "the traits which they purport to show-bravery, attention to duty, perhaps community spirit-were hardly 'pertinent' to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused")).

More recently, Judge Kollar-Kotelly cited the Washington and Nazzaro cases in a memorandum opinion in United States v. Brown, dealing with requests from defendants to admit awards and commendations they received as MPD officers. 2007 WL 2409729 (D.D.C. August 24, 2007). In holding that the commendations were relevant, Judge Kollar-Kotelly recognized that the charges against the defendants in that case were "part and parcel of Defendants' professional diligence and involve[d] their duties as police officers." Id. at 3. Thus, Judge Kollar-Kotelly held that the commendations sought to be introduced by the defendants might be relevant to a character trait "akin to 'professional diligence.'" Id. Judge Kollar-Kotelly did note, however, that while commendations might be relevant character evidence in the Brown case, "the commendations themselves are arguably neither opinion nor reputation testimony and accordingly are more akin to specific instances of conduct which may only be offered '[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim or defense." Id. (citing Fed. R. Evid. 405(b)).

In the present case, the allegations contained in the indictment relate to acts committed by the defendant outside of the scope of his duty as a police detective. The manner in which the defendant performed his professional duties is not at issue. Thus, like in the Washington and Nazzaro cases, the defendant's awards and commendations are not pertinent to the crimes of

which the defendant is accused.  Since the defendant's conduct in submitting perjured claims for tax refunds and evading his taxes have nothing to do with his work as a detective, the distinction that Judge Kollar-Kotelly drew between the <u>Washington</u> and <u>Nazzaro</u> cases and the <u>Brown</u> case is inapplicable here.  The defendant has not, and cannot show any relationship between the character traits that led to the defendant's awards and commendations and the conduct that underlies the charges in this case.  Thus, the awards and commendations are not pertinent and therefore inadmissible under Rule 404(a)(1).

Even if the Court found that the awards and commendations dealt with character traits that are pertinent to the charges and thus admissible, the awards and commendations themselves would be inadmissible under Rule 405.  As recognized by Judge Kollar-Kotelly, commendations and awards are not reputation or opinion testimony, but are akin to specific instances of conduct.  Rule 405(b) prohibits proving character with specific instances of conduct unless character or a trait of character is an essential element of a charge, claim or defense.  Here, the defendant's character or a trait of the defendant's character is not an essential element of any of the charges, claims or defenses.  The awards and commendations, which are akin to specific instances of conduct, are inadmissible to prove character under Rule 405(b).

For the reasons stated above, the government's Motion in Limine should be granted.

        Respectfully submitted,

        John Marrella
        Deputy Assistant Attorney General
        For Criminal Matters


        __s/Michael P. Ben'Ary___
        Michael P. Ben'Ary
        Karen E. Kelly
        Trial Attorneys