## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 07-107(PLF)** |
| _____ ) | |
| **MICHAEL C. IRVING** ) | |
| ) | |
| **Defendant .** ) | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The United States of America, by and through its attorneys, pursuant to Rule 30 of the

Federal Rules of Criminal Procedure, respectfully request that the Court give the following jury

instructions in addition to the standard instructions, and further requests leave to file any

additional and further instructions as may appear necessary and proper.

Respectfully submitted,

Karen E. Kelly
Michael P. Ben'Ary
Trial Attorneys

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO.___**

<u>Filing False Claims for Refund</u>

Count One of the Indictment charges that on or about February 20, 2003, in the District of Columbia, and elsewhere, the defendant made and presented to the IRS a false claim for refund in the amount of $32,732, knowing such claim to be false, fictitious or fraudulent.

Count Two of the Indictment charges that on or about September 29, 2003, in the District of Columbia, and elsewhere, the defendant made and presented to the IRS a false claim for refund in the amount of $32,732, knowing such claim to be false, fictitious or fraudulent.[1]

---

[1]All in violation of Title 18 United States Code, Section 287.

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO.__**

<u>18 U.S.C. § 287–Purpose of the Statute</u>

Congress enacted section 287 to assure the integrity of claims submitted to the government, in an effort to protect the funds of the government from fraudulent claims, regardless of the particular form of the claim, or the particular function of the government department or agency against which the claim is made.  Congress intended to prevent any deception that would impair, obstruct or defeat the lawful, authorized functions of government departments or agencies.[2]

---

[2]Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions, (1993 Ed.) Vol.1, Instruction 18-2, 0. 18-3.
<u>Rainwater v. United States</u>, 356 U.S. 590 (1958)
<u>United States v. Maher</u>, 582 842 (4th Cir. 1978), <u>cert. denied</u>, 439 U.S. 1115 (1979).

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO. ___**

Elements of the Offense

In order to prove the crime of making a false claim, the government must establish beyond a reasonable doubt each of the following facts:

First, that on or about February 20, 2003 (for Count One), and September 29, 2003 (for Count Two), the defendant knowingly made or presented a claim.

Second, that the claim which was presented was a claim against the United States or a department or agency of the United States.

Third, that the claim was false, fictitious, or fraudulent.

Fourth, that the defendant knew that the claim was false, fictitious, or fraudulent.[3]

---

[3]Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal (1993 Ed.), Vol. 1, Instruction 18-3, p. 18-4 (modified);
United States v. Coachman, 727 F.2d 1293,1302 (D.C. Cir. 1984)

2802763.1

## GOVERNMENT'S JURY INSTRUCTION NO.___

First Element—Submission of Claim

The first element which the government must establish beyond a reasonable doubt is that the defendant knowingly made or presented a claim to the IRS. [4]

---

[4]Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal (1993 Ed.), Vol. 1, Instruction 18-3, p. 18-4 (modified)

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO.\_\_\_**

<u>Second Element– Claim against the United States</u>

The second element the government must prove beyond a reasonable doubt is that the claim was made or presented upon or against the United States or an Agency of the United States. You are instructed that the IRS is a department or Agency of the United States within the meaning of this law.

If you find that the claim received by the Agency of the United States was one which the Agency was expected to pay, then this element of the offense is satisfied.[5]

---

[5]Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal (1993 Ed.), Vol. 1, Instruction 18-11(modified).

6

**GOVERNMENT JURY INSTRUCTION NO. ___**

<u>Third Element–Claim was False, Fictitious or Fraudulent</u>

The third element you must find beyond a reasonable doubt is that the claim was false, fictitious, or fraudulent.

A claim is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made.

A claim is fictitious if it is not real or if it does not correspond to what actually happened.

A claim is fraudulent if it was falsely made or caused to be made with the specific intent to deceive.

The question you must focus on is whether the claim in question contained any entry which you find from the evidence was false, fictitious, or fraudulent. You need not find that all of the entries on the claim were false, fictitious, or fraudulent, so long as you find that there was one entry which was false, fictitious, or fraudulent.[6]

---

[6]Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal (1993 Ed.), Vol. 1, Instruction 18-8, p. 18-8 (modified)

2802763.1

## GOVERNMENT JURY INSTRUCTION NO. ___

### Fourth Element—Knowledge that Claim was False

The Fourth element the government must prove beyond a reasonable doubt is that the defendant had knowledge that the claim was false or fictitious or fraudulent.

An act is not done unlawfully or with knowledge of its false or fictitious or fraudulent character if it is done by mistake, carelessness, or other innocent reason.

It is not necessary, however, that the government prove that the defendant had exact knowledge of the relevant criminal provisions governing his conduct. You need only find that the defendant acted with knowledge that the claim was false or fictitious or fraudulent.[7]

---

[7]Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal (1993 Ed.), Vol.1, Instruction 18-9, p. 19-16 (modified).
U.S. v. Maher, 582 F.2d 842 (4th Cir. 1978) cert. denied, 442 U.S. 1115(1979)(The specific intent to defraud the Government is not required under 18 U.S.C. § 287, although knowledge is an essential requirement.
U.S. v. Cook, 586 F.2d 572 (5th Cir. 1978), cert. denied 442 U.S. 909 (1979)(wilfulness is not an element to 18 U.S.C. § 287.)

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO.___**

<u>False Claim</u>

Submission of a false tax return to obtain a tax refund to which one is not entitled constitutes a false claim against the United States.[8]

---

[8]Kevin O'Malley, et.al, 2 Fed. Jury Prac. & Instr. § 30.07 (5th Ed.).

<u>United States v. Coachman</u>, 727 F.2d at 1302, fn 39.
<u>United States v. Drape</u>, 668 F.2d 22, 25 (1st Cir. 1982);  <u>United States v. Miller</u>, 545 F.2d 1204 (9th Cir. 1976) <u>cert. denied</u>, 430 U.S. 930 (1977);

2802763.1

**GOVERNMENT'S INSTRUCTION NO. ___**

<u>"Claim" defined</u>

A "claim" as that word is used in these instruction is a demand for money, property, credit or reimbursement.[9]

---

[9]Kevin O'Malley, et.al, 2 Fed. Jury Prac. & Instr. § 30.07 (5th Ed.).

10

## GOVERNMENT'S INSTRUCTION NO. _____

### "Claim" defined

There is no requirement that the claim presented by the accused actually by honored by the IRS, or that the IRS suffer any monetary loss as a result of accused's conduct.[10]

---

[10]Kevin O'Malley, et al., 2 Fed. Jury Prac. & Instr. § 30.07 (5th Ed.
US v. Coachman, 727 F.2d 1293, 1302 (D.C.Cir. 1984)
United States v. Duncan, 816 F.2d 153, 155 (4th Cir. 1987

2802763.1

## GOVERNMENT'S INSTRUCTION NO. __

<u>Tax Evasion-Nature of Offense</u>

Counts Three, Four and Five of the Indictment charge that for the calendar years 2003, 2004 and 2005, in the District of Columbia, defendant Michael C. Irving willfully attempted to evade or defeat a substantial federal income tax which was due and owing to the United States for the respective years.[11]

---

[11]O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> (5th ed. 2000), § 67.01, p.531.

2802763.1

**GOVERNMENT'S INSTRUCTION NO.___**

<u>Statute Defining Offense</u>

Statute 7201 of the United States Code provides, in part, that :

　　　Any person who willfully attempts in any manner to evade or defeat any federal tax

imposed by this title * * * shall * * * be guilty of an offense against the United States.[12]

---

[12]26 U.S.C. § 7201

Devitt, Blackmar and O'malley, Federal Jury Practice and Instructions, (4th Ed. 1990) Section 56.02

2802763.1

**GOVERNMENT'S INSTRUCTION NO.___**

<u>Elements of Attempt to Evade or Defeat a Tax</u>

To establish the offense of attempting to evade and defeat a federal tax, the government is required to provide beyond a reasonable doubt the following three elements:

**First**, a substantial federal income tax was due and owing from the defendant;

**Second**, defendant, in any manner, attempted to evade or defeat the federal income tax, and

**Third**, the defendant acted willfully.[13]

---

[13]26 U.S.C. § 7201

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, (5th Ed. 2000) section 67.24.

<u>Spies v. United States</u>, 317 U.S. 492 (1943)
<u>Lawn v. United States</u>, 355 U.S. 339, 361 (1958)
<u>Sansone v. United States</u>, 380 U.S. 343, 351 (1965)
<u>United States v. Pomponio</u>, 429 U.S. 10, 12 (1976)
<u>Cheek v. United States</u>, 498 U.S. 192, 195 (1991)

2802763.1

**GOVERNMENT'S INSTRUCTION NO.___**

<u>Tax Deficiency</u>

One element of attempted tax evasion in Counts Three through Five of the Indictment is a substantial federal tax deficiency, or in other words, a substantial amount of federal income tax due and owing by the defendant.  The proof need not show, however, the precise amount or all of the additional tax due as a result of the charged conduct.

Each year must be considered separately.  The defendant's tax obligation in any one year must be determined separately from his tax obligation in any other year.

A tax deficiency arises by operation of law on the date a tax return is due if the evidence establishes that the defendant owed a substantial tax.[14]

---

[14]Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions (4th Ed. 1990) sections 56.08 and 56.23. (modified)

## GOVERNMENT'S INSTRUCTION NO.___

### Substantial Defined

The meaning of the term "substantial" as used here depends upon the facts, circumstances, and conditions shown by the evidence. However, any amount of unreported taxable income, greater than relatively small sums, is substantial.[15]

---

[15]United States v. Gross, 286 F2d 59, 61 (2d Cir. 1961)
United States v. Nunan, 236 F.2d 576, 585 (2nd Cir. 1956) cert. denied, 353 U.S. 912 (1957)
Canaday v. United States, 354 F.2d 849, 851-52 (8th Cir. 1966).

16

**GOVERNMENT'S INSTRUCTION NO.___**

Affirmative Act of Evasion

The phrase "attempt to evade or defeat" contemplates that defendant Michael Irving had knowledge and understanding that, during the calendar years 2003 through 2005 he had income that was taxable, which he was required by law to report, but that he nevertheless attempted to evade or defeat the tax thereon.

Many different schemes may be used in an attempt to evade or defeat a tax.  The scheme alleged in the indictment is that the defendant, with the intent to evade or defeat taxes, filed a false income tax return for 2002, failed to file income tax returns for the years 2003, 2004, and 2005, failed to pay income taxes, and caused to be filed false Forms W-4 which alleged that he was "exempt" from withholding of income taxes from his paychecks.

To establish the existence of an affirmative act, the government must show more than the mere failure to do something, such as a failure to file an income tax return.  However, any affirmative action by the defendant, the likely effect of which would be to mislead or conceal, is sufficient to constitute an affirmative act.

Causing a false Form W-4 to be filed constitutes an affirmative act of evasion.  A taxpayer is under a continuing obligation to correct intentional misrepresentations on the false Form W-4.  A false W-4 constitutes an affirmative act in each year that it is maintained. [16]

---

[16]2 Edward J. Devitt et al., Federal Jury Practice and Instructions, (4th ed. 1990), section 56.04 (modified).
Spies v. United States, 217 U.S. 492, 499 (1943).
United States v. Stone, 702 F.2d 1333 1338-39 (11th Cir. 1983)
United States v. Goodyear, 649 F.2d 226 228 (4th Cir. 1981)
United States v. Conforte, 624 F.2d 869, 875 (9th Cir.), cert. denied, 449 U.S. 1012 (1980).
United States v. DiPetto, 936 F.2d 96 (2nd Cir. 1991)

2802763.1

## GOVERNMENT'S INSTRUCTION NO.___

### Willfulness

Counts Three through Five and Seven through Nine of the Indictment charge Attempted Tax Evasion, and require that the defendant acted willfully. An act or failure to act is "willful" if it is a voluntary and intentional violation of a known legal duty.

A defendant's conduct is not willful if he acted through ignorance, mistake or accident or or due to a good-faith misunderstanding of the requirements of the law.[17]

---

United States v. Williams, 928 F.2d 145, 149 (5th Cir. 1991)(defendant properly convicted of tax evasion regarding years 1983-85 where false Form W-4 Claiming 50 exemptions was filed in 1983 and remined in effect through the prosecution years)

United States v. Waldeck, 909 F.2d 555 (1st Cir. 1990)
United States v. Connor, 898 F.2d 942, 944-45 (3rd Cir. 1990)
United States v. Copeland, 786 F.2d 768 (7th Cir. 1985)
United States v. King, 126 F.3d 987, 990-93 (7th cir. 1997)

[17]Devitt and Blackmar, Federal Jury Practice and Instructions (4th Ed. 1990), section 56.20 (modified).
Cheek v. United States, 498 U.S. 192 (1991)
United States v. Pomponio, 429 U.S. 10, 12 (1976)
United States v. Sassak, 881 F. 2d 276, 279 (6th Cir. 1988)
United States v. Grumka, 728 F.2d 794 (6th Cir. 1984)
United States v. Alston-Graves, 435 F.3d 331, 336 (D.C.App. 2006)

2802763.1

**GOVERNMENT'S INSTRUCTION NO.___**

<u>Good Faith</u>

A Defendant does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law.  A good faith belief is one which is honestly and genuinely held.  Therefore, if the defendant actually believed that what he was doing was in accord with the tax statutes, he cannot be said to have the criminal intent to evade his income taxes.  A belief need not be objectively reasonable to be held in good faith.  Nevertheless, you may consider whether the defendant's stated belief about the tax statutes was reasonable as a factor in deciding whether the belief was honestly or genuinely held.

Neither a disagreement with the requirements of the law, nor a belief that the tax laws are unconstitutional–no matter how earnestly held– constitutes a defense of good faith misunderstanding or mistake.  A disagreement with the Internal Revenue Code, or a belief that the law should be other than what it is, no matter how earnestly believed, is not a defense and does not negate willfulness.  It is the duty of all citizens to obey the law whether they agree with it or not.[18]

---

[18]<u>Cheek v. United States</u>, 498 U.S. 192, 201 (1991)
<u>United States v. Benson</u>, 67 F.3d 641, 649 (7th Cir. 1995)("reasonableness of a belief is a factor which bears upon whether the belief was held in good faith")
<u>United States v. Hilgefordm 7</u> F.3d 1340, 1343 (7th Cir. 1993)
United States v. Cheek, 3 F.3d 1057, 1063 (7th Cir. 1993) ("You may consider whether the defendant's stated belief was reasonable as a factor in deciding whether he held that belief in good faith.")
<u>United States v. Dack</u>, 987 F.2d 1282, 1285 (7th Cir. 1993)United States v. Becker, 965 F.2d 383 (7th Cir. 1992)("You may consider whether the defendant's belief about the tax statutes was actually reasonable as a factor in deciding whether he held that belief in good faith."
<u>United States v. Dykstra</u>, 991 F.2d 450, 452-53(8th Cir. 1992) ("Neither defendant's disagreement with the law or his personal belief that such law is unconstitutional, no matter how earnestly he holds those views, can constitute the defense of good faith misunderstanding or

2802763.1

## GOVERNMENT'S INSTRUCTION NO.___

<u>Willful Blindness</u>

In deciding whether the defendant knew what the law required of him, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of that fact. That is say, the defendant willfully made himself blind to that fact.

It is entirely up to you as to determine whether he deliberately closed her eyes to the fact and, if so, what inference, if any should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.[19]

---

mistake.  It is the duty of all citizens to obey the law whether they agree with it or not.")

[19]Pattern Jury Instruction for the District Courts for the First Circuit, Section 2.15; <u>U.S. v. Alston-Graves</u>, 435 F.3d 331, 337 (D.C. Cir. 2006); <u>United States v. Gabiele</u>, 63 F.3d 61, 66 n. 6 (1st Cir. 1995);  <u>United States v. Brandon</u>, 17 F.3d 409, 451-52 n.72 (1st Cir. 1994).

2802763.1

## GOVERNMENT'S INSTRUCTION NO.___

### Income Tax Imposed; Requirement to File Income Tax Returns and Pay Taxes Due

The Internal Revenue Code requires all individuals to file a tax return and pay taxes due if their gross income exceeds a specific amount of income for each tax year. Gross income means the total amount of income earned by a taxpayer before any deductions are subtracted from it. Gross income is defined by the Internal Revenue Code as "all income from whatever sources derived." Gross income includes compensation for services, such as wages or salaries and profits earned from any business, regardless of its nature, and from interest, dividends and rents. [20]

---

[20] I.R.C. § 61

United States v. Sloan, 939 F.2d 499, 500 (7th Cir. 1991)

Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986)

United States v. Richards, 723 F.2d 64 (8th Cir. 1983)

United States v. Romero, 640 F2d 1014 (9th Cir. 1981)

2802763.1

**GOVERNMENT'S INSTRUCTION NO. ___**

Requirement to File Income Tax Returns

The Internal Revenue Code requires individuals to pay any income tax imposed on them, without any requirement of notice or demand for payment from the IRS.[21]  For an individual who operates on a calendar year, his income tax is due by April 15th of the following year.[22]

---

[21]26 U.S.C. section 6071.

[22]26 U.S.C. section 7503.

2802763.1

**GOVERNMENT'S INSTRUCTION NO._____**

Attempt to Evade

A person may not be convicted of federal tax evasion on the basis of willful omission alone; he must also have undertaken an affirmative act of evasion. The affirmative act requirement can be met by the filing of a false or fraudulent tax return that substantially understates taxable income, by causing to be filed a false or fraudulent Form W-4, or by other affirmative acts of evasion. An affirmative act of evasion is any act the likely effect of which is to mislead or conceal.[23] In determining whether or not the defendant committed an affirmative act of evasion, the question is not whether the government relied on the defendant's conduct but whether or not the conduct is evidence of a wilful attempt to evade and defeat the assessment of the defendant's tax.[24]

Counts Three through Five and Seven through Nine of the Indictment charge as an affirmative act of evasion that the defendant filed false and fraudulent IRS Forms W-4 and Form D-4 claiming exemption from federal and District of Columbia income tax withholding.

---

[24]Waldeck, 909 F.2d at 559.

# GOVERNMENT'S PROPOSED INSTRUCTION NO._____

Citizens Subject to Taxation

All citizens of the United States are subject to federal income tax laws.[25]

_____

[25]<u>United States v. Hilgeford</u>, 7 F.3d 1340, 1342 (7th Cir. 1993)
<u>United States v. Jagim</u>, 978 F.2d 1032, 1036 (8th Cir. 1992), cert. denied , 508 U.S. 952 (1993).

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO. ___**

<u>First Degree Fraud</u>

In Count Six of the Indictment, defendant is charged with First Degree Fraud in violation of the Code of the District of Columbia.

The elements of Fraud in the First Degree, each of which the government must prove beyond a reasonable doubt, are as follows:

(1)    That, in 2002, the defendant engaged in a scheme or systematic course of conduct;

(2)    The defendant did so with the intent to defraud the District of Columbia or obtain property of the District of Columbia by means of false or fraudulent pretense, representation or promise;

(3)    As a result of that scheme or systematic course of conduct, the defendant obtained property of the District of Columbia, consisting of District of Columbia income taxes; and

(4)    That the property lost or obtained had a value of $250 or more.[26]

---

[26]Mathew Bender & Company, DC Pattern Jury Instruction 4.41

25

**GOVERNMENT'S JURY INSTRUCTION NO. ___**

<u>Scheme Defined</u>

A scheme is any pattern or behavior calculated to deceive persons of ordinary prudence and comprehension.  A systematic course of conduct is a pattern of activity.  It need not exist over an extended period of time, but there must be more than an isolated act. [27]

---

[27]Mathew Bender & Company, DC Pattern Jury Instruction 4.41, page 426.2.

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO. ___**

<u>Intent to Defraud</u>

To act with intent to defraud means to act knowingly and with the purpose to deceive or cheat.  An intent to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.  The government need not prove that the defendant intended to defraud any particular person, so long as it proves that he intended to defraud any person. [28]

---

[28]Mathew Bender & Company, DC Pattern Jury Instruction 4.41, page 426.3.

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO. ___**

<u>False or Fraudulent Pretense-- Defined</u>

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important aspect of the matter in question. The term includes an actual false statement, a direct false statement, a half-truth, and a knowing concealment of a fact that is material or important to the matter in question. The defendant must have known that the statement or assertion was untrue when he made it, or made it with reckless indifference as to whether it was, in fact, true or false.[29]

---

[29]Mathew Bender & Company, DC Pattern Jury Instruction 4.41, page 426.3.

**GOVERNMENT'S JURY INSTRUCTION NO. \_\_\_**

<u>Material Fact-- Defined</u>

A material fact is a fact that would be important to a reasonable person in making a

decision about a particular matter or transaction. [30]

---

[30]Mathew Bender & Company, DC Pattern Jury Instruction 4.41, page 426.3.

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO. ___**

<u>Property of Another-- Defined</u>

Property of another means anything of value in which a government or a person other than the defendant has an interest.[31]

---

[31]Mathew Bender & Company, DC Pattern Jury Instruction 3.09, page 218.

2802763.1

**GOVERNMENT'S INSTRUCTION NO. __**

<u>Tax Evasion-Nature of Offense</u>

Counts Seven, Eight and Nine of the Indictment charge that for the calendar years 2003, 2004 and 2005, in the District of Columbia, defendant Michael C. Irving willfully attempted to evade or defeat a substantial income tax that was due and owing to the District of Columbia for the respective years.[32]

---

[32]O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> (5th ed. 2000), § 67.01, p.531.
47 District of Columbia Code § 4101(a)(b)

31

## GOVERNMENT'S INSTRUCTION NO.___

Elements of Attempt to Evade or Defeat a Tax due the District of Columba

To establish the offense of attempting to evade and defeat a DC tax, as set forth in counts Seven through Nine, the government is required to provide beyond a reasonable doubt the following three elements:

**First**, defendant, in any manner, attempted to evade or defeat the income tax, and

**Second**, the defendant acted willfully, and

**Third**, the amount of the DC tax evaded or attempted to be evaded was greater than $10,000.[33]

---

[33]O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed. 2000), § 67.01, p.531.
47 District of Columbia Code § 4104(b)

2802763.1

**GOVERNMENT'S INSTRUCTION NO. __**

Tax Evasion-Amount of Tax Loss attempted to be Evaded

The amount of any DC taxes that were evaded or attempted to be evaded pursuant to a

single scheme or systematic course of conduct in violation of DC tax evasion may be aggregated

to determine the grade of the offense.[34]

---

[34]O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed. 2000), §
67.01, p.531.
47 District of Columbia Code § 4104(b)

2802763.1

## GOVERNMENT JURY INSTRUCTION NO.__

<u>Civil Remedies Immaterial</u>

There is a distinction between civil liability for the payment of taxes, and criminal liability.  This is a criminal case. The defendant is charged with the commission of a crime, and the fact that there may be civil tax consequences for his conduct may not be considered by you, the jury, in determining the issues or resolution in this case.[35]

---

[35]2 Edward J. Devitt et. al., Federal Jury Practice and Instructions(3rd ed. 1977) Section 35.17 (modified)
<u>Spies v. United States</u>, 317 U.S. 492, 495 (1943)
<u>United States v. Dack</u>, 747 F.2d 1172, 1174-1175 (7th Cir. 1984)
<u>United States v. Richards</u>, 723 F.2d 646, 648 (8th Cir. 1984)
<u>United States v. Buras</u>, 633 F.2d 1356, 1360 (9th Cir. 1980)

2802763.1

## GOVERNMENT JURY INSTRUCTION NO.__

<u>Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely be the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of defendant beyond reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have reasonable doubt based upon the evidence as to defendant's guilt, you should not hesitate to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.[36]

---

[36]1 L.B. Sand et al., Modern Federal Jury Instructions, No 2-12 (1996).

**GOVERNMENT JURY INSTRUCTION NO.____**

<u>Statutory Purpose</u>

The system of tax collection in the United States relies upon the honesty of taxpayers.

The government needs taxpayers to report timely, completely, and honestly all taxes they owe so

that it can collect taxes due.  Congress, therefore, has made it a criminal offense for a taxpayer to

evade taxes, to file a false return or to file no return, under certain circumstances.[37]

---

[37]L.B. Sand et al., Modern Federal Jury Instructions, 59-2 (1996).

**GOVERNMENT JURY INSTRUCTION NO.____**

<u>Tax Laws are constitutional (If Appropriate</u>)

Since the Sixteenth Amendment to the United States Constitution was ratified in 1913,

the U.S. Supreme Court and the lower federal courts have consistently upheld the

constitutionality of the income tax laws.[38]

---

[38]<u>Brushaber v. Union Pacific R.R.</u>, 240 U.S. 1 (1916); <u>Eisner v. Macomber</u>, 252 U.S. 189, 205 (1920); <u>Quiljano v. United States</u>, 93 F.3d 26, 30 (1st Cir. 1996); <u>In re Becraft</u>, 885 F.2d 548 (9th Cir. 1989).

2802763.1

**GOVERNMENT JURY INSTRUCTION NO._____**

<u>Frivolous Penalty</u>

You have heard testimony during this trial that the defendant was assessed a $500

frivolous return penalty by the IRS for filing a zero return.  You are instructed that federal law

authorizes the IRS to assess a frivolous penalty against any individual who files what purports to

be an income tax return which does not contain, on its face, necessary information from which

one can determine the correctness of the self-assessment, or the return contains information that,

on its face, indicates that the self-assessment is obviously and substantially incorrect.  It can also

be assessed where it is obvious from the information reported on the face of the return that the

taxpayer has a desire to delay or impede the administration of federal income tax laws.[39]

---

[39]26 U.S.C. § 6702.

2802763.1

## GOVERNMENT'S JURY INSTRUCTION NO._____

### Form W-4 Withholding Allowance Exemption Certificate

Counts Three through Five and Seven through Nine of the Indictment with respect to the defendant's tax liability charges as an affirmative act of evasion, that the defendant filed, or caused to be filed, a false and fraudulent IRS Form W-4, or a DC Form D-4, claiming exemption from federal income taxes and DC income taxes. In this regard, I instruct you that all employees are required by law to furnish their employer with a signed Withholding Allowance Exemption Certificate, otherwise known as an IRS Form W-4 and DC Form D-4, indicating the number of withholding exemptions that the employee claims. The number of exemptions claimed on the W-4 and D-4 forms advise the employer how much of the employee's wages should be withheld from the employee's pay and sent by the employer to the IRS or DC Office of Tax and Revenue as a down payment on the employee's income taxes. The employee may not claim more exemptions than he is actually entitled to claim. Once an exemption certificate is furnished to an employer, that certificate remains in effect until the employee furnishes the employer with a new exemption certificate. Under some circumstances, an employee is entitled to claim total exemption or that he is exempt from withholding of federal and/or D.C. income taxes. To properly claim exempt status, however, the individual must have owed no federal or D.C. income tax in the year before filing the Form W-4 or Form D-4 in question, and he must anticipate not owing any federal or D.C. income tax in the year to which the Form W-4 or D-4 applies. [40]

---

[40] 26 USC § 4302(f)(3); see also Untied States v. Bonneau, 970 F.2d 929 (1st Cir. 1992); DiPetto v. United States, 936 F.2d 96 (2nd Cir. 1991); United States v. Williams, 928 F.2d 145 (5th Cir. 1991) cert. denied, 502 US 811 (1991); United States v. Waldeck, 909 F.2d 555 (1st Cir. 1990); United States v. Connor, 898 2d 942 (3d Cir. 1990); United States v. Harris, 2006 WL 2882711 (D.D.C. 2007).

2802763.1

GOVERNMENT'S INSTRUCTION NO. _____

Forms W-4 and D-4 remain in effect until Corrected with a New One

The filing, or causing to be filed, of one false Form W-4 or Form D-4 satisfies the

affirmative act requirement of tax evasion for each year that it remains in effect.  The defendant

is under a continuing obligation to correct any intentional misrepresentations on the Forms.[41]

---

The employee withholding certificate, Form W-4 , is a basic instrument of the tax withholding system.  8A Mertens Law of Fed. Income Taxation § 47A.02 (1971). The certificate is authorized in Internal Revenue Code of 1954 § 3402 (f)(2).  The purpose of the Form W-4 is to inform the employer of the number of exemptions to which the employee is entitled so that the employer may withhold the amount required by law.  Every employer who pays wages is required to withhold from the wages a tax.  The amount withheld is determined by the use of a formula or tables which involve the "number of withholding exemptions claimed."  IRC 1954, § 3402(1) and (c).  This phrase means the number claimed in a withholding exemption certificate, or a Form W-4.  IRC 1954 § 3401(e).  The effectiveness of this system as a tax collection device obviously depends upon the honesty of the withholding exemptions claims submitted by the employees. The employer is not authorized to alter the form or to dishonor the employee's claim. The certificate goes into effect automatically in accordance with certain standards enumerated in § 3402(f)(3).

[41]Courts are in agreements that the filing of one false W-4 Form satisfies the affirmative act requirement for each year that it remains in effect.  See United States v. Williams, 928 F.2d 145, 148-49 (5th Cir) cert. denied, 502 U.S. 811 (1991); DiPetto v. United States, 936 F.2d 96 (2d Cir. 1991); United States v. Connor, 898 F.2d 942, 945 (3rd Cir. 1990), United States v. Bonneau, 970 F.2d 929 (1st Cir. 1992).

2802763.1

**GOVERNMENT'S JURY INSTRUCTION NO. ____**

Income Tax system is voluntary: explained (if applicable)

The word voluntary is not the equivalent of optional. To the extent that income taxes are said to be voluntary, they are voluntary in that one files the returns and pays the taxes without the IRS first telling each individual the amount due and forcing payment of that amount. The payment of income taxes is not optional.[42]

---

[42]United States v. Middleton, 246 F.3d 825 (2001).

41

2802763.1

Respectfully submitted,

_____/s/_____

Karen E. Kelly
Michael P. Ben'Ary
Trial Attorneys
US Department of Justice
Tax Division-Criminal
601 D Street, NW
Washington, DC 20530

(202) 616-3864

2802763.1