IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| ) | |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

**DEFENDANT'S NOTICE REGARDING ITEM NUMBER 3
OF THE GOVERNMENT'S CONSOLIDATED MOTION IN LIMINE**

Michael C. Irving, through undersigned counsel, respectfully submits this pleading in response to the Court's Order of October 16, 2007, requesting that the parties inform the Court "why item number 3 in the government's consolidated motion in limine, entitled 'Third Party Testimony Regarding Defendant's Alleged States of Mind,' is not moot in light of defense counsel's representation in court today that the defendant is likely to testify at trial."

Item number 3 of the Government's Consolidated Motions in Limine seeks to exclude any testimony from third-party witnesses that might reflect the defendant's statement of mind during the time in question. The Government argued that such testimony would be hearsay testimony that would be inadmissible under Fed. R. Evid. 801(d)(2) and, further, it would not qualify under the "state of mind" hearsay exception set out in Fed. R. Evid. 803(3).

Based on the assumption that Detective Irving will testify at trial, one would expect that Detective Irving would testify as to statements that he made during the time in question to third-parties regarding his good faith belief that he was exempt from paying income taxes. Since Detective Irving was the declarant and is testifying to those statements, they are not statements made by an out-of-court declarant and are thus not hearsay statements. Consequently, such

statements would be admissible. By the same token, we submit that the third-parties to whom the statements were made should be permitted to provide corroboration for Detective Irving's testimony by confirming that Detective Irving made these statements. Since Detective Irving is available for cross-examination, the confirming testimony of the third-parties would not violate the hearsay rule, but rather merely support Detective Irving's testimony that he made those statements. For these reasons, we do believe that should Detective Irving testify at trial, item number 3 of the Government's Consolidated Motions in Limine would be moot.

We would also note for the record that in response to the Court's question at the Motions Hearing regarding the nature of the "concurring" opinion in *United States v. Taylor*, 991 F.2d 797 (6th Cir. 1993), Judge Boggs, in fact, did take exception to the majority's interpretation of Fed. R. Evid. 803(3) stating:

> [Fed. R. Evid. 803(3)] clearly states that a witness can testify to what the declarant said, out-of-court, about his "then existing state of mind . . . but not including a statement of memor or belief to prove the fact remembered or believed. . ." It seems to me quite possible that Taylor could have a witness who would testify that the witness heard Taylor say, contemporaneous with his failure to file tax returns, that he was very happy because he was now convinced that the tax law was such that he did not have to file, or wages were not income, or some other "factoid" in the tax protestor litany. If that were the case, I believe that such a statement would fall squarely within Rule 803(3), which could make it admissible. It would only fall afoul of the exception within the rule if the statement were proffered to prove that Taylor in fact did not have to file, or that wages in fact were not income.

Id. at 4. As we have already stated, this comports to Detective Irving's position in response to Government item number 3 in its Motion in Limine, with the additional contention that such

2

statements do not constitute hearsay evidence because they are not being introduced to prove the matter asserted.

                                                Respectfully submitted,

                                                SCHERTLER & ONORATO, LLP

                                                    /S/
                                              David Schertler (DC Bar #367203)
                                              David Dickieson (DC Bar #321778)
                                              601 Pennsylvania Avenue, NW
                                              North Building, 9th Floor
                                              Washington, DC 20004
                                              Telephone: (202) 628-4199
                                              Facsimile: (202) 628-4177

Dated: October 17, 2007