# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-107(PLF)** |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |
| **Defendant .** | ) | |

## GOVERNMENT'S REPLY TO COURT'S INQUIRY REGARDING THIRD PARTY TESTIMONY ABOUT DEFENDANT'S BELIEFS

The Government moved in limine for an order excluding hearsay testimony of third parties regarding the defendant's state of mind. Whether or not the defendant chooses to testify, any such testimony would be inadmissible hearsay, and the Government objects to its admission.

First, although the defendant may presently intend to testify, he is certainly not bound by any pretrial statements regarding his intent to testify. Thus, it would be well within the defendant's rights to decide not to testify at any point before or during the trial. If third parties were allowed to testify regarding the defendant's state of mind, and the defendant then decided not to waive his Fifth Amendment privilege, the Government would be unable to cross-examine any witness relating to the basis of the defendant's proffered beliefs.

Next, the rules of evidence that relate to hearsay are not tied to whether or not the defendant testifies. A holding to the contrary would seem to require the defendant to waive his Fifth Amendment rights in order to make certain evidence admissible. Such an outcome is not contemplated by the rules of evidence, and is not likely to be looked favorably upon by the Circuit Court.

2808637.1

Lastly, even if the defendant testifies, his statements to third parties, if offered for their truth, are still hearsay.  The defendant indicates that the admissibility of these statements by third parties is somehow tied to the fact that they "corroborate" the defendant's testimony.  There is no hearsay exception for corroboration.  The Government's motion in limine would only truly become moot if the defendant agrees that the only means by which he intends to introduce his state of mind is through his own testimony.

Whether or not the defendant testifies, third parties should not be permitted to introduce the defendant's out of court statements to prove his beliefs regarding his tax obligations.  For the reasons stated above, the Government's Motion in Limine should be granted.

Respectfully submitted,

John Marrella
Deputy Assistant Attorney General
For Criminal Matters


  s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys

2808637.1