# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-107(PLF) |
| | ) | |
| MICHAEL C. IRVING | ) | |
| | ) | |
| Defendant . | ) | |

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S AWARDS AND COMMENDATIONS

The defendant's reply to the Government's motion in limine to exclude evidence of the defendant's awards and commendations fails to address the Rules of Evidence dealing with the admission of character evidence. Since the defendant's awards and commendations do not relate to a pertinent character trait, they are inadmissible under Fed. R. Evid. 404(a)(1). Further, even if the Court found that the defendant's job performance was somehow relevant to the charges contained in the indictment, his awards and commendations are specific instances of his prior conduct and are inadmissible to prove a non-essential character trait under Fed. R. Evid. 405.

The defendant argues that his awards and commendations relate to his honesty and his "proclivity to be law-abiding." The logic underlying that argument is flawed. As recognized by the Circuit Court for the District of Columbia in United States v. Washington, awards and commendations that relate to dedication, aggressiveness and assertiveness do not speak to honesty or general character for being law-abiding. 106 F.3d 983, 992 (D.C. Cir. 1997). An analysis of the defendant's awards and commendations can only lead to a similar conclusion; the awards and commendations say nothing about the defendant's general credibility, nor his

propensity to abide by the laws.

The defendant relies on two cases in his Response for the proposition that his awards and commendations are admissible character evidence. The <u>Washington</u> case, which the defendant cites, upheld Judge Hogan's decision *not* to admit evidence of a defendant's awards and commendations under Federal Rules of Evidence 404 and 405. In the other case cited by the defendant, <u>Michelson v. United States</u>, the Supreme Court did not deal with evidence of prior awards or commendations at all, but analysed a prosecutor's ability to cross-examine a defendant's character witnesses, who were allowed to testify to their "general estimate of his character," with the fact of a defendant's prior arrest. 335 U.S. 469, 476-82 (1948). <u>Michelson</u> does not support the proposition that awards and commendations are admissible to prove a defendant's character.

Notably, the defendant fails to address Judge Kollar-Kotelly's memorandum opinion in <u>United States v. Brown</u>, which specifically addresses the issue of the admissibility of a police officer defendant's awards and commendations. 2007 WL 2409729 (D.D.C. August 24, 2007). As discussed in the Government's motion in limine, Judge Kollar-Kotelly held that while commendations might be relevant character evidence in the <u>Brown</u> case, "the commendations themselves are arguably neither opinion nor reputation testimony and accordingly are more akin to specific instances of conduct which may only be offered '[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim or defense." <u>Id.</u> (citing Fed. R. Evid. 405(b)). Thus, even if the defendant's awards and commendations were given to him based on his honesty or general character for being law-abiding, they would still be inadmissible specific instances of conduct because neither honesty nor general character for

being law-abiding are essential elements of any offense contained in the indictment.  His awards

and commendations are inadmissible to prove non-essential character traits under Fed. R. Evid.

405.

For the reasons stated above, the Government's Motion in Limine should be granted.

Respectfully submitted,

John Marrella
Deputy Assistant Attorney General
For Criminal Matters


  s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys