IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| v. | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| MICHAEL C. IRVING | ) | |
| | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND OBJECTIONS TO GOVERNMENT'S JURY INSTRUCTIONS

Defendant Michael C. Irving, through undersigned counsel, hereby submit his suggested jury instructions and objects to the Government's proposed jury instructions as follows:

**I.    Court's Standard Instructions**

The Defendant requests that the Court use the following standard instructions from

Criminal Jury Instructions for the District of Columbia (4th ed. revised 2007) (hereinafter the

"Red Book"):

Red Book Instr. 2.01 -- Function of the Court

Red Book Instr. 2.02 -- Function of the Jury

Red Book Instr. 2.03 -- Jury's Recollection Controls

Red Book Instr. 2.04 -- Evidence in the Case - Judicial Notice, Stipulations, Depositions

Red Book Instr. 2.05 -- Statements of Counsel

Red Book Instr. 2.06 -- Indictment or Information Not Evidence

Red Book Instr. 2.07 -- Inadmissible and Stricken Evidence

Red Book Instr. 2.08 -- Burden of Proof - Presumption of Innocence

Red Book Instr. 2.09 -- Reasonable Doubt

Red Book Instr. 2.10 -- Direct and Circumstantial Evidence

Red Book Instr. 2.11 -- Credibility of Witnesses

Red Book Instr. 2.13 -- Number of Witnesses

Red Book Instr. 2.14 -- Nature of Charges Not to be Considered

Red Book Instr. 2.27 -- Right of Defendant Not To Testify (if applicable)

Red Book Instr. 2.28 -- Defendant As A Witness (if applicable)

Red Book Instr. 2.41 -- Missing Witness Or Other Evidence (if applicable)

Red Book Instr. 2.42 -- Character And Reputation Of Defendant (if applicable)

Red Book Instr. 2.43 -- Cross-Examination Of Character Witness (if applicable)

Red Book Instr. 2.49 -- Defendant's Statements -- Corroboration

Red Book Instr. 2.52 -- Multiple Counts – One Defendant

Red Book Instr. 2.71 -- Selection of Foreperson

Red Book Instr. 2.73 -- Exhibits During Deliberations

Red Book Instr. 2.74 -- Possible Punishment Not Relevant

Red Book Instr. 2.75 -- Communication Between the Court and Jury During Jury's Deliberations


## II.    **Defendant's Proposed Jury Instructions**

The Defendant submits the following non-standard jury instructions.  Additional non-standard jury instructions are suggested in response to the Government's proposed jury instructions, as indicated in Part III, below:

**Defendant's Proposed Instruction No. 1.**[1]

### THE GOVERNMENT AS A PARTY

---

[1] The pattern instructions upon which these proposed instructions are based have been modified throughout the proposed instructions to apply to multiple defendants.

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, is important to the defendants, who are charged with serious crimes.

The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**Authority:**    1 Leonard B. Sand et al., <u>Modern Federal Jury Instructions - Criminal</u> ¶ 2.01 Instr. 2-5 (Matthew Bender 2007).

**Defendant's Proposed Instruction No. 2.**

## PROOF OF STATE OF MIND

Someone's knowledge ordinarily cannot be proved directly, because there is no way of looking directly into the workings of the human mind. But you may infer the defendant's knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's knowledge.

It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in the evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted knowingly.

**Authority:**    Red Book Instr. 3.02

3

## III.    Defendant's Objections to the Government's Proposed Jury Instructions

The Defendant sets forth the Government's proposed instruction and his objections, if any, as well as any suggested alternative instruction below:

Government's Jury Instruction No. __ - Filing False Claims for Refund

Count One of the Indictment charges that on or about February 20, 2003, in the District of Columbia, and elsewhere, the defendant made and presented to the IRS a false claim for refund in the amount of $32,732, knowing such claim to be false, fictitious or fraudulent.
Count Two of the Indictment charges that on or about September 29, 2003, in the District of Columbia, and elsewhere, the defendant made and presented to the IRS a false claim for refund in the amount of $32,732, knowing such claim to be false, fictitious or fraudulent.

**OBJECTION: No objection.**

Government's Jury Instruction No. __ - 18 U.S.C. § 287 – Purpose of the Statute

Congress enacted section 287 to assure the integrity of claims submitted to the government, in an effort to protect the funds of the government from fraudulent claims, regardless of the particular form of the claim, or the particular function of the government department or agency against which the claim is made. Congress intended to prevent any deception that would impair, obstruct or defeat the lawful, authorized functions of government departments or agencies.

**OBJECTION: The Defendant objects to the relevance of this instruction. The intended purpose of the criminal statute is not relevant to the jury's task. It may cause confusion or prompt the jury to seek to extend the reach of the statute to achieve the over-simplified goal. The statute does not prevent, nor was it intended to prevent "any deception that would impair, obstruct or defeat the lawful authorized functions of government," and such a statement is an incorrect summary of the law.**

Government's Jury Instruction No. __ - Elements of the Offense

In order to prove the crime of making a false claim, the government must establish beyond a reasonable doubt each of the following facts:
First, that on or about February 20, 2003 (for Count One), and September 29, 2003 (for Count Two), the defendant knowingly made or presented a claim.
Second, that the claim which was presented was a claim against the United States or a department or agency of the United States.
Third, that the claim was false, fictitious, or fraudulent.

Fourth, that the defendant knew that the claim was false, fictitious, or fraudulent.

**OBJECTION: The Defendant requests the additional phrase: "The terms used in this instruction are defined in the following instructions and the requirements included in each of those definitions must be fully satisfied before you may make a finding the defendant is guilty of filing a false claim for refund."**

Government's Jury Instruction No. ___ - First Element - Submission of Claim

The first element which the government must establish beyond a reasonable doubt is that the defendant knowingly made or presented a claim to the IRS.

**OBJECTION: None**

Government's Jury Instruction No. ___ - Second Element - Claim against the United States

The second element the government must prove beyond a reasonable doubt is that the claim was made or presented upon or against the United States or an Agency of the United States. You are instructed that the IRS is a department or Agency of the United States within the meaning of this law.

If you find that the claim received by the Agency of the United States was one which the Agency was expected to pay, then this element of the offense is satisfied.

**OBJECTION: None**

Government's Jury Instruction No. ___ - Third Element–Claim was False, Fictitious or Fraudulent

The third element you must find beyond a reasonable doubt is that the claim was false, fictitious, or fraudulent.

A claim is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made.

A claim is fictitious if it is not real or if it does not correspond to what actually happened.

A claim is fraudulent if it was falsely made or caused to be made with the specific intent to deceive.

The question you must focus on is whether the claim in question contained any entry which you find from the evidence was false, fictitious, or fraudulent. You need not find that all of the entries on the claim were false, fictitious, or fraudulent, so long as you find that there was one entry which was false, fictitious, or fraudulent.

**OBJECTION: The instruction fails to include a materiality qualifier and is therefore objectionable.**

Government's Jury Instruction No. ___ - <u>Fourth Element—Knowledge that Claim was False</u>

    The Fourth element the government must prove beyond a reasonable doubt is that the defendant had knowledge that the claim was false or fictitious or fraudulent.

    An act is not done unlawfully or with knowledge of its false or fictitious or fraudulent character if it is done by mistake, carelessness, or other innocent reason.

    It is not necessary, however, that the government prove that the defendant had exact knowledge of the relevant criminal provisions governing his conduct. You need only find that the defendant acted with knowledge that the claim was false or fictitious or fraudulent.

**OBJECTION:  The last paragraph is unrelated to the instruction and therefore is misleading.  This Fourth Element has nothing to do with knowledge of the law, but only with knowledge of a statement that is false.**

**The Defendant requests that the following definition of "knowingly" be added to a revised instruction on this point:**

        **A person acts "knowingly" if he acts intentionally and voluntarily, with conscious and awareness of his act.  An act is not done "knowingly" if is done by ignorance, mistake, accident, misunderstanding, or other similar reason.**

        **A person who makes a claim which that person believes to be truthful does not "knowingly" make a false and fraudulent claim.**

    **Authority:     18 U.S.C.A. § 287; Definition of "knowing" adapted from 2A O'Malley et al., § 40.13**

Government's Jury Instruction No. ___ - <u>False Claim</u>

    Submission of a false tax return to obtain a tax refund to which one is not entitled constitutes a false claim against the United States.

**OBJECTION:  This instruction imposes on the province of the jury to determine if the tax return was false and if it constitutes a false claim against the United States.  It ignores the other elements of the crime which the jury has just heard.**

Government's Jury Instruction No. ___ - <u>"Claim" defined</u>

A "claim" as that word is used in these instructions is a demand for money, property, credit or reimbursement.

**OBJECTION: None**

Government's Jury Instruction No. ___ - <u>"Claim" defined</u>

There is no requirement that the claim presented by the accused actually be honored by the IRS, or that the IRS suffer any monetary loss as a result of accused's conduct.

**OBJECTION: The previous instructions have already instructed the jury with respect to what must be proven. There is no reason to instruct the jury with respect to what does not need to be proven, as such instructions merely confuse the jury's consideration of the elements of the crime.**

Government's Jury Instruction No. ___ - <u>Tax Evasion-Nature of Offense</u>

Counts Three, Four and Five of the Indictment charge that for the calendar years 2003, 2004 and 2005, in the District of Columbia, defendant Michael C. Irving willfully attempted to evade or defeat a substantial federal income tax which was due and owing to the United States for the respective years.

**OBJECTION: None**

Government's Jury Instruction No. ___ - <u>Statute Defining Offense</u>

Statute 7201 of the United States Code provides, in part, that:

Any person who willfully attempts in any manner to evade or defeat any federal tax imposed by this title * * * shall * * * be guilty of an offense against the United States.

**OBJECTION: There is no need to cite the Code section, as such citation is merely confusing to laymen.**

Government's Jury Instruction No. ___ - <u>Elements of Attempt to Evade or Defeat a Tax</u>

To establish the offense of attempting to evade and defeat a federal tax, the government is required to provide beyond a reasonable doubt the following three elements:

First, a substantial federal income tax was due and owing from the defendant;

Second, defendant, in any manner, attempted to evade or defeat the federal income tax, and

Third, the defendant acted willfully.

**OBJECTION: The instruction should be modified to make clear that the government must prove all three elements by evidence demonstrating each element beyond a reasonable doubt.**

Government's Jury Instruction No. __ - Tax Deficiency

One element of attempted tax evasion in Counts Three through Five of the Indictment is a substantial federal tax deficiency, or in other words, a substantial amount of federal income tax due and owing by the defendant. The proof need not show, however, the precise amount or all of the additional tax due as a result of the charged conduct.

Each year must be considered separately. The defendant's tax obligation in any one year must be determined separately from his tax obligation in any other year.

A tax deficiency arises by operation of law on the date a tax return is due if the evidence establishes that the defendant owed a substantial tax.

**OBJECTION: None**

Government's Jury Instruction No. __ - Substantial Defined

The meaning of the term "substantial" as used here depends upon the facts, circumstances, and conditions shown by the evidence. However, any amount of unreported taxable income, greater than relatively small sums, is substantial.

**OBJECTION: None**

Government's Jury Instruction No. __ - Affirmative Act of Evasion

The phrase "attempt to evade or defeat" contemplates that defendant Michael Irving had knowledge and understanding that, during the calendar years 2003 through 2005 he had income that was taxable, which he was required by law to report, but that he nevertheless attempted to evade or defeat the tax thereon.

Many different schemes may be used in an attempt to evade or defeat a tax. The scheme alleged in the indictment is that the defendant, with the intent to evade or defeat taxes, filed a false income tax return for 2002, failed to file income tax returns for the years 2003, 2004, and 2005, failed to pay income taxes, and caused to be filed false Forms W-4 which alleged that he was "exempt" from withholding of income taxes from his paychecks.

To establish the existence of an affirmative act, the government must show more than the mere failure to do something, such as a failure to file an income tax return. However, any affirmative action by the defendant, the likely effect of which would be to mislead or conceal, is sufficient to constitute an affirmative act.

8

Causing a false Form W-4 to be filed constitutes an affirmative act of evasion. A taxpayer is under a continuing obligation to correct intentional misrepresentations on the false Form W-4. A false W-4 constitutes an affirmative act in each year that it is maintained.

**OBJECTION:     This instruction is incomplete, confusing, prejudicial, and misleading. The proposed instruction is not clearly understandable to the average juror.  Jury instructions should be accurate, brief, understandable, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability.**
**The jury instruction also appears to present key elements of the government's case as accepted fact in the following statement:**

"Causing a false Form W-4 to be filed constitutes an affirmative act of evasion. A taxpayer is under a continuing obligation to correct intentional misrepresentations on the false. Form W-4. A false W-4 constitutes an affirmative act in each year that it is maintained."

**This statement contains an ultimate finding for the jury – was the Form W-4 false or a mistaken legal conclusion?  This instruction appears to give the Court's official imprimatur to the Government's claim that the W-4 form was false.   Consequently, the quoted paragraph undermines the entire previous portion of the instruction. The last sentence is simply contrary to the situation in the instant case and must be removed.**

Government's Jury Instruction No. __ - <u>Willfulness</u>

Counts Three through Five and Seven through Nine of the Indictment charge Attempted Tax Evasion, and require that the defendant acted willfully.  An act or failure to act is "willful" if it is a voluntary and intentional violation of a known legal duty.
A defendant's conduct is not willful if he acted through ignorance, mistake or accident or due to a good-faith misunderstanding of the requirements of the law.

**OBJECTION:   The government's suggested instruction does not adequately define willfulness, because it fails to exclude from the definition "a reckless disregard for the requirements of the law."  Consequently, the Defendant proposes the following definition:**

**An act is done "willfully" if it is done with an intention to voluntarily and intentionally disobey or disregard the law.  A defendant's conduct is not willful if the defendant did not comply with the law as a result of negligence, inadvertence, mistake, accident, or reckless disregard for the requirements of the law, or due to a good faith misunderstanding of the requirements of the law.**

**Authority:     Title 47, District of Columbia Code, § 4101(a) which refers only to affirmative willfulness.**

Government's Jury Instruction No. __ - <u>Good Faith</u>

A Defendant does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. A good faith belief is one which is honestly and genuinely held. Therefore, if the defendant actually believed that what he was doing was in accord with the tax statutes, he cannot be said to have the criminal intent to evade his income taxes. A belief need not be objectively reasonable to be held in good faith. Nevertheless, you may consider whether the defendant's stated belief about the tax statutes was reasonable as a factor in deciding whether the belief was honestly or genuinely held.

Neither a disagreement with the requirements of the law, nor a belief that the tax laws are unconstitutional–no matter how earnestly held– constitutes a defense of good faith misunderstanding or mistake. A disagreement with the Internal Revenue Code, or a belief that the law should be other than what it is, no matter how earnestly believed, is not a defense and does not negate willfulness. It is the duty of all citizens to obey the law whether they agree with it or not.

**OBJECTION:The Defendant submits that the government's good faith instruction is too vague and confusing for the jury to fully understand. The 7th Circuit cases cited in the Government's instruction do not support the insertion of verbiage about reasonableness of the taxpayers belief as a factor in deciding whether the belief was honestly held; instead the most recent 7th Circuit case cited, *United States v. Benson*, 67 F. 3d 641, 649, expressly upholds a more limited instruction on good faith and the reasonableness issue was given as a reason for holding that the failure to give Defendant's proposed instruction was not "plain error:"**

"Finally, the district court did not plainly err in its failure to advise the jury that a good faith belief concerning the requirements of the tax laws may be subjective and need not be objectively reasonable. Although this is generally a correct statement of the law, *see Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), a precise definition of good faith highlighting subjectivity is not necessary to a willfulness instruction. *United States v. Hauert*, 40 F.3d 197 (7th Cir.1994), *cert. denied*, 514 U.S. 1095, 115 S.Ct. 1822, 131 L.Ed.2d 744 (1995). Further, the reasonableness of a belief is a factor which bears upon whether the belief was in fact held in good faith. *United States v. Hilgeford*, 7 F.3d 1340, 1343 (7th Cir.1993). Under these circumstances, it was not plain error for the district court to refuse to further define a good faith belief." [Id.]

**No District of Columbia Circuit cases are provided by the Government.**

**The Defendant proposes that some additional facts – which are undisputed – be inserted into the jury instruction to clarify and balance the instruction.**

**The following instruction is proposed by the Defendant:**

**Defendant's Proposed Instruction:**

## THE GOOD FAITH DEFENSE TO KNOWING AND WILLFUL AND SPECIFIC INTENT CRIMES

The good faith of the defendant is a complete defense to the charges in the indictment because good faith on the part of the defendant is, simply, inconsistent with a finding of specific intent to evade paying taxes or file false and fraudulent claims for refunds.

Count Ones and Two require you to find that the defendant knowingly filed a false and fraudulent claim against the IRS. Counts Three through Five require you to find that the defendant willfully intended to evade or defeat a tax he owed the United States. Count Six requires you to find that the defendant engaged in a scheme or systematic course of conduct with the intent to defraud the District of Columbia of a taxed he owed it. Counts Seven through Nine require you to find that the defendant willfully intended to evade or defeat a tax he owed the District of Columbia. Good faith on the part of the defendant, as I will explain it to you, is a complete defense to all of these charges.

The law is intended to subject to criminal punishment only those people who specifically intend to evade paying taxes or to file false and fraudulent claims for refunds. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with known legal duties.

A person who acts on a belief or an honestly held opinion that the actions he took were allowable by law is not guilty of the offenses charged in the indictment. It does not matter whether the defendant's belief or opinion turns out to be inaccurate, incorrect, or wrong, nor does it matter if the beliefs make sense, or sound reasonable, to you the jury or to me as the Judge. The only thing that matters is whether or not the defendant actually believed he was correct in his actions. An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness, and specific intent required by the charged offenses.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant did not act with a good faith belief.

It is for you, the jury, to decide whether the government has proven that the defendant acted willfully by proving beyond a reasonable doubt that he did not actually believe his actions were legal, and by proving all the other elements that I have explained to you in these instructions. In determining whether or not

the government has proven the defendant acted with the specific intent to evade paying taxes or to file false and fraudulent claims for refunds, you must consider all of the evidence in the case bearing on that defendant's state of mind.

If you find the Government has failed to meet its burden, you must find the defendant not guilty. If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted in good faith, or even if you conclude that the defendant could have only believed his actions were proper by abysmal ignorance and the rankest kind of stupidity, yet you find that he believed he was correct, you must acquit the defendant.

**Authority:**    Adapted from 2A O'Malley et al., § 40.16 (modified to include specific charges against Defendant.)

Government's Jury Instruction No. __ - <u>Willful Blindness</u>

In deciding whether the defendant knew what the law required of him, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of that fact. That is say, the defendant willfully made himself blind to that fact.

It is entirely up to you as to determine whether he deliberately closed her [sic] eyes to the fact and, if so, what inference, if any should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

**OBJECTION:**        **This proposed instruction is incomplete, confusing, prejudicial, legally inaccurate and misleading. The proposed instruction is not understandable to the average juror. Jury instructions should be accurate, brief, understandable, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability.**

**More importantly, the Government misstates the law on "willful blindness" in the context of a tax protester case. The Department of Justice provides a more detailed discussion on the willful blindness issue and reaches the conclusion that the instruction should rarely be given and only in extraordinary circumstances where the facts merit such an instruction:**

12.09[5]  **Ostrich Instruction**

It is a defense to a finding of willfulness that the defendant was ignorant of the law or of facts which made the conduct illegal, since willfulness requires a voluntary and intentional violation of a known legal duty. However, if the defendant deliberately avoided acquiring knowledge of a fact or the law, then

the jury may infer that he actually knew it and that he was merely trying to avoid giving the appearance (and incurring the consequences) of knowledge. *See United States v. Dykstra*, 991 F.2d 450, 452 (8th Cir. 1993); *United States v. Ramsey*, 785 F.2d 184, 189 (7th Cir. 1986). [FN6] In such a case, the use of an "ostrich instruction" -- also known as a deliberate ignorance, conscious avoidance, willful blindness, or a *Jewell* instruction may be appropriate. *See United States v. Bussey*, 942 F.2d 1241, 1246 (8th Cir. 1991); *United States v. DeFazio*, 899 F.2d 626, 635 (7th Cir. 1990); *United States v. Jewell*, 532 F.2d 697 (9th Cir.1976). *See generally*, Robin Charlow, *Wilful Ignorance and Criminal Culpability*, 70 Tex. L. Rev. 1351 (1992).

A number of courts have approved the use of such instructions under proper circumstances. *See, e.g., United States v. Bornfield,* 145 F.3d 1123, 1128-30 (10th Cir. 1998) (finding no plain error in trial court's use of deliberate ignorance instruction in money laundering case); *United States v. Neville,* 82 F.3d 750, 760 (7th Cir. 1996)(drug conspiracy); *United States v. Hauert,* 40 F.3d 197, 203 (7th Cir. 1994)(finding, in false returns and evasion case, no error in court's instruction that "no person can intentionally avoid knowledge by closing his or her eyes to information or facts which would otherwise have been obvious"); *United States v. Bussey,* 942 F.2d 1241, 1246 (8th Cir. 1991) (evasion); *United States v. Fingado,* 934 F.2d 1163, 1166-67 (10th Cir. 1991)(failure to file); *United States v. Picciandra,* 788 F.2d 39, 46 (1st Cir.1986) (evasion); *United States v. MacKenzie,* 777 F.2d 811, 818-19 (2d Cir.1985) (conspiracy and false returns); *United States v. Callahan,* 588 F.2d 1078, 1081 (5th Cir. 1979) (evasion). However, it has also been said that the use of such instructions is "rarely appropriate." *United States v. deFrancisco-Lopez,* 939 F.2d 1405, 1409 (10th Cir. 1991) (reversing drug possession conviction where deliberate ignorance instruction given). *But see United States v. Rodriguez,* 983 F.2d 455, 457 (2d Cir. 1993) (noting that in the Second Circuit, unlike the Ninth, a "conscious avoidance" charge is "commonly used.").

Thus, it is advisable not to request such an instruction unless it is clearly warranted by the evidence in a particular case. Furthermore, the language of any deliberate ignorance instruction in a criminal tax case must comport with the government's obligation to prove the voluntary, intentional violation of a known legal duty. The deliberate ignorance instruction set forth in *United States v. Fingado,* 934 F.2d at 1166, appears to be suitable for a criminal tax case. Out of an abundance of caution, however, a prosecutor may wish to utilize the instruction set out in *United States v. MacKenzie,* 777 F.2d at 818 n.2. Further, to avoid potential confusion with the meaning of "willfulness" as it relates to the defendant's intent, it may be wise to avoid use of the phrase "willful blindness," using instead such phrases as "deliberate ignorance" or "conscious avoidance." Any time a deliberate ignorance or conscious avoidance instruction is given, the prosecutor should also insure that the jury is expressly directed not to convict for negligence or mistake.

**The Defendant submits that there is no evidence that the Government will present which indicates that the Defendant deliberately sought to avoid learning facts that might undermine his position. Thus, a willful blindness instruction is not warranted.**

Government's Jury Instruction No. __ - Income Tax Imposed; Requirement to File Income Tax Returns and Pay Taxes Due

The Internal Revenue Code requires all individuals to file a tax return and pay taxes due if their gross income exceeds a specific amount of income for each tax year. Gross income means the total amount of income earned by a taxpayer before any deductions are subtracted from it. Gross income is defined by the Internal Revenue Code as "all income from whatever sources derived." Gross income includes compensation for services, such as wages or salaries and profits earned from any business, regardless of its nature, and from interest, dividends and rents.

**OBJECTION: This proposed instruction is confusing and irrelevant. The Defendant does not intend to contest the fact that he was required to file an income tax return. Introducing the concepts of "gross income," "interest," "profits," under the Internal Revenue Code is unnecessary and confusing. In addition, the instruction refers to a "specific amout of income" without defining that amount, thereby creating greater confusion.**

Government's Jury Instruction No. __ - Requirement to File Income Tax Returns

The Internal Revenue Code requires individuals to pay any income tax imposed on them, without any requirement of notice or demand for payment from the IRS. For an individual who operates on a calendar year, his income tax is due by April 15th of the following year.

**OBJECTION: This instruction is also unnecessary and irrelevant. It introduces the notion of an individual being "required" which is likely to lead a jury member to believe that if the taxpayer fails to meet the requirement, he is criminally liable, and that would be an inaccurate statement of the law.**

Government's Jury Instruction No. __ - Attempt to Evade

A person may not be convicted of federal tax evasion on the basis of willful omission alone; he must also have undertaken an affirmative act of evasion. The affirmative act requirement can be met by the filing of a false or fraudulent tax return that substantially understates taxable income, by causing to be filed a false or fraudulent Form W-4, or by other affirmative acts of evasion. An affirmative act of evasion is any act the likely effect of which is to mislead or conceal. In determining whether or not the defendant committed an affirmative act of evasion, the question is not whether the government relied on the defendant's conduct but

whether or not the conduct is evidence of a willful attempt to evade and defeat the assessment of the defendant's tax.

Counts Three through Five and Seven through Nine of the Indictment charge as an affirmative act of evasion that the defendant filed false and fraudulent IRS Forms W-4 and Form D-4 claiming exemption from federal and District of Columbia income tax withholding.

**OBJECTION**:  **The Government's proposed instruction is incomplete, confusing, prejudicial, legally inaccurate and misleading. This instruction oversimplifies the law on "attempting to evade" taxes. This instruction appears to imply that all that is needed to convict is an "affirmative act of evasion." The other requisite elements of a tax evasion case are omitted in a way which is likely to lead to confusion. The instruction appears to give the court's imprimatur to the government's case by referring to the facts of the case in this misleading instruction. The second sentence incorporates the Government argument and should not appear in the Court's instruction, as it oversimplifies the jury's required finding of fact and ignores other elements of the offense.**

Government's Jury Instruction No. __ - <u>Citizens Subject to Taxation</u>

All citizens of the United States are subject to federal income tax laws.

**OBJECTION**:

**Incomplete, irrelevant, vague, confusing, prejudicial, legally inaccurate and misleading. This instruction is as useful as saying that all citizens of the United States are subject to the Sherman Antitrust Act. The Defendant does not dispute that he is subject to the laws of the United States and thus this instruction is unnecessary.**

Government's Jury Instruction No. __ - <u>First Degree Fraud</u>

In Count Six of the Indictment, defendant is charged with First Degree Fraud in violation of the Code of the District of Columbia.

The elements of Fraud in the First Degree, each of which the government must prove beyond a reasonable doubt, are as follows:

(1) That, in 2002, the defendant engaged in a scheme or systematic course of conduct;

(2) The defendant did so with the intent to defraud the District of Columbia or obtain property of the District of Columbia by means of false or fraudulent pretense, representation or promise;

(3) As a result of that scheme or systematic course of conduct, the defendant obtained property of the District of Columbia, consisting of District of Columbia income taxes; and

(4) That the property lost or obtained had a value of $250 or more.

**OBJECTION: The Defendant continues to object to the instruction on substantive grounds as this instruction is not warranted by the facts in the case and is a poor substitute for a straight forward charge of tax evasion. The Defendant did not obtain property of the District of Columbia. There was no property lost or obtained. Moreover, the instruction is confusing and vague.**

Government's Jury Instruction No. ___ - <u>Scheme Defined</u>

A scheme is any pattern or behavior calculated to deceive persons of ordinary prudence and comprehension. A systematic course of conduct is a pattern of activity. It need not exist over an extended period of time, but there must be more than an isolated act.

**OBJECTION: Defendant incorporates the same objection as made for the previous instruction. This instruction illustrates the vagueness of the fraud charge.**

Government's Jury Instruction No. ___ - <u>Intent to Defraud</u>

To act with intent to defraud means to act knowingly and with the purpose to deceive or cheat. An intent to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. The government need not prove that the defendant intended to defraud any particular person, so long as it proves that he intended to defraud any person.

**OBJECTION: The second sentence is objectionable as the jury does not need instruction on what might accompany the intent to defraud. The third sentence is irrelevant to the facts of this case.**
    **The instruction should add to the definition the clarifying point that one does not have the requisite intent to defraud if that person is acting with a good faith belief that his actions are legal. The government must prove beyond a reasonable doubt that the Defendant did not act through ignorance, mistake or accident or due to a good faith misunderstanding of the requirements of the law.**

Government's Jury Instruction No. ___ - <u>False or Fraudulent Pretense – Defined</u>

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important aspect of the matter in question. The term includes an actual false statement, a direct false statement, a half-truth, and a knowing concealment of a fact that is material or important to the matter in question. The defendant must have known that the statement or assertion was untrue when he made it, or made it with *reckless indifference* as to whether it was, in fact, true or false. (emphasis added)

**OBJECTION:  This instruction inserts the "reckless indifference" standard into the case, despite the fact that the United States Supreme Court determined under *U.S. v. Cheek*, that even an unreasonable subjective belief that no taxes were owed is a sufficient defense.  The good faith instruction is contradicted by this instruction.  Removal of the phrase "reckless difference" is required.**

Government's Jury Instruction No. __ - Material Fact – Defined

A material fact is a fact that would be important to a reasonable person in making a decision about a particular matter or transaction.

**OBJECTION**: **None**

Government's Jury Instruction No. __ - Property of Another—Defined

Property of another means anything of value in which a government or a person other than the defendant has an interest.

**OBJECTION:  This instruction is unnecessary and self-evident.**

Government's Jury Instruction No. __ - Tax Evasion-Nature of Offense

Counts Seven, Eight and Nine of the Indictment charge that for the calendar years 2003, 2004 and 2005, in the District of Columbia, defendant Michael C. Irving willfully attempted to evade or defeat a substantial income tax that was due and owing to the District of Columbia for the respective years.

**OBJECTION:  None**

Government's Jury Instruction No. __ - Elements of Attempt to Evade or Defeat a Tax due the District of Columbia

To establish the offense of attempting to evade and defeat a DC tax, as set forth in counts Seven through Nine, the government is required to provide beyond a reasonable doubt the following three elements:
**First**, defendant, in any manner, attempted to evade or defeat the income tax, and
**Second**, the defendant acted willfully, and
**Third**, the amount of the DC tax evaded or attempted to be evaded was greater than $10,000.

**OBJECTION: The phrase "in any manner," although it is in the statute, is confusing and adds nothing of value to the instruction. The footnoted reference to 47 District of Columbia Code Section 4104(b) is actually a reference to the misdemeanor tax evasion provision.**

Government's Jury Instruction No. __ - <u>Tax Evasion – Amount of Tax Loss attempted to be Evaded</u>

The amount of any DC taxes that were evaded or attempted to be evaded pursuant to a single scheme or systematic course of conduct in violation of DC tax evasion may be aggregated to determine the grade of the offense.

**OBJECTION:  The footnoted reference to 47 District of Columbia Code Section 4104(b) is actually a reference to the misdemeanor tax evasion provision.  Such reference makes this instruction irrelevant.**

Government's Jury Instruction No. __ - <u>Civil Remedies Immaterial</u>

There is a distinction between civil liability for the payment of taxes, and criminal liability.  This is a criminal case. The defendant is charged with the commission of a crime, and the fact that there may be civil tax consequences for his conduct may not be considered by you, the jury, in determining the issues or resolution in this case.

**OBJECTION:**

**This instruction is incomplete, vague, confusing, prejudicial, and legally inaccurate. This instruction oversimplifies the law and the facts of this case.**
**How the Defendant reacted to the threats of civil penalties is also a crucial issue in the case.  The Government cannot cleanse the case of the civil penalties, because any such cleansing would present a grossly distorted view of the facts and circumstances surrounding the Defendant's alleged actions.**
**The Defendant suggests the following instruction to distinguish between the government's criminal remedies sought in this case and the remedies that it will still be able to pursue in subsequent civil proceedings:**

**Defendant's Proposed Instruction**

## CIVIL VERSUS CRIMINAL LIABILITY

There is a distinction between the civil liability of the defendant and the defendant's criminal liability.  This is a criminal case.

The defendant is charged under the law with the commission of a crime. Your verdict in this case has no effect on the government's ability to collect any back taxes and penalties in a civil case.

Government's Jury Instruction No. __ - <u>Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely be the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of defendant beyond reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have reasonable doubt based upon the evidence as to defendant's guilt, you should not hesitate to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

**OBJECTION:This instruction does not apply to the facts of this case. "Fear" is not an element that will enter into the jury's decisionmaking process. The use of the term "sift through the evidence" has different meanings to different people and may be understood to mean a much more cursory review than the Court intends. More importantly, the jury is entitled to bring its own views and common sense into the jury room and part of that element of common sense is an understanding of human nature which may include appreciation for the public service of the government officials, as well as empathy for a defendant. To deny such human understanding is to negate the role of the jury.**

Government's Jury Instruction No. __ - <u>Statutory Purpose</u>

The system of tax collection in the United States relies upon the honesty of taxpayers. The government needs taxpayers to report timely, completely, and honestly all taxes they owe so that it can collect taxes due. Congress, therefore, has made it a criminal offense for a taxpayer to evade taxes, to file a false return or to file no return, under certain circumstances.

**OBJECTION:     Incomplete, vague, confusing, irrelevant, prejudicial and assumes facts that will not be proven. This instruction seeks to imply that the entire tax collection system is threatened by the Defendant's alleged actions.     Such an implication is exaggerated and unfair under the circumstances of this case. If the Government wishes to explain the intent of Congress, it can do so in its argument to the jury, provided that it would also explain how Congress passed other legislation to work in tandem with the criminal statute to deal with the honesty of taxpayers. Civil penalties such as the negligence or fraud penalties and the frivolous return penalties should be addressed in such**

**an argument where the Government seeks to explain what Congress intended to do to enforce the tax system.**

Government's Jury Instruction No. __ - <u>Tax Laws are constitutional (If Appropriate)</u>

Since the Sixteenth Amendment to the United States Constitution was ratified in 1913, the U.S. Supreme Court and the lower federal courts have consistently upheld the constitutionality of the income tax laws.

**OBJECTION: Irrelevant. Even the heading for the Government's proposed instruction notes that the instruction may not be appropriate. The Defendant does not intend to contest the constitutionality of the Sixteenth Amendment during trial, so this instruction is irrelevant.**

Government's Jury Instruction No. __ - <u>Frivolous Penalty</u>

You have heard testimony during this trial that the defendant was assessed a $500 frivolous return penalty by the IRS for filing a zero return. You are instructed that federal law authorizes the IRS to assess a frivolous penalty against any individual who files what purports to be an income tax return which does not contain, on its face, necessary information from which one can determine the correctness of the self-assessment, or the return contains information that, on its face, indicates that the self-assessment is obviously and substantially incorrect. It can also be assessed where it is obvious from the information reported on the face of the return that the taxpayer has a desire to delay or impede the administration of federal income tax laws.

**OBJECTION: This instruction has the Court confirming evidence of the Government that has not yet been proven. Using a technical term, such as "assessed" is likely to confuse the jury who may believe that the term means imposed and collected. The Defendant agrees that an instruction explaining the frivolous penalties should be given to the jury, but we do not believe that this instruction meets the actual reasons for providing a frivolous return penalty instruction. The frivolous return instruction should note that Congress passed specific legislation to deal with people who file W-4 statements just like the Defendant. The instruction should note that the frivolous return penalty is just one of many tools that the IRS uses to enforce the tax laws of the U.S., along with liens, levies, and other enforcement actions. There is no basis in the facts of this case for the last sentence in the instruction above.**

Government's Jury Instruction No. __ - <u>Form W-4 Withholding Allowance Exemption Certificate</u>

Counts Three through Five and Seven through Nine of the Indictment with respect to the defendant's tax liability charges as an affirmative act of evasion, that the defendant filed, or caused to be filed, a false and fraudulent IRS Form W-4, or a DC Form D-4, claiming exemption from federal income taxes and DC income taxes. In this regard, I instruct you that all employees are required by law to furnish their employer with a signed Withholding Allowance Exemption Certificate, otherwise known as an IRS Form W-4 and DC Form D-4, indicating the number of withholding exemptions that the employee claims. The number of exemptions claimed on the W-4 and D-4 forms advise the employer how much of the employee's wages should be withheld from the employee's pay and sent by the employer to the IRS or DC Office of Tax and Revenue as a down payment on the employee's income taxes. The employee may not claim more exemptions than he is actually entitled to claim. Once an exemption certificate is furnished to an employer, that certificate remains in effect until the employee furnishes the employer with a new exemption certificate. Under some circumstances, an employee is entitled to claim total exemption or that he is exempt from withholding of federal and/or D.C. income taxes. To properly claim exempt status, however, the individual must have owed no federal or D.C. income tax in the year before filing the Form W-4 or Form D-4 in question, and he must anticipate not owing any federal or D.C. income tax in the year to which the Form W-4 or D-4 applies.

**OBJECTION: Incomplete, misleading and prejudicial. This instruction provides incorrect statements of fact and law. The instruction mischaracterizes the payroll procedures and the withholding process. Allowing a reference to such unproven facts creates a situation which may ultimately undermine the jury system. The government goes so far as to cite to a plea agreement in *United States v. Harris* (for which the government provides no valid citation) where the issues mentioned in the instruction were not contested.**

Government's Jury Instruction No. __ - <u>Forms W-4 and D-4 remain in effect until Corrected</u>

<u>with a New One</u>

The filing, or causing to be filed, of one false Form W-4 or Form D-4 satisfies the affirmative act requirement of tax evasion for each year that it remains in effect. The defendant is under a continuing obligation to correct any intentional misrepresentations on the Forms.

**OBJECTION: This instruction is incomplete and incorrect on the facts of this case. The footnote which purports to set forth immutable rules for the MPD Payroll Office is unsupported by any documents provided by the Government. Nor is it supported by any legal authority cited. In fact, the Payroll Office is authorized to reject W-4 and D-4 statements. The Payroll office is not a mere passive conduit of documents. The Payroll Office must reject any forms which fail to satisfy legal requirements and notify the relevant authorities if it perceives that exempt status or excessive allowances are taken on the W-4 or D-4 Forms.**

Government's Jury Instruction No. __ - <u>Income Tax system is voluntary; explained (if applicable)</u>

The word voluntary is not the equivalent of optional.  To the extent that income taxes are said to be voluntary, they are voluntary in that one files the returns and pays the taxes without the IRS first telling each individual the amount due and forcing payment of that amount.  The payment of income taxes is not optional.

**OBJECTION:  This instruction is irrelevant, as it has no bearing on the issues to be decided by the jury.  The issue is not whether the federal tax system is "voluntary," but whether the Defendant willfully violated the Tax Code. Although some "tax protesters" assert the argument that they do not need to pay taxes because the tax system is "voluntary," the Defendant has not and will not make that assertion in this case.  The heading for this instruction indicates that the instruction may not be applicable and in fact it is not.**

WHEREFORE, the undersigned counsel respectfully objects to the Government's proposed jury instructions and requests that its proposed instructions be provided to the jury.

Date:  October 21, 2007                    Respectfully submitted,

                                           SCHERTLER & ONORATO, LLP


                                           /s/ DAVID H. DICKIESON
                                           David Schertler (DC Bar #367203)
                                           David Dickieson (DC Bar #321778)
                                           601 Pennsylvania Avenue, NW
                                           North Building, 9th Floor
                                           Washington, DC 20004
                                           Telephone: (202) 628-4199
                                           Facsimile: (202) 628-4177