UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM PRESENTING A PERSONAL EXPENDITURES CHART**

The defendant has requested an order precluding the Government from introducing a personal expenditures chart.  While the defendant fails to cite even a single case, statute or rule of evidence in support of his argument, it seems that his argument is that such a chart would be irrelevant.  The defendant's proffered defense is that he believed in good faith that his various tax schemes were legal.  The Government intends to offer proof that he was instead motivated by a desire to fund large amounts of personal expenditures during the years in question.

"Motive is a state of mind that is shown by proving the emotion that brings it into being '. . . as a circumstance showing the probability of appropriate ensuing action (and) it is always relevant . . . It has occasionally been said that the superfluousness of the evidence (of motive) and the possible unnecessary prejudice it might create against the defendant, require its exclusion; but this seems an unwise rule.'" United States v. Day, 591 F.2d 861, 874 (D.C. Cir. 1978)(citing 1 Wigmore on Evidence § 118 at 558, 561 (3d ed. 1940)); see also 2 Wigmore on Evidence § 389 at 329 (3d ed. 1940)("With regard to the grounds from which a motive may be inferred, we may remark that the law has never limited them and never can limit them in number or kind.").  In the

present case, the Government can establish, based upon the defendant's bank and credit card records, that while owing large amounts of money to the IRS, he spent large amounts of money elsewhere. This is relevant because it shows motive to engage in tax evasion and fraud, and proof of motive is always relevant. By showing these large amounts of personal expenditures, the Government can support an argument that the defendant's various tax schemes were motivated by greed, and not by a good-faith belief in the legality of his actions.

The defense argues that the introduction of this evidence will create "a trial within a trial," and that the Government has "distort[ed] these personal financial matters to prosecute this case." While both of these assertions are flatly wrong, even if founded, they would go to the character and extent of the analysis. As such, they are issues of weight and not admissibility. See, e.g., Alexander v. United States, 318 F.2d 274, 275 (D.C. Cir. 1963)(holding that fact that expert witness had never examined defendant went to weight, not admissibility of testimony). The IRS revenue agent who testifies in support of the proffered schedule will be subject to cross-examination on the correctness of the chart, the defendant will be free to rebut the chart with evidence during his case and the jurors will be free to give the chart whatever weight they feel is appropriate. Since the defendant's personal expenditures are relevant to the defendant's motive to engage in tax fraud, an analysis of such expenditures should be admitted.

For the reasons stated above, the Government's Motion in Limine should be granted.

        Respectfully submitted,

        John Marrella
        Deputy Assistant Attorney General
        For Criminal Matters


        __s/Michael P. Ben'Ary__
        Michael P. Ben'Ary
        Karen E. Kelly
        Trial Attorneys