UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-107 (PLF) |
| | ) | |
| MICHAEL C. IRVING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

        The Court has before it the Government's Motions in Limine to Exclude Evidence of Defendant's Awards and Commendations [43].  The government argues that evidence of Detective Irving's professional awards should be excluded because (1) the awards do not reflect "pertinent" character traits and therefore are inadmissible under Rule 404(a)(1) of the Federal Rules of Evidence, and (2) even assuming that the awards reflect pertinent traits, they are inadmissible under Rule 405(b) of the Federal Rules of Evidence because they amount to specific instances of conduct offered to show non-essential elements of a charge, claim, or defense.

        The Court agrees.  The awards and commendations are inadmissible under Rule 404(a)(1) because the work-related traits they reflect are not pertinent to the crimes with which Detective Irving is charged; those allegations are plainly unrelated to Detective Irving's *professional* competence and integrity.  See United States v. Washington, 106 F.3d 983, 999-1000 (D.C. Cir. 1997); see also United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1989).  Moreover, as evidence of specific instances of conduct, the awards may be offered only to show traits that are "essential element[s] of a charge, claim, or defense" in this case.  FED. R. EVID.

405(b).  See United States v. Brown, 503 F. Supp. 2d 239, 243-44 (D.D.C. 2007).  The Court concludes that the awards do not reflect such "essential" traits.  Accordingly, it is hereby

ORDERED that the Government's Motions in Limine to Exclude Evidence of Defendant's Awards and Commendations [43] is GRANTED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 18, 2008