UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL C. IRVING )<br>)<br>Defendant . ) | Criminal No. 07-107(PLF) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM PRESENTING A PERSONAL EXPENDITURES CHART**

The personal expenditures chart that the government intends to offer in its case-in-chief is simply a summary of bank records recording money spent by the defendant during the prosecution period. The summary chart is an accurate compilation of information contained in bank records that the government intends to offer into evidence during its case-in-chief. Summary exhibits are permissible if they are relevant. The defendant's expenditures are relevant because they demonstrate the defendant's motive; his desire to make large amounts of personal expenditures instead of spend the money on the payment of taxes. This motive evidence undercuts defendant's alleged good-faith belief that he was not required to pay income taxes or file tax returns during the prosecution period.

There is no danger that this summary chart will be used by the jury for an impermissible purpose, and it is admissible to show intent or motive. Further, while the defendant disagrees with the government's views on the significance of the defendant's expenditures, this has no bearing on the exhibit's admissibility. If the exhibit is accurate and relevant, and its probative value outweighs the chance for unfair prejudice, it should be admitted.

**I.      Summary exhibits are admissible.**

A witness may summarize other evidence that has previously been admitted. See United States v. Lemire, 720 F.2d 1327, 1347 (D.C. Cir. 1983). As the D.C. Circuit Court recognized in Lemire, there is "ample authority for the admission of [summary testimony] into evidence.... There is an established tradition that permits a summary of evidence to be put before the jury with proper limiting instructions." Id. (citations omitted). The D.C. Circuit Court held that summary evidence is admissible under FRE 1006, but that such evidence would be admissible even independent of FRE 1006. Id. There can be no question that the use of summary exhibits is proper and that such evidence is admissible. The defendant will have ample opportunity to cross-examine the summarizing witness regarding the accuracy of the exhibit.

**II.     Proof of the defendant's expenditures is admissible whether or not FRE 404(b) applies.**

FRE 404(b) prohibits the use of evidence of "other crimes, wrongs or acts" to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Under FRE 404(b), such evidence is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. The Federal Rules of Evidence codified the holding of the Court of Appeals for the D.C. Circuit in United States v. Day, 591 F.2d 861 (D.C. Cir. 1978) by allowing admission of proof of motive even where there is a risk that a jury will use such evidence for an impermissible purpose. There is no such risk present here.

The defendant was certainly entitled to spend the money that he earned during the

prosecution years. There is no risk that a summary of such expenditures will cause the jury to find that the defendant had a "bad character and acted in conformity therewith." Quite simply, the summary chart demonstrates that the defendant was motivated by the desire to spend large amounts of his money on personal expenditures rather than pay his outstanding federal and DC taxes. Rather than having an alleged "good-faith belief that he was exempt from personal income taxes," the government can show that based on his expenditures, the defendant was motivated by old-fashioned greed. Naturally, the defendant is free to argue his perspective on the expenditure chart as set forth in his Reply. Regardless of the argument, FRE 404(b) does not prohibit the admission of the summary chart because it will not be used to prove the defendant had bad character and acted in conformity therewith in committing the charged offenses. See United States v. Bowie, 232 F.3d 923, 927 (D.C. Cir. 2000)("[Rule 404(b)] bars bad acts evidence only when the evidence is offered solely to "prove the character of a person in order to show action in conformity therewith.")(citing Fed. R. Evid. 404(b)).

**III.     The defendant's arguments regarding the significance of the defendant's personal expenditures do not bear on the exhibit's admissibility.**

Defendant, in his motion, claims to be unable to make any logical connection between the desire for personal financial gain and the intent to commit tax fraud. This is of no moment when deciding whether the expenditures summary chart is admissible evidence. That adversaries in litigation view a single exhibit and make opposing arguments as to its significance is not surprising, nor does it have any effect on an exhibit's admissibility. A jury may well be swayed be the government's argument that the defendant engaged in a scheme to defraud the government in order to fund large amounts of personal expenditures. Similarly, the defendant is free to

attempt to convince a jury that the fact that he spent nearly half a million dollars on personal expenses during the prosecution period is wholly unrelated to defendant's decision to defraud the District of Columbia and United States.  Ultimately, the jurors are free to give the exhibit the weight that they think it deserves.  The exhibit is relevant, and therefore it is admissible, notwithstanding opposing arguments as to its significance.  See Fed. R. Evid. 402.

IV.     **The probative value of the expenditures chart outweighs the danger of unfair prejudice.**

The personal expenditures of the defendant are clearly relevant to show his intent and motive, accordingly, the Court should admit the summary expenditures chart "unless its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.  Here, the bank records upon which the summary chart rests are in the possession of the defendant, and will be offered into evidence during the government's case-in-chief.  The government has the burden of establishing income to the defendant and a tax due.  Moreover, evidence that the defendant received and disposed of these funds for personal expenditures demonstrates the falsity of the several "trust tax returns" the defendant filed during the prosecution years that falsely claim that he assigned all of his wages to a trust.  Finally, the summary chart is simply proof that defendant spent his own money.  This fact is not in dispute, not prejudicial and certainly not unfairly prejudicial to the defendant.

V.      **Conclusion**

The personal expenditures summary chart accurately summarizes the bank records of the defendant during the prosecution years. The nature and amount of the defendant's expenditures are relevant to show motive, and the admission of the summary chart presents no risk for unfair prejudice. It should be admitted into evidence, therefore, under Federal Rules of Evidence 402, 403 and 404(b).

Respectfully submitted,

John Marrella
Deputy Assistant Attorney General
For Criminal Matters


  s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys