UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   Criminal No. 07-107 (PLF)
                                    )
MICHAEL C. IRVING,                  )
                                    )
        Defendant.                  )
_____)

MEMORANDUM OPINION AND ORDER

The Court has before it Defendant Irving's Motion *in Limine* to Preclude the Government from Presenting a Personal Expenditures Chart at trial ("Defendant's Motion").

Mr. Irving argues that the government should be precluded from introducing evidence of his spending habits during the time he is accused of having evaded taxes by way of a summary chart because (1) Mr. Irving's spending habits are irrelevant to the crimes charged; (2) the chart is unfairly prejudicial; and (3) offering such evidence will inevitably lead to a trial-within-a-trial. See, e.g., Defendant's Motion at 2-3; Reply in Support of Defendant Irving's Motion *in Limine* to Preclude the Government from Presenting a Personal Expenditures Chart at 3 ("Defendant's Reply"). The government responds that evidence of Mr. Irving's spending habits is relevant because it shows his motive for committing the alleged crimes. According to the government, it can show,

> based upon the defendant's bank and credit card records, that while owing large amounts of money to the IRS, [Mr. Irving] spent large amounts of money elsewhere. This is relevant because it shows motive to engage in tax evasion and fraud, and proof of motive is always relevant. By showing these large amounts of personal expenditures, the Government can support an argument that the

>    defendant's various tax schemes were motivated by greed, and not
>    by a good-faith belief in the legality of his actions.

Government's Response to Defendant's Motion *in Limine* to Preclude the Government from Presenting a Personal Expenditures Chart at 2.

Defendant is correct, of course, that "[t]he mere expenditure of funds does not prove that one is greedy" and hence more likely to evade taxes in order to be able to make extravagant purchases. Defendant's Reply at 6. But that is not the test of relevance. Relevant evidence need only have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Mr. Irving's spending habits may well be indicative of his intent or motive to make large amounts of personal expenditures rather than spend his available cash on the payment of taxes during the period in question – especially in light of other evidence the government intends to offer. Cf. Government's Response to Defendant's Reply in Support of His Motion *in Limine* to Preclude the Government from Presenting a Personal Expenditures Chart at 3-4. The defense is free to counter this evidence and ask the jury to reject the inferences the government asks it to make from the chart and other evidence presented, and to present evidence of its own to counter that of the government. Ultimately, the Court agrees with the government that Mr. Irving's criticisms of the chart go to the evidentiary weight that the chart should be assigned by the jury in its consideration of all of the evidence in the case, not to the chart's admissibility. See id. at 1, 3-4.[1]

---

[1] To be clear, the Court also agrees that evidence of Mr. Irving's spending habits may *not* be admitted for the purpose of "prov[ing] the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). See United States v. Bowie, 232 F.3d 923, 927 (D.C. Cir. 2000).

The Court fails to see how such evidence will unfairly prejudice Mr. Irving, particularly in light of the fact that defense counsel will have the opportunity at trial to attack the accuracy of the chart, cross examine the government's summary witness (and its other witnesses), ask Mr. Irving about his spending habits if he elects to testify, offer witnesses to show that some of the money was spent to assist Mr. Irving's elderly mother (for example), see Defendant's Reply at 6, and – perhaps – introduce competing summary charts. Finally, the Court believes it is highly unlikely that the proffered evidence will lead to a confusing or wasteful trial-within-a-trial.

In short, the Court concludes that, assuming the summary chart accurately summarizes defendant's bank and credit card records, see FED. R. EVID. 1006, it may be relevant to show Mr. Irving's intent and motive, and thus in undercutting his asserted good faith belief that he was not required to file income tax returns or pay income taxes. The Court also concludes that the chart is not otherwise barred by Rules 403, 404 or 1006 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that Defendant Irving's Motion *in Limine* to Preclude the Government from Presenting a Personal Expenditures Chart [60] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 20, 2008