UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : Criminal No. 07-107 (PLF) |
| | : |
| **MICHAEL C. IRVING,** | : |
| | : |
| | : |
| **Defendant** | : |

**GOVERNMENT'S NOTICE OF INTENTION TO
INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

The United States of America, by and through its counsel, hereby moves in limine and submits this formal notice of intent to introduce evidence in its case in chief, pursuant to Federal Rules of Evidence 403 and 404(b). In support of this notice, the government relies upon the following points and authorities, and such others as may be cited during any hearing or trial in this matter. We submit that the evidence set forth below should be admitted at trial.

**INTRODUCTION**

The defendant, Michael C. Irving, is a homicide detective with the Metropolitan Police Department. The Indictment charges that Detective Irving filed two false claims for refund from the United States to which he was not entitled, attempted to evade the income taxes that he owed to the United States and the District of Columbia for 2003 through 2005, and Fraud.

Specifically, Counts One and Two charge the defendant with making a false claim for a tax refund of $32,732 from the United States by filing false tax returns in 2003; Counts Three through five charge defendant with attempted tax evasion of his federal income taxes for 2003 through 2005 and Counts Six through Nine charge violations of the law of the District of

Columbia- Fraud in the First Degree and Attempted Tax Evasion of District of Columbia Income Taxes for tax years 2003 through 2005.

## FACTUAL BACKGROUND

Pursuant to the Court's order, the IRS undertook an extensive search of its records relating to the defendant and several other individuals. During this extensive search, the IRS located two additional fraudulent tax returns that the defendant filed during the years encompassed by the indictment.[1] Namely, the defendant filed Form 1041 trust income tax returns for a trust that did not exist for 2000 and 2001. These returns, which the defendant filed at the same time he filed the 2003 Form 1041 trust income tax return that is the subject of Count Two of the indictment, requested more than $75,000 in refunds from the federal government to which the defendant was not entitled. Copies of these returns were provided to the defendant on May 8, 2007, and again, in October 2007, when the government provided counsel copies of its trial exhibits. These returns, Forms 1041 for 2000 and 2001, were attached to the false Forms D-41, (District of Columbia trust income tax returns) that the defendant filed with the District of Columbia. The government supplemented this disclosure on April 7, 2008 by providing defendant photocopies of the Blue Ribboned copies of the IRS-filed fraudulent returns.

## APPLICABLE LAW

Evidence of criminal wrongdoing or acts that do not relate to specific dates or incidents charged in the indictment can be independently admissible as direct proof of the charged

---

[1] Defendant attached copies of the 2000 and 2001 false Forms 1041 to his false trust tax returns (D-41) that he submitted to the District of Columbia in 2003. However, because these false returns were posted by the IRS to prior, non-prosecution years (2000 and 2001), these IRS-filed version of those Forms 1041s were only discovered recently.

offenses. This is true when the evidence is of acts which are "inextricably intertwined" with a charged crime. Uncharged crimes, wrongs or acts offered as direct proof of the elements of the substantive crime charged are intrinsic to the offenses charged. See United States v. Alexander, 331 F.3d 116, 125-26 (D.C. Cir. 2003); United States v. Bowie, 232, F.3d 923, 929 (D.C. Cir. 2000); United States v. Badru, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996). Rule 404(b) is not implicated by such evidence. See Alexander, 331 F.3d at 125-26; United States v. Edelin, 128 F.Supp.2d 23, 48 (D.D.C. 2001).

Where other act evidence, however, is determined to be extrinsic to the crimes charged in the indictment, Federal Rule of Evidence 404(b) permits the introduction of such evidence when it is offered to prove something *other* than the defendant's bad character. Under Rule 404(b), "any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990). Permissible purposes include proof of intent, motive, opportunity, preparation, plan, knowledge, identity or absence of mistake. Id.

In deciding on the admissibility of "other act" evidence, the Court undertakes a two part analysis: (1) determination of whether the evidence is "probative of some material issue other than character," United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) and (2) assessment of the relevancy of the evidence pursuant to Rule 403. See United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978). The Court need not find that the defendant in fact committed the other act, but need decide only whether the jury could reasonably so find. See Huddleston v. United States, 485 U.S. 681, 686 (1988).

The federal rule is one of inclusion, not exclusion; the evidence may be offered for any purpose, so long as the evidence is not offered solely to prove character. See United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc); United States v. Johnson, 802 F.2d 1459 (D.C. Cir. 1986). Indeed, the D.C. Circuit has long recognized that Rule 404(b) evidence will often have "multiple utility, showing at once intent, knowledge, motive, preparation and the like." United States v. Crowder, 141 F.3d at 1208. In a close case, the rule tilts toward the admission of other act evidence. See Johnson, 802 F.2d at 1463-64 (quoting Day, 591 F.2d at 878).

Each of the crimes for which the defendant in this case is charged requires a finding by the jury of wilfulness. As such the government bears the burden of proving that the defendant intentionally violated a known legal duty. See Cheek v. United States, 498 U.S. 192 (1991); United States v. Pomponio, 429 U.S. 10 (1976). The government must show that defendant was aware of his obligations under the tax laws. See United States v. Bishop, 264 F.3d 535 (5th Cir. 2001).

Recognizing that evidence of intent is critical to the government's proof in criminal tax prosecutions, courts grant the government wide latitude in the admissibility of other act evidence. Baker v. United States, 401 F.2d 958, 975 (D.C. Cir. 1968). In particular, evidence of defendant's attitude toward the taxing authorities is admissible as an indication of wilfulness, even if the defendant never testifies. United States v. Hogan, 861 F.2d 312 (1st Cir. 1988); see also United States v. Johnson, 27 F.3d 1186, 1190-93 (6th Cir. 1994)("other act" evidence is

admissible under Rule 404(b) to prove intent, regardless of whether the defendant has done anything to place his intent in issue).[2]

Similarly, the admissibility of taxpayer history evidence has been validated repeatedly throughout the circuits. See, e.g. United States v. News, 923 F.2d 67, 69-70 (7th Cir. 1991); United States v. Hogan, 861 F.2d 312 (1st Cir. 1988); United States v. Rice, 659 F.2d 524, 528 (5th Cir. 1981); United States v. Farber, 630 F.2d 569, 571 (8th Cir. 1980); United States v. Snow, 529 F.2d 224, 226 (9th Cir. 1976)(admitting evidence of civil assessment on defendant's state income tax return to prove willfulness in federal false return prosecution); United States v. Greenlee, 517 F.2d 899, 905 (3d Cir. 1975); United States v. Magnus, 365 F.2d 1007, 1011 (2d Cir. 1966)(evidence of defendant's federal and state tax filing history, including his prior delinquent filing and payment of three years state tax returns only after notice from the state, held admissible in later federal prosecution for failure to pay federal taxes); United States v. Taylor, 305 F.2d 183, 185 (4th Cir. 1962) (admitting evidence of state tax audit resulting in payment of additional state tax, and evidence of defendant's withholding of employees' income and social security taxes, as proof of willfulness.)  In Taylor, the court pointed out that a defendant's attitude toward reporting and paying taxes generally may assist the jury in determining the defendant's intent in filing the false return.

---

[2] This long-standing principle traces its roots to Spies v. United States, 317 U.S. 492, 500 (1941) (appropriate for jury to consider defendant's failure to file return and pay tax, along with other acts such as concealment of assets from spouse or creditors, to find willfulness required for tax evasion.).

ARGUMENT

The false Forms 1041 for 2000 and 2001, which, it has recently been learned, were actually filed by defendant with the IRS, are inextricably intertwined with the charges contained in the indictment, and therefore admissible. Even applying Rule 404(b), the government should be permitted to introduce evidence that the defendant filed these false Forms 1041 in order to prove motive and intent, and lack of mistake.

I.      The filing of false Forms 1041 for 2000 and 2001 are not "other acts."

As charged in the indictment, the defendant filed a false Form 1041 for 2002 requesting a refund to which he was not entitled. Further, as charged in the indictment, the defendant filed false Forms D-41, District of Columbia trust income tax returns for 2000, 2001 and 2002, requesting refunds to which he was not entitled. The defendant attached copies of the federal Forms 1041 for 2000 and 2001 to his District of Columbia filings. The defendant also actually filed those false federal Forms 1041 for 2000 and 2001 with the IRS, in which he sought refunds of $35,705 and $38,792 respectively.

The actual filing of these Forms 1041 with the Federal Government is part and parcel to the defendant's scheme and is relevant to show his criminal intent. Rule 404(b), therefore, is inapplicable, and their admission is only governed by relevancy, and Rules 402 and 403. These false Forms 1041 are relevant to the defendant's intent to file false claims for refund and to knowingly, willfully evade his tax obligations. Since the defendant attached copies of these false filings with his fraudulent District of Columbia returns, which are the subject of charges contained in the indictment, these returns will be admitted into evidence attached to those exhibits, and accordingly, the jury will see these Forms 1041 for 2000 and 2001. The fact that

these Forms 1041 for 2000 and 2001 were actually filed with the IRS is in no way prejudicial, and gives the jury a better understanding of the defendant's full scheme.  Moreover, proof that defendant actually filed these Forms 1041 with the IRS will require no additional witnesses, nor any additional time at trial.  Thus, the government should be permitted under Rules 402 and 403 to prove during its case in chief that the defendant filed the false and fraudulent Forms 1041 trust income tax returns (copies of which were attached by defendant to his filed false Forms D-41 with the District) with the IRS for the 2000 and 2001 tax year.

II.     The evidence is admissible under 404(b).

Even applying Rule 404(b) to the filing of the false Forms 1041 for 2000 and 2001 with the IRS, the evidence is admissible.  First, the conduct is probative of a material element other than character, namely the defendant's motive and intent.  As here, where the defendant's proffered defense is that he had a "good faith belief" that he was exempt from taxation, additional false filings that are part of the defendant's taxpayer history, pattern and conduct, are relevant to show that his motive was greed and nothing else.  Further, since the jury will see these returns as attachments to his D.C. filings in any event, there is no risk that the jury will use them for an impermissible purpose.  The government should be able to prove during its case in chief that, in addition to his other false filings, defendant filed the false Forms 1041 for 2000 and 2001, seeking false claims for refund with the IRS.

## CONCLUSION

The evidence identified above is inextricably intertwined as part of defendant's tax fraud scheme, and is admissible at trial.  Moreover, the conduct is admissible as evidence of defendant's willfulness in committing the crimes charged in the indictment.  Finally, the

submission of the two false federal trust returns for 2000 and 2001 to the IRS is admissible because the conduct will be offered to prove intent, motive, plan, knowledge, and lack of mistake.

WHEREFORE, for these reasons, the government respectfully requests permission to introduce the foregoing evidence.

          Respectfully submitted,

          NATHAN A. HOCHMAN
          ASSISTANT ATTORNEY GENERAL
          U.S. DEPARTMENT OF JUSTICE
          TAX DIVISION

By:    s/Michael P. Ben'Ary
          KAREN E. KELLY
          MICHAEL P. BEN'ARY
          TRIAL ATTORNEY
          Tax Division, Criminal Enforcement
          601 D Street, NW
          Washington, D.C. 20004
          (202) 514-5150