UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )</br>)</br>v.   )</br>)</br>MICHAEL C. IRVING   )</br>)</br>   Defendant .   ) | Criminal No. 07-107(PLF) |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE INVOCATION OF 5TH AMENDMENT PRIVILEGE BY WITNESSES IN THE PRESENCE OF THE JURY**

On October 21, 2007, defendant identified to the Court specific witnesses subpoenaed by defendant for trial testimony.  At that time, Judge Friedman recognized those witnesses for their appearances and arranged for appointed counsel to represent those witnesses at trial.  It is well settled in the District of Columbia that a witness cannot be put on the stand for the purpose of having him or her exercise his or her constitutional privilege against self-incrimination in the presence of the jury.  Accordingly, the Government seeks an order prohibiting defendant from calling such witness to the witness stand before the Court addresses any issues involving such witnesses' Fifth Amendment privileges outside of the presence of the jury.

A witness should not be called to the witness stand for the purpose of having him or her exercise his or her privilege against self-incrimination before the jury.  See Bowles  v. United States, 439 F.2d 536 (C.A.D.C. 1970).  This is because the jury is not entitled to draw any inferences from the decision of a witness to exercise his or her constitutional privilege.  The purpose underlying the rule is twofold:  protection of the constitutional notion that guilt may not be inferred from the exercise of the Fifth Amendment privilege, and; concern that a witness's

invocation of his or her Fifth Amendment privilege in the presence of the jury will have a dangerous and disproportionate impact on the jury deliberations. The jury may think it "high courtroom drama of probative significance when a witness 'takes the Fifth.'" Id. at 542. In reality, however, the probative value of the event is almost entirely undercut by the absence of any requirement that the witness justify his or her assertion of the privilege, and by the fact that such conduct is not subject to cross examination. Id. For the same reasons, informing the jury that a witness has chosen to exercise his or her constitutional privilege serves no valid purpose. That fact is not one the jury is entitled to rely on in reaching its verdict.

Accordingly, the government requests that prior to any of the designated witnesses being called to the witness stand in the presence of the jury, this Court conduct an inquiry out of presence of the jury to determine whether or not each witness intends to invoke his or her Fifth Amendment privilege against self-incrimination.

For the reasons stated above, the government's Motion in Limine should be granted.

Respectfully submitted,

John Marrella
Deputy Assistant Attorney General
For Criminal Matters


  s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys
Tax Division, NCES
601 D Street NW
Washington DC 20530
(202) 514-5150