UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
    v.                        )
                              )   Criminal No. 07-107 (PLF)
MICHAEL C. IRVING,            )
                              )
        Defendant.            )
_____)
```

ORDER REGARDING TRIAL PROCEDURES

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial of this case in the most efficient manner, it is hereby

ORDERED that counsel shall comply with each of the following procedures and requirements:

1. SCHEDULE. On **Friday, April 18, 2008**, counsel will jointly file revised proposed voir dire questions pursuant to the Court's request during the status conference held on April 11, 2008. Also on **Friday, April 18, 2008**, counsel for the government will file supplemental proposed jury instructions and objections to defendant's proposed jury instructions. A further status conference is scheduled for **Thursday, April 24, 2008, at 9:30 a.m.** On **Friday, May 2, 2008, voir dire will commence** beginning at **9:30 a.m. in Courtroom No. 29A, and will continue on that day and on Monday, May 5, 2008 until completed.** A jury will be seated either on the afternoon of **May 5** or the morning of **May 6. Counsel should be prepared to deliver their opening statements on the morning of Tuesday, May 6, 2008.**

2. <u>JURY SELECTION</u>.  Forty potential jurors will be called to the courtroom and examined orally by the Court in open court, with brief individual follow-up at the Bench by the Court and counsel, on **Friday, May 2, 2008**.  Challenges for cause shall be exercised throughout the process.  All potential jurors remaining after this process is completed will be asked to return either on the afternoon of **Monday, May 5, 2008** or the morning of **Tuesday, May 6, 2008.**  A separate group of 35 potential jurors will be called to the courtroom and examined orally by the Court in open court on **Monday, May 5, 2008**.  Again, challenges for cause shall be exercised throughout the process.  All potential jurors remaining after this process is completed also will be asked to return either on the afternoon of **Monday, May 5, 2008** or the morning of **Tuesday, May 6, 2008.**

After all potential jurors from the first and second group have returned to the courtroom together on the afternoon of May 5 or the morning of May 6, counsel for the parties will exercise their peremptory challenges.  Counsel shall exercise all peremptory challenges by submitting them simultaneously in writing to the Courtroom Deputy Clerk.  A total of 14 jurors will be seated, two of whom will be alternates.  The seats for the alternates will be selected randomly by counsel before the arrival of the prospective jurors in the courtroom.  After all 14 jurors are seated, peremptory strikes with respect to the alternates then will be exercised, one by the government and one by the defendant.  The jurors will not be advised who among them are the alternates.

3. <u>PUNCTUALITY</u>.  Unless counsel are notified otherwise, the jury portion of the trial will be conducted each trial day from **9:30 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m. on Mondays through Fridays in Courtroom 29A.**  Unless otherwise instructed by

the Court, counsel shall be present in the courtroom each morning **promptly at 9:00 a.m.** to address preliminary matters. Trial will convene promptly at the designated time on each trial day and the jury will not be kept waiting. Counsel shall be available in the courtroom and seated at their respective counsel tables at least five minutes before Court is scheduled to begin or resume after a recess.

    4. <u>GENERAL COURTROOM RULES</u>. The Court expects counsel to exercise civility at all times towards each other and towards everyone involved in the case or working with the Court.

    A.    Unless leave is otherwise given, counsel shall interrogate witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

    B.    Counsel shall obtain permission from the Court before approaching a witness.

    C.    Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

    D.    When addressing the Court, counsel shall stand. All objections or other statements by counsel, no matter how brief, shall be made while standing.

    E.    All statements by counsel should be directed to the Court and not to opposing counsel.

    F.    Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (*e.g.*, "I think . . ., we believe . . .").

      G.      Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

      H.      Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their official title (*e.g.*, "Captain" or "Dr."). The defendant may be referred to either as Mr. Irving or Detective Irving. The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

5. <u>OBJECTIONS AND EVIDENTIARY MATTERS</u>. Any legal matters or evidentiary issues that arise during the course of the trial and have not been the subject of a motion *in limine* or pretrial motion should be discussed between counsel no later than the night before the witness or exhibit is to be offered. If there is no resolution, the proponent of the objection or evidence shall fax to Chambers and to opposing counsel that evening or, in any case, **no later than 7:00 a.m. the next morning**, in succinct terms, a statement of the evidentiary issue or objection and their position, with legal authority. The opposing party shall fax by **no later than 8:00 a.m.** the contrary position with legal authority. The Court will discuss and rule during the time for preliminary matters each morning. In this way the jury will not be kept waiting while legal issues are discussed and resolved.

6. <u>VOIR DIRE QUESTIONS AND JURY INSTRUCTIONS</u>. Counsel for all parties have submitted proposed jury instructions and proposed voir dire questions. Counsel

4

shall submit the text of a proposed verdict form, including (where appropriate) any special interrogatories.  To the extent possible, counsel are encouraged to agree upon jury instructions and a verdict form.  Counsel shall e-mail to chambers electronic copies of all of the above in Word Perfect format.

       7.  **OBJECTIONS AT TRIAL**.  Bench conferences are discouraged.[1]  Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited) – *e.g.*, "objection, hearsay," "objection, lack of foundation."  The Court generally will rule on the objection without additional discussion except in the most critical areas.  For purposes of "protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record after the jury has been excused for a break, for lunch or for the day.

       8.  **WAIVER OF BENCH CONFERENCES**.  Defense counsel shall secure a written waiver from the defendant of his right to be present at bench conferences during trial and file the same with the Court by 9:00 a.m. on the first morning of trial.  Alternatively, counsel may arrange with the Courtroom Deputy Clerk, Michelle Moon, to permit the defendant to listen to bench conferences through a headset.  He will not be permitted at the bench.

       9.  **EXHIBIT LISTS**.  All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from Courtroom Deputy Clerk Michelle Moon.  The written list must contain a brief description of each exhibit.  At the commencement of trial, counsel shall furnish three copies of the exhibit list to the Courtroom Deputy Clerk.

---

[1] Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates pre-clearance, *e.g.*, potentially inflammatory areas of interrogation.

10. <u>WITNESS LISTS</u>. At a date to be determined at the April 24, 2008 status conference, the government shall provide its witness list to the defense (and this Court); on that same date, the government shall also provide to the defense all Jencks Act or <u>Brady</u> material not previously provided pertaining to each witness on the list.  In addition, the government shall provide to the defense an "order of call" of witnesses on or before **Thursday, May 1, 2008,** and a list of witnesses the government anticipates calling on a particular trial day no less than thirty-six (36) hours in advance (if not earlier).  The defendant shall provide his witness list to the government (and this Court) no later than the close of the government's case.  Counsel will not be absolutely bound by the list in calling their witnesses because, on occasion, in good faith they must change an intended order of proof or find it necessary to call a witness out of turn.  In some cases, security concerns may justify non-identification of witnesses by the government until they are actually called.  These may be brought to the Court's attention *in camera* when the witness list excluding those names is provided to defense counsel.

11. <u>RULE ON WITNESSES</u>.  Except for the parties or their authorized representatives permitted under Rule 615 of the Federal Rules of Evidence, all witnesses shall remain outside the courtroom except while actually testifying.  Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements.  Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand.  Except for a defendant-witness (because of Sixth Amendment implications), counsel calling a witness to testify, and counsel's agents, should have no further discussions with that witness concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony.  As to a

defendant-witness, counsel and their agents are directed to the D.C. Circuit's opinion in <u>United States v. McLaughlin</u>, 164 F.3d 1, 4-7 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1079 (1999). At all other times, within the bounds of governing ethics rules and the law, counsel may pursue their discussions with witnesses during the trial.

12. <u>WITNESSES ON CALL</u>.  Once the trial begins, witnesses shall be put on call at the peril of the calling party.  The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court.  The party calling a witness shall arrange for that witness' presence until cross-examination is completed, including the following trial day if need be.  The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness' testimony.

13. <u>PRESENCE OF COUNSEL</u>.  Once court is in session, lead counsel shall not leave the courtroom without the Court's express permission.  Failure of counsel to be present and on time may result in sanctions.

14. <u>PRESENCE OF THE DEFENDANT</u>.  The defendant will not be allowed to leave the courtroom except during recesses and lunch hour.  After trial begins and following recesses, the defendant shall be required to be present unless prior approval is given by the Court for his absence.

15. <u>SUA SPONTE JURY INSTRUCTIONS</u>.  Any necessary *sua sponte* jury instructions shall be written out by counsel requesting them and shall be given to the Court in a form in which the Court might read the instructions to the jury.  Failure to do so shall be deemed a waiver of any such request.  In the event that the instructions are given, it shall be counsel's

responsibility to remind the Court of the necessity for inclusion of any *sua sponte* instructions in its final charge by 4:00 p.m. on the date *prior to* the date on which the final charge is to be given by the Court to the jury.

      16. <u>VERBAL OR FACIAL CONTACT WITH THE JURY</u>.  Counsel, the defendant and law enforcement personnel shall not make any verbal comments, facial expression, laughter or other contact with the jury which could be interpreted as conveying a comment one way or the other with respect to any testimony, argument or event that may occur during trial. Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

      17. <u>DIRECT AND CROSS-EXAMINATION</u>.  On direct or cross-examination of a witness, counsel shall not:

    A.    Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;

    B.    Use an objection as an opportunity to argue or make a speech in the presence of the jury;

    C.    Show the jury a document or anything else that has not yet been received in evidence without leave of the Court.  If counsel is using electronic equipment to display documents to the jury and the Court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury; or

    D.    Except in extraordinary circumstances, be permitted to recross-examine any witness.

18. <u>CLOSING ARGUMENTS AND INSTRUCTIONS</u>.  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave.  In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout the trial, counsel shall not:

  A. Comment adversely on the failure of the defendant to testify in his own behalf;

  B. Make statements of personal belief to the jury;

  C. Make personal attacks on other counsel in the case;

  D. Appeal to the self-interest of the jurors; or

  E. Make potentially inflammatory racial, ethnic, political or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

  SO ORDERED.

            /s/_____
            PAUL L. FRIEDMAN
DATE:  April 18, 2008      United States District Judge