UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

**UNITED STATES' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorneys, respectfully file this document with the Court and hereby give notice of the government's objections to Defendant's Proposed Jury Instructions, as follows.

      Respectfully submitted,

      Karen E. Kelly
      Michael P. Ben'Ary
      Trial Attorneys

The United States, through undersigned counsel, hereby submits the following objections to the Defendant's Proposed Jury Instructions as follows:

I.      Defendant's Proposed Instructions:

Red Book Instruction 2.09 – Reasonable Doubt.

The United States objects to this proposed instruction. Although the "reasonable doubt" instruction is accepted in the Superior Court in the District of Columbia, the Red Book recognizes that in contrast, the District of Columbia Circuit has held that trial judges in federal court need not define reasonable doubt, and the District of Columbia Circuit has expressed the view that "the greatest wisdom may lie with the Fourth Circuit's and Seventh Circuit's instruction to leave to juries the task of deliberating the meaning of reasonable doubt." See Criminal Jury Instructions for the District of Columbia, 2.09; United States v. Taylor, 997 F.2d 1551 (D.C. Cir. 1993) (finding no error when trial court used Federal Judicial Center's Pattern Instruction 28 for "reasonable doubt" noting that the Red Book instruction is not mandatory, and suggesting that a court need not give any instruction attempting to define "reasonable doubt." See United States v. Edelin, 996 F.2d 1238 (D.C. Cir. 1993); Holland v. United States, 348 U.S. 121 (1954).

Red Book Instruction 2.41 – Missing Witness

The United States objects to this proposed instruction. This instruction cannot be given in the absence of two preconditions: (1) The evidence or witness must have been able to elucidate a matter relevant and material to a disputed issue in the case, United States v. Young,

463 F.2d 934 (D.C. Cir. 1972), Wynn v. United States, 397 F.2d 621 (D.C. Cir. 1967); and (2) the missing evidence or witness must have been peculiarly available to the party who failed to produce the evidence or witness.  Courts have equated availability with the power of a party to produce a witness or evidence.

If a witness claims a Fifth Amendment privilege against self-incrimination, the government's refusal to grant the witness immunity in order to permit him to testify does not justify a missing witness instruction.  See Alston v. United States, 383 A.2d 307, 313 (D.C. 1978) (quoting Morrison v. United States, 365 F.2d 521, 524 (D.C. Cir. 1966), United States v. Simmons, 663 F.2d 107 (D.C. Cir. 1979) (a witness has right to exercise privilege without taking the stand and it was correct for the court to refuse missing witness instruction since the witness with the privilege was unavailable to both parties.).  Unless the two preconditions exist, defendant cannot offer this instruction.


Red Book Instruction 2.42 - Character and Reputation of Defendant

The United States objects to this proposed instruction.  The second paragraph of this instruction, which suggests that character evidence alone can create a reasonable doubt, has been disapproved in numerous Circuits.  See, e.g. United States v. Mena, 949 F.2d 24 (2d Cir. 1991); United States v. Burke, 781 F.2d 1234 (7th Cir. 1985); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15.15 (5th ed. 2000) and cases cited therein.


Red Book Instruction 2.49 – Defendant's Statements - Corroboration

The United States objects to this proposed instruction.  The Red Book itself makes it

clear that this instruction *should not* be given in federal court in the District of Columbia. Criminal Jury Instructions for the District of Columbia, Instruction 2.49.  See also United States v. Dickerson, 163 F.3d 639 (D.C. Cir. 1999).

Defendant's Proposed Instruction No. 2 - Red Book Instruction 3.02 - Proof of State of Mind

The United States objects to Defendant's Proposed Instruction No. 2 because the United States does not have to prove "knowledge," or that the defendant KNEW which law he was violating, only the voluntary and intentional violation of a known legal duty.  See Devitt and Blackmar, Federal Jury Practice and Instructions, 4th ed. 1990, section 56.20; United States v. Pomponio, 429 U.S. 10, 12 (1976).  Accordingly, this instruction defining the word knowledge is irrelevant, confusing and potentially misleading.

Moreover, as written, this instruction 1) does not properly track the language of Red Book Instruction 3.02, and 2) this instruction improperly adds "knowledge" as an element the United States must prove for a conviction.  "Willfulness" is the intent element that the United States must prove.  Willfulness can be proven by evidence that defendant violated a known legal duty. The instructions submitted by the United States properly instruct on both the elements of proof for each crime, and the requisite mental state.   If Red Book Instruction 3.02 is used, the word "Intent" should be substituted for knowledge, see below.

The Red Book Instruction 3.02 actually states:

Proof of State of Mind

Someone's [Intent] [Knowledge] ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer the defendant's [intent] [knowledge] from the surrounding circumstances.  You may consider any statement made or acts

[done] [ommitted] by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's [intent] [knowledge].

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts [knowingly done] [knowingly omitted]. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

WHEREFORE, the undersigned counsel respectfully objects to some of the Defendant's proposed jury instructions for the reasons as set forth above, and those that may be articulated in Court, and requests that those identified instructions should not be provided to the jury.

Respectfully submitted,

  s/Karen E. Kelly
Karen E. Kelly
Michael P. Ben'Ary
Trial Attorneys
United States Department of Justice
Tax Division, Criminal
601 D Street, NW
Washington DC 20530
(202) 514-5150
Karen.E.Kelly@usdoj.gov
Michael.P.Ben'Ary@usdoj.gov