UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.  )<br>)<br>**MICHAEL C. IRVING** )<br>)<br>**Defendant .** ) | Criminal No. 07-107(PLF) |

### UNITED STATES' SUPPLEMENTAL JURY INSTRUCTIONS

The United States of America, by and through its attorneys, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully request this Court give the following supplemental jury instructions, in addition to those previously filed by the United States, and the standard District Court instructions for the District of Columbia, and further requests leave to file any additional and further instructions as may appear necessary and proper based upon the evidence admitted at trial.

Respectfully submitted,

Karen E. Kelly
Michael P. Ben'Ary
Trial Attorneys

3210025.1

**GOVERNMENT PROPOSED JURY INST. NO. 43**

<u>Each Tax Year is Separate</u>

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from any such failure to comply for a different year. The tax obligations of the defendant in any one year must be determined separately from the tax obligations in any other year.[1]

---

[1] Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* (4th Ed. 1990), Section 56.24.

**GOVERNMENT PROPOSED JURY INST. NO. 44**

<u>When the Offense Charged is Complete</u>

If you find beyond a reasonable doubt from the evidence in the case that defendant committed tax evasion as charged in Counts Three, Four, Five, Seven, Eight, and Nine of the indictment, then you are advised that the offense charged was complete on the date the returns were due but not filed. [2]

---

[2] Federal Jury Practice and Instructions, Kevin F. O'Malley, Jay E. Grenig, 2B Fed. Jury Prac. & Instr. § 67.23 (5th ed.), as amended.

In cases where the defendant attempts to evade and defeat the tax by failing to file a return, courts have determined the time of completion to "arise by operation of law when the return is not filed." <u>United States v. Hogan</u>, 861 f.2d 312, 316 (1st cir. 1988). "A tax deficiency exists from the date the return is due to be filed . . . [it] arises by operation of law under (26 U.S.C.A.) Sections 6151(a) and 6072(a) . . . a tax is due and owing (therefore) on the date a return must be filed." <u>United States v. Voorhies</u>, 658 F.2d 710, 714 (9th Cir. 1981).

**GOVERNMENT PROPOSED JURY INST. NO. 45**

<u>Subsequent Conduct by Defendant is of no Consequence to Crime</u>

You are advised that the crime of attempted tax evasion is complete when the defendant willfully failed to file the income tax return when it was due, in conjunction with the commission of any charged affirmative act. That the defendant may have, thereafter, taken any subsequent acts to file or pay taxes, is not a defense to the past intention to evade taxes. Were the rule otherwise, tax evaders could avoid criminal prosecution by simply filing tax returns and paying up after being caught.[3]

---

[3] <u>Sansone v. United States</u>, 380 US 343, 354 (1965) (Subsequent intention to pay taxes is not defense to a past intention to evade taxes.); <u>United States v. Radke</u>, 415 F.3d 826, 840 (8th Cir. 2005)(whether an amended tax return filed post-indictment technically might be "relevant" to the taxpayer's intent at the time he filed the original return, there is no doubt that self serving exculpatory acts performed substantially after a defendant's wrongdoing is discovered are of minimal probative value as to his state of mind at the time of the alleged crime.); <u>United States v. Pang</u>, 362 F.3d 1187, 1194 (9th Cir. 2004)(Evidence of belated tax payments, made while awaiting prosecution, is irrelevant –were the rule otherwise, tax evaders could avoid criminal prosecution simply by paying up after being caught.); <u>United States v. Ross</u>, 626 F.2d 77, 81 (7th Cir. 1980)(evidence of belated payments, made while awaiting prosecution, is irrelevant.); <u>United States v. Greenlee</u>, 380 F.Supp. 652, 660 (1974) (Late filing constitutes a violation of the law [7203] and does not render the statute inoperative . . .the statute in question would be meaningless if a taxpayer could file beyond the required date and not be subject to legal sanctions.)

**GOVERNMENT PROPOSED JURY INST. NO. 46**

<u>Willfulness</u>

To find the defendant guilty of attempted tax evasion, you must not only find that he did the acts of which he stands charged, but you must also find that the acts were done willfully by him.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes are, and experience has taught us that frequently actions speak more clearly than spoken or written words. To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

In this regard, there are certain matters that you may consider as pointing to willfulness, if you find such matters to exist in this case. By way of illustration only, willfulness may be inferred from the receipt by defendant of notices and letters from the IRS and DC reminding him of his tax obligations, as well as receipt by defendant of Forms W-2 from his employer MPD which serve as reminders of his duty to file income tax returns, and conduct such as submitting false documents to the IRS and to his employer, and any conduct the likely effect of which would be to mislead or to conceal.

I give you these instances simply to illustrate the type of conduct you may consider in

determining the issue of willfulness. I do not by this instruction mean to imply that the defendant did engage in any such conduct. It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.[4]

---

[4]Devitt and Blackmar, Federal Jury Practice and Instructions (4th Ed. 1992), Section 17.07 (modified and supplemented); Devitt and Blackmar, Federal Jury Practice and Instructions (4th Ed. 1990), Section 56.20 (modified); Pattern Jury Instructions, Fifth Circuit (1990 Ed.), Section 2.88 (Note)Federal Criminal Jury Instructions of the Seventh Circuit (1980 Ed.), Section 6.03 (modified); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (1992 Ed.), Section 7.02 (Comment); Manual of Model Jury Instructions for the Ninth Circuit (1992 Ed.), Section 5.05 (Comment) Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (1985 Ed.), Basic Instructions, Instruction No. 9.1, p. 22 (modified)
Cheek v. United States, 498 U.S. 192, 201 (1991);United States v. Pomponio, 429 U.S. 10, 12 (1976); United States v. Bishop, 412 U.S. 346, 360 (1973);Spies v. United States, 317 U.S. 492, 499 (1943);United States v. Ashfield, 735 F.2d 101, 105 (3d Cir.), cert. denied sub nom., Storm v. United States, 469 U.S. 858 (1984); United States v. Conforte, 624 F.2d 869, 875 (9th Cir.), *cert. denied*, 449 U.S. 1012 (1980); United States v. Ramsdell, 450 F.2d 130, 133-134 (10th Cir. 1971)United States v. Spinelli, 443 F.2d 2, 3 (9th Cir. 1971); It is not necessary to define the term "willfully" in a tax case in terms of "bad purpose" or "evil motive." United States v. Pomponio, 429 U.S. 10, 12 (1976). Willfulness has the same meaning in the felony and misdemeanor sections of the Internal Revenue Code. United States v. Pomponio, 429 U.S. 10, 12 (1976).

6

3210025.1

**GOVERNMENT PROPOSED JURY INST. NO. 47**

<u>Charts and Summaries -- Admitted</u>

Certain charts and summaries have been received into evidence to illustrate facts brought out in the testimony of some witnesses. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.[5]

---

[5] Manual of Model Criminal Jury Instructions, Ninth Circuit, Instruction No. 4.18 (1992).

WHEREFORE, the undersigned counsel respectfully submit these supplemental jury instructions, and further request leave to submit additional supplemental jury instructions should the evidence admitted at trial require such supplemental submissions.

        Respectfully submitted,

        Karen E. Kelly
        Michael P. Ben'Ary
        Trial Attorneys
        United States Department of Justice
        Tax Division, Criminal
        601 D Street, NW
        Washington DC 20530
        (202) 514-5150
        Karen.e.kelly@usdoj.gov
        Michael.p.ben'ary@usdoj.gov