## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO: 07-107 (PLF)** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 287 (False Claims for** |
| | : | **Refund);** |
| | : | **26 U.S.C. § 7201 (Tax Evasion);** |
| **MICHAEL C. IRVING,** | : | **22 D.C. Code § 3221(a)(Fraud in the First** |
| | : | **Degree);** |
| **Defendant.** | : | **47 D.C. Code § 4101(a)(Attempt to** |
| | : | **Evade or Defeat Tax)** |
| | : | |

## TRIAL BRIEF

COMES NOW the United States of America, by and through its undersigned counsel and files this trial brief.

### I.    Status of the Case

Defendant, a resident of Washington DC, and employee of the Metropolitan Police Department ("MPD") in Washington DC engaged in a scheme whereby he attempted to evade payment of his federal and local income taxes by filing false Forms W-4 that eliminated income tax withholding from his paycheck, and he failed to file federal and DC tax returns.

On April 24, 2007, a federal grand jury in District of Columbia returned an indictment against the above referenced defendant charging two counts of filing false claims for refund (in violation of Title 18 United States Code, Section 287), three counts of tax evasion (in violation of Title 26 United States Code, Section 7201), one count of fraud in the first degree (in violation of Title 22 of the District of Columbia Code, Section 3221(a)) and two counts of DC tax evasion

(in violation of Title 47 of the District of Columbia Code, Section 4101(a)). [1]

Trial, originally scheduled to commence on October 22, 2007, was continued on defendant's motion to March 31, 2008.  Thereafter, the trial was again continued on defendant's motion to May 5, 2008.  Jury selection is scheduled to commence on May 2, 2008.

## II.    Criminal Charges

### 1.    False Claims for Refund

The indictment charges two counts of Filing False Claims for Refund in violation of 18 U.S.C. § 287.  The objective of Congress in enacting section 287 was to assure the integrity of claims and vouchers submitted to the government and thereby protect the funds and property of the government from fraudulent claims.  Section 287 applies to the criminal act regardless of the particular form of the claim or the particular function of the government department or agency against which the claim is made.  Congress intended to prevent any deception that would impair, obstruct or defeat the lawful, authorized functions of government departments or agencies.  See Rainwater v. United States, 356 U.S. 590 (1958),  United States v. Maher, 582 F.2d 842 (4th Cir. 1978).

In order to establish a violation of 18 U.S.C. § 287, the following elements must be proved beyond a reasonable doubt:

A.    The defendant made or presented a claim to a department or agency of the United States for money or property, and;

B.    The claim was false, fictitious or fraudulent, and;

C.    The defendant knew at the time that the claim was false, fictitious

---

[1]Under D.C. Code § 11-502, the District Court has jurisdiction over violations of the D.C. Code when the violations are charged in a federal indictment.

2

or fraudulent.

See Johnson v. United States, 410 F.2d 38, 46 (8th Cir. 1969);  United States v. Computer

Science Corp., 511 F. Supp. 1125, 1134 (E.D. Va. 1981), rev'd on other  grounds, 689 F.2d 1181

(4th Cir. 1982). See also United States v. Drape, 668 F.2d 22, 26 (1st Cir.1982);  United States v.

Miller, 545 F.2d 1204, 1212 n.10 (9th Cir. 1976).

### A.     Defendant Made or Presented a Claim Against the United States

To establish a violation of section 287, the government must prove that the defendant made

or presented a claim against the United States, or any department or agency of the United States,

for money or property.  See United States v. Neifert-White Co., 390 U.S. 228 (1968);  United

States v. Mastros, 257 F.2d 808, 809 (3d Cir. 1958);  Johnson v. United States, 410 F.2d 38, 44

(8th Cir. 1969).  The IRS is an agency of the United States.  A false tax return seeking a refund is

a claim against the United States.  See Drape, 668 F.2d at 26;  United States v. Bade, 668 F.2d

1004, 1005 (8th Cir. 1982).

The criminal offense is complete upon the making of the false claim with the

government.  There is no requirement that the government actually pay or honor the claim, or

lose money due to the false or fictitious claim.  United States v. Coachman, 727 F.2d 1293, 1302

(D.C. Cir. 1984);  Miller, 545 F.2d at 1212 n.10.

### B.     False, Fictitious, or Fraudulent Claim

Section 287 is phrased in the disjunctive.  Thus, charges under the statute may be based on

proof that a claim submitted to the government is either false, fictitious, or fraudulent.  See

United States v. Murph, 707 F.2d 895, 897 (6th Cir. 1983)("the government may prove and the

3

trial judge may instruct in the disjunctive form used in the statute"); United States v. Blecker, 657 F.2d 629, 634 (4th Cir. 1981); United States v. Irwin, 654 F.2d 671, 683 (10th Cir. 1981); United States v. Milton, 602 F.2d 231, 233 n.5 (9th Cir. 1979); Maher, 582 F.2d at 847. The conduct proscribed by section 287 has been defined as follows in Irwin, 654 F.2d at 683 n.15:

> A claim is false or fictitious within the meaning of Section 287 "if untrue when made, and then known to be untrue by the person making it or causing it to be made." A claim is fraudulent "if known to be untrue, and made or caused to be made with the intent to deceive the Government agency to whom submitted." United States v. Milton, supra, 602 F.2d at 233 & n.6 quoting 2 E. Devitt & Blackmar, Federal Jury Practice and Instructions §28.04 (3d ed. 1977).

See also United States v. Haynie, 568 F.2d 1091 (5th Cir. 1978)(duplicate returns). A return may be false or fictitious under the statute if the facts and figures used on the return are fictitious, even though the taxpayer might be entitled to a refund if a true return were filed. See United States v. Gieger, 190 F.3d 661, 667 (5th Cir. 1999); United States v. Leahy, 82 F.3d 624, 634 n.11 (5th Cir. 1996)(contractor violated section 286 even though the false claims were irrelevant to the total amount paid by the government to the contractor).

C.    The Defendant knew Such Claim to be False, Fictitious or Fraudulent

Section 287 requires the government prove that a false claim against the government was made "knowing such claim to be false, fictitious or fraudulent ." United States v. Holloway, 731 F.2d 378, 380-81 (6th Cir.1984). The term "willfully" is not used in section 287 and is not "an essential element" of section 287. See Irwin, 654 F.2d at 682. In Maher, 582 F.2d at 847, the court approved a jury instruction that stated that under section 287, criminal intent "could be proved by either a showing that the defendant was aware he was doing something wrong or that he acted with a specific intent to violate the law."

4

Section 287 does not specifically require that a claim be false as to a "material" matter. Several circuits have expressly held that materiality is not an essential element of section 287 and need not be alleged in an indictment charging a violation of that statute.[2]  See United States v. Logan, 250 F.3d 350, 358 (6th Cir. 2001); United States v. Nash, 175 F.3d 429, 433-34 (6th Cir. 1999); United States v. Upton, 91 F.3d 677, 684-685 (5th Cir. 1995); United States v. Taylor, 66 F.3d 254, 255 (9th Cir. 1995); United States v. Elkin, 731 F.2d 1005, 1009 (2d Cir. 1984); Irwin, 654 F.2d at 682.  Failure to report "substantial amounts of income" to the IRS is "material" as a matter of law. See United States v. Zvi, 168 F.3d 49, 59 (2d Cir. 1999).

That a scheme is obvious and easily detectable does not render false claims immaterial. See Nash, 175 F.3d at 434 (noting that such a defense would render the taxpayer with an ill-gotten refund if his scheme worked, yet allow him to claim immateriality if he got caught).  A false statement is material if it has "a natural tendency to influence or [is] capable of influencing, the decision of the decisionmaking body to which is was addressed."  Neder v. United States, 527 U.S. 1 (1999).   Any claim for recovery of money against the United States involves a material statement.  See United States v. Foster, 229 F.3d 1196 (5th Cir. 2000).

---

[2]The Circuits are split on this issue.  For example, the Eighth Circuit has held that although materiality is an element of the crime, it is an issue for the trial judge to handle as a question of law.  See United States v.  Pruitt, 702 F.2d 152, 155 (8th Cir. 1983).  The Eleventh Circuit, on the other hand, has held that the issue is for the trial judge to decide, even assuming it is an element of the offense.  See United States v.White, 27 F.3d 1531, 1535 (11th Cir. 1994).  The Fourth Circuit has stated, in dictum, that materiality is an element of section 287.  See United States v.Snider, 502 F.2d 645, 652 n.12 (4th Cir. 1974).

2.    <u>Tax Evasion</u>

Counts three through five charge defendant with tax evasion in violation of Title 26, United States Code, Section 7201.  In order to convict a defendant of tax evasion the United States must prove the following elements:

      A.    An attempt to evade or defeat a tax or the payment thereof, and;

      B.    An additional tax due and owing, and;

      C.    Willfulness.

<u>See</u> 26 U.S.C. § 7201; <u>Sansone v. United States</u>, 380 U.S. 343, 351 (1965);  <u>United States v. Hogan</u>, 861 F.2d 312, 315 (1st Cir. 1988);  <u>United States v. Sorrentino</u>, 726 F.2d 876, 879 (1st Cir. 1984).

      A.    <u>An Attempt to Evade or Defeat A Tax</u>

Section 7201 expressly provides that the attempt to evade a tax can be carried out "in any manner."  Any affirmative act, "the likely effect of which would be to mislead or to conceal," may constitute an affirmative act of evasion.  <u>United States v. Spies</u>, 317 U.S. 492, 499 (1943). "Any conduct," even an activity that would otherwise be legal, can constitute an affirmative act supporting  a section 7201 conviction, so long as it is carried out with an the intent to mislead the Internal Revenue Service.  <u>See</u> <u>Sansone</u>, 380 U.S. at 351;  <u>United States v. Waldeck</u>, 909 F.2d 555, 559 (1st Cir. 1990) (filing Fifth Amendment returns and filing false IRS Forms W-4 are affirmative acts of evasion); <u>United States v. Daniels</u>, 617 F.2d 146, 148-49 (5th Cir. 1980) (collecting cases establishing affirmative acts of evasion); <u>United States v. Harris</u>, 2006 WL 2882711 (D.D.C. 2006)(unpublished)(discussing cases that held that filing a false Form W-4 constitutes an affirmative act of evasion).

6

Courts have uniformly held that filing a false Form W-4 constitutes an affirmative act of evasion.  See, e.g., Waldeck, 909 F.2d at 559;  United States v. DiPetto, 936 F.2d 96 (2d Cir. 1991);  United States v. Williams, 928 F.2d 145 (5th Cir. 1991);  Harris, 2006 WL at *3 (unpublished).

        B.     Tax Due and Owing

In addition to proving that defendant committed an affirmative act of evasion, the government must also prove that defendant attempted to evade an amount of tax.  The government need not prove the precise amount of tax due and owing, just that some income tax was owed by defendant as a result of the attempted evasion.  See United States v. Johnson, 319 U.S. 503, 517-18 (1943) (to require meticulous proof would be tantamount to holding that skillful concealment is an invincible barrier to proof);  United States v. Mounkes, 204 F.3d 1024, 1028 (10th Cir. 2000); United States v. Citron, 783 F.2d 307, 315 (2d Cir. 1986) (upholding "open-ended" 7201 indictment that did not allege precise amounts of unreported income or tax due); United States v. Costello, 221 F.2d 668, 675 (2d Cir. 1955).

        C.     Willfulness

Willfulness, in the criminal tax context, is simply the "voluntary, intentional violation of a known legal duty."  Cheek v. United States, 498 U.S. 192, 201 (1991); See also United States v. Pomponio, 429 U.S. 10, 12 (1976)(per curiam); United States v. Grunewald, 987 F.2d 531 (8th Cir. 1993).  Willfulness is determined by a subjective standard; therefore, the inquiry must necessarily focus on the knowledge of the defendant.  See id.  Although willfulness is not judged according to a reasonable person standard, the jury may nonetheless "consider the reasonableness of the defendant's asserted beliefs in determining whether the belief was honestly or genuinely

held." Id.

Willfulness is most effectively viewed in two parts: (1) that a defendant knew of his obligations under the tax laws, and (2) he intentionally violated the law. There is no requirement that a defendant act with a "bad purpose" or "evil motive." Pomponio, 429 U.S. at 12; United States v. Kelley, 539 F.2d 1199, 1204 (9th Cir. 1976).

Since direct proof of a defendant's state of mind or intent is rarely available, willfulness typically is established by circumstantial evidence and inferences drawn therefrom. See United States v. Bussey, 942 F.2d 1241, 1248 (8th Cir. 1991); United States v. Conforte, 624 F.2d 869, 875 (9th Cir. 1980). In this case, the finder of fact will be asked to draw the essential inference of willfulness from all of the facts and circumstances established by the evidence.

In determining a defendant's willfulness, evidence of the following may be considered:

i.      Filing and Taxpaying History

The United States intends to present evidence as to the filing and taxpaying history of the defendant. Prior taxpaying history is relevant to a defendant's subsequent failure to file or evasion of taxes. See United States v. Daniel, 956 F.2d 540, 543 (6th Cir. 1992). A pattern of filing returns followed by failure to file (like the pattern the Government will prove in the present case) is evidence of willfulness. See United States v. Fingado, 934 F.2d 1163, 1168 (10th Cir. 1991); United States v. Mahney, 949 F.2d 1397 (6th Cir. 1991) (previous payment of taxes relevant); United States v. Middleton, 246 F.3d 825, 836-37 (6th Cir. 2001) (history of filing returns with subsequent pattern of not filing returns evidence of willfullness).

A pattern of non-compliance with the tax laws, as distinguished from an isolated instance, provides particularly strong support for the inference of willfulness. See United States v.

Schaefer, 4 F.3d 679, 681 (8th Cir. 1993) (defendant failed to report all income for 1986 and

1987); United States v. Barnett, 945 F.2d 1296, 1299 (5th Cir. 1991) (quoting district court

instruction permitting jury to consider pattern of non-filing); United States v. Adcock, 558 F.2d

397, 402 (8th Cir. 1977) (willfulness may be established by a consistent pattern of not reporting

income); United States v. Marabelles, 724 F.2d 1374, 1379 (9th Cir. 1984); United States v.

Snow, 529 F.2d 224, 225 (9th Cir. 1976).  Here, the government will prove that the defendant

failed to file tax returns beginning in 2002.  Moreover, once the IRS notified the defendant that it

intended to execute a levy on defendant's bank account for the 2002 taxes that he owed, the

defendant filed a Form 1040 for the 2002 that reported his police officer wages as income.  This

clearly shows that he knew that the law required him to file tax returns reporting his income.

ii.    Notice

Regular receipt by defendant of Forms W-2 from his employer for the prosecution years

is also evidence of willfulness.  The jury may consider the Forms W-2 as reminders to the

defendant of his duty to file income tax returns since these forms are received during the period

within which tax returns are normally prepared and filed.  See United States v. Bergman, 813

F.2d 1027 (9th Cir. 1987) (Forms W-2 remind the defendant of his duty to file a tax return).

In addition to the notice the defendant received in the form of Forms W-2 from his

employer, defendant received ample notice from the IRS advising him to file correct tax returns,

to pay his taxes, and to stop filing false and frivolous documents.  These notices from the IRS

also advised the defendant that he risked criminal prosecution if he did not conform to the law.

The United States intends to present evidence of these written notices that the defendant received

from the IRS as evidence of willfulness. See United States v. Middleton, 246 F.3d 825, 836-37

9

(6th Cir. 2001)(receipt of reminder notices from the IRS and correspondence advising the defendant of the law are all evidence of willfulness).

iii.    <u>Magnitude of Income</u>

The sheer magnitude of a defendant's income during the prosecution years also may imply willfulness, as opposed to innocent oversight or error. <u>See</u> <u>Conforte</u>, 624 F.2d at 875. During the prosecution years, the defendant earned annually from MPD between approximately $120,000 and $181,000 of income, all of which was deposited into the defendant's accounts and reported to the defendant on paystubs and Forms W-2.

iv.    <u>Defendant's Attitude Toward the IRS</u>

A defendant's attitude of disrespect and contempt towards the payment of taxes in general, and specifically towards the Internal Revenue Service, is in itself evidence of intent. <u>See</u> <u>United States v. Upton</u>, 799 F.2d 432, 434 (8th Cir. 1986) (submission to government of literature protesting tax laws probative of willfulness); <u>United States v. Grumka</u>, 728 F.2d 794, 797 (6th Cir. 1984);  <u>United States v. Farber</u>, 630 F.2d 569, 571-72 (8th Cir. 1980). Furthermore, evidence of submissions to the government, even if not overtly hostile in nature, may further establish that the defendant knew of his general obligations under the tax laws, thus fulfilling the knowledge aspect of the willfulness element. <u>Id</u>.  Here, the defendant sent to the IRS on June 16, 2003 such a document.  It was captioned, "Complaint and Private Administrative Remedy and Demand– Irving v. IRS Agent D. Parizek."

v.    <u>Deliberate Ignorance</u>

A deliberate ignorance instruction is appropriate when a defendant claims a lack of guilty knowledge, and the proof at trial supports an inference of deliberate indifference. <u>See</u> <u>United</u>

10

States v. Alston- Graves, 435 F.3d 331, 337 (D.C. Cir. 2006); United States v. Mellen, 393 F.3d 175, 181 (D.C. Cir. 2004); United States v. Reyes, 3-02 F.3d 48. 54-55 (2d Cir. 2002); United States v. Gabiele, 63 F.3d 61, 66 n.6 (1st Cir. 1995); United States v. Wisenbaker, 14 F.3d 1022, 1027 (5th Cir. 1994); United States v. Ramsey, 785 F.2d 184, 189 (7th Cir. 1986). All of the Circuits have approved deliberate ignorance instructions for a wide range of criminal offenses. See, e.g., Alston- Graves, 435 F.3d at 338 (citing cases); United States v. Bussey, 942 F.2d 1241, 1246 (8th Cir. 1991); United States v. Fingado, 934 F.2d 1163, 1166-1167 (10th Cir. 1991); United States v. Dube, 820 F.2d 886, 892 (7th Cir. 1987); United States v. MacKenzie; 777 F.2d 811, 818-19 (2d Cir. 1985); United States v. Callahan, 588 F.2d 1078 (5th Cir. 1979). These instructions, also known as "conscious avoidance," "Ostrich instructions," and "Jewell instructions," are now commonly given and commonly upheld. See United States v. Jewell, 532 F.2d 697 (9th Cir. 1976).[3]

Where, as in this case, the evidence will clearly demonstrate that defendant deliberately avoided acquiring knowledge of a fact or the law, then the jury may infer that he actually knew it and that he was merely trying to avoid giving the appearance (and incurring the consequences) of knowledge. See Alston- Graves, 435 F.3d at 337.

3.    Fraud in the First Degree - District of Columbia

The essential elements of fraud in the first degree, each of which the government must

---

[3] The Jewell instruction stated:

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.

prove beyond a reasonable doubt are as follows:

    A.    That the defendant engaged in a scheme or systematic course of conduct, and;

    B.    That he did so with the intent to defraud someone, or obtain property of another by means of a false or fraudulent pretense, representation or promise, and;

    C.    That, as a result of that scheme or systematic course of conduct, the defendant obtained property of another or caused another to lose property, and;

    D.    That the property lost, or obtained, had a value of $250 or more. [4]

A scheme is any pattern of behavior calculated to deceive persons of ordinary prudence and comprehension. A systematic course of conduct is a pattern of activity. The conduct need not exist over any extended period of time, however, there must be more than an isolated act.[5] To act with intent to defraud reflects the common law definition: an intent to obtain property by a false or fraudulent pretense, representation or promise. See Blackledge v. United States, 447 A.2d 46, 49 (D.C. 1982). An intent to defraud is ordinarily accompanied by a desire or purpose to cause some loss or benefit to oneself or some other person. See 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 16.07 (5th Ed. 2000). A showing of reckless indifference for the truth will support a charge of fraud. See Criminal Jury Instructions for the District of Columbia (2007), 4.41 comment; United States v. Frick, 588 F.2d 531 (5th Cir. 1979); United

---

[4] The degrees of fraud differ in that First Degree Fraud requires reliance, i.e., that property be gained or lost as a result of the fraud, whereas second degree fraud does not. The lesser included offense of Second Degree Fraud requires: (a) that the defendant engaged in a scheme or systematic course of conduct, and; (b) that he did so with the intent to defraud someone or obtain property of another by means of a false or fraudulent pretense, representation or promise, and; (c) that the property that was the object of the scheme or systematic course of conduct had a value of $250 or more.

[5] See Criminal Jury Instructions for the District of Columbia, (4th ed. Revised 2007) Form Instruction 4.41.

States v. Amrep Corp., 560 F.2d 539 (2d Cir. 1977); United States v. Love, 535 F.2d 1152 (9th Cir. 1976).

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important aspect of the matter in question. The term includes an actual, direct false statement, a half truth, and a knowing concealment of a fact that is material or important to the matter in question. See 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 16.07 (5th Ed. 2000). The defendant must have known that the statement or assertion was untrue when he made or used it, or have made or used it with reckless indifference as to whether it was, in fact, true or false.

Property of another means anything of value owned by someone other than the defendant. To determine the value of the property lost, DC law aggregates the amount of loss resulting from the wrongful conduct. See D.C. Code § 22-3802 (1981).

The defendant's conduct in 2003 included the filing a false D-40 with the DC Office of Tax and Revenue, which falsely reported zero wages earned in 2002 and a refund due of $10,534. After the defendant filed that false claim for a refund he filed a series of false Forms D-41 with DC Office of Tax and Revenue that falsely reported the existence of the "Michael C Irving" trust. The defendant falsely claimed that this "trust" earned MPD wages and paid "management fees" to Michael Irving. The 2000 D-41 for the fictitious trust falsely claimed a refund of $12,490, the 2001 D-41 for the fictitious trust falsely claimed a refund of $12,523 and the 2002 D-41 for the fictitious trust falsely claimed a refund of $10,534. The defendant attached federal Forms 1041 to each of the three false Forms D-41. These false Forms 1041 collectively claimed refunds of more than $100,000 from the United States Treasury. Moreover, during the

13

same time period that the defendant filed these false Forms D-41 and 1041, the defendant filed

false and untruthful Forms D-4 Employee Withholding Allowance Certificate, signed under

penalty of perjury, which claimed that defendant was "exempt" from any income tax

withholding. By submitting these false Form to his employer, he caused the cessation of

individual income tax withholding from his paycheck. This systematic course of conduct was a

scheme intended to defraud the District of Columbia by evading his DC tax responsibilities. As

a result of this scheme to defraud the District of Columbia, the defendant in fact obtained from

the more than $250 in withheld tax revenue to which DC was entitled and which he should have

paid over to the DC government.

    4.    <u>Attempt to Evade or Defeat Tax - District of Columbia</u>

Counts Seven through Nine charge defendant with attempted tax evasion of the individual

income taxes that he owed to the District of Columbia for 2003 through 2005, in violation of DC

Code section 47-4101. That Code sections states:

> a person who willfully attempts in any manner to evade or defeat a tax, or the payment
> thereof, imposed by this title shall, in addition to other penalties provided by law, be
> guilty of a felony in the tax evaded or attempted to be evaded exceeds $10,000, and upon
> conviction thereof, shall be fined not more than $10,000 or three times the amount of the
> tax evaded or attempted to be evaded, whichever is greater, or imprisoned not more than
> ten years, or both, together with the costs of prosecution.

<u>See</u> §47-4101.

In order to prove that the defendant attempted to evade his District of Columbia taxes, the

United States must prove beyond a reasonable doubt:

    A.    An attempt to evade or defeat a tax or the payment thereof, and;

    B.    An additional tax due and owing in the amount of $10,000 or more, and;

14

C.    Willfulness

In giving effect to the construction and enforcement of this section of the D.C. Code, section 47-4109(b) instructs:  the provisions of this chapter may be construed, to the extent applicable, with reference to analogous provisions contained in sections 7201, 7202, 7203, 7204, 7205, 7206, 7212 and 7215 of the Internal Revenue Code of 1986, approved October 22, 1986 (100 Stat. 2085; 26 U.S.C. § 1 et seq.).  See  D.C. Code, section  47-4109(b).

III.    **Other Issues**

1.    Reliance on Tax preparer

In order to claim successfully third-party reliance, a defendant must show that he truthfully and completely: (1) disclosed all relevant facts to the preparer or accountant, and; (2) in good faith relied on the preparer's or accountant's advice.  See United States v. Masat, 948 F.2d 923, 930 (5th Cir. 1991); United States v. Wilson, 887 F.2d 69, 73 (5th Cir. 1989); United States v. Michaud, 860 F.2d 495, 500 (1st Cir. 1988);  United States v. Samara, 643 F.2d 701, 703-704 (10th Cir. 1981); Pomponio, 563 F.2d at 662.  In other words, "to avail himself of the defense, a defendant must demonstrate that he provided full information to the preparer and then filed a return without having reason to believe it was incorrect."  United States v. Charroux, 3 F.3d 827 at 831 (5th Cir. 1993)(citation omitted).  Good faith reliance on third parties is an issue to be determined by the jury.  See United States v. Meyer, 808 F.2d 1304, 1306 (8th Cir. 1987).  Where there is no evidentiary basis for a reliance defense, a defendant is not entitled to a jury instruction explaining the reliance defense.  See United States v. Evangelista, 122 F.3d 112, 118 (2d Cir. 1997).

A defendant who knew that the numbers reported on the return were inaccurate cannot

claim to have blindly relied on a preparer. See United States v. Ford, 184 F.3d 566, 579 (6th Cir. 1999). "A jury may permissibly infer that a taxpayer read his return and knew its contents from the bare fact that he signed it." Id. Moreover, this defense may not be asserted regarding certain information, such as the tax filing deadline, which is common knowledge. See United States v. Boyle, 469 U.S. 241, 251-52 (1985).

The defendant's education, sophistication, and degree of reliance are relevant to a reliance defense. See United States v. Estate Preservation Services, 202 F.3d 1093, 1103 (9th Cir. 2000) (defense unavailable to a physicist who received training in taxation). Most notably, a defendant who seeks advice, but chooses to: (1) ignore advisors skeptical as to the legality of defendants statements, and (2) follow the advice of others who "unquestioningly agree[d] to further his scheme" will not succeed in asserting third-party reliance as a defense. See Estate Preservation Services, 202 F.3d at 1103.

    2.    Summary Witness and Summary Charts

To assist the jury in the examination of the evidence that will be introduced to prove the charges in the indictment, the United States intends to introduce summary charts and schedules, and the testimony of summary witnesses. The summary witnesses will testify regarding the calculation of defendant's income during the prosecution years, and the return filing consequences thereof. It is well established that testimony by an IRS agent "which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence." Windfelder, 790 F.2d at 581; see also United States v. Townsend, 31 F.3d 262, 270 (5th Cir. 1994); United States v. Shyres, 898 F.2d 647, 656 (8th Cir. 1990); United States v. West, 58 F.3d 133, 135 (5th Cir. 1995).

Summary schedules, charts, and correlating expert testimony are all permissible, and recommended, where, as here, the underlying records relied upon are voluminous and cannot conveniently be examined by the court, and the summaries and opinion of an expert in tax computation can be helpful to the trier of fact.  See Fed. R. Evid. 611, 702 and 1006; see also Fed. R. Evid. 615 (The Government will request that summary experts not be excluded during trial because their presence is essential to the presentation of the Government's case).  To prove tax loss, the summary witness must prepare tax returns on behalf of defendant relying upon evidence introduced at trial, and records admitted pursuant to Federal Rule of Evidence 902(11). The defense has copies of these summaries.  Defense is also in possession of the underlying documents supporting the charts.

       3.     Demonstrative Aids

The United States may seek permission of the Court to use certain demonstrative aids at trial.  The United States intends to use timelines and enlargements of evidence as pedagogical devices.  Any pedagogical device is intended only as an illustrative tool; the government will not move it into evidence.  Use of such exhibits is consistent with local custom, subject to the discretion of the Court.  Trial courts have discretion to permit counsel to employ pedagogical device summaries to clarify and simplify testimony or other information and evidence or to assist counsel in the presentation of argument to the court or the jury.

       4.     Internal Revenue Service and DC Office of Tax and Revenue Documents

The United States will offer documents from Internal Revenue Service Centers and the DC Office of Tax and Revenue.  These documents will include:  (1) Certified income tax returns which are admissible under Fed. R. Evid. 803(6), 803(8) and 902, and 26 U.S.C. Section 6064;

(2) certified transcripts of account which are self-authenticating and admissible pursuant to Fed. R. Evid. 803(6) and 902(4); (3) Certificates of lack of records, which reflect that there is no record of the timely filing of returns for various years, which are admissible under Fed. R. Evid. 803(10), and; (4) Certificates of assessment and payments and correspondence, which are admissible pursuant to Fed. R. Evid. 803(8) and 1005.  See Moore v. United States, 254 F.2d 213, 216 (5th Cir. 1958); Holland v. United States, 209 F.2d 516, 520 (10th Cir. 1954).

An IRS and DC OTR representative will testify about automatically generated notices sent to the defendant regarding the need to file tax returns and pay taxes due, notices regarding documents sent to the IRS by the defendant, and notices regarding the unlawful nature of certain tax protestor positions taken by defendant.

5.    Self-Authenticating Business Records

The United States intends to introduce voluminous business records of defendant without testimony of a custodian pursuant to Fed R. Evid. 902(11).  The United States has provided defendant copies of the records and written notice as required under Rule 902(11) and has received no objections.  Accordingly, these records are admissible without a custodian pursuant to Fed R. Evid. 803(6), 902(11) and 104(a).

**IV.    Conclusion**

The foregoing is a summary of the violations of law charged and some of the issues that may arise at trial.  Should any legal issues arise that are not covered in this trial brief, the Government respectfully requests leave to submit further memoranda as necessary to assist the Court.

Respectfully submitted,

NATHAN J. HOCHMAN
Assistant Attorney General
Tax Division

By:    s/Karen E. Kelly
Karen E. Kelly
VA Bar No. 35403
Michael P. Ben'Ary
VA Bar No. 46658
601 D Street, NW
Washington, DC 20530
(202) 616-3864

19