# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **07-CR-107 (PLF)** |
| **v.** | ) | **Judge Paul L. Friedman** |
| | ) | |
| **MICHAEL C. IRVING** | ) | |

## MOTION TO RECONSIDER AND CLARIFY PRIOR RULING ON DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM INQUIRING INTO SPECIFIC INSTANCES OF ALLEGED PRIOR CONDUCT

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby moves the Court to reconsider and clarify its prior ruling on his Motion *in limine* to Preclude the Government From Inquiring into Specific Instances of Alleged Prior Conduct (Dkt. No. 35). That ruling also dealt with the related Government's Notice of Intent to Cross-Examine Defendant and Character Witnesses as to Specific Instances of Conduct Probative of Defendant's Truthfulness (Dkt. No. 34). This motion is based upon *United States v. Whitmore,* 384 F.3d 836 (D.C.Cir. 2004); *United States v. Davis,* 183 F.3d 231 (3rd Cir.

1999), which the D.C. Circuit quoted with approval in *Whitmore;* and upon the other cases cited in the accompanying Memorandum in support of this Motion.  Grounds for this Motion are more fully set forth in the accompanying Memorandum.

Date:  April 25, 2008                                        Respectfully Submitted,

                                                             Schertler & Onorato, LLP

                                                             _____/s/_____
                                                             David Schertler (DC Bar #367203)
                                                             David Dickieson (DC Bar #321778)
                                                             601 Pennsylvania Avenue, NW
                                                             North Building, 9th Floor
                                                             Washington, DC 20004
                                                             Telephone: (202) 628-4199
                                                             Facsimile: (202) 628-4177

                                                             *Counsel for Defendant, Michael C. Irving*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2008, a copy of the foregoing motion, together with the accompanying Memorandum in support of that Motion and a proposed Order, were served via electronic service upon:

Karen E. Kelly, Esq.
Michael P. Ben'Ary, Esq.
United States Department of Justice
Tax Division
600 E Street, NW
Room 5613
Washington, DC 20004

                                                             _____/s/_____
                                                             David H. Dickieson

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                           |
|------------------------------|---|---------------------------|
| UNITED STATES OF AMERICA     | ) |                           |
|                              | ) | **07-CR-107 (PLF)**       |
|                              | ) |                           |
| v.                           | ) | **Judge Paul L. Friedman** |
|                              | ) |                           |
|                              | ) |                           |
| MICHAEL C. IRVING            | ) |                           |
|                              | ) |                           |

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER AND CLARIFY
PRIOR RULING ON DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE
GOVERNMENT FROM INQUIRING INTO SPECIFIC INSTANCES OF ALLEGED
PRIOR CONDUCT**

COMES NOW the Defendant, Detective Michael C. Irving, by and through his undersigned counsel, and hereby submits this Memorandum in Support of his Motion to Reconsider and Clarify the Prior Ruling on his Motion *in limine* to Preclude the Government From Inquiring into Specific Instances of Alleged Prior Conduct (Dkt. No. 35). For the reasons discussed herein, Detective Irving respectfully requests that the Court modify its prior ruling to make clear that the government may not mention, in cross-examining Det. Irving or his character witnesses, or in any other manner, the fact that an investigator from MPD's Internal Affairs Division ("IAD") concluded that Det. Irving had lied to her.

**BACKGROUND**

On October 18, 2007, the Court entered a Minute Order incorporating its rulings on Det. Irving's Motion *in Limine* to Preclude the Government from Inquiring Into Specific Instances of Alleged Prior Conduct (Dkt. No. 35), and on the related Government's Notice of Intent to Cross-Examine Defendant and Character Witnesses as to Specific Instances of Conduct Probative of Defendant's Truthfulness (Dkt. No. 34). In that Minute Order, the Court ruled that "if Mr. Irving

testifies, the government will be permitted to question him with regard *to the conclusion of the investigating [IAD] agent* that Mr. Irving violated" MPD policy.  Minute Order (emphasis added).  The Court also ruled that the government could "cross-examine the defendant's character witnesses as to Mr. Irving's truthfulness *based on the [IAD] agent's conclusion* . . ." *Id.* (emphasis added).

Det. Irving asks that the Court reconsider and clarify its prior ruling to the extent that that ruling permits the government to mention – either in its questions to Det. Irving or to his character witnesses, or in any other manner – that the IAD investigator concluded that Det. Irving had lied to her.  As discussed below, that type of questioning is prohibited by caselaw from this Circuit and by FRE 608.

## DISCUSSION

Det. Irving cited, in the initial briefing of this issue late last year, the case of *United States v. Whitmore,* 359 F.3d 609 (D.C.Cir. 2004) ("*Whitmore I*").  Neither party cited or discussed, however, a later ruling in that same case, *United States v. v. Whitmore,* 384 F.3d 836 (D.C.Cir. 2004) ("*Whitmore II*").  *Whitmore II* bears directly on the issues presented here and, therefore, Det. Irving is seeking the Court's reconsideration and clarification of its Minute Order.

In *Whitmore I,* the D.C. Circuit found that the trial court had abused its discretion in not permitting Whitmore sufficient leeway in his cross-examination concerning the prior conduct of MPD Officer Soto, one of the arresting officers in that case.  The government moved for rehearing.  In its petition for rehearing, the government "question[ed] . . . the extent to which Whitmore may cross-examine [Officer] Soto regarding [his] prior testimony on retrial in light of the prohibition contained in Federal Rule of Evidence 608(b) against using 'extrinsic evidence' to establish '[s]pecific instances of the conduct of a witness, for the purpose of attacking or

supporting the witness' character for truthfulness.'" *Whitmore II* at 836. The government conceded that it had not previously briefed the issue of whether the proposed cross-examination of Officer Soto was precluded by Rule 608(b). *Id.* "Nevertheless, [the government] now draws our attention, for the first time, to an Advisory Committee note to Rule 608(b) that became effective after oral argument" in Whitmore's appeal. *Id.* Despite the government's failure to raise the issue prior to its petition for rehearing, the D.C. Circuit found in *Whitmore II* that it was "appropriate for us to call the district court's attention to the new Advisory Committee note because that note would apply to the scope of cross examination on retrial." *Id.* at 837.

In discussing Rule 608(b) and the then-recent Advisory Committee Note, the D.C. Circuit relied on *United States v. Davis,* 183 F.3d 231, 257 n.12 (3rd Cir. 1999). *Whitmore II* at 836. As shown by the following quote from *Whitmore II*, Rule 608(b) prohibits *any* reference by the government to the IAD investigator's conclusion that Det. Irving lied to her. That prohibition has two bases: 1) Rule 608(b)'s prohibition against extrinsic evidence; and 2) the rules governing hearsay. *Id.* Given the controlling nature of the ruling in *Whitmore II* to the issue presented here, it is quoted at length:

> It should be noted that the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness. *See United States v. Davis,* 183 F.3d 231, 257 n.12 (3d Cir. 1999) (emphasizing that in attacking the defendant's character for truthfulness, "the government may not make reference to Davis's forty-four day suspension *or that Internal Affairs found that he lied about*" an incident because "[s]uch evidence would not only be hearsay to the extent it contains an assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)"). *See also* Stephen A. Saltzburg, *Impeaching the*

>    *Witness:  Prior Bad Acts and Extrinsic Evidence,* 7 Crim.
>    Just. 28, 31 (Winter 1993) ("*counsel should not be
>    permitted to circumvent the no-extrinsic-evidence provision
>    by tucking a third person's opinion about prior acts into a
>    question asked of the witness who has denied the act*.").

*Id.* (emphasis added).

Indeed, the footnote from the Third Circuit's decision in *Davis,* which is quoted with

approval in *Whitmore II,*  sheds further light on why Rule 608(b) prohibits the government from

mentioning the IAD investigator's conclusion that Det. Irving lied to her:

>    This does not suggest that the government may introduce
>    . . . documentation of the Internal Affairs determination that
>    [Defendant Officer] Davis lied about the subway-pass
>    incident. . . .  *More precisely, the government cannot make
>    reference to [the fact] . . . that Internal Affairs found that
>    he lied about the subway-pass incident*.  The government
>    needs to limit its cross-examination to the *facts underlying*
>    [emphasis in original] those events.  To impugn Davis's
>    credibility, the government properly can question Davis
>    about misappropriating departmental gasoline for personal
>    use and putting a false name in a gas log, and *it may
>    question Davis about lying to an Internal Affairs officer*
>    about ripping up an individual's subway pass.  *If he denies
>    that such events took place, however, the government
>    cannot put before the jury evidence that he was . . . deemed
>    a liar by Internal Affairs*. . . .  Allowing such a line of
>    questioning not only puts hearsay statements before the
>    jury, *it injects the views of a third person into the case to
>    contradict the witness.  This injection of extrinsic evidence
>    not only runs afoul of Rule 608(b),* but also sets the stage
>    for a mini-trial regarding a tangential issue of dubious
>    probative value that is laden with potential undue prejudice.

*Davis,* 183 F.3d at 257 n.12 (emphasis added except as noted in text).

As *Whitmore II*  and *Davis* make clear, then, the government is prohibited by Rule 608(b)

from asking either Det. Irving, or his character witnesses, anything about the IAD investigator's

conclusion that Det. Irving had lied to her.  That same conclusion is compelled by *United States

v. Lopez,* 944 F.2d 33, 37-38 (1st Cir. 1991), which our own Circuit cited with approval in *United*

*States v. Bowie,* 198 F.3d 905, 910 (D.C. Cir. 1999). In *Bowie,* the court uses a hypothetical "transcript" to illustrate its point concerning "how far could cross-examination go in destroying [an MPD Officer's] credibility?" *Id.* at 909. The officer at issue in *Bowie* had been found, by another judge in another hearing, to have been less credible than defense witnesses testifying on the same issue. As a result, the officer was under investigation by MPD's IAD. *Id.* at 908.

In this context, the D.C. Circuit sets forth its hypothetical "transcript," in which – when the defense lawyer tries to impeach the officer with the other judge's finding concerning the officer's credibility – the government objects, arguing, *inter alia,* that "[w]hat a judge in another, totally unrelated proceeding thought about this witness has no bearing on this case. Putting that information before the jury tends to usurp their fact finding function." *Id.* at 910.

The Circuit then has the trial court in the hypothetical transcript rule as follows:

> **The Court:** Objection sustained. The jury will disregard the question. [*See United States v. Lopez,* 944 F.2d 33, 38 (1st Cir. 1991) (holding that "the credibility assessment made by the presiding judge at an unrelated trial would have entailed a grave risk that the jury might abrogate its exclusive responsibility to determine the credibility of the testimony given by the officer at appellant's trial"); *see also* Fed.R.Evid. 608(a) (providing that opinion evidence attacking the credibility of a witness must be limited to character for untruthfulness).]

*Id.* (bracketed text in original).

Interestingly, in *Lopez,* the "district court . . . concluded that there was little utility in permitting the officer to be asked whether he had given untruthful testimony at the other trial, since no extrinsic evidence could be introduced to rebut his anticipated denial," citing FRE 403 and 608(b). *Lopez,* 944 F.2d at 38. The First Circuit found no abuse of discretion in the trial court's ruling in that regard. *Id.*

If, as in *Bowie* and *Lopez*, a trial judge's assessment of a witness' credibility in another proceeding should be excluded from evidence, then certainly the same should apply – with even more force – to the conclusion of a police investigator employed by the IAD.  Under *Whitmore II, Davies, Bowie* and *Lopez,* it is clear that the government should be prohibited from any mention or use of the IAD investigator's conclusions concerning Det. Irving's credibility.  To the extent the Minute Order appears to permit otherwise, Det. Irving respectfully requests that that Order be reconsidered and clarified to prohibit the government from asking such questions of either Det. Irving or his character witnesses, or from mentioning it in any other manner during the trial of this case.

## CONCLUSION

For the reasons discussed herein, and in compliance with the cases discussed herein*,* Det. Irving respectfully requests that the Court reconsider and clarify its October 18, 2007 Minute Order so that it is clear that the government is prohibited from any mention of the IAD investigator's conclusion that Det. Irving lied to her, whether through cross-examination or otherwise.

Date:  April 25, 2008                                   Respectfully Submitted,

Schertler & Onorato, LLP

_____/s/_____
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **07-CR-107 (PLF)** |
| **v.** ) | **Judge Paul L. Friedman** |
| ) | |
| **MICHAEL C. IRVING** ) | |

## **PROPOSED ORDER**

Based upon the Defendant's Motion to Reconsider and Clarify Prior Ruling on Defendant's Motion *in Limine* to Preclude the Government From Inquiring Into Specific Instances of Alleged Prior Conduct ("Motion"), and the government's response thereto, and being familiar with the file and the applicable law,

IT IS HEREBY ORDERED THAT the Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED THAT the government shall make no mention in cross-examination of the Defendant, or of his character witnesses, or in any other manner, of the fact that an investigator from the Metropolitan Police Department's Internal Affairs Division found that the Defendant had lied to her.

SO ORDERED.


_____                    _____
Date                                       The Honorable Paul L. Friedman
                                           US District Court Judge