IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

**DEFENDANT'S MOTION *IN LIMINE* FOR A FINDING THAT A DEFENSE WITNESS HAS WAIVED ANY FIFTH AMENDMENT RIGHTS AS A RESULT OF HIS TESTIMONY BEFORE THE GRAND JURY IN THIS CASE**

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby moves the Court to find that a Defense Witness, Det. Darryl Richmond, has waived any Fifth Amendment rights because of his grand jury testimony on the same issues that Defendant intends to question him about. Grounds for this Motion are that Det. Richmond has indicated, through his counsel, that he intends to assert his Fifth Amendment rights as a basis for not testifying at the trial of this matter, as more fully set forth in the accompanying Memorandum. This Motion is based upon the Fifth and Fourteenth Amendments to the Constitution of the United States.

Date: April 28, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

/s/
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2008, a copy of the foregoing motion, together with the accompanying Memorandum in support of that Motion and a proposed Order, were served via electronic service upon:

Karen E. Kelly, Esq.
Michael P. Ben'Ary, Esq.
United States Department of Justice
Tax Division
600 E Street, NW
Room 5613
Washington, DC 20004

The same were also served via First-class mail, postage pre-paid, upon the following:

Richard Seligman, Esq.
Law Office of Richard Seligman
514 10th Street, N.W., 9th Floor
Washington, DC  20004

                                         /s/
                                    David H. Dickieson

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|  | ) 07-CR-107 (PLF) |
|  | ) |
| v. | ) Judge Paul L. Friedman |
|  | ) |
|  | ) |
| MICHAEL C. IRVING | ) |
|  | ) |

**MEMORANDUM SUPPORTING DEFENDANT'S MOTION *IN LIMINE* FOR A FINDING THAT A DEFENSE WITNESS HAS WAIVED ANY FIFTH AMENDMENT RIGHTS AS A RESULT OF HIS TESTIMONY BEFORE THE GRAND JURY IN THIS CASE**

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby submits this Memorandum in support of his Motion *in Limine* for a Finding That a Defense Witness has Waived any Fifth Amendment Rights as a Result of his Testimony Before the Grand Jury in This Case ("Motion"). For the reasons discussed below, he respectfully requests that the Court rule that Det. Darryl Richmond has waived his Fifth Amendment rights and cannot, therefore, assert them as a basis for not testifying in the trial of this matter.

**BACKGROUND**

Defendant has subpoenaed one of his MPD colleagues, Det. Darryl Richmond, as a witness for the defense in the trial of this matter. On April 21, 2008, undersigned counsel received an e-mail from Richard Seligman, Esq., Det. Richmond's lawyer. In that e-mail, Mr. Seligman asserts, on behalf of Det. Richmond, that if the Defendant calls Det. Richmond as a witness, "be advised that he will take the 5th Amendment." April 21, 2008 e-mail from Richard Seligman to David Schertler and David Dickieson.

On a date unknown to the defense, however, Det. Richmond was called by the government as a witness in the grand jury's investigation of this matter. The government has provided a partial and redacted copy of a portion of Det. Richmond's grand jury testimony in this case. That transcript reflects that Det. Richmond was advised of his Fifth Amendment rights near the outset of his appearance before the grand jury. Mr. Ben'Ary, one of the government's attorneys here, advised Det. Richmond as follows:

> Q: It's fair to say that as a detective with the MPD you have experience in dealing with grand juries. Is that right?
>
> A: That's correct.
>
> Q: And you are familiar with rights that witnesses in front of grand juries have as part of your job, because you deal with cases that get investigated using grand juries. Is that right?
>
> A: That's correct.
>
> \* \* \* \* \*
>
> Q: Okay. As, as I said, you are here as a witness in a federal tax investigation. You're not a subject of the investigation. You're not a target. You're just here as a witness. You understand that, don't you?
>
> A: Yes.
>
> Q: And as a witness, you have several rights. The first and, and one of the most important rights is that you have a Fifth Amendment right. That is to say that if an honest answer to any of my questions would somehow lead you to give an answer that's incriminating to yourself, you can say I'm not going to answer that question under the Fifth Amendment. Do you understand that?
>
> A: Yes.
>
> Q: Do you understand that the Fifth Amendment applies to information that is incriminating to you, not

2

>    information that's incriminating to other people[?]  You understand that, right?
>
>    A:    Yes.

Transcript of grand jury testimony of Darryl Richmond (date unknown) at pp. 2 – 4.

Later in that same grand jury appearance, the following colloquy occurs between Mr. Ben'Ary and Det. Richmond:

>    Q:    Okay. Did, did you recall any conversations with Detective [Eugene] Lonon, either when you were partners or, or at another time, when he discussed taxes with you?
>
>    A:    Yes.
>
>    Q:    Okay. Can you tell us about that conversation?
>
>    A:    Well, Eugene had, had been going to like meetings or seminars or something about taxes. I think he said he went out [to] Phoenix. He went to – or Arizona somewhere and I don't, I don't – it's been a while, so I don't remember everything about it.
>
>    Q:    Sure.
>
>    A:    But it was basically that we didn't have to pay taxes because of A, B, and C, and it was court law that supported and stuff like that but, you know, he had pamphlets and tapes and all that stuff.
>
>                         * * * * *
>
>    Q:    Okay. What was your impression of the literature and, and what Detective Lonon was telling you with respect to the notion that you didn't have to pay taxes?
>
>    A:    Well, I mean it appeared, it appeared legit. I mean, I mean he had court cases, U.S. versus, you know, whoever – I don't remember the court cases now. But he had U.S. – he had court cases, and I remember he had transcripts from the cases, from the case law. I didn't sit down and read all the, you know, transcripts –
>
>    Q:    Sure.

>A:    – but I mean, you know, it was something that – I mean it was a while back.  It was something that he had talked to me about, you know, so my impression was, you know, that it could be legit, yeah.
>
>                              \* \* \* \* \*
>
>Q:    After reading the pamphlets or – and speaking with Detective Lonon did, did you have a belief that somehow citizens weren't responsible for paying taxes every year?
>
>A:    Yeah, I did.

*Id.* at 16 – 19.

Although it does not appear in the portions of the grand jury transcript that the government has provided thus far, the government has told the undersigned, and stated in open court at last week's status hearing, that Det. Richmond testified during his grand jury appearance that he filed the same tax return forms, and signed the same exemption forms that he provided to MPD, his employer, as Defendant Irving is accused of having filled out and filed.  Whereas Defendant Irving has been charged criminally, Det. Richmond has not.  As the evidence at trial will establish, both relied upon the advice and literature given them by the late Det. Lonon, with whom they worked on MPD's Homicide Squad.

## DISCUSSION

Under the scenario presented here, Det. Darryl Richmond has waived any Fifth Amendment rights he may have had by testifying in the grand jury about his violation of federal tax laws after he was advised, in the grand jury, of his Fifth Amendment rights.  The same holds true about any testimony Det. Richmond may have given in the grand jury about his violation of the District's tax laws.

4

In *United States v. Miller,* 904 F.2d 65 (D.C. Cir. 1990), the court reiterated, "We have held that a 'witness who voluntarily testifies before a grand jury without invoking the privilege against self-incrimination, of which he has been advised, waives the privilege and may not thereafter claim it when he is called to testify as a witness at the trial on the indictment returned by the grand jury, where the witness is not the defendant, or under indictment.'" *Id.* at 67 (quoting *Ellis v. United States,* 416 F.2d 791, 800 (D.C. Cir. 1969)). *Ellis,* in turn, further held that "a witness who volunteered incriminating answers to the Grand Jury could not invoke the privilege as to details which 'would not further incriminate.'" *Id.*, 416 F.2d at 802 (quoting *Rogers v. United States,* 340 U.S. 367, 373 (1951)).

That is the very situation presented here. Thus, Det. Richmond cannot invoke his Fifth Amendment rights at trial about these same issues to which he testified in the grand jury, after having been advised of his Fifth Amendment rights. Consequently, if Det. Richmond attempts to assert his Fifth Amendment rights during trial, as his counsel threatened last week, the Court should find that he waived those rights and should compel him to testify.

## **CONCLUSION**

For the reasons set forth above, Defendant Irving respectfully asks this Court to find that – by testifying in the grand jury after being advised of his Fifth Amendment rights – Det. Richmond has waived any Fifth Amendment rights he may have had.  Therefore, should Det. Richmond assert his Fifth Amendment rights at trial as a basis for not testifying, he should be compelled to testify about those matters to which he testified before the grand jury.

Date:  April 28, 2008                                          Respectfully Submitted,

                                                                Schertler & Onorato, LLP

                                                                    /s/
                                               David Schertler (DC Bar #367203)
                                               David Dickieson (DC Bar #321778)
                                               601 Pennsylvania Avenue, NW
                                               North Building, 9th Floor
                                               Washington, DC 20004
                                               Telephone: (202) 628-4199
                                               Facsimile: (202) 628-4177

                                               *Counsel for Defendant, Michael C. Irving*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
|  | ) **07-CR-107 (PLF)** |
| v. | ) **Judge Paul L. Friedman** |
|  | ) |
| **MICHAEL C. IRVING** | ) |

## PROPOSED ORDER

Based upon the Defendant's Motion *in Limine* for a Finding That a Defense Witness has Waived any Fifth Amendment Rights as a Result of his Testimony Before the Grand Jury in This Case ("Motion"), and the government's response thereto, and being familiar with the file and the applicable law,

IT IS HEREBY ORDERED THAT the Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED THAT – should Det. Darryl Richmond attempt to assert his Fifth Amendment rights concerning issues to which he testified before the grand jury in this case – he will be compelled to testify at trial about those matters because he waived those rights by testifying before the grand jury after having been advised of his Fifth Amendment rights in that forum.

SO ORDERED.

_____        _____
Date                                                                 The Honorable Paul L. Friedman
                                                                             US District Court Judge