UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM TO "RECONSIDER AND CLARIFY PRIOR RULING" REGARDING COURT'S RULING THAT THE FACT THAT DEFENDANT LIED IN AN INTERNAL AFFAIRS INVESTIGATION IS APPROPRIATE CROSS EXAMINATION**

The United States of America, by and through its attorneys, hereby responds and opposes defendants request for this Court to re-visit and re-consider this Court's prior ruling, made after full briefing and oral argument, regarding the Governments Notice of Intent to Cross Examine Defendant, and others, pursuant to Federal Rule of Evidence 608 (b).

On October 5, 2007, government provided notice that it intends to rely on 608(b) of the Federal Rules of Evidence to cross-examine the defendant and others about the fact that the defendant lied during an MPD Internal Affairs investigation of sexual harassment by the defendant in 2003. Rule 608(b) provides that "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." As previously noted, we are not proposing to use *extrinsic evidence*, but merely to cross-examine the defendant and others with the fact that the defendant was determined to have lied to Internal Affairs during an investigation into his conduct.

On October 18, 2007, after submission of briefs by both parties, and oral argument on the issue of "Government's Notice of Intent to Cross Examine Defendant and Character Witnesses as to Specific Instances of Conduct Probative of Defendant's Truthfulness," and Defendant's "Motion to Preclude" same, the Court ruled:

> The government will not be permitted to question Mr. Irving or his character witnesses regarding allegations that Mr. Irving unintentionally discharged his gun in 2005. With regard to the 2003 sexual harassment claim against Mr. Irving and the ensuing investigation, if Mr. Irving testifies, the government will be permitted to question him with regard to the conclusion of the investigating agent that Mr. Irving violated the Metropolitan Police Department's General Order 1201.1, Part I-b, Section B-6 [wilful dishonesty] so long as such questioning is probative of Mr. Irving's truthfulness. The prosecution may also cross-examine the defendant's character witnesses as to Mr. Irving's truthfulness based on the agent's conclusion if those witnesses testify in their direct examination about Mr. Irving's reputation for truth and veracity. The prosecution will not be permitted, however, to delve into the events underlying the allegation to the extent that such questioning would disclose prejudicial and irrelevant facts.

The defendant now seeks to revisit the issue.

**ARGUMENT**

Federal Rule of Evidence 608(b) is a rule that prohibits presenting *extrinsic evidence*, it is not a rule about asking questions. See United States v. Dawson, 434 F.3d 956, 959 (7th Cir. 2006). The issue of extrinsic evidence comes into play only after a defendant denies the fact at issue. In such a case, the government would not be able to submit extrinsic evidence to the jury. See id. at 958. Questions put to the witness are not extrinsic evidence; normally documents, other physical evidence and testimony from a witness would be extrinsic evidence. See id. at 956; United States v. Olivo, 80 F.3d 1466, 1480 (10th Cir. 1996); United States v. Whitmore, 359 F.3d 609 (D.C. Cir. 2004), rehearing denied, 384 F.3d 836 (holding that a police officer should have been cross-examined about his failure to report the suspension of his driver's

license, his failure to make child support payments, and his testimony in another proceeding where the judge opined that the officer was a liar). The judge has broad discretion to regulate the questioning under this Rule. See United States v. Holt, 486 F.3d 997, 1002 (7th Cir. 2007); Dawson, 434 F.3d at 959.

The defendant is not required to testify in his defense. However, under FRE 608, the character of any witness, including the defendant when he testifies, is subject to attack or rehabilitation. See United States v. Williams, 822 F.2d 515 (5th Cir. 1987); United States v. Haimowitz, 706 F.2d 1549 (11th Cir. 1983). When defendant testifies, his credibility may be impeached. Although he may not be cross-examined as to general character, defendant may be cross-examined as to his credibility. See United States v. Lollare, 606 F.2d 587 ( 5th Cir. 1979). Under Federal Rule of Evidence 608 (b), an adverse party may inquire into specific instances of conduct on cross-examination, at the discretion of the Court, if they are probative of a witness's truthfulness or untruthfulness.

Moreover, should defendant call character witnesses to testify regarding his character for truthfulness or honesty within the law enforcement community,[1] it is proper to permit cross-examination of those witnesses regarding knowledge of the dishonesty by defendant to the Metropolitan Police Department Office of Internal Affairs, and to probe the foundation of that witness's purported knowledge of defendant's reputation within that community. See Fed. R. Evid. 405(a); United States v. Coumaris, 399 F.3d 343, 348 (D.C. Cir. 2005). Moreover, bias or

---

[1]In obvious contrast, should he call character witnesses from some other community, say the community of hair salon owners for example, those witnesses would not be expected to be familiar with the fact that defendant lied in an MPD Internal Affairs investigation, as that is not part of their community. Accordingly, questions regarding his lies to MPD would not be appropriate as to them.

partiality of a witness is always a proper subject of cross examination.

The Court's ruling, issued on October 18, 2007 regarding the parameters of cross-examination pursuant to FRE 608(b) should stand. Accordingly, this Court should deny defendant's motion "for clarification."

Respectfully submitted,

John Marrella
Deputy Assistant Attorney General
For Criminal Matters


  s/Karen E. Kelly
Karen E. Kelly
Michael P. Ben'Ary
Trial Attorneys
Tax Division- Criminal
602 D Street NW
Washington DC 20530
Karen.e.kelly@usdoj.gov
Michael.p.ben'ary@usdoj.gov