IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

**DEFENDANT'S COMPILATION OF "GOOD FAITH BELIEF" CASES
INTERPRETING *CHEEK V. U.S.* AND RELIANCE ON A RETURN PREPARER
<u>AS AN ELEMENT OF GOOD FAITH</u>**

As ordered by this Court, the Defendant hereby responds to the Government's Trial Brief by bringing to the Court's attention to additional authority regarding Detective Michael Irving's "good faith belief" defense, or its argument that Mr. Irving may further this defense by demonstrating that he relied on the advice of others.

The Defendant hereby provides the following list of cases which interpret the critical Supreme Court case *Cheek v. United States*, 498 U.S. 192 (1991) in the District of Columbia Circuit:

1.  *United States v. Neill*, 964 F. Supp. 438 (D.DC 1997) (confirming a jury instruction which includes the following language: "Now, while the term good faith has no precise definition, it does mean, among other things, *an honest belief,* a lack of malice in the intent to perform all lawful obligations. *A person who acts on a belief or on an opinion honestly held is not punishable under these statutes merely because that honest belief turns out to be incorrect or wrong.*"

2.  *United States v. Harris*, 2006 WL 2882711 (D.DC 2006) (holding that: The government bears the burden of "**negating a defendant's claim of ignorance of the law or a**

**claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws**." Citing *Cheek v. U.S.* at 498 U.S. 192, at 202.)  This case involves the prosecution of the sister, Cassandra Harris, of the Tax Return Preparer, Stephen Harris, in the Irving case.

3.	*See also* the Court of Appeals of the District of Columbia decision in *McNeeley v. United States*, 874 A. 2d 371 (App. DC 2005) where the Court of Appeals notes that the U.S. Supreme Court held "contrary to the well-established tenet that ignorance of the law is not a defense to criminal prosecution, <u>see</u> **Cheek v. United States, 498 U.S. 192, 199, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991**), actual knowledge of the law is a prerequisite to criminal liability [in tax cases]."

A recent Ninth Circuit decision in *United States v. Cohen*, 510 F. 3d 1114 (9th Cir. 2007) also provides useful analysis regarding the boundaries of evidence that may be used in defending a tax fraud case through a good faith defense.  The Appeals Court held that the conviction must be overturned because the trial court impermissibly narrowed the scope of evidence allowed to defend on the basis of good faith.  The trial court excluded an expert witness who would testify that the Defendant "had a tendency to cling doggedly to [his] beliefs even in the face of overwhelming contradictions."  Because the Appeals Court found that such an opinion would have assisted the trier of fact in reaching a conclusion the Defendant's good faith belief that the "zero returns" were not false.  Likewise, the Defendant is entitled to wide latitude to put forth any evidence which substantiates his belief that he was not violating any legal duty.

The *Cohen* decision relied upon *United States v. Morales,* 108 F.3d 1031, 1033, and *United States v. Finley,* 301 F.3d 1000, 1016, as persuasive authority for liberal allowance of evidence showing ignorance or mistake as a means of demonstrating good faith:

> In *Morales,* the defendant was charged with willfully making false entries in a union ledger in violation of 29 U.S.C. § 439(c). 108 F.3d at 1033. At trial, a key issue was "whether her admitted bookkeeping inaccuracies were intentional or were the result of her ignorance of proper bookkeeping procedures." *Id.* at 1034. In support of her argument that the errors were not willful, Morales proffered expert testimony from a certified public accountant who would have testified regarding Morales's poor level of knowledge and understanding of bookkeeping principles. *Id.* The district court excluded the evidence under Rule 704(b) but we reversed, reasoning that the expert "was not going to state an opinion or draw an inference *1126 that Morales did not intend to make false entries. Rather, she was going to state her opinion as to a predicate matter-that Morales had a weak grasp of bookkeeping principles.... Even if the jury believed ... [the expert], the jury would still have had to draw its own inference from that predicate testimony to answer the ultimate factual question." *Id.* at 1037.
> *United States v. Cohen, supra.*

The Defense will offer testimony and evidence concerning Detective Irving's ignorance of tax law and his reliance on others who demonstrated greater knowledge and interest in taxes to rebut the Government's claim of willful violation of a known legal duty.  These legal authorities support the notion that this Court should not limit such testimony

      The Government's Trial Brief notes that "reliance on third parties," such as a tax return preparer, is a well-recognized and well-accepted defense to tax fraud.  The person relied upon does not need to be an attorney, or even a certified public accountant. *United States v. Masat*, 948 F. 2d 923 (5th Cir. 1991) confirms that reliance may be on a "tax return preparer."  Other cases which recognize the reliance on third parties defense are:

      1.    *U.S. v. Bishop*, 291 F.3d 1100, (9th Cir.,2002) where the 9th Circuit held that a defendant may claim good faith reliance on the advice of a tax professional as a defense to willfulness in cases of tax fraud and evasion so long as the taxpayer made full disclosure of all relevant information to that professional.

      2.    *See* also *United States v. Meyer*, 808 F. 2d 1304 (8th Cir. 1987)

3

3.  The *Bishop* case provides the following discussion that is pertinent to both the good faith issue and the reliance on tax preparer issue:

> More generally, willfulness is an element in all criminal tax cases. "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Cheek v. United States, 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991).
>
> [C]arrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax law. This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist.
>
> Id. at 202, 111 S.Ct. 604. The rationale behind the subjective standard in *Cheek* is to avoid criminalizing unwitting violations of the complicated and extensive tax laws.
>
> Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion. *See* United States v. Claiborne, 765 F.2d 784, 798 (9th Cir.1985), *abrogated on other grounds,* Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). "[A] defendant may rebut the Government's*1107 proof of willfulness by establishing good faith reliance on a qualified accountant after full disclosure of tax-related information." *Id.* This Court has not had occasion to establish the boundaries of this defense.
>
> The trial court considered cases from other circuits dealing with the "good faith reliance on an accountant" defense *after Cheek.* The Fifth and the Seventh Circuits have not modified the requirement that the taxpayer hand over *all* relevant information to the accountant. *See* United States v. Becker, 965 F.2d 383, 387 (7th Cir.1992); United States v. Masat, 948 F.2d 923, 930 (5th Cir.1991). The government cites these cases in support of the proposition that requiring full disclosure to establish good faith reliance on professional advice is not inconsistent with *Cheek.* The government argues that if a defendant did not make full disclosure to his accountant, then he probably did not act in good faith. The appellants protest that the subjective good faith standard of *Cheek* should modify the full disclosure traditionally required for a successful good faith reliance on professional advice defense. We agree with the Fifth and the Seventh Circuits.
>
> We hold that *Cheek* does not change the rule that a defendant claiming good faith reliance on the advice of a tax professional must have made full disclosure of all relevant information to that professional. The district court applied the correct legal standard when it found the reliance defense inapplicable

4

to defendants because they did not make full disclosures. The district court wrote, in its memorandum decision:

> I have taken into consideration the defense in this case of good faith. That is the good faith that the defendants have alleged that they had in relying upon the advice of the accountant. And I find ... that the government has proved beyond a reasonable doubt willfulness despite the defendants' defense....
>
> And I want to make clear the defendants have no burden in this case. They did not have the burden of showing good faith. The government had the burden of showing willfulness, and the government has met that burden of showing willfulness beyond a reasonable doubt despite the evidence that the defendants each presented regarding good faith reliance....
>
> The term "willfully," I find, is what has been referred to in *Cheek v. United States* ....
>
> "Willfulness as construed by our prior decisions in criminal tax cases requires the government to prove that the law imposed a duty on the defendant and that the defendant knew of this duty and that he voluntarily and intentionally violated that duty."
>
> *Bishop, supra.*

The Defendant also refers the Court to the legal analysis contained in previously filed briefs filed by the Defendant's counsel:

1. July 6, 2007 - Motion to Strike Legally Erroneous Allegations in Indictment, p. 2 – 5.

2. July 25, 2007 - Reply in Support of Pretrial Motions, p. 2 – 5.

The Defendant may supplement this brief review of "good faith" authorities, if requested by the Court or if further supplementation is warranted.

                                           Respectfully submitted,

                                                    /s/
                                          David Schertler (DC Bar #367203)
                                          David Dickieson (DC Bar #321778)
                                          Schertler & Onorato, LLP
                                          601 Pennsylvania Avenue, NW
                                          North Building, 9th Floor
                                          Washington, DC 20004
                                          Telephone: (202) 628-4199
                                          Facsimile: (202) 628-4177

                                          *Attorneys for Michael C. Irving*

Dated: April 29, 2008