UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 07-107 (PLF) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 18 U.S.C. § 287 (False Claims for |
| | : | Refund); |
| | : | 26 U.S.C. § 7201 (Tax Evasion); |
| MICHAEL C. IRVING, | : | 22 D.C. Code § 3221(a)(Fraud in the First |
| | : | Degree); |
| Defendant. | : | 47 D.C. Code § 4101(a)(Attempt to |
| | : | Evade or Defeat Tax) |
| | : | |

## SUPPLEMENT TO THE TRIAL BRIEF

COMES NOW the United States of America, by and through its undersigned counsel and files this Supplement to the Trial Brief.

## LEGAL ARGUMENTS

### I. WILLFULNESS

Willfulness is the voluntary, intentional violation of a known legal duty, Cheek v. United States, 498 U.S. 192, 201 (1991), and may be proved entirely by circumstantial evidence. See United States v. McCaffrey, 181 F.3d 854, 856 (7th Cir. 1999); United States v. Threadgill, 172 F.3d 357, 367 (5th Cir.1999); United States v. Tucker, 133 F.3d 1208, 1218 (9 th Cir. 1998); United States v. King, 126 F.3d 987, 993 (7th Cir. 1997); United States v. Rosario, 118 F.3d 160, 164 (3d Cir. 1997); United States v. Klausner, 80 F.3d 55, 62 (2d Cir. 1996); United States v. Wynn, 61 F.3d 921, 925 (D.C.Cir. 1995); United States v. Daniel, 956 F.2d 540, 543 (6th Cir. 1992); United States v. Fingado, 934 F.2d 1163, 1167 (10th Cir. 1991); United States v.

Grumka, 728 F.2d 794, 797 (6th Cir. 1984); United States v. Gleason, 726 F.2d 385, 388 (8th Cir. 1984); United States v. Schiff, 612 F.2d 73, 77-78 (2d Cir. 1979); Hellman v. United States, 339 F.2d 36, 38 (5th Cir. 1964).

Admissible evidence of willfulness includes:

1. Tax protest activities and philosophies. See United States v. Eargle, 921 F.2d 56, 58 (5th Cir. 1991); United States v. Grosshans, 821 F.2d 1247, 1252 (6th Cir. 1987); United States v. Bergman, 813 F.2d 1027, 1029 (9th Cir. 1987); United States v. Turano, 802 F.2d 10, 11-12 (lst Cir. 1986); United States v. Marchini, 797 F.2d759, 766 (9th Cir. 1986).

2. Filing blatantly false IRS Forms W-4. See United States v. Johnson, 893 F.2d 451, 453 (1st Cir. 1990); see also United States v. Brooks, 174 F.3d 950, 955 (8th Cir. 1999); United States v. Kassouf, 144 F.3d 952, 955 (6th Cir. 1998); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1993); United States v. Mal, 942 F.2d 682, 685 n.3 (9th Cir. 1991); United States v. Sloan, 939 F.2d 499, 502 (7th Cir. 1991); United States v. Pabisz, 936 F.2d 80, 81 (2d Cir. 1991); United States v. Williams, 928 F.2d 145, 148-49 (5th Cir. 1991); United States v. Connor, 898 F.2d 942, 945 (3rd Cir. 1990); United States v. Johnson, 893 F.2d 451, 453 (1st Cir. 1990); United States v. Schmitt, 794 F.2d 555, 560 (10th Cir. 1986); United States v. Ferguson, 793 F.2d 828, 831 (7th Cir. 1986); Granado v. Commissioner, 792 F.2d 91, 93-94 (7th Cir. 1986); United States v. Shivers, 788 F.2d 1046, 1048 (5th Cir. 1986); United States v. Carpenter, 776 F.2d 1291, 1295 (5th Cir. 1985); Zell v. Commissioner, 763 F.2d 1139, 1146 (10th Cir. 1985); United States v. Williams, 644 F.2d 696, 701 (8th Cir. 1981).

3. Prior taxpaying history, such as the prior filing of valid tax returns followed by the filing of a protest return and receipt of a letter from the Internal Revenue Service telling the

defendant that his return "did not comply with tax laws and might subject him to criminal penalties." United States v. Shivers, 788 F.2d 1046, 1048 (5th Cir. 1986). See also Daniel, 956 F.2d at 543; Fingado, 934 F.2d at 1163; United States v. DeClue, 899 F.2d 1465 (6th Cir. 1990); United States v. Poschwatta, 829 F.2d 1477, 1483 (9th Cir. 1987); United States v. Upton, 799 F.2d 432, 433 (8th Cir. 1986).

     4.    Subsequent taxpaying conduct. See United States v. Bank of New England, N.A., 821 F.2d 844, 858 (1st Cir. 1987); Upton, 799 F.2d at 433; United States v. Sempos, 772 F.2d 1, 2 (1st Cir. 1985); United States v. Richards, 723 F.2d 646, 649 (8th Cir. 1983); United States v. Serlin, 707 F.2d 953, 959 (7th Cir. 1983); United States v. McCorkle, 511 F.2d 477, 479 (7th Cir. 1974).

     5.    The amount of a defendant's gross income. See Fingado, 934 F.2d at 1168; United States v. Bohrer, 807 F.2d 159, 161-62 (10th Cir. 1987); United States v. Payne, 800 F.2d 227 (10th Cir. 1986). The higher the defendant's gross income, the less likely the defendant was unaware of the filing requirement and the more likely the defendant's failure was intentional rather than inadvertent.

     6.    Proof that knowledgeable persons warned the defendant of tax improprieties. See United States v. Dack, 987 F.2d 1282, 1285 (7th Cir. 1993); Fingado, 934 F.2d at 1168; United States v. Collorafi, 876 F.2d 303, 305 (2d Cir. 1989); Sempos, 772 F.2d at 2; Grumka, 728 F.2d at 797.

## II. GOOD FAITH

A defendant's conduct is not willful if the jury finds it resulted from "ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he

was not violating any of the provisions of the tax laws." Cheek, 498 U.S. at 202. Cheek claimed that he did not file tax returns because he believed that: (1) he was not a taxpayer within the tax laws, (2) wages are not income, (3) the Sixteenth Amendment did not authorize the taxation of individuals, and (4) the Sixteenth Amendment was unenforceable. See id. at 195. The Court explained that:

> In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief is objectively reasonable.

Id. at 202. The Supreme Court held the trial court's jury instructions that Cheek's good faith beliefs or misunderstanding of the law would have to be objectively reasonable to negate willfulness were erroneous, stating:

> It was therefore error to instruct the jury to disregard evidence of Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be.

Id. at 203.

The trial court did not err, however, in instructing the jury not to consider Cheek's claims that tax laws are unconstitutional:

> We thus hold that in a case like this, a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness, need not be heard by the jury, and if they are, an instruction to disregard them would be proper. For this purpose, it makes no difference whether the claims of invalidity are frivolous or have substance.

Id. at 206. See also United States v. Saussy, 802 F.2d 849, 853 (6th Cir. 1986); Payne, 800 F.2d

at 229; United States v. Mueller, 778 F.2d 539, 541 (9th Cir. 1985); United States v. Latham, 754 F.2d 747, 751 (7th Cir. 1985); United States v. Burton, 737 F.2d 439, 442 (5th Cir. 1984); United States v. Kraeger, 711 F.2d 6, 7 (2d Cir. 1983); United States v. Pilcher, 672 F.2d 875, 877.

> The Cheek Court stated that a jury considering a good faith belief claim:
>
> would be free to consider any admissible evidence from any source showing that . . . [the taxpayer] was aware of his . . . [duties under the tax laws], including evidence showing his awareness of the Code or regulations, of court decisions rejecting his interpretations of the tax law, of authoritative rulings of the Internal Revenue Service, or any contents of the personal income tax return forms and accompanying instructions.

Cheek, 498 U.S. at 202.

In determining whether a defendant held a subjective good faith belief, a jury should not be precluded from considering the reasonableness of the taxpayer's interpretation of the law. The more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge. See id., 498 U.S. at 203-04. After remand and retrial, the Seventh Circuit upheld Cheek's conviction, United States v. Cheek, 3 F.3d 1057 (7th Cir. 1993), finding that the trial court's instruction that the jury could "consider whether the defendant's stated belief about the tax statutes was reasonable as a factor in deciding whether he held that belief in good-faith" was proper. Id. at 1063; See also United States v. Becker, 965 F.2d 383, 388 (7th Cir. 1992); United States v. Powell, 955 F.2d 1206, 1212 (9th Cir. 1992) (jury may consider "the reasonableness of the interpretation of the law in weighing the credibility" of defendants' subjective belief that they were not required to file tax returns).

Tax protesters often claim to believe, allegedly based on a careful study of legal decisions, statutes, legal treatises, and the like, that they are not required to file returns or pay taxes, and attempt to introduce such materials into evidence. See, e.g., United States v. Bonneau, 970 F.2d 929, 931 (1st Cir. 1992); United States v. Willie, 941 F.2d 1384, 1391 (10th Cir. 1991). In order to introduce such materials into evidence, the taxpayer must lay a sufficient foundation of reliance. Even if he lays such a foundation, the materials may not be admitted into evidence because of competing interests. For example, such material may: (1) confuse the jury as to the law (see United States v. Stafford, 983 F.2d 25, 28 n.14 (5th Cir. 1993); Payne, 978 F.2d at 1181-82; Barnett, 945 F.2d at 1301, and; (2) turn the trial into a tax protester circus (see Willie, 941 F.2d at 1395 & n.8).

If such materials are not admitted into evidence, the defendant can still convey his core defense to the jury through testimony about his beliefs and how he arrived at them. See Barnett, 945 F.2d at 1301; United States v. Hairston, 819 F.2d 971, 973 (10th Cir. 1987). It is for the district court to weigh the various competing interests and determine, in its discretion, whether, to what extent, and in what form, legal materials upon which a defendant claims to have relied should be admitted in any given case. See Willie, 941 F.2d at 1398; Fed. R. Evid. 403.

For examples of jury instructions on willfulness and the good faith defense that have been upheld, see United States v. Dykstra, 991 F.2d 450, 452-53 (8th Cir. 1993); United States v. Dack, 987 F.2d 1282, 1285 (7th Cir. 1993); Stafford, 983 F.2d at 27; United States v. Becker, 965 F.2d 383, 388 (7th Cir. 1992); United States v. Droge, 961 F.2d 1030, 1037-38 (2d Cir. 1992); United States v. Masat, 948 F.2d 923, 931-32 (5th Cir. 1991); Fingado, 934 F.2d at 1166-67; United States v. Collins, 920 F.2d 619, 622-23 (10th Cir. 1990).

### III. GOOD FAITH DEFENSE LIMITED ONLY TO TAX CHARGES

In Cheek, the Supreme Court carefully limited the "good faith" defense to tax cases, emphasizing "the complexity" of the Internal Revenue Code, 498 U.S. at 200, the "average citizen's" difficulty in comprehending duties it imposes, 498 U.S. at 199, and the construction of "willfulness" in the tax context, 498 U.S. at 201.

Cheek is not applicable to Title 18 crimes. Various appellate courts have confirmed Cheek's limited application. See United States v. Boots, 80 F.3d 580, 594 (1st. Cir. 1996) ("defendant's initially weak contention [that Cheek defense is available in wire fraud case] is not even arguably tenable"); In re Air Disaster at Lockerbie Scotland, 37 F.3d 804, 818 (2d Cir. 1994) ("our subsequent decisions and those of other courts acknowledge Cheek's limited application"); United States v. Gay, 967 F.2d 322 (9th Cir. 1992) (mail and property fraud); United States v. Chaney, 964 F.2d 437, 453-54 (5th Cir. 1992) (false statements on bank records).

### IV. Response to Defendant's Compilation of Cases

1.  United States v. Harris, 2006 WL 2882711(D.DC 2006): This is a case regarding Cassandra Harris, an employee of the CIA, who filed false Forms W-4 and failed to filed tax returns and pay her income taxes on her wages. She pleaded guilty to tax evasion. Stephen Harris was not implicated in the charges or indictment. Moreover, Stephen Harris is not a tax return preparer, as alleged in defendant's filings.

2.  McNeeley v. United States, 874 A.2d 371 (App. DC 2005): This is a prosecution for possession of a dangerous dog in violation of the Pit Bull and Rottweiler Dangerous Dog Designation Emergency Act. This was a strict liability statute, and the issue was that the

defendant was required to know that he owned pit bulls in order to be convicted under the Act.

     3.     United States v. Cohen, 510 F.3d 1114 (9th Cir. 2007): This case involves tax protestors appealing from their conviction for their crimes. The District Court limited the testimony of a defense expert, a psychiatrist, who was to testify as to one defendant's narcissistic personality disorder, and how that disorder effected defendants' ability to violate the law. The Court of Appeals held that it was error to exclude the psychiatrist's testimony as it would elucidate the ability to form mens rea by the defendant.

     Stephen Harris was not a tax return preparer, and did not prepare tax returns for clients. Unless or until defendant proves otherwise through admissible evidence, defendant will not be able to assert a good faith reliance on tax professional as a defense.

## V. CONCLUSION

The foregoing is a summary of willfulness and good faith. Should any legal issues arise that are not covered in this trial brief, the Government respectfully requests leave to submit further memoranda as necessary to assist the Court.

        Respectfully submitted,

        NATHAN J. HOCHMAN
        Assistant Attorney General
        Tax Division

By:    s/Karen E. Kelly
        Karen E. Kelly
        VA. Bar No. 35403
        Michael P. Ben'Ary
        VA Bar No. 46658
        601 D Street, NW
        Washington, DC 20530
        (202) 616-3864