## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | **07-CR-107 (PLF)** |
| **v.** | ) ) ) ) ) | **Judge Paul L. Friedman** |
| **MICHAEL C. IRVING** | ) ) | |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE INTRODUCTION OF EXPERT TESTIMONY

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby moves the Court to exclude the introduction of any expert testimony by the government. Grounds for this Motion are that the government's notice letters with regard to purported experts Rene Brown and Michael Fahey are inadequate to provide the defense with adequate notice; and indicate that they will be testifying about questions of law, which is beyond the scope of proper expert testimony and is, instead, a matter of law that falls within the province of the Court. This Motion is based upon the Fifth and Fourteenth Amendments to the Constitution of the United States; and upon F.R.Crim.P. 16(a)(1)(G).

Date: May 5, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

_____/s/_____
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2008, a copy of the foregoing motion, together with the accompanying Memorandum in support of that Motion and a proposed Order, were served via electronic service upon:

Karen E. Kelly, Esq.
Michael P. Ben'Ary, Esq.
United States Department of Justice
Tax Division
600 E Street, NW
Room 5613
Washington, DC 20004


_____/s/_____
David Schertler

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v.   ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

**MEMORADNUM SUPPORTING DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE THE GOVERNMENT'S INTRODUCTION OF EXPERT TESTIMONY**

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby requests that the Court enter an *in limine* Order precluding the government from calling Rene Brown and Michael Fahey as expert witnesses in the trial of this matter. As discussed more fully below, the government's letter-notices with regard to each of these people fail to meet the requirements of F.R.Crim.P. 16(a)(1)(G). Moreover, those notices indicate that their testimony will invade the province of the Court and the jury to the extent the government intends for them to testify about federal and local tax laws.

**BACKGROUND**

On April 7, 2008, the government sent undersigned counsel a letter in which the government indicated that it intended to call Mr. Rene D. Brown as an expert witness in the trial of this matter, pursuant to F.R.Crim.P. 16(a)(1)(G). A true and correct copy of that letter is attached hereto as Exhibit A. In that letter, the government states, "Mr. Brown will be testify [*sic*] as an expert in federal individual taxation." Exhibit A at 1. The second paragraph of that letter sets forth Mr. Brown's purported work history. *Id.* The third paragraph constitutes the heart of the notice, and reads, in full, as follows:

> It is expected that the witness will testify as to the computations of the outstanding tax due and owing for the prosecution years by identifying unreported items of income and deductions, Schedules that should have been filed by defendant, and calculating the correct amount of taxes the defendant should have reported and paid during the prosecution years. He will *explain and summarize portions of the Internal Revenue Code ("IRC")* as it relates to obligations of citizens to file federal Individual Income Tax Returns and pay income taxes. The tax computations will be based upon, *among other things*, the evidence presented at trial, including summaries of the bank records, brokerage accounts, real estate records, utility records, admissions and witness testimony. He will also testify and explain the schedules that he prepared and relied upon to calculate the outstanding taxes due and owing by defendant. Moreover, it is anticipated that he will explain the summary chart of expenditures, and the underlying data which supports that chart. He will *base his testimony and opinions on his* experience and *knowledge of the internal revenue rules and regulations*.

*Id.* (emphasis added).

Two days later, on April 9, 2008, the government sent the undersigned a second letter in which the government states that, pursuant to F.R.Crim.P. 16(a)(1)(G), it is providing "notice that Michael Fahey will testify as a summary witness and expert witness" in the trial of this matter. A true and correct copy of that letter is attached hereto as Exhibit B. Mr. Fahey, according to the government, "will testify as an *expert in individual income taxation in the District of Columbia*." April 9, 2008 letter at 1.

The second paragraph of that letter outlines Mr. Fahey's purported experience and education. *Id.* The fourth paragraph of that letter describes what the government expects will be Mr. Fahey's testimony as follows:

> It is expected that the witness will compute the outstanding tax due and owing to the District of Columbia for the prosecution years by identifying unreported items of income and calculating the correct amount of taxes the

2

> defendant should have reported and paid during the prosecution years. *He will explain and summarize the Internal Revenue Code ("IRC") as it relates to obligations of citizens to file federal Individual Income Tax Returns, and he will similarly address the D.C. Tax Code, and the obligation of DC residents to file Forms D-40s and D-30s.* Additionally, the [*sic*] Mr. Fahey, as well as Mr. Brown, will discuss correspondence from the IRS and OTR with the taxpayers [*sic*], Forms W-4/D-4s as they pertain to defendant, Forms 1041s and D-41s. The tax computations will be based upon, *among other things,* the evidence presented during trial, including summaries of the bank records, brokerage accounts, real estate records, party admissions and witness testimony.

*Id.* at 1 – 2 (emphasis added).[1]

## DISCUSSION

The government claims that it is providing notice pursuant to F.R.Crim.P. 16(a)(1)(G). That rule requires that the government "must" give the defense "a written summary of any testimony" of the purported expert. It further requires that "[t]he summary provided under this subparagraph *must describe the witness's opinions"* as well as *"the bases and reasons for those opinions . . .*" F.R.Crim.P. 16(a)(1)(G) (emphasis added).

The two letter-notices provided by the government here are deficient. They fail to contain a written summary of any testimony; fail to set forth any opinions to which these two men are expected to testify; and fail to provide the bases and reasons for those non-existent opinions.

Moreover, these notices make clear that the government intends to have these men testify about what, in their opinion, the federal and D.C. tax laws are. This is an improper subject matter for expert testimony.

---

[1]   The reference to "Mr. Brown" in this letter is not further explained. Perhaps it is a reference to Mr. Rene Brown, the subject of the earlier letter.

3

These points are more fully discussed below. For the reasons discussed, the government should be prevented from providing any expert testimony from either of these men.

I.      **BOTH NOTICES ARE FATALLY DEFICIENT UNDER F.R.CRIM.P. 16(a)(1)(G).**

Neither of the notices provided in this case includes the requisite description of "the witness's opinions . . ." F.R.Crim.P. 16(a)(1)(G). Rather, they simply set forth a list of topics without providing any hint of what the purported experts' opinions will be about those topics. Indeed, they merely list topics without even summarizing what the witnesses' *testimony* will be concerning those topics, let alone what their *opinions* will be. For example, although the letters say that each of these men will testify about "tax computations," neither says anything about what that testimony might be concerning those computations.

Since neither supplies the requisite opinions, it is not surprising that they also fail to include the "bases and reasons" for those non-existent opinions, which the Rule also says "must" be provided. Even the government's attempt to set forth the purported bases for the mystery tax computations includes, in both letters, the phrase, "among other things."

These notices were provided less than a month ago. The government must have known, at that point, exactly what it expected these men to say and why. The government's "hide the ball" notices nonetheless fail to satisfy the multiple requirements of F.R.Crim.P. 16(a)(1)(G).

As Judge Roberts held last year in *United States v. Rogers,* 2006 WL 5249745 (D.D.C. 2007), notices such as those provided by the government here are insufficient. In *Rogers*, the government sought to exclude the defendant's expert testimony based, in part, upon an insufficient notice. Judge Roberts found that "the defendant offered only the topics on which [the defendant's expert] would testify and that he would offer an opinion, *but did not state the actual conclusion to which he could testify*." *Id.* at \*4 (emphasis added). Judge Roberts held,

4

"This type of summary *was insufficient under Rule 16, since it did not 'describe the witness's opinion' as required under the Rule.*" *Id.* (emphasis added).

The court in *Rogers* further held that "Rule 16 does require a sufficient summary of the expert's testimony, and not simply a list of testimony topics." *Id.* at *3 (citing *United States v. Duvall,* 272 F.3d 825, 828 (7th Cir. 2001), *cert. denied* 536 U.S. 950 (2002); *United States v. Cross,* 113 F.Supp.2d 1282, 1286 (S.D. Ind. 2000); *United States v. Concessi,* 38 Fed.Appx. 866, 868 (4th Cir. 2002)). *Cross,* cited by Judge Roberts in *Rogers*, held that an expert notice was insufficient where, as here, it "wholly fails to describe the bases and reasons for his opinions, and offers only a hint of his anticipated testimony." *Cross,* 113 F.Supp.2d at 1286. Similarly, in *Concessi,* the Fourth Circuit upheld the district court's exclusion of a defendant's expert's testimony where the defendant failed "to describe the witnesses['] opinions or provide the bases and reasons for the witnesses' opinions." *Concessi,* 38 Fed.Appx. at 868.

*Duvall* was cited not only by Judge Roberts in *Rogers,* but also by Judge Collyer in *United States v. Booker,* 2005 WL 3211424 at *7 (D.D.C. 2005), *aff'd* 496 F.3d 717 (D.C. Cir. 2007). *Duvall* involved a challenge to the notice given by the government concerning its drug expert where the issue was personal use versus intent to distribute. There, the government's notice disclosed that a Det. Erk would

> identify code language, the manner in which methamphetamine is distributed, tools of the trade in the distribution of methamphetamine, street prices of methamphetamine and the manner in which 'cut' is added to methamphetamine to increase the amount of profit in the methamphetamine business. Detective Erk will also testify concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use.

*Duvall,* 272 F.3d at 828 (fn. omitted).

5

The notice in *Duvall* further provided that Det. Erk's "'opinion will be based on his education, training and experience'" as a police officer and with the DEA. His qualifications were disclosed by way of a resume attached to the notice. *Id.* at 828 n.1.

At trial, Det. Erk testified that the amount and packaging of the methamphetamine was consistent with distribution and inconsistent with personal use. In this setting, the Seventh Circuit held in *Duvall*:

> We believe that the government's notice did not adequately summarize or describe Erk's trial testimony. The Rule requires a summary of the expected testimony, not a list of topics. The government's notice provides a list of the general subject matters to be covered, *but did not identify what opinion the expert would offer on those subjects.* For example, the statement that Erk would testify concerning "the manner in which methamphetamine is distributed" *does not in any way identify the particular opinion that Erk offered at trial* – for example, that methamphetamine is typically divided into small packages for distribution.

*Id.* at 828 (emphasis added).

Continuing, the court in *Duvall* held:

> Similarly, the statement that Erk would testify "concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use," does not identity what amount, according to Erk, would point to intended sales rather than use. The government responds that, for this sort of expert testimony about typical practices in drug sales, its notice was adequate, relying on our opinion in [another case]. In [that other case], we held that a similarly brief notice was "barely" adequate under Rule 16(a)(1)(E), *but the notice there, although brief, at least identified the expert's actual opinion . . . and the notice here did not even do that much.*

*Id.* at 828-829 (emphasis added; fn. omitted).

In *United States v. White,* 492 F.3d 380 (6th Cir. 2007), the court reached a similar conclusion in a case involving Medicare fraud. There, the defendant challenged the adequacy of

6

the government's expert notice, both on the basis of what the notice provided concerning the witnesses' qualifications, and concerning what opinions they would tender. The Sixth Circuit agreed that the government's expert notice was inadequate in both regards. On that second issue, the Sixth Circuit held:

> Second, *the summary of the witnesses' expected testimony was also lacking*. The summary did generally inform Defendants that the witnesses would give background testimony relevant to the "Medicare rules, regulations, and procedures with respect to cost reporting and costs allowable as reimbursement to providers." . . . Additionally, it mentioned the concepts of "reasonable costs" and "related party" costs. . . . The government's notice here essentially listed general subject matters to be covered, *but did not identify what opinion the expert would offer on those subjects*.

*Id.* at 407 (emphasis added; cites and some internal quotation marks omitted).

So it is here. Both notices that have been provided by the government in this case are absolutely silent concerning what, if any, opinions will be offered by their purported experts. As the cases discussed above make clear, an expert notice "must" include those opinions. Because they do not here, the government should be precluded from eliciting any expert testimony from either Messrs. Brown or Fahey. F.R.Crim.P. 16(d)(2)(C) (a proper remedy for discovery violations is to "prohibit that party from introducing the undisclosed evidence").

II.     **EXPERT TESTIMONY AS TO A CONCLUSION OF LAW IS WELL BEYOND THE PERMISSIBLE BOUNDS OF EXPERT TESTIMONY.**

Another problem highlighted by the government's expert witness notices is the subject matter to which the government says they will testify. As noted above, the government says that Mr. Brown "will explain and summarize the portions of the Internal Revenue Code ('IRC') as it relates to obligations of citizens to file federal Individual Income Tax Returns and pay income taxes." Ex. A at 1. Similarly, the government states that Mr. Fahey will also "explain and

7

summarize the portions of the Internal Revenue Code ('IRC') as it relates to obligations of citizens to file federal Individual Income Tax Returns and pay income taxes" and will, in addition, "similarly address the D.C. Tax Code . . ." Ex. B at 1.  According to the government's notices, then, both these men are being proffered by the government to testify about federal and local tax laws.

      This is wholly inappropriate.  "Generally, expert testimony as to a conclusion of law is 'well beyond the bounds of permissible expert testimony.'"  *Rogers,* 2006 WL 5249745 at *9.  "When an expert defines an issue of law for the jury, the witness 'invad[es] the province of the court.'"  *Id.* (quoting *Berry v. City of Detroit,* 25 F.3d 1342, 1353 (6th Cir. 1994)).  "An expert witness may not deliver legal conclusions on domestic law, for legal principles are outside the witness' area of expertise under Federal Rule of Evidence 702."  *Weston v. WMATA,* 78 F.3d 682, 684 n.4 (D.C. Cir. 1996).

      Therefore, even if the government's expert notices contained that which is required by F.R.Crim.P. 16(a)(1)(G), these men would nonetheless be barred from testifying because their testimony about federal and local tax laws would improperly invade the province of the court.

## CONCLUSION

For the reasons discussed above, Det. Irving respectfully requests that the Court enter an Order prohibiting Messrs. Brown and Fahey from testifying as expert witnesses in this case. Their testimony is barred procedurally, because the government's notices are fatally deficient; and substantively, because the proffered subject matter is "well beyond the bounds of permissible expert testimony."

Date:  May 5, 2008                                        Respectfully Submitted,

                                                          Schertler & Onorato, LLP

                                                                    /s/
                                                          David Schertler (DC Bar #367203)
                                                          David Dickieson (DC Bar #321778)
                                                          601 Pennsylvania Avenue, NW
                                                          North Building, 9th Floor
                                                          Washington, DC 20004
                                                          Telephone: (202) 628-4199
                                                          Facsimile: (202) 628-4177

                                                          *Counsel for Defendant, Michael C. Irving*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) **07-CR-107 (PLF)** |
| v. | ) ) **Judge Paul L. Friedman** |
| **MICHAEL C. IRVING** | ) ) ) ) |

## PROPOSED ORDER

Based upon the Defendant's Motion *in Limine* to Exclude the Government's Introduction of Expert Testimony ("Motion"), and the government's response thereto, and being familiar with the file and the applicable law,

IT IS HEREBY ORDERED THAT the Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED THAT neither Messrs. Rene Brown nor Michael Fahey shall be permitted to testify as expert witnesses in the trial of this matter.

SO ORDERED.

_____     _____
Date                                                         The Honorable Paul L. Friedman
                                                                    US District Court Judge

# EXHIBIT A

Case 1:07-cr-00107-PLF    Document 88-4    Filed 05/05/2008    Page 1 of 3



**U.S. Department of Justice**
**Tax Division**

*Northern Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*
*Washington, D.C. 20044*

(202) 514-5150
Telefax: (202) 514-8455

April 7, 2008

**By Fax: (202) 628-4177**

David Schertler, Esq.
David Dickieson, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Ave., NW
North Building, 9th Floor
Washington, DC 20004

Re:   United States v. Michael C. Irving, 07-107 (PDF)

Dear Counsel,

Pursuant to Federal R.Crim.P. 16(a)(1)(G), it is our intent to call Rene D. Brown as a summary witness and expert witness in the trial of the above referenced case. Mr. Brown will be testify as an expert in federal individual income taxation.

Mr. Brown has worked for the Internal Revenue Service ("IRS") since 1982, and as a Revenue Agent since 1986. Throughout his tenure with the IRS, Mr. Brown has conducted hundreds of audits of federal individual income tax liability. Moreover, he has taken numerous IRS training courses, including Tax Auditor (Phases I-III) and Revenue Agent training courses. Mr. Brown continues to take continuing professional education course, and has acted as an "On the-Job-Instructor" for novice employees.

It is expected that the witness will testify as to the computations of the outstanding tax due and owing for the prosecution years by identifying unreported items of income and deductions, Schedules that should have been filed by defendant, and calculating the correct amount of taxes the defendant should have reported and paid during the prosecution years. He will explain and summarize the portions of the Internal Revenue Code ("IRC") as it relates to obligations of citizens to file federal Individual Income Tax Returns and pay income taxes. The tax computations will be based upon, among other things, the evidence presented during trial, including summaries of the bank records, brokerage accounts, real estate records, utility records, admissions and witness testimony. He will also testify and explain the schedules that he prepared and relied upon to calculate the outstanding taxes due and owing by defendant. Moreover, it is anticipated that he will explain the summary chart of expenditures, and the underlying data which supports that chart. He will base his testimony and opinions on his experience and knowledge of the internal revenue rules and regulations.

- 2 -

Enclosed please find photocopies of Blue-Ribboned copies of the 2000 and 2001 Forms 1041 filed by your client with the IRS, which the government intends to offer in our case in chief.

Pursuant to Rule 16(b)(1)(A), we request reciprocal discovery, including copies of, and the opportunity to inspect, any documents or exhibits within your possession and control which you intend to introduce as evidence at trial.

Sincerely,

Karen E. Kelly
Michael P. Ben'Ary
Trial Attorneys

enclosures

# EXHIBIT B



U.S. Department of Justice
Tax Division

Northern Criminal Enforcement Section
P.O. Box 972, Ben Franklin Station
Washington, D.C. 20044

(202) 514-5150
Telefax: (202) 514-8455

April 9, 2008

**By Fax: (202) 628-4177**

David Schertler, Esq.
David Dickieson, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Ave., NW
North Building, 9th Floor
Washington, DC 20004

Re: <u>United States v. Michael C. Irving, 07-107 (PDF)</u>

Dear Counsel,

Pursuant to Federal R.Crim.P. 16(a)(1)(G), we hereby provide notice that Michael Fahey will testify as a summary witness and expert witness in the trial of the above referenced case. Mr. Fahey will testify as an expert in individual income taxation in the District of Columbia.

Michael Fahey, is a senior auditor in the Compliance Division of the Office of Tax and Revenue ("OTR") in the District of Columbia. He received a B.S. in business administration from Loyola University. He joined the IRS in 1966, and worked as a revenue agent for the IRS for more than thirty years. As a revenue agent at the IRS, Mr. Fahey examined hundreds of individual and corporate tax returns and conducted hundreds of audits of individuals, partnerships and corporations. For seven years he was detailed to the United States Attorneys Office in the District of Maryland where he participated in investigations and prosecutions of violations of Titles 18, 26 and 31 of the United States Code. During his tenure at the IRS, he also worked complex merger and acquisition cases. He testified several times in federal courts as an expert in the computation of individual income tax and corporate taxation law.

Mr. Fahey has worked at the Office of Tax and Revenue since 1998. In addition to working a caseload of corporate and individual audits and settlement negotiations, Mr. Fahey teaches courses on Individual Income Tax, Corporate Income Tax and Partnership Income Tax.

It is expected that the witness will compute the outstanding tax due and owing to the District of Columbia for the prosecution years by identifying unreported items of income and calculating the correct amount of taxes the defendant should have reported and paid during the prosecution years. He will explain and summarize the Internal Revenue Code ("IRC") as it relates to obligations of citizens to file federal Individual Income Tax Returns, and he will similarly address the D.C. Tax Code, and the obligation of DC residents to file Forms D-40s and D-30s. Additionally, the Mr. Fahey, as well as Mr. Brown, will discuss correspondence from the

- 2 -

IRS and OTR with the taxpayers, Forms W-4/ D-4s as they pertain to defendant, Forms 1041s and D-41s. The tax computations will be based upon, among other things, the evidence presented during trial, including summaries of the bank records, brokerage accounts, real estate records, party admissions and witness testimony.

Sincerely,

Karen E. Kelly
Michael P. Ben'Ary
Trial Attorneys