**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>v.            )<br>)<br>)<br>**MICHAEL C. IRVING**           )<br>) | **07-CR-107 (PLF)**<br><br>**Judge Paul L. Friedman** |

### DEFENDANT'S MOTION *IN LIMINE* TO COMPEL THE GOVERNMENT TO GRANT USE IMMUNITY TO EXCULPATORY DEFENSE WITNESSES OR, IN THE ALTERNATIVE, TO DISMISS THIS CASE WITH PREJUDICE

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby moves the Court *in limine* to compel the government to grant use immunity to three defense witnesses, all of whom possess critical exculpatory evidence concerning Defendant's requisite state of mind at the time in question: Det. Darryl Richmond; Det. Jamell Stallings; and Stephen Harris. This Motion is based upon the Fifth and Fourteenth Amendments to the Constitution of the United States.

Date: May 5, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

       /s/
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2008, a copy of the foregoing motion, together with the accompanying Memorandum in support of that Motion and a proposed Order, were served via electronic service upon:

Karen E. Kelly, Esq.
Michael P. Ben'Ary, Esq.
United States Department of Justice
Tax Division
600 E Street, NW
Room 5613
Washington, DC 20004

_____/s/_____
David Schertler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) |  |

**MEMORANDUM SUPPORTING DEFENDANT'S MOTION *IN LIMINE* TO COMPEL THE GOVERNMENT TO GRANT USE IMMUNITY TO EXCULPATORY DEFENSE WITNESSES OR, IN THE ALTERNATIVE, TO DISMISS THIS CASE WITH PREJUDICE**

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby submits this memorandum in support of his Motion *in Limine* to Compel the Government to Grant use Immunity to Exculpatory Defense Witnesses or, in the Alternative, to Dismiss This Case With Prejudice ("Motion"). For the reasons discussed herein, these three defense witnesses, all of whom possess critical exculpatory evidence concerning Defendant's requisite state of mind at the time in question, are – other than the Defendant himself – the only sources of testimony on that central issue in this trial. Under the circumstances presented, the government's failure to grant them immunity will amount to a distortion of the fact finding process sufficient to deprive Det. Irving of his due process rights. Therefore, as discussed below, the Court should compel the government to grant these three witnesses use immunity for their testimony in this case and, if the government refuses to do so, should dismiss this case with prejudice.

## BACKGROUND

The central, critical factual issue in this case concerns the Defendant's state of mind at the time he prepared and filed the tax documents upon which the government bases its prosecution of him. This is because, as the law clearly provides, the Defendant's good faith beliefs about the propriety of his actions at the time he took them – no matter whether, in hindsight or from someone else's perspective, they appear unreasonable – is an absolute defense. Even the government concedes that that is the case. *See, e.g.,* Government's Supplement to Trial Brief (Dkt. No. 87) at 3 – 4 ("A defendant's conduct is not willful if the jury finds it resulted from 'ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any provisions of the tax laws.' *Cheek [v. United States]*, 498 U.S. [192], 202 [(1991)].")

Det. Irving will take the stand during trial and will testify that he believed, in good faith, that what he was doing was lawful, based upon what he had been told by people he sincerely thought to be knowledgeable concerning tax issues; and based upon what he had read concerning those same issues. For him to simply testify to that, however, would be easily discounted by the jury based on its appearance as a self-serving statement.

To defend himself in this trial, therefore, he needs the critical, exculpatory testimony of Det. Darryl Richmond, Det. Jamell Stallings, and Stephen Harris. Defendant proffers that each of these witnesses will testify that they, too, filed the same tax documents as he did; that they had a good faith for doing so; that they discussed these issues with the Defendant; and that it was obvious to them that the Defendant truly believed that there was a valid legal basis for invoking the tax strategies that form the basis of this prosecution. Furthermore, we expect that Det. Stallings and Mr. Harris will testify that they, together with the late Det. Eugene Lonon, were the

ones who educated and instructed the Defendant in the very issues that informed the Defendant's good faith belief that what he was doing was perfectly legal.

The obvious problem here is that these witnesses, who did the same thing as the Defendant is alleged to have done, have valid Fifth Amendment concerns.[1]  Indeed, Det. Darryl Richmond, through his counsel, has informed the undersigned that he intends to invoke the Fifth Amendment when called at the trial of this matter, as we pointed out in the Motion referenced in n. 1, above.  Thus, the only way in which the Defendant can present this critical testimony is if the government grants these three witnesses use immunity with regard to their trial testimony in this case.

Consequently, we have asked government counsel to grant use immunity to these three witnesses.  Our most recent request is embodied in our May 1, 2008 letter to government counsel, a copy of which is attached hereto as Exhibit A.  To date, the government has failed and/or refused to grant our request that these three witnesses be immunized.  This is so despite the fact that none of them has been indicted, even though many years have passed since the witnesses filed the same type of tax forms and documents that underlie this prosecution.

**DISCUSSION**

Generally, a court "is authorized by statute to immunize a witness claiming a Fifth Amendment privilege – but only 'upon the request of the United States Attorney.'  18 U.S.C. § 6003."  *United States v. Perkins,* 138 F.3d 421, 424 (D.C. Cir.), *cert. denied,* 523 U.S. 1143 (1998).  Indeed, this Circuit has yet to hold – under the particular facts presented in appeals in

---

[1] The one possible exception is Det. Darryl Richmond, who is the subject of another of the Defendant's Motions *in limine* (Dkt. No. 82) in which we contend that he waived his Fifth Amendment rights by testifying in the grand jury.  That motion is still pending and, if decided adversely to the Defendant, Det. Richmond's Fifth Amendment assertion will be valid for purposes of this analysis.

3

which this issue has been raised – that due process requires a court to compel the government to grant use immunity or, alternatively, to suffer dismissal of its case.

Our Circuit has, however, kept that door open, noting that other circuits "have indicated that the government may be compelled to grant a defense witness immunity in 'extraordinary circumstances.'" *United States v. Lugg,* 892 F.2d 101, 104 (D.C. Cir. 1989) (citing *United States v. Pinto,* 850 F.2d 927, 935 (2nd Cir.), *cert. denied,* 488 U.S. 867 (1988); *United States v. Praetorius,* 622 F.2d 1054, 1064 (2nd Cir. 1979), *cert. denied,* 449 U.S. 860 (1980)). For example, in *Perkins* the D.C. Circuit summarized:

> "At least the Seventh and Ninth Circuit," the *Lugg* court observed, "have indicated that *courts may intervene in the prosecutorial immunity decision [w]here the prosecutor's decision not to grant a witness use immunity has distort[ed] the judicial fact-finding process*." . . . Without deciding "[w]hether or not we would join the Seventh and Ninth Circuits in this view were we presented with an appropriate case," the *Lugg* court concluded that "[w]hatever it takes to constitute a deprivation of a fair trial by the prosecution's failure to exercise its broad discretion on immunity grants, the present case does not present it."

*Perkins,* 138 F.3d at 424 n.2 (emphasis added; cites and some internal quotation marks omitted).

Defendant respectfully submits that this case *does* present a situation in which the government's failure to grant use immunity will "distort the judicial fact-finding process." *Id.* Thus, the Defendant is being deprived of due process and the right to present exculpatory evidence on the central issue in this case, and the Court may intervene in the prosecutorial immunity decision here.

In essence, the government's refusal to grant immunity to these three critical defense witnesses constitutes a "gaming" of the system. The government, in all the years that have passed since the similar tax documents were filed by the witnesses, has not charged any of them

4

criminally. Yet, the prosecution here of the Defendant puts a realistic fear into them that they may yet be prosecuted. As noted, counsel for one of those witnesses, Det. Darryl Richmond, has already told undersigned counsel that he intends to assert the Fifth if called upon to testify here.

Thus, by holding open the prospect of prosecuting these witnesses while withholding use immunity from them, the government's tactics will distort the judicial fact-finding process in this case. The government, through its unilateral actions and inactions, is depriving the Defendant of critical exculpatory evidence that could substantiate his otherwise naked claim that he had a good faith basis for invoking the tax strategy for which he is being prosecuted.

"Where the defense has been denied material testimony by prosecutorial misconduct, . . . two courts have held that the trial court, in order to correct such misconduct, may order the government on remand to grant use immunity or suffer the dismissal of its case." *United States v. Heldt,* 668 F.2d 1238, 1283 (D.C. Cir. 1981), *cert. denied,* 456 U.S. 926 (1982) (cites omitted). That is what the Defendant respectfully asks this Court to do here: give the government the choice of granting use immunity to these three critical, exculpatory witnesses; or suffer the dismissal of its case against Det. Irving.

## **CONCLUSION**

For the reasons discussed herein, and such other reasons as become evident, the Defendant respectfully requests that the Court order the government to grant use immunity to Det. Richmond, Det. Stallings and Mr. Harris and, if the government refuses to do so, to dismiss this case against Det. Irving.

Date:  May 5, 2008                                                    Respectfully Submitted,

Schertler & Onorato, LLP

/s/
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

## PROPOSED ORDER

Based upon the Defendant's Motion *in Limine* to Compel the Government to Grant Use Immunity to Exculpatory Defense Witnesses or, in the Alternative, to Dismiss This Case With Prejudice ("Motion"), and the government's response thereto, and being familiar with the file and the applicable law,

IT IS HEREBY ORDERED THAT the Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED THAT the government grant use immunity to Det. Darryl Richmond, Det. Jamell Stallings and Mr. Stephen Harris or, upon its refusal to do so, this Court will dismiss this case with prejudice.

SO ORDERED.

_____    _____
Date                                             The Honorable Paul L. Friedman
                                                       US District Court Judge

# EXHIBIT A

# SCHERTLER & ONORATO, L.L.P.

| | | |
|---|---|---|
| David Schertler<br>*DC & IL Bars* | Vincent H. Cohen, Jr.<br>*DC, MD & NJ Bars* | Habib F. Ilahi<br>*DC & TX Bars* |
| Danny C. Onorato<br>*DC & CA Bars* | David H. Dickieson<br>*DC, MD, VA & PA Bars* | Claire Morris Clark<br>*VA Bar* |
| | Lisa Fishberg<br>*DC, MD & NY Bars* | Michael Starr<br>*DC Bar* |
| | Mark E. Schamel<br>*DC, MD & NY Bars* | Peter V. Taylor<br>*DC Bar* |
| | Robert J. Spagnoletti<br>*DC, NJ, NY & TX Bars* | |

May 1, 2008

**VIA FACSIMILE ((202) 514-8455) AND HAND DELIVERY**

Karen E. Kelly, Esquire
Michael Ben'Ary, Esquire
Trial Attorneys
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement Section
P.O. Box 972, Ben Franklin Station
Washington, D.C. 20044

      Re:    *United States v. Michael C. Irving, Crim No. 107-07 (PDF)*

Dear Ms. Kelly and Mr. Ben'Ary:

This letter is in response to Ms. Kelly's letter of earlier today.

With regard to our letter of April 29, 2008 requesting that the Government grant immunity to Darryl Richmond, Jamell Stallings, and Stephen Harris, please do not assume that our request with respect to Mr. Richmond is moot. While we have taken the position that he waived his Fifth Amendment privilege not to testify, the Court has not ruled on that issue, and should the Court rule against us, we will be asking that the United States grant him immunity so as to allow him to testify.

With respect to our request for immunity for all three witnesses, Darryl Richmond, Jamell Stallings and Stephen Harris, you should already be very aware of the basis for our request for immunity. Our view is that each of these witnesses provides essential corroboration for Detective Irving's state of mind regarding the allegations made against him in the indictment. Each of these witnesses engaged in the same activity as Detective Irving, and the Government is well aware that Detective Irving received information regarding his belief as to his "tax-exempt" status from Mr. Harris and Ms. Stallings (as well as Detective Lonon). Mr. Harris and Ms. Stallings also filled out forms and paperwork for Detective Irving that ultimately were filed with

ATTORNEYS AT LAW | 601 Pennsylvania Avenue, N.W.<br>North Building, 9th Floor<br>Washington, D.C. 20004-2601 | 202.628.4199<br>202.628.4177 *fax*<br>www.schertlerlaw.com

Karen E. Kelly, Esq.
Michael Ben'Ary, Esq.
Page 2
May 1, 2008

the IRS and the District's Office of Tax and Revenue. Detective Richmond received similar information and assistance from Mr. Harris and Ms. Stallings and will corroborate Detective Irving's testimony in that regard. For these reasons, we view these witnesses as critical to Detective Irving's defense (as we have stated repeatedly in pleadings with the Court). It is our understanding that all three witnesses will attempt to assert a Fifth Amendment privilege at trial. It is equally clear that the United States has no intention of prosecuting these three individuals for any of their potential criminal activity. Therefore, so as not to deprive the defense of essential and critical evidence in this case, we are asking that the Government ensure that this evidence is available to the defense by obtaining a grant of immunity. In our experience with the Department of Justice, it should not be a problem to obtain approval for such immunity within a short period of time, given the fact that trial is scheduled to begin next week. The Department can move quickly when it chooses to.

As you know, most of the documents that we will be using as exhibits are documents we obtained during discovery from the Government. Out of an abundance of caution, I am enclosing certain documents we may use, which I believe you already have.

As always, feel free to call if you have any questions.

Sincerely,

David Schertler, Esq.
David Dickieson, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue NW
North Building - 9th Floor
Washington, DC 20004-2601
(202) 628-4199

*Counsel for Michael C. Irving*