### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| **v.** | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

### DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM CROSS-EXAMINING HIM, AND HIS CHARACTER WITNESSES, CONCERNING APPROVED POLICE INTERROGATION TECHNIQUES IN AN ATTEMPT TO EQUATE THOSE TECHNIQUES WITH TESTIFYING FALSELY UNDER OATH

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby moves the Court for an Order precluding the government from cross-examining him, and his character witnesses, concerning approved police interrogation techniques, in an attempt to suggest to the jury that there is some relevance to the use of those techniques, which include lying to suspects, to the issue of Det. Irving's truthfulness while testifying under oath. Grounds for this Motion are that the government's counsel has indicated that the government intends to engage in such cross-examination. This Motion is based upon the

2

Fifth and Fourteenth Amendments to the Constitution of the United States; and upon F.R.E. 401, 402, 403 and 404(b).

Date:  May 5, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

_____/s/_____
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2008, a copy of the foregoing motion, together

with the accompanying Memorandum in support of that Motion and a proposed Order, were

served via electronic service upon:

Karen E. Kelly, Esq.
Michael P. Ben'Ary, Esq.
United States Department of Justice
Tax Division
600 E Street, NW
Room 5613
Washington, DC 20004

                                       _____/s/_____
                                       David Schertler

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| **v.** | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

**MEMORANDUM SUPPORTING DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM CROSS-EXAMINING HIM, AND HIS CHARACTER WITNESSES, CONCERNING APPROVED POLICE INTERROGATION TECHNIQUES IN AN ATTEMPT TO EQUATE THOSE TECHNIQUES WITH TESTIFYING FALSELY UNDER OATH**

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby files this memorandum in support of his Motion *in Limine* to Preclude the Government From Cross-Examining him, and his Character Witnesses, Concerning Approved Police Interrogation Techniques in an Attempt to Equate Those Techniques With Testifying Falsely Under Oath. For the reasons discussed below, the fact that the Supreme Court has sanctioned the use of lying by law enforcement officers when they are interrogating suspects, and that Det. Irving successfully used that completely legal and proper technique when investigating homicides and other crimes as an MPD Detective, has absolutely no bearing on whether – when he is testifying in Court after having taken an oath to tell the truth – he is telling the truth on the witness stand, whether in this case or in the hundreds of cases in which he has testified on behalf of the government in hearings and trials over his law enforcement career. Consequently, the government should be barred from any attempt to raise the issue of these legal, proper interrogation techniques as a means of impugning Det. Irving's trial testimony, whether through questions posed to him or to his character witnesses.

## BACKGROUND

The government has indicated that it intends to question both Det. Irving and his character witnesses about his successful use, while interrogating suspects and witnesses during his career as an MPD Detective, of employing lies and subterfuge during those interrogations. The government claims that such evidence is relevant to the issue of whether Det. Irving is telling the truth when, under oath, he testifies during the trial of this matter. The government makes this claim even though those interrogation techniques: have been approved and sanctioned by the United States Supreme Court; are widely used by law enforcement officers throughout the United States, including by those employed by the United States government; even though – to the best of undersigned counsel's knowledge, including his years as an Assistant United States Attorney here in the District – the government has never disclosed, as *Brady* evidence in a criminal case, the use of such techniques, or put officers who use those techniques on its *Lewis* list; and even though the United States, in this very courthouse and throughout the country, sponsors law enforcement witnesses every day who engage in these lawfully approved interrogation techniques.

## DISCUSSION

Use of deceit by law enforcement officers during interrogations of suspects and witnesses is a practice approved by the United States Supreme Court. *See, e.g., Oregon v. Elstad,* 470 U.S. 298, 317 (1985) ("[T]he Court has refused to find that a defendant who confesses, after being falsely told that his codefendant has turned State's evidence, does so involuntarily"); *Frazier v. Cupp,* 394 U.S. 731, 739 (1969) ("The fact that the police misrepresented the statements that [co-

defendant] Rawls had made is, while relevant, insufficient in our view to make this otherwise voluntary confession inadmissible"). This technique of interrogation is, then, lawful.

Testifying falsely under oath is, on the other hand, unlawful. 18 U.S.C. § 1621. Indeed, it is a felony. *Id.*

The fact that Det. Irving may have successfully employed an interrogation technique that involves deceit, but that is lawful, simply has no relevance to whether, when he is on the witness stand after having sworn or affirmed to tell the truth under penalty of perjury, he is testifying truthfully. The interrogation techniques are not only legal but are something that Det. Irving's employer, MPD, encourages its Detectives to use in solving crimes. Moreover, the fruit of those techniques is something that the United States – the very sovereign prosecuting Det. Irving – uses to convict persons it has accused of crimes. The United States frequently sponsors witnesses, such as Det. Irving, who employ those techniques. The United States does not, to the best of the undersigned's knowledge, consider the use of those interrogation techniques something that the government is obligated to disclose pursuant to *Brady,* nor does it put officers using those techniques on its *Lewis* list or agree that the use of such investigative techniques is something that, under FRE 404(b), defendants should be able to raise in trial to impeach police officers. Rather, it frequently uses the fruits of those techniques as the foundation of some of its prosecutions, and rewards the officers – literally – when the use of such techniques results in the conviction of a murderer or some other dangerous criminal.

To make any comparison of the use of deceit and subterfuge during the interrogation of suspects with the interrogator's truthfulness on the witness stand, therefore, not only constitutes a classic comparison of apples and oranges. It also flies in the face of the United States' own practices. If the government truly believed there was a correlation between the use of deceptive

interrogation techniques and a witness' truthfulness on the witness stand, there would be a revolution in the government's prosecutorial practices.

Therefore, the government should be prohibited from cross-examining Det. Irving and his character witnesses on his use of such legally sanctioned investigative techniques, and from arguing that his use of those techniques sheds any light on his credibility as a witness testifying under oath. Such evidence is irrelevant and, when misused in the manner proposed by the government, would be highly prejudicial.

## CONCLUSION

For the reasons discussed herein, and any other reasons that become apparent during the argument of this Motion, the Defendant respectfully asks the Court to enter an Order precluding the government from cross-examining either Det. Irving or his character witnesses concerning his use, as an MPD Detective, of investigative techniques that employ lies or subterfuge; and from making any argument that Det. Irving's use of such techniques has any bearing on his credibility as a sworn witness in the trial of this matter.

Date: May 5, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

_____/s/_____

David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| **v.** | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

**PROPOSED ORDER**

Based upon the Defendant's Motion *in Limine* to Preclude the Government From Cross-examining him, and his Character Witnesses, Concerning Approved Police Interrogation Techniques in an Attempt to Equate Those Techniques With Testifying Falsely Under Oath ("Motion"), and the government's response thereto, and being familiar with the file and the applicable law,

IT IS HEREBY ORDERED THAT the Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED THAT the government shall not question the Defendant, or his character witnesses, about his use of such interrogation techniques; nor argue or suggest, in any manner, that the use of such techniques has any bearing on the Defendant's credibility in the trial of this matter.

SO ORDERED.

_____          _____
Date                                                              The Honorable Paul L. Friedman
                                                                      US District Court Judge