UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY**

Comes now the United States and opposes defendant's motion as unfounded, and asks this Court deny defendant's motion in limine and states as grounds therefore as follows:

**I.    Defendant has had Notice of the Testimony for One Year**

The United States provided notice to the defendant about the summary witnesses and their testimony in this case initially by letter on May 8, 2007. Along with this letter, the United States provided documentary evidence, including bank account information and records, mortgage information, Forms 1099 and Forms W-2. On July 17, 2007, the United States provided to defendant the remaining supporting evidence for the tax computations.

The May 8, 2007 letter contained the following summary and explanation of the anticipated testimony:

> It is expected that the witnesses will compute the outstanding tax due and owing for the prosecution years by identifying unreported items of income and calculating the correct amount of taxes the defendant should have reported and paid during the prosecutions years. [The IRS witness] will explain and summarize the Internal Revenue Code ("IRS") as it relates to obligations of citizens to file federal Individual Income Tax Returns. [The OTR witness] will similarly address the DC Tax Code, and the obligations of DC residents to file Forms D-40s.

1

Additionally, the witnesses will discuss correspondence from the IRS and OTR with the taxpayers, Forms W-4 /D-4s and IRS Forms and Publications issued from the agencies. The tax computations will be based upon, among other things, the evidence presented at trial, including summaries of the bank records, brokerage accounts, real estate records, and witness testimony.

See Attachment A.

On September 28, 2007, the United States provided to the defendant DC and Federal tax computations, including computations of defendant's income, including Schedule E rental income, defendant's deductions, including itemized Schedule A deductions, and the calculation of the tax loss resulting from defendant's income tax evasion scheme in 2003, 2004 and 2005.

On October 17, 2007, the United States provided to the defendant draft schedules of the tax computations, along with the expenditures chart with supporting schedules in CD format, all of the evidence that supported the tax computations. See Attachment A.

The Court continued the trial date twice, each time on defendant's motion. As a result of the delay, the original summary witnesses became unavailable to testify, and the government substituted different summary witnesses. The substance of the testimony did not change. On April 7, 2008, the government provided to the defendant supplemental notice with respect to the summary witnesses, and reported that Mr. Brown would now testify as to the federal tax loss. On April 9, 2008, the government supplemented its notice of the DC summary witness, and reported that Mr. Fahey would now be the witness to address the DC tax loss.

In those notices it was further explained that:

> It is expected that the witness will testify as to the computations of the outstanding tax due and owing for the prosecution years by identifying unreported items of income and deductions, Schedules that should have been filed by the defendant, and calculating the correct amount of taxes the defendant should have reported and paid during the prosecution years. He will explain and summarize the

portions of the Internal Revenue Code ("IRC") as it relates to obligations of citizens to file federal individual Income Tax Returns and pay income taxes. The tax computations will be based upon, among other things, the evidence presented during trial, including summaries of the bank records, brokerage accounts, real estate records, utility records, admissions and witness testimony.  He will also testify and explain the schedules that he prepared and relied upon to calculate the outstanding taxes due and owing by defendant.  Moreover, it is anticipated that he will explain the summary chart of expenditures, and the underlying data which supports that chart.  He will base his testimony and opinions on his experience and knowledge of the internal revenues rules and regulations.

On May 1, 2008, the United States provided to the defendant another copy of the summary chart of tax loss, as well as another copy of he expenditures chart and the supporting schedules for these charts.

## II.     Notice in the Form of Letters, Schedules and Charts is Proper Notice

The government has provided ample notice to the defendant that the government witnesses will testify that the defendant owed income taxes in the prosecution years, in the form of four letters, written schedules and written charts.  The charts and schedules, that the defendant has had in his possession for more than seven months, make clear that based upon his income, the defendant owed more than $100,000 in federal income taxes, and more than $30,000 in income taxes to the District of Columbia for 2003 through 2005.  The schedules show each tax year, the amounts of income earned by the defendant, deductions and the tax due and owing by the defendant for each of those years.

As stated and reiterated in the correspondence sent to the defendant, the witnesses will testify that based upon the evidence at trial (Forms W-2, bank records, etc.), the defendant earned income, and therefore was required to filed income tax returns and pay taxes.  Stated more technically, the law requires that if the defendant earned income (IRC section 61), then defendant

was required by the law to file income tax returns and pay the income taxes due and owing to the United States and the District (IRC sections 6011, 6012). The witnesses will apply the law (that persons who have income, have to pay taxes) to the defendant based upon the evidence introduced at trial. Again, the witnesses will also testify that defendant was not "exempt" from income taxes, as he falsely claimed on his Forms W-4 and D-4. This testimony will be based upon the W-2 wages earned by defendant in each year, and upon the law that is stated on the face of the Form W-2. To date, defendant has not contested these facts, and has admitted all of the above facts in his pleadings.

The government's written notice, comprised of the letters and schedules and charts, provided both the summaries of the witness testimony and the obvious opinion– that defendant owed income taxes and the amounts owed.[1] The summary of the testimony– that defendant owed income taxes and the amount– was provided numerous times to defendant in written charts. This notice is certainly more than adequate. See United States v. Duvall, 272 F.3d 825, 829 (7th Cir. 2001)(where government notice of expert drug testimony gave notice but not the ultimate opinion of the expert, Court held exclusion of the witness was not the proper remedy). Moreover, defendant has had ample time (seven months) to review the computations and locate an expert, if he was so inclined. See United States v. Booker, 2005 WL 3211424 (D.D.C.)(unreported)(even if the government had provided insufficient information, exclusion is not the only remedy.)

---

[1] All parties agree on this opinion– the defendant on more than one occasion in his legal pleadings and oral arguments has admitted that he should have filed income tax returns and paid his income taxes for 2003 through 2005. Moreover, through his pleadings and arguments to date, he has also agreed with the opinion that he was not entitled to claim "exempt" on his Forms W-4 and Forms D-4.

**III.     The Testimony That Defendant Owed Income, Should have filed his Taxes and Was Not Entitled to Claim Exempt Does not Invade the Province of the Judge**

The witnesses will testify that defendant owed income taxes and should have filed income tax returns.  This testimony in no way invades the province of the judge, or the jury.  Some of that testimony necessarily will include the agent's understanding of the applicable law as a backdrop to explaining how the government analyzed the transaction.  Accordingly, it is appropriate to allow the IRS and DC witnesses to testify that defendant owed income taxes, should have filed an income tax return, and was not entitled to claim "exempt" from income taxes.  Although these statements contains some legal conclusions, the witnesses will give such conclusions only after explaining their understanding of the relevant law and then applying the facts as they understand them.  The conclusions will be presented as opinions rather than unquestionable facts.  Defendant will have the opportunity to cross-examine these witnesses regarding the bases for the conclusions, and the trial court will give specific instructions that the testimony was expert opinion and that it was up to the jurors whether they wanted to credit all of it, none of it, or parts of it.

Furthermore, in United States v. Windfelder, the Seventh Circuit upheld the admission of testimony by IRS agents about the tax treatment of certain transferred assets.  790 F.2d 576, 582 (7th Cir.1986).  That court held that a properly qualified IRS agent may analyze a transaction and give expert testimony about its tax consequences but may not express an opinion about the defendant's state of mind at the time of the transaction.  See id. at 581-82; see also United States v. Mikutowicz, 365 F.3d 65, 72 (1st Cir.2004).  The witnesses will not be offering an opinion as to the ultimate issue in this case: defendant's state of mind.

## IV. Conclusion

That defendant, in his motion in limine, calls our tax loss a "mystery tax computation," and accuses the government of playing "hide the ball" when defendant has been in possession of the written tax loss computations and underlying summaries for more than seven months is disingenuous. Defendant's motion in limine should be summarily denied.

Respectfully submitted,

NATHAN J. HOCHMAN
Assistant Attorney General

  s/Karen E. Kelly
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys
601 D. St., N.W.
7th Floor
Washington, DC 20004
(202) 514-5150

U.S. Department of Justice
Tax Division

Northern Criminal Enforcement Section
P.O. Box 972, Ben Franklin Station
Washington, D.C. 20044

(202) 514-5150
Telefax: (202) 514-8455

May 8, 2007

**By Hand Delivery**

David Schertler, Esq.
David Dickieson, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Ave., NW
North Building, 9th Floor
Washington, DC 20004

Re:  United States v. Michael C. Irving, 07-107 (PDF)

Dear Counsel,

Enclosed please find copies of the following records produced pursuant to our discovery obligations as set forth by Rule 16:

1. IRS REVUE printouts, 2002-2005
2. Michael Irving Forms 1040, 1995-2002
3. Michael Irving Forms D-40, 1995-2002
4. Michael Irving Form 1041, 2002 with attachments
5. Michael Irving Form D-40EZ, 2002 with attachments
6. Michael Irving Forms D-41, 2000-2002 with attachments
7. October 15, 2003 Letter, "Notice of Potential Enforcement Action"
8. June 17, 2003 Letter, "Notice of Correction and Tax Bill"
9. IRS IDRS Printout, 2002
10. Form W-2 and Substitute for Return, 2002
11. Michael Irving Form 1040EZ, 2002 with attachments
12. Michael Irving Form 1041, 2002 with attachments
13. October 3, 2003 Letter from IRS with attachments
14. Penalty Screening Committee Case Approval Record
15. IRS printout, 2002
16. Special Handling Notice
17. IRS printouts, 2002
18. ADJ54 Adjustment Format
19. Michael Irving Form 1041, 2002 with attachments
20. May 23, 2003 Letter from IRS
21. December 10, 2003 Letter from IRS
22. Private Judicial and Administrative Court of Washington, State of District of Columbia, Complaint and Private Administrative Remedy and Demand

23. February 14, 2004 Letter from IRS
24. Penalty Screening Committee Case Approval Record
25. Form 12616
26. 1041 Penalty Work papers
27. IRS printout, 2002
28. Expedite Processing Cycle Form
29. Substitute for Return, 2002
30. October 3, 2003 Letter from IRS
31. Michael Irving Forms W-2, 2000-2006
32. Michael Irving Form W-4T
33. Michael Irving Forms D-4, 2002-2004, 2006
34. Various Payroll Forms, 1989-2005, including Direct Deposit and Personnel Action Forms
35. Press releases issued from D.C. United States Attorney's Office, 2002-2005
36. MPD Officer Performance Rating Forms, 2002-2004
37. Commanding Officer's Commendation Forms, 2002-2005
38. Award Nomination Form, October 7, 2004
39. MPD Memo, dated July 7, 2002
40. Complainant / Witness Statements, March 31, 1998
41. MPD Prosecution Report, April 27, 1998
42. MPD Investigative Report, June 24, 1998
43. Personnel Action Form
44. MPD Documentation Form, August 21, 1998
45. January 11, 2006 Request for Authorization of Outside Employment
46. Application for Position Assignment, May 3, 2006
47. Handwritten Commendations, 1997 (4)
48. MPD Final Notice of Adverse Action, November 28, 2003 documents
49. MPD Office of Professional Responsibility, Investigation 03-17 documents
50. MPD Office of Professional Responsibility, Investigation 05-1411 documents
51. October 5, 2005 Use of Force Review Board Report
52. MPD Time and Attendance System printouts, July 2003
53. HUD 1, August 21, 2004
54. HUD 1, June 9, 2004
55. Forms W-2, 2005
56. 1099 - INT, 2005, PNC
57. 1098 2005, PNC
58. 1099, 2005, PNC
59. 1098, 2005, National City
60. July 6, 2005 JDRF Letter
61. Forms W-2, 2003
62. November 2, 2004, check to DC Treasurer
63. May 2, 2005 Notice of Levy

- 3 -

64. New Century Mortgage Letter
65. 1098, 2002, Wachovia
66. Form W-2, 2002
67. 1098, 2004, Riggs Bank
68. Miscellaneous MPD pay stubs
69. 1098, 2004, Riggs Bank
70. IRS Notice, July 10, 2006

Additionally, pursuant to Federal Rules of Evidence 702, 703 and 704, the government intends to give notice regarding witnesses that will testify in the pending matter. Revenue Agent Edwards earned her bachelor of science degree in accounting from Boston University. She subsequently received a masters degree in taxation from Suffolk University. Agent Edwards has been employed by the IRS for 11 years, where she has examined several hundred income tax returns filed by individuals, corporations and partnerships and assisted in criminal investigation. She has testified as the summary witness in United States v. Sakiliba Mines and Charles Mines and United States v. Adel Iskander, in the U.S. District Court for Maryland.

Mr. David Baynes, a senior auditor in the Compliance Division of the Office of Tax and Revenue ("OTR") in the District of Columbia is also expected to testify at trial. He received a B.S. in accounting from the University of Maryland in 1975. Mr. Baynes has worked at the Office of Tax and Revenue as an auditor since 1979. He is the fraud coordinator for that office. He has testified on behalf of the Office of Tax and Revenue on several occasions, most recently in 2007.

It is expected that the witnesses will compute the outstanding tax due and owing for the prosecution years by identifying unreported items of income and calculating the correct amount of taxes the defendant should have reported and paid during the prosecution years. Ms. Edwards will explain and summarize the Internal Revenue Code ("IRC") as it relates to obligations of citizens to file federal Individual Income Tax Returns. Mr. Baynes will similarly address the D.C. Tax Code, and the obligation of DC residents to file Forms D-40s. Additionally, the witnesses will discuss correspondence from the IRS and OTR with the taxpayers, Forms W-4/ D-4s, and IRS Forms and Publications issued from the agencies. The tax computations will be based upon, among other things, the evidence presented during trial, including summaries of the bank records, brokerage accounts, real estate records and witness testimony.

The government intends to offer summary charts to assist the jury, and will provide same to counsel as soon as they become available.

We will continue to abide by our discovery obligations as we prepare for trial.

Finally, pursuant to Rule 16(b)(1)(A), we hereby request reciprocal discovery, including copies of, and the opportunity to inspect, any documents within your possession and control

- 4 -

which you intend to introduce as evidence in your case-in-chief at trial.

Please do not hesitate to contact us regarding these matters.

Very truly yours,

Karen E. Kelly
Michael Ben'Ary
Trial Attorneys

Enclosures

**U.S. Department of Justice**
Tax Division

*Northern Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*      *(202) 514-5150*
*Washington, D.C.  20044*                 *Telefax:  (202) 514-8455*

September 28, 2007

**By Hand Delivery**

David Schertler, Esq.
David Dickieson, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Ave., NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199

    Re:    <u>United States v. Michael C. Irving, 07-107 (PDF)</u>

Dear Counsel,

    Enclosed please find:
1. A second set of photocopied documents provided by Matthew Smith as requested in your letter dated September 22, 2007;
2. Photocopies of tax information of Guiliana Dunham-Mulder;
3. Bank checks of Mr. Byrd written to defendant;
4. MPD time sheets and records of paychecks;
5. Draft tax computations. Obviously, the tax computations are subject to change;
6. Bank account spreadsheets;
6. IRS Forms and Publications;

    We are still working on demonstrative exhibits and charts and will provide them to you when completed.

    In lieu of testifying business custodians, we intend to introduce records and documents through Declarations of Custodians for Records pursuant to FRE 902(11). We have included copies of the Declarations and the underlying documents for your review. The underlying documents were previously provided to you. Some of the Declarations are still outstanding, and we will provide them as soon as possible.

    Your September 22, 2007 letter requested information relating to an alleged $17,000 tax refund that Eugene Lonan received as a result of his fraud. On our September 26, 2007 telephone conversation you further clarified that you learned of this alleged refund from a defense witness who reportedly learned of this tax refund from SA Kevin Craddock, DC-OTR. As I stated on the telephone, this was new information to the prosecution team. The tax information pertaining to Eugene Lonan is not part of the tax administration of the Michael C.

- 2 -

Irving case, pursuant to § 6103, and accordingly, I do not have access to the IRS records. However, based upon your inquiry, I asked SA Craddock about his knowledge regarding this refund. SA Craddock has no first hand knowledge of this alleged refund. Like you, he *heard* of this *alleged* refund from an interview of a third party. SA Craddock does not know whether Lonan actually received such a refund.

Regarding your September 26, 2007 e-mail inquiries for the Form D-4 and Form W-4 prepared and recorded on the Metropolitan Police Department ("MPD") payroll register as prepared on September 28, 2006 with the Office of Payroll, we were not provided copies of these documents. We already provided to you copies of all the Forms W-4 and D-4 that we received from the Office of Payroll pursuant to our subpoenas. Keeley Williams, payroll supervisor for the Metropolitan Police Department, stated that she recalls that Michael Irving submitted Forms W-4 in September 2006, however, according to her recollection the forms were incomplete, and he was required to resubmit a new form with all of the required information.

We recognize that our discovery obligations are ongoing and we will, of course, continue to disclose any relevant information we may obtain during our ongoing trial preparations.

Pursuant to Rule 16(b)(1)(A), we request reciprocal discovery, including copies of, and the opportunity to inspect, any documents or exhibits within your possession and control which you intend to introduce as evidence at trial.

Please do not hesitate to contact us regarding these matters.

Very truly yours,

Karen E. Kelly
Michael Ben'Ary
Trial Attorneys

.enclosures



**U.S. Department of Justice**

**Tax Division**

Northern Criminal Enforcement Section
P.O. Box 972, Ben Franklin Station
Washington, D.C. 20044

(202) 514-5150
Telefax: (202) 514-8455

October 17, 2007

**By Fax: (202) 628-4177**

David Schertler, Esq.
David Dickieson, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Ave., NW
North Building, 9th Floor
Washington, DC 20004

    Re:    <u>United States v. Michael C. Irving, 07-107 (PDF)</u>

Dear Counsel,

    Enclosed please find draft schedules of the tax computations. These computations are subject to change. Obviously, the final tax computations and schedules will be based upon the evidence introduced at trial, and this is subject to various evidentiary rulings by the Court and other factors. Accordingly, it is not appropriate to use these drafts during cross examination of the expert witness during trial. However, you will receive a copy of the final computations when they are complete. The DC computations are wholly based upon the federal numbers. We will forward the draft DC schedule as soon as possible.

    Also enclosed are copies of the demonstrative exhibits.

    Please do not hesitate to contact us regarding these matters.

                                      Very truly yours,

                                      Karen E. Kelly
                                      Michael Ben'Ary
                                      Trial Attorneys

enclosures