UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION IN LIMINE TO COMPEL THE GOVERNMENT TO GRANT USE IMMUNITY TO EXCULPATORY DEFENSE WITNESSES OR, IN THE ALTERNATIVE, TO DISMISS THIS CASE WITH PREJUDICE**

I.  **Background**

On April 29, 2008, three days before jury selection began in this case, the defendant sent a letter to the government requesting that we immunize three defense witnesses; Darryl Richmond, Jamell Stallings and Stephen Harris.[1]  Less than one week later, the defendant filed the instant motion, alleging that the government was attempting to "game" the system by refusing to grant immunity to these three witnesses.  This assertion is without merit, and this case does not present the court with extraordinary circumstances such that the Court should decide to whom the United States must grant immunity from prosecution.

II.  **Discussion**

"The government is under no general obligation to grant use immunity to witnesses the defense designates as potentially helpful to its case but who will invoke the Fifth Amendment if not immunized."  United States v. Ebbers, 458 F.3d 110, 118 (2d Cir. 2006)(citing United States

---

[1] Notably, Stephen Harris does not even appear on the defendant's witness list.

v. Turkish, 623 F.2d 769, 774 (2d Cir. 1980).  The United States Circuit Court for the District of Columbia Circuit has long held that district court judges do not have the authority to grant immunity to a witness without a request from the Department of Justice.  See United States v. Perkins, 138 F.3d 421,423 (D.C. Cir. 1998); United States v. Lugg, 892 F.2d 101, 104 (D.C. Cir. 1989).  See also United States v. Doe, 465 U.S. 605, 616 (1984).  As enunciated by the D.C. Circuit in Perkins, "[i]n the past we have repeatedly rejected claims of judicial authority to grant such immunity."  Perkins, 138 F.3d at 424; see also United States v. Heldt, 668 F.2d 1238 (D.C. Cir. 1981); Ellis v. United States, 416 F.2d 791 (D.C. Cir. 1969).  The D.C. Circuit Court has followed all other circuits in failing to adopt the holding of the United States Court of Appeals for the Third Circuit, the only circuit to find that a District Court has the authority to grant immunity.  See Government of the Virgin Islands v. Smith, 615 F.2d 964 (3d Cir. 1980).

     The D.C. Circuit has noted that other Circuits had held that in "extraordinary circumstances," the government may be compelled to grant a defense witness immunity.  See Lugg, 892 F.2d at 104 (citations omitted).  These extraordinary circumstances arise when a "prosecutor's decision not to grant a witness use immunity has distorted the judicial fact-finding process."  See id. (citations omitted).  The Court in Lugg did not decide to join these other Circuits, but merely left open the possibility that there might be a situation that warranted such a decision.

     The Second Circuit has held that before the Court becomes involved in the decision to grant immunity to witnesses, the defense must make a two-pronged showing.  See Ebbers, 458 F.3d at 119 (holding that in certain circumstances, a court may order the prosecutor to choose between foregoing the testimony of an immunized government witness or granting use immunity

to potential defense witnesses). First, the defendant must show that the prosecution has used immunity in a discriminatory way, has forced a witness to invoke the Fifth Amendment Privilege through overreaching, or has deliberately denied immunity for the purpose of withholding exculpatory evidence and gaining a tactical advantage. See id. (citing United States v. Diaz, 176 F.3d 52, 115 (2d Cir. 1999). If the immunity decisions have been made, on the other hand, consistent with legitimate law enforcement concerns, the defendant cannot establish this first prong. See Ebbers, 458 F.3d at 119-20. Second, the defense must show that the witness will give material, exculpatory, non-cumulative evidence that is not obtainable from any other source. See id. at 119. Here, although the defendant cries of prosecutorial misconduct in the instant motion, he fails to make any showing to support his bald allegation.

In the present case, the defendant is unable to show that the government has used immunity in a discriminatory way. To the contrary, the government has not granted immunity to anyone. See United States v. Dolah, 245 F.3d 98, 105-06 (2d Cir. 2001)(discriminatory grant of immunity is a decision to immunize some witnesses and not others). The defendant is unable to show that the government threatened, harassed or intimidated any witness into invoking the Fifth Amendment. In fact, the defendant does not even know if two of the three named witnesses will invoke their Fifth Amendment rights. Lastly, the defendant cannot show that the evidence to be given by any of the named witnesses will be material, exculpatory, non-cumulative and not obtainable from any other source. The defendant states in his motion that these witnesses will testify that "they, too, filed the same tax documents as he did; that they had a good faith for doing so; that they discussed these issues with the Defendant; and that it was obvious to them that the Defendant truly believed that there was a valid legal basis for invoking the tax strategies that

form the basis of this prosecution." At least one of the three named witnesses, Darryl Richmond, has testified under oath that he never spoke about taxes or tax schemes with the defendant. Thus, there are significant questions as to the accuracy of the defendant's proffer of these witnesses' testimony. Further, the defense states in the present motion that the defendant himself will testify with respect to his dealings with these witnesses. In fact, the defendant has consistently represented in open court that he intends to testify during trial about his interactions with these witnesses. Thus, the defendant has another way to present evidence of these witnesses' role in his scheme; he can tell the jury about it himself.

### III. Conclusion

For all of the reasons stated above, the defendant's Motion In Limine should be denied.

Respectfully submitted,
NATHAN J. HOCHMAN
Assistant Attorney General

   s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys
601 D. St., N.W.
7th Floor
Washington, DC 20004
(202) 514-5150