UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING    ) | |
| ) | |
| Defendant .    ) | |

### GOVERNMENT'S REPLY TO DEFENDANT'S MOTION IN LIMINE FOR A FINDING THAT A DEFENSE WITNESS HAS WAIVED HIS FIFTH AMENDMENT PRIVILEGE

Darryl Richmond waived his Fifth Amendment privilege with respect to the facts to which he testified before the grand jury. While it is a minority position, it is well-settled in the D.C. Circuit that a knowing waiver of privilege before the grand jury extends to the trial. See Ellis v. United States, 416 F.2d 791 (D.C. Cir. 1969); United States v. Miller, 904 F.2d 65, 67 (D.C. Cir. 1990). The Miller court reaffirmed Ellis and held that if the trial judge made a finding that the waiver of privilege before the grand jury was knowing, then it must extend to trial. See Miller, 904 F.2d at 67. Not to do so would result in reversible error. See id. Conversely, if the trial judge finds that the waiver of privilege was not knowing, then the witness has waived his or her Fifth Amendment privilege.

The D.C. Circuit cautioned that the waiver of privilege extends only so far as the witness's grand jury testimony so as to avoid further prejudice to the witness. See Ellis, 416 F.2d at 802. The Ellis court reasoned that once a witness waives privilege and incriminates himself, no further harm is done to the witness by requiring him to repeat that testimony at trial. See id. at 803. The rationale of the Ellis court is supported by Supreme Court precedent as well. See

<u>Rogers v. United States</u>, 340 U.S. 367, 372–373 (1951) (holding that privilege against self-incrimination presupposes a real danger of legal detriment, and one cannot invoke privilege where a response to a certain question would not further incriminate that person). That is the case here. The witness may only claim privilege with respect to facts that would further incriminate him. He may not assert privilege related to facts for which he testified before the grand jury.

With respect to Mr. Richmond's fear of prosecution for perjury, it is well-founded only if he has testified or will testify falsely under oath in this proceeding. While the government has made no threats whatsoever to Mr. Richmond, it was made clear to his counsel that Mr. Richmond would have criminal exposure if he testifies or has testified falsely under oath.

For the foregoing reasons, the United States asserts that Darryl Richmond waived his Fifth Amendment privilege with respect to his testimony before the grand jury.

Respectfully submitted,

NATHAN J. HOCHMAN
Assistant Attorney General

  s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys
601 D. St., N.W.
7th Floor
Washington, DC 20004
(202) 514-5150