## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| v. | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

## DEFENDANT'S MOTION _IN LIMINE_ FOR A FINDING THAT STATEMENTS MADE BY THE LATE DET. EUGENE LONON ARE ADMISSIBLE BECAUSE THEY NOT HEARSAY AND, EVEN IF THEY WERE, THEY FALL WITHIN THE "STATE OF MIND" EXCEPTION TO THE HEARSAY RULE

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby moves the Court to find that statements made by the late Det. Eugene Lonon are not hearsay because they are not being offered for the truth of the matter asserted but, rather, simply to show that he said them and to explain why the Defendant, and some of his witnesses, in good faith took the actions they did. Even if Lonon's statements could be deemed hearsay, they should nonetheless be admitted under the "state of mind" exception to the hearsay rule. This Motion is based upon the Fifth and Fourteenth Amendments to the Constitution of the United States, and upon FRE 801(c), 802 and 803(3).

Date: May 8, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

_____/s/_____

David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

_Counsel for Defendant, Michael C. Irving_

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2008, a copy of the foregoing motion, together with the accompanying Memorandum in support of that Motion and a proposed Order, were served via electronic service upon:

Karen E. Kelly, Esq.
Michael P. Ben'Ary, Esq.
United States Department of Justice
Tax Division
600 E Street, NW
Room 5613
Washington, DC 20004


_____/s/_____
David Schertler

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| v. | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

## MEMORANDUM SUPPORTING DEFENDANT'S MOTION *IN LIMINE* FOR A FINDING THAT STATEMENTS MADE BY THE LATE DET. EUGENE LONON ARE ADMISSIBLE BECAUSE THEY ARE NOT HEARSAY AND, EVEN IF THEY WERE, THEY FALL WITHIN THE "STATE OF MIND" EXCEPTION TO THE HEARSAY RULE

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby submits this Memorandum in support of his Motion *in Limine* for a Finding That Statements Made by the Late Det. Eugene Lonon are Admissible Because They are not Hearsay and, Even if They Were, They Would Fall Within the "State of Mind" Exception to the Hearsay Rule ("Motion"). For the reasons discussed below, Det. Lonon's statements are simply not hearsay because they are not being offered for the truth of the matter asserted. Second, even if Lonon's statements were hearsay, they would fall within the "state of mind" exception contained in FRE 803(3).

This evidence is not only relevant but is critical to Defendant's state-of-mind/good-faith-belief defense which, as even the government concedes, is dispositive. *See, e.g.,* Government's Supplement to Trial Brief (Dkt. No. 87) at 3 – 4 ("A defendant's conduct is not willful if the jury finds it resulted from 'ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any provisions of the tax laws.' *Cheek*

*[v. United States]*, 498 U.S. [192], 202 [(1991)].")   Therefore, the Defendant respectfully requests that the Court grant this motion and admit testimony concerning Lonon's statements.

## **BACKGROUND**

The defense seeks to elicit testimony about what the Defendant was told by the late Det. Eugene Lonon concerning the tax strategies that the Defendant employed and that form the basis of his prosecution here.   That testimony will show that Det. Lonon told the Defendant not only that these tax strategies were legal, but told him *why* and *how* they were legal.   This all goes to the central issue in this trial:   whether the Defendant had a good faith belief that the strategies he executed were lawful and appropriate under existing laws.

He further seeks to elicit testimony from other witnesses to show that Lonon told them the same thing; that they found what Lonon told them to be credible; and that, as a result, they employed the same tax strategies, based upon what Lonon told them, as did the Defendant.   This is critical to the Defendant's defense because it corroborates that:   1) Lonon was, in fact, telling people what the Defendant will testify that Lonon told him; and 2) what Lonon told them sounded credible, leading them to a state of mind that caused them to implement the tax strategies on which Lonon had educated them.   Without this testimony, the jury would have nothing but the Defendant's uncorroborated testimony that a person who is now dead – Lonon – instructed him in tax matters; that what Lonon told him sounded reasonable; and that, in good faith, he followed what Lonon told him to do; and, as a result of following Lonon's advice in good faith, the Defendant is now being prosecuted.

## DISCUSSION

I. **LONON'S STATEMENTS ARE NOT HEARSAY BECAUSE THEY ARE NOT BEING OFFERED FOR THE TRUTH OF THE MATTER ASSERTED.**

Lonon's teachings, upon which the Defendant and others relied in good faith, are not hearsay. Pursuant to FRE 801(c), hearsay is limited to out-of-court statements offered for the truth of the matter asserted in those statements: "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted*." FRE 801(c) (emphasis added).

Here, the defense will *not* be offering Lonon's statements to prove the truth of his teachings. Indeed, we concede that at this point, the Defendant realizes that what Lonon taught was inaccurate.

Rather, Defendant will offer these statements to show why he did what he did; and he will call other witnesses who, like him, were taught by Lonon and filed tax forms and returns basically identical to those filed by the Defendant because of what Lonon taught them. Thus, Lonon's statements simply do not constitute hearsay and are admissible as non-hearsay evidence to show why the Defendant, and others, employed the tax practices that they employed. *United States v. Douglas,* 862 F.Supp. 521, 526 (D.D.C. 1994) (out of court statements do not constitute hearsay when used to explain the origins of the actions that follow) (cites omitted).

Moreover, Lonon's statements are not hearsay if offered to show the effect of those statements on his listeners. As our Circuit has recognized, "'[a]n out-of-court statement that is offered to show its effect on the hearer's state of mind is not hearsay under Rule 801(c).'" *United States v. Sesay,* 313 F.3d 591, 599 (D.C.Cir. 2002) (quoting *United States v. Thompson,* 279 F.3d 1043, 1047 (D.C.Cir. 2002)). *See also United States v. Wright,* 783 F.2d 1091, 1098 (D.C.Cir. 1986) ("Moss correctly points out on appeal that this testimony is not hearsay within

3

the meaning of Fed.R.Evid. 801(c).  The content of the phone call was offered not 'to prove the

truth of the matter asserted' but rather to show its effect on Moss") (cites omitted); *Matter of*

*C.D.,* 437 A.2d 171, 175 (D.C. 1981) ("Regardless of the truth of falsity of the statement itself,

the effect the statement has on the listener may explain or provide a motive for the listener's

subsequent conduct").

Indeed, in a factual setting analogous to that presented here, the D.C. Circuit held that the

district court erred in excluding evidence, on the basis of the hearsay rules, concerning advice the

defendant had been given.  *United States v. Baird,* 29 F.3d 647, 653 (D.C.Cir. 1994).  There, the

Circuit found that that advice was not hearsay.

In *Baird,*

> the government presented evidence that before [Baird's]
> first trip to Washington, Baird had consulted with Captain
> Thomas Snook, the District Legal Officer and designated
> Deputy Ethics Officer, and was told he could lawfully
> accept travel expenses for an interview, but could not
> participate in presentations or 'vouch' for ISTI.    In
> addition, Jonathan Armenta testified that in an interview
> after the event Baird admitted he knew he had done
> something wrong.

*Id.* (cites to transcript omitted).

Baird attempted to offset this evidence with testimony from a Lt. Commander O'Dell

"about advice O'Dell had received from Coast Guard legal and contracting officers and relayed

to Baird.  The government objected on grounds that the legal and contracting officers' statements

were hearsay, and the [district] court sustained the objection." *Id.*

> Baird's attorney, however, made the limited purpose of the
> proffered testimony perfectly clear:    "The government
> started out this case accusing Mr. Baird of not just violation
> of the statute, but of knowing it was wrong, of intentionally
> misleading people as to his status . . . And *in response to*
> *that, I introduced evidence concerning what David [Baird],*

> *advice David had been given to rebut that.*" Thus *Baird*
> *offered O'Dell's statements of his conversation with Baird*
> *only to show Baird's state of mind,* not for the truth of the
> matter asserted.    Accordingly, the testimony was not
> hearsay. *See* Fed.R.Evid. 801.

*Id.* (emphasis added).

So it is here. Lonon's tax advice to the Defendant, and to other defense witnesses, is not

being offered for the truth of what Lonon taught about such things. Therefore, it is not hearsay

and is not excluded by the hearsay rules. It is relevant – indeed, it is central – to Defendant's

defense. Therefore, it should be admitted into evidence in this trial.

Moreover, even if Lonon's statements *were* offered for the truth of what they assert, they

would, nonetheless, be admissible, both as reflections of Lonon's state of mind but, more

importantly, because of the impact they had on the state of mind of those who listened to Lonon.

For these reasons, as explained in the next section, Lonon's statements would fall squarely

within the state-of-mind hearsay exception contained in FRE 803(3)

## II.    EVEN IF LONON'S STATEMENTS WERE BEING OFFERED FOR THE TRUTH OF THE MATTERS ASSERTED AND WERE, THEREFORE, HEARSAY, THEY FALL WITHIN THE STATE-OF-MIND HEARSAY EXCEPTION RECOGNIZED IN FRE 803(3) AND WOULD BE ADMISSIBLE.

As discussed above, an out-of-court statement that is not being offered for the truth of the

matter asserted is simply not hearsay and is not excluded by the FRE 802. If that statement *is*

being offered for the truth of the matter asserted, then it *is* hearsay and must fall within one of the

hearsay exceptions contained in FRE 803 or 804 to be admissible.

Here, even if Lonon's statements *were* being offered for the truth of the matters he was

asserting, they would fall under the state-of-mind exception contained in FRE 803(3) and, thus,

be admissible. Moreover, they would be admissible under this exception to show the state of

mind of *both* Lonon, *and* of those who heard him, including the Defendant and his witnesses. *United States v. Williams,* 358 F.3d 956, 963 (D.C. Cir. 2004) ("an out-of-court statement offered in evidence to prove the truth of the matter asserted . . . *may be admitted to serve a non-hearsay purpose, however, such as elucidating a speaker's or a listener's state of mind, . . .* or providing background information") (citing *Sesay,* 313 F.3d at 599, and *United States v. Gatling,* 96 F.3d 1511, 1524 (D.C.Cir. 1996)) (emphasis added).  Exclusion of such evidence has been found to be reversible error. *Thompson,* 279 F. 3d at 1047 (citing *United States v. Detrich,* 865 F.2d 17, 21 (2nd Cir. 1988).

Therefore, whether being offered for the truth asserted or not, Lonon's statements to his "students," including the Defendant and his witnesses, are admissible.

## CONCLUSION

The government is trying to show that Det. Irving's tax practices were driven by greed and constitute a knowing, willful violation of the tax laws.  The Defendant's defense, on the other hand, is that his actions were based on a good-faith belief in what Lonon was teaching people. As our Circuit has recognized, "[i]t is always open in a criminal case for the defendant to explain away the force of specific items of the government's proof by showing the existence of other hypotheses." *United States v. Foster,* 986 F.2d 541, 545 (D.C. Cir. 1993); *see also United States v. Hayes,* 369 F.3d 564, 568 (D.C. Cir. 2004) (same).

Here, the Defendant will make that explanation by showing the effect that Lonon's teachings had on him and his other witnesses.  As shown above, Lonon's statements in that context are not hearsay under FRE 801(c).  This is critical to Det. Irving's defense that he acted in good faith.  That is, both he and those of his witnesses who were similarly "educated" by the late Det. Lonon and who, in good faith and based on Lonon's teachings, filed tax documents

nearly identical to those submitted by the Defendant, should be permitted to testify as to what Lonon instructed them and the effect Lonon's teachings had on their state of mind. The testimony of these other witnesses is critical to corroborate the Defendant's testimony about what Lonon was telling people, and to show that the Defendant was not the only person who, in good faith, relied on Lonon's teachings concerning tax matters.

Wherefore, the Defendant respectfully requests that the Court permit his own testimony, and that of his witnesses, concerning what Lonon was teaching about tax matters and the effect this had on their state of mind.

Date:  May 8, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

_____/s/_____
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **07-CR-107 (PLF)** |
| | ) | |
| v. | ) | **Judge Paul L. Friedman** |
| | ) | |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |

### PROPOSED ORDER

Based upon the Defendant's Motion *in Limine* for a Finding That Statements Made by the Late Det. Eugene Lonon are Admissible Because They are not Hearsay and, Even if They Were, They Fall Within the "State of Mind" Exception to the Hearsay Rule ("Motion"), and the government's response thereto, and being familiar with the file and the applicable law,

IT IS HEREBY ORDERED THAT the Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED THAT the Defendant and his witnesses shall be permitted to testify as to what they were told by Det. Lonon and the effect what he told them had on their state of mind.

SO ORDERED.

_____
Date

_____
The Honorable Paul L. Friedman
US District Court Judge