UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| )| |
| v.   ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING   ) | |
| ) | |
| Defendant.   ) | |

**GOVERNMENT'S MOTION IN LIMINE TO
EXCLUDE IRRELEVANT EVIDENCE OF SPECIFIC CASES WORKED BY
DEFENDANT**

COMES Now the United States, and moves to this Court to prohibit the defendant and his witnesses from discussing any specific details of cases that defendant worked for MPD.

Under the Federal Rules of Evidence, only evidence that is relevant is admissible. Relevant evidence means evidence "having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Even relevant, otherwise admissible evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

"[C]haracter evidence is of slight probative value and may be very prejudicial, as it tends

to distract the trier of fact from the main question of what actually happened on the particular occasion." O'Donnell v. Barry, 148 F.3d 1126, 1138-39 (D.C. Cir. 1998)(citation and internal brackets omitted).  When a defendant seeks to present character evidence, the defendant is limited to presenting evidence only of "pertinent" traits (Fed. R. Evid. 404(a)), which means "relevant" traits.  United States v. Harris, 491 F.3d 440, 447 (D.C. Cir. 2007), citing United States v. Angelini, 678 F.2d 380, 381 (1st Cir. 1982); see also United States v. Brown, 503 F.Supp.2d 239, 242 (D.D.C. 2007).  Thus, the character trait sought to be introduced must make some fact at issue more or less probable.  Furthermore, even relevant evidence may be excluded under an analysis under Federal Rule of Evidence 403.  Harris, 491 F.3d at 447.

The defendant is accused of filing false claims for refund, tax evasion and fraud.  Each of these charges implicates the defendant's truthfulness and veracity; therefore, the defendant "need not testify in order to present evidence with respect to truthfulness and veracity . . .."  United States v. Brown, 503 F.Supp.2d at 241, citing In re: Sealed Case, 352 F.3d 409, 412-13 (D.C. Cir. 2003).  Therefore, the government does not object to the defendant presenting character evidence relevant to his truthfulness and veracity.  The government does object, and moves to exclude character evidence not relevant to the defendant's truthfulness and veracity.

The defendant has been honored publicly for his police work, including his help solving several high-profile cases, including the 2003 triple homicide at Colonel Brooks' Tavern, the 2004 case of an 8-year-old child killed by a stray bullet, and the shooting deaths in 2000 of a Wilson High School football star and his girlfriend.  The defendant has also received several awards from the United States Attorney's Office for his work in solving violent crimes, including a 1999 murder-for-hire scheme and a series of fatal shootings from 1995 to 1998.

Laudable though the defendant's employment record may be, this evidence is not admissible under the Federal Rules of Evidence. See United States v. Washington, 106 F.3d 983, 999-1000 (D.C. Cir. 1997). In Washington, the District Court excluded evidence of the defendant police officer's commendations because the evidence was not relevant to the criminal charges. Id. It is firm evidentiary grounds that while a criminal defendant can put character in issue, the evidence can only be for a "pertinent trait of character." Testimony of specific cases that the defendant worked for MPD is irrelevant background information and is not admissible through the defendant or his character witnesses.

Evidence that encompasses the defendant's specific criminal cases the defendant investigated and solved has no tendency to make the existence of any fact of consequence to the charges more or less probable. "Such information is even more character-oriented than details regarding a defendant's family composition, which have been held to be properly excludable by this circuit on the grounds that such information constitutes character evidence irrelevant to the charges in a particular case that would be used only to make the defendant appear more sympathetic." Brown, 503 F.Supp.2d at 242, citing Harris, 491 F.3d at 446-47.

For the reasons stated above, the government's Motion in Limine to Exclude any Evidence of Specific Cases Worked by Defendant should be granted.

        Respectfully submitted,

        John Marrella
        Deputy Assistant Attorney General
        For Criminal Matters


        __s/Karen E. Kelly___
        Michael P. Ben'Ary
        Karen E. Kelly
        Trial Attorneys
        Tax Division, NCES
        601 D Street NW
        Washington, DC 20530
        (202) 514-5150