IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 07-CR-107 (PLF) |
| v. | ) ) ) | Judge Paul L. Friedman |
| MICHAEL C. IRVING | ) ) ) | |

**MEMORANDUM CONCERNING THE RELEVANCY TO DEFENDANT'S STATE-OF- MIND/GOOD-FAITH-BELIEF DEFENSE OF THE STATEMENTS MADE BY THE LATE DET. LONON TO THIRD-PARITES, EVEN THOSE WHO WERE UNKNOWN TO THE DEFENDANT AT THE TIME**

COMES NOW the Defendant, Michael C. Irving, by and through his undersigned counsel, and hereby submits this Memorandum to show that what the late Det. Eugene Lonon said to third-parties – including people of whom the Defendant was unaware – is relevant to the Defendant's defense here that he acted in good faith in following the tax strategies suggested to him by Lonon. This testimony concerning what Lonon told others tends to make the existence of the Defendant's good faith belief "more probable . . . than it would be without the evidence" and is, therefore, comfortably within the broad definition of "relevant evidence" contained in FRE 401, as more fully shown below.

**DISCUSSION**

"Relevant evidence," as defined in FRE 401, "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Rules 401 and 402 establish the broad principle that relevant evidence – evidence that makes the existence of any fact at issue more or less probable – is admissible unless the Rules provide otherwise." *Huddleston v. United*

*States,* 485 U.S. 681, 687 (1988). There are no degrees of relevancy. "An item sought to be introduced may have little probative value or it may have a great deal. But as Rule 401 defines it, the item is either relevant or it is not; there is no in-between." *United States v. Russo,* 104 F.3d 431, 434 (D.C.Cir. 1997) (citing *United States v. Foster,* 986 F.2d 541, 545 (D.C.Cir. 1993)). "All facts having rational probative value are admissible unless some specific rule forbids." *Murray v. United States,* 351 F.2d 330, 334 (8th Cir. 1965), *cert. denied,* 383 U.S. 949 (1966) (citing 1 Wigmore on Evidence, 3d ed. at 293). *See also United States v. Lewis,* 693 F.2d 189, 193 (D.C. Cir. 1982) (same).

"Relevant evidence," as defined in FRE 401, is very broad. *Shanklin v. Norfolk Southern Ry. Co.,* 369 F.3d 978, 989 (6th Cir. 2004) (Federal Rules of Evidence "define relevant evidence broadly . . ."); *United States v. Hollister,* 746 F.2d 420, 422 (8th Cir. 1984) (definition of "relevant evidence" given in FRE 401 "is broad"). Given this broad definition, "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule [FRE 401], while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant." *Spain v. Gallegos,* 26 F.3d 439, 452 (3rd Cir. 1994); *Frank v. County of Hudson,* 924 F.Supp. 620, 626 (D.N.J. 1996) (same).

Evidence need not be conclusive to be relevant. *Foster,* 986 F.2d at 545 ("Each piece of evidence need not be conclusive: A brick is not a wall.") (citation and quotation marks omitted). *See also United States v. Clifford,* 704 F.2d 86, 90 (3rd Cir. 1983) (same). Indeed, "[r]elevance is established by any showing, *however slight,* which makes it more likely than it was before the admission of the evidence" that a fact is true. *United States v. Federico,* 658 F.2d 1337, 1342 (9th Cir. 1981) (emphasis added). *See also United States v. Casares-Cardenas,* 14 F.3d 1283,

2

1287 (8th Cir.), *cert. denied,* 513 U.S. 849 (1994) (same); *United States v. Carino-Torres,* 2007 WL 3034324 at *1 (D. Puerto Rico 2007) (same).

Applying these basic principles to the facts of this case, it is clear that what the late Det. Eugene Lonon told other people about tax matters and tax strategies is relevant to the issue of whether the Defendant acted in good faith, and to the issue of the Defendant's state of mind. This is true even with regard to people who were "schooled" by Det. Lonon but whom the Defendant was, at the time he employed the same strategies, unaware.

The testimony of those other people concerning what Det. Lonon told them; concerning the effect of what he told them had on their respective states-of-mind; and concerning their own implementation of the same tax strategies and practices that were employed by the Defendant; is all relevant because it corroborates the Defendant's testimony on those points. Their testimony on these points "make[s] the existence of any fact that is of consequence to the determination of the action more probable . . . than it would be without the evidence." FRE 401.

First, it makes it more probable that the Defendant is telling the truth about what Lonon told him, because these other people – some of whom the Defendant did not even know – were being told the same thing by Lonon. Second, it makes it more probable that the Defendant is telling the truth about what effect Lonon's teachings had on him, because it had the same effect on those other people. Third, it makes it more probable that the Defendant is telling the truth when he says that he believed, in good faith, that what Lonon was telling him was a lawful tax strategy, because those other people were led by Lonon to believe the same thing. Fourth, it makes it more probable that the Defendant is telling the truth when he testifies that he filed the tax forms and returns that he did because he believed, in good faith, that it was lawful to do so,

based on what Lonon had told him, because those other people did the same thing for the same reason – because they found what Lonon was telling them to be believable and credible.

For these reasons, it matters not whether the Defendant, at the time he was employing these tax strategies, was even aware that these witnesses were being told the same things by Lonon that he was, or that, like him, they found Lonon to be credible and followed Lonon's advice by filing tax returns and forms that are nearly identical to those filed by the Defendant, upon which his prosecution rests.  The point is that the testimony of the "unknown" people is relevant here because that testimony corroborates the Defendant's testimony and, therefore, makes the Defendant's good-faith-belief defense "more probable . . . than it would be without the evidence."  FRE 401.  The same, of course, holds true for those witnesses whom the Defendant knew.

Viewing the Defendant's defense in the absence of such testimony makes it even more vividly clear why the testimony of those witnesses is not only relevant, but critical.  Without them, the jury will be left with the uncorroborated testimony of the Defendant, who obviously has an enormous stake in the outcome of this trial, pointing at a dead man as the reason he did what he did.

As our Circuit has recognized, "[i]t is always open in a criminal case for the defendant to explain away the force of specific items of the government's proof by showing the existence of other hypotheses."  *Foster,* 986 F.2d at 545; *see also United States v. Hayes,* 369 F.3d 564, 568 (D.C. Cir. 2004) (same).  In this case, it will be nearly impossible for the Defendant to do that without the testimony of these other witnesses who were taught and influenced to action by the late Det. Lonon.  As argued in our earlier pleading, what these people have to say is not hearsay. As we show here, their testimony is relevant to the central issue in this trial:   whether the

4

Defendant had a good faith belief that he was not violating any provisions of the tax laws. *Cheek v. United States*, 498 U.S. 192, 202 (1991).

Wherefore, the Defendant respectfully requests that the Court permit his own testimony, and that of his witnesses, concerning what Lonon was teaching about tax matters and the effect this had on their state of mind and on their tax-related acts.

Date: May 8, 2008

Respectfully Submitted,

Schertler & Onorato, LLP

/s/
David Schertler (DC Bar #367203)
David Dickieson (DC Bar #321778)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant, Michael C. Irving*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2008, a copy of the foregoing was served via electronic service upon:

Karen E. Kelly, Esq.
Michael P. Ben'Ary, Esq.
United States Department of Justice
Tax Division
600 E Street, NW
Room 5613
Washington, DC 20004

/s/
David Schertler