UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING HEARSAY AND
RELEVANCE OF STATE-OF-MIND EVIDENCE**

COMES NOW the United States of America, by and through its undersigned counsel, and hereby submits this brief regarding the defendant's introduction into evidence statements of out-of-court declarants to show his and other witnesses' state-of-mind. For the reasons stated below, statements made by Eugene Lonon ("Lonon") or any other out-of-court declarant, to anyone other than the defendant are inadmissible. The defendant is correct that Lonon's statements are admissible to show the effect that they had on the defendant. Defense counsel can ask questions of the defendant to elicit the effect that Lonon's statements had on him. The defendant incorrectly argues that Lonon's statements are admissible as they pertain to others because facts unknown to the defendant cannot have effected his subjective beliefs. Only the effect that the statements had on the defendant are relevant. Likewise, these statements do not fall into the "state of mind" hearsay exception, because the state of mind exception pertains to the declarant's state of mind, not the state of mind of the listener.

**I.     THE EFFECT THAT LONON'S STATEMENTS HAD UPON ANYONE OTHER THAN THE DEFENDANT IS IRRELEVANT AND SHOULD THEREFORE BE EXCLUDED.**

The defendant cites <u>Cheek v. United States</u> in partial support for his position that this Court should allow others to testify as to what Lonon told them.  <u>See</u> Def. Motion <u>in Limine</u> at 1-2.  The <u>Cheek</u> court held that willfulness is predicated upon a subjective standard rather than an objective standard.  <u>See</u> <u>Cheek</u>, 498 U.S. 192, 203 (1991).  Specifically, the jury must determine whether <u>this</u> defendant subjectively believed that what he was doing was unlawful.  In determining subjective reasonableness, the beliefs of others are irrelevant unless those beliefs were known to the defendant and impacted his state of mind.  The defendant wishes to parade in a group of witnesses to testify that they spoke with Lonon and relied on what Lonon told them.  The defendant submits that such testimony would somehow corroborate the reasonableness of his belief that he was not responsible for paying income taxes and could file trust tax returns for a trust that never existed.  As the Court recognized in discussing this issue, those witnesses' beliefs, unless communicated to the defendant, are no more relevant than if the United States called each and every taxpayer who believes that the defendant's position is unreasonable.  Surely, the defendant would object to the United States proffering such witnesses as irrelevant, especially after arguing in his opening statement that it matters not whether the jury thinks that the defendant was unreasonable; rather, the only relevant consideration is what the defendant believed.

The case law of this Circuit supports the government's contention that only statements made directly from Lonon to the defendant are admissible, and that Lonon's statements to others are irrelevant unless known to the defendant.  The question is whether what Lonon told others is

admissible without any showing of a connection to the defendant's state of mind. It is not. Such statements, albeit offered for the non-hearsay purpose of showing the effect on listener, must still be relevant to a "fact ... of consequence" in the case. Id. (citing Fed. R. Evid 401; United States v. Sesay, 313 F.3d 591, 599 (D.C. Cir. 2002); and United States v. Evans, 216 F.3d 80, 87 (D.C. Cir. 2000)). Other witnesses' states of mind that were not communicated to the defendant are not admissible, because they are irrelevant to the case. Only the defendant's state of mind is relevant, and what he did not know could not have impacted his subjective state of mind. The defendant can testify to statements directly made to him that effected his state of mind; however, other witnesses cannot testify as to what Lonnon told them. That statement cannot be offered to prove state of mind, since other witnesses' states of mind are not at issue.

     The defendant's reliance on United States v. Sesay is suspect. The Sesay court held that the trial court properly excluded evidence that was of no consequence to the case. 313 F.3d 591, 599 (D.C. Cir. 2002). In Sesay, the defendant wanted to introduce a police report where it identified someone other than the defendant as the possessor of a gun. See id. The court held that the statement contained in the police report was irrelevant because its effect on the police officer did not relate to a fact of consequence at trial. See id. The statement in the police report was only relevant if offered for its truth, and that would have constituted inadmissible hearsay. The court concluded by stating that to accept the defendant's "state of mind" argument would be to permit a hearsay loophole large enough to swallow the rule itself. See id. As applied to the present case, Sesay dictates that the statements that the defendant intends to elicit are irrelevant because the uncommunicated beliefs of others are not facts of consequence in this case.

     The remainder of the cases cited by the defendant are inapposite. In United States v.

Douglas, the statements at issue were admissible because they showed the origin of a police investigation into that particular defendant. 862 F.Supp. 521, 526 (D.D.C. 1994). In United States v. Thompson, the statements at issue went to the effect that they had on the defendant, not third parties. 279 F.3d 1043, 1047 (D.C. Cir. 2002). The same is true of the statements at issue in United States v. Wright and in United States v. Baird, which are also cited in support of the defendant's motion. 783 F.2d 1091, 1098 (D.C. Cir. 1986); 29 F.3d 647, 653 (D.C. Cir. 1994).

Before putting on any evidence of third parties' dealings with Lonon or Stephen Harris, the defendant must make a showing that there is a nexus between such evidence and the defendant's state of mind. Such a showing must be substantial in order to avoid the risk of unfair prejudice and confusion.

The Court noted its concern that the defendant's Fifth Amendment right not to testify seemed to be at odds with his Sixth Amendment right to call witnesses. There is no Constitutional right, however, to a good-faith defense. The defendant is free to choose not to testify, but if he so chooses, he may not be able to make the requisite showing of a nexus between third parties' conduct and his state of mind. Unless and until the defendant establishes that link, such testimony should not be admitted because it is not relevant.

II. **THE STATE-OF-MIND EXCEPTION TO THE HEARSAY RULES APPLY ONLY TO THE *DECLARANT'S* STATE OF MIND, WHICH IS NOT AT ISSUE IN THIS CASE.**

The defendant further misstates the law in the second part of his argument. The defendant alleges that even if Lonon's statements were offered for their truth, they are properly admissible under the state-of-mind exception under Federal Rules of Evidence ("FRE") 803(3). The reliance on FRE 803(3) is misplaced. FRE 803(3) states: "A statement of the declarant's

then existing state of mind, emotion, sensation, or physical condition, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will." (West 2008).  This exception allows hearsay statements regarding the <u>declarant's</u> state-of-mind.  There is no exception to the hearsay rules which would allow the admission of statements for their truth based upon the <u>listener's</u> state-of-mind.  In support of the defendant's argument, he cites cases that admit statements for the non-hearsay purpose of the effect on listener.  <u>See</u> Def. Motion <u>in</u> <u>Limine</u> at 6.

       To qualify for an exception under FRE 803(3), the statement must relate to Lonon's state-of-mind, since he is the declarant.  Lonon's state of mind is not at issue in this case.  Therefore, the state-of-mind exception does not apply to the statements that the defendant seeks to introduce.

### III.  CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court exclude the introduction of statements made by Lonon to third parties unless and until the defendant establishes that such statements had an effect on the defendant's state-of-mind.

Respectfully submitted,

NATHAN J. HOCHMAN
Assistant Attorney General


  s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys
601 D. St., N.W.
7th Floor
Washington, DC 20004
(202) 514-5150
