IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

### DEFENDANT IRVING'S MOTION IN LIMINE PROFFERING SCOPE OF TESTIMONY OF DARRYL RICHMOND

The Defendant, Michael C. Irving, through undersigned counsel, hereby submits this proffer or the expected scope of the testimony of Darryl Richmond in light of this Court's Order compelling Detective Richmond to testify at trial.

### I.   THE PRESENT MOTION

As this Court has noted, the scope of Detective Richmond's testimony at trial is to some extent circumscribed by his grand jury testimony. In the Grand Jury, Detective Richmond testified that based upon advice he received from Detective Lonon, he developed a genuine good faith belief that individuals did not have to pay income taxes. He further testified that following Lonon's advice, for two years after receiving this advice, he followed or participated in the "program" that Lonon discussed with him and did not pay his taxes. Detective Richmond essentially admitted to precisely the same conduct for at least two years for which Detective Irving is being prosecuted.

Based on his Grand Jury testimony, defense counsel expects to question Detective Richmond in the following areas:

1. Detective Richmond's extensive conversations with Detective Eugene Lonon regarding Lonon's belief that persons did not have to pay income taxes and the reasons why Lonon held that belief;

2. That based on his conversations with Lonon and the materials shown to him by Lonon, Detective Richmond developed a genuine good faith belief that individuals did not have to pay income taxes;

3. That based upon the advice and information he received from Lonon, and his genuine good faith belief that Lonon was correct, Detective Richmond did not pay income taxes and did not file proper tax returns for several years after that receiving that advice;

4. That, based upon Lonon's advice, for several years after receiving this advice, Detective Richmond had no money withheld from his paycheck for income taxes by claiming exempt on W4 forms;

5. The advice given to Detective Richmond by Detective Lonon of what steps Detective Richmond had to follow and what paperwork he had to fill out in order to not pay income taxes;

6. What steps Detective Richmond took in order to effectuate not paying taxes for the years he admitted in the Grand Jury that he did not pay taxes or file returns and had no withholding for taxes from his paycheck;

7. What other persons were aware of what Detective Richmond was doing with respect to his W4 forms or tax returns during the time period he was not paying taxes.

8.  Detective Richmond's interaction with Detective Irving and Karla Sumpter regarding the submission of a W4 form declaring Detective Richmond "exempt" from any withholding.

9.  Showing Detective Richmond documents that have been certified and authenticated by the IRS (and to which the Government has indicated they will not object on the basis of authenticity that will show his exempt W4 forms and documents that were submitted to the IRS based upon the advice from Detective Lonon about what Detective Richmond had to do in order to not pay taxes.

Additional questions within the scope of Detective Richmond's grand jury testimony may arise based upon Detective Richmond's testimony at trial, but these areas described above set forth the key areas of inquiry on direct examination.

Respectfully submitted,

MICHAEL IRVING

By his attorneys,

/s/
David Schertler
David H. Dickieson
SCHERTLER & ONORATO, LLP
601 Pennsylvania Avenue, N.W.
Suite 900 – NORTH Building
Washington, D.C. 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

Dated: May 9, 2008