IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v. ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING ) | |

**DEFENDANT IRVING'S MOTION IN LIMINE IN SUPPORT OF THE
ADMISSIBILITY OF HIS STATEMENTS UNDER THE "STATE OF MIND"
EXCEPTION TO THE HEARSAY RULE**

The Defendant, Michael C. Irving, through undersigned counsel, hereby moves this Court, *in limine*, to admit statements that Detective Irving made to other witnesses at the time of the alleged offenses to prove his state of mind. The reasons supporting this motion are set forth below.

**I.   FACTUAL BACKGROUND**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. § 287; (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. § 7201; (3) One count of fraud in violation of 22 D.C. Code § 3221(a); and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code § 410(a). All the charges arise from the Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

## II. **THE PRESENT MOTION**

During a motions hearing on Friday, May 9, 2006, the Court indicated its view that statements Detective Irving made to other persons (particularly another Homicide Detective, Manuel Gaffney) would not be admissible because such statements constituted hearsay statements. We ask the Court to reconsider its preliminary ruling based on the reasoning set forth below.

In an earlier motions hearing, the Court touched upon this issue when it requested the parties to inform the Court "why item number 3 in the government's consolidated motion *in limine*, entitled 'Third Party Testimony Regarding Defendant's Alleged States of Mind,' is not moot in light of defense counsel's representation in court today that the defendant is likely to testify at trial." Item number 3 of the Government's Consolidated Motions *in Limine* sought to exclude any testimony from third-party witnesses that might reflect the defendant's statement of mind during the time in question. The Government argued that such testimony would be hearsay testimony that would be inadmissible under Fed. R. Evid. 801(d)(2) and, further, it would not qualify under the "state of mind" hearsay exception set out in Fed. R. Evid. 803(3).

At that time, we argued that based on the assumption that Detective Irving would testify at trial as to statements that he made during the time in question to third-parties regarding his good faith belief that he was exempt from paying income taxes, those statements were not being made by an out-of-court declarant and were thus not hearsay statements. However, we submit that it is not necessary for Detective Irving to testify in order for such testimony of his earlier out-of-court statements to be admissible under the state of mind exception.

This question was addressed by the Second Circuit in *United States v. Cardascia*, 951 F.2d 474 (2nd Cir. 1991). In that case, the Second Circuit stated that a defendant's out-of-court statements evincing his or her state of mind in a case in which state of mind was an issue were admissible under Rule 803. The Second Circuit further noted that "the self-serving nature of a statement is considered when the jury weights the evidence at the conclusion of the trial." *Id.* at 487. The statements must show "a continuous mental process" on the part of the defendant (or any other witness) in order to be admissible. *Id.* at 488.

We would also direct the Court's attention to *Courtroom Criminal Evidence*, Imwinkelried, et al., Vol I, §1211, pp 398-99 (3rd Ed. 1998), which states:

> Some courts continue to labor under the misapprehension that a general rule excludes self-serving statements. For this reason some judges exhibit an unfortunate tendency to exclude the defendant's statements when the defense offers then to negate *mens rea*. However, the standard of admissibility is roughly the same for the defendant's exculpatory state-of-mind declarations as it is for those that inculpate the defendant. If the defendant made exculpatory statements under unsuspicious circumstances prior to the alleged crime, the judge should admit those statements.

*Id.*

Finally in a concurring opinion out of the Sixth Circuit, in *United States v. Taylor*, 991 F.2d 797 (6th Cir. 1993), Judge Boggs explained:

> [Fed. R. Evid. 803(3)] clearly states that a witness can testify to what the declarant said, out-of-court, about his "then existing state of mind . . . but not including a statement of memory or belief to prove the fact remembered or believed. . ." It seems to me quite possible that Taylor could have a witness who would testify that the witness heard Taylor say, contemporaneous with his failure to file tax returns, that he was very happy because he was now convinced that the tax law was such that he did not have to file, or wages were not income, or some other "factoid" in the tax protestor litany. If that were the case, I believe that such a statement would fall squarely within Rule 803(3), which could make it admissible. It would only fall afoul of the exception within the rule if the statement

were proffered to prove that Taylor in fact did not have to file, or that wages in fact were not income.

*Id.* at 4.

For these reasons, we submit that, under Rule 803, this Court should admit the testimony of witnesses who would testify that Detective Irving made statements to them that he had learned of a way in which to not pay income taxes from Detective Eugene Lonon and that he (Detective Irving) believed that it was legal and legitimate. Such testimony should be admitted regardless of whether or not the defendant testifies.

Respectfully submitted,

MICHAEL IRVING

By his attorneys,

_____/s/_____
David Schertler
David H. Dickieson
SCHERTLER & ONORATO, LLP
601 Pennsylvania Avenue, N.W.
Suite 900 – NORTH Building
Washington, D.C. 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

Dated: May 12, 2008