IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07-CR-107 (PLF) |
| v.            ) | Judge Paul L. Friedman |
| ) | |
| MICHAEL C. IRVING    ) | |

**DEFENDANT IRVING'S MEMORANDUM IN SUPPORT OF HIS POSITION THAT THE GOOD FAITH DEFENSE SET FORTH IN *U.S. v. CHEEK* APPLIES TO COUNTS ONE, TWO AND SIX OF THE INDICTMENT**

The Defendant, Michael C. Irving, through undersigned counsel, hereby submits this memorandum in support of his position that the good faith belief defense set forth by the Supreme Court in *United States v. Cheek*, 498 U.S. 192 (1991) applies to Counts One, Two and Six of the Indictment. The reasons supporting this motion are set forth below.

**I.    FACTUAL BACKGROUND**

The Defendant, Michael C. Irving, was charged by indictment with nine criminal counts: (1) Two counts of making a false claim for a refund in violation of 18 U.S.C. § 287; (2) Three counts of attempting to evade federal income tax in violation of 26 U.S.C. § 7201; (3) One count of fraud in violation of 22 D.C. Code § 3221(a); and (4) Three counts of evading District of Columbia income taxes in violation of 47 D.C. Code § 410(a). All the charges arise from the Government's allegation that for several years, from 2003 through 2005, Mr. Irving intentionally failed to file tax returns and did not pay federal and District income taxes during those years. Mr. Irving is charged with violations of both the federal and the District of Columbia tax code.

## II. THE PRESENT MOTION

During a motions hearing on Friday, May 9, 2006, the Court indicated that it had not been briefed on whether the good faith belief defense set forth in *United States v. Cheek*, 498 U.S. 192 (1991) applied to Counts One, Two and Six of the Indictments, as argued by counsel for Detective Irving. Counts One and Two of the Indictment charge Detective Irving with making a false claim for a refund in violation of 18 U.S.C. § 287. Count Six charges him with one count of fraud in violation of 22 D.C. Code § 3221(a).

We refer the Court to *United States v. Nash*, 175 F.3d 429 (6th Cir. 1999), in which the Sixth Circuit addressed precisely the same issue. In *Nash*, the Court found that the trial court erred in charging the jury that a good faith belief was a defense to the counts of willful failure to file a tax return, but not to the false, fictitious or fraudulent claims for tax refunds in violation of 18 U.S.C. § 287, as charged in three other counts. Specifically, the *Nash* Court held that:

> The district court attempted to distinguish *Cheek*, stating that the holding in *Cheek* "pivot[ed] upon the presence of willfulness." Because willfulness is not expressly stated as an element under 18 U.S.C. § 287, the district court ruled that the good faith defense did not apply. This distinction, however, is not persuasive, because 18 U.S.C. § 287 requires that Nash file the claims "knowing" that they are false, fictitious, or fraudulent. If Nash truly believed in good faith that he was not obligated to pay income taxes, and that he was these refunds, then he could not have filed his refund claims knowing that they were false, fictitious, or fraudulent. Rather he would have believed that they were legitimate refund claims. Moreover, various courts have held that good faith is a potential defense to 18 U.S.C. § 287. *See, e.g., United States v. Upton*, 91 F.3d 677, 683 (5th Cir. 1996)(holding that the defendants' good faith defense was substantially covered by the jury instructions); *United States v. Dorotich*, 900 F.2d 192, 193 (9th Cir. 1990)(same); *Quinton v. Department of Transp.*, 808 F.2d 826, 828 (Fed. Cir. 1986)(deferring to the Merit Systems Protection Board's conclusion that the defendant's good faith defense was incredible). For these reasons, we conclude that good faith is a valid defense to [the counts charging 18 U.S.C. § 287], and that the district court erred in instructing the jury otherwise.

*Id.* at 437.

Because Count Six of the Indictment, charging first degree fraud as set forth in 22 D.C. Code §3221(a), includes the element of a specific intent to defraud, the same reasoning applies to that Count. If the defendant had a good faith belief that he was entitled to the refunds he was seeking from the District of Columbia, he could not have had the requisite intent to defraud. Consequently, the "subjective" genuine good faith belief defense set out in *Cheek* applies to Count Six as well.

                Respectfully submitted,

                MICHAEL IRVING

                By his attorneys,

                _____/s/_____
                David Schertler
                David H. Dickieson
                SCHERTLER & ONORATO, LLP
                601 Pennsylvania Avenue, N.W.
                Suite 900 – NORTH Building
                Washington, D.C. 20004
                Telephone: (202) 628-4199
                Facsimile: (202) 628-4177

Dated: May 12, 2008