**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 07-107(PLF)** |
| | ) | |
| **MICHAEL C. IRVING** | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S BRIEF REGARDING THE MARITAL COMMUNICATIONS PRIVILEGE**

I.    **The marital communications privilege only applies to communications between spouses**

The marital communications privilege provides that "communications between the spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged."  Wolfe v. United States, 291 U.S. 7, 14 (1934).  According to the Ninth Circuit Court of Appeals, "the privilege (1) extends to words and acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to confidential communications, i.e., those not made in the presence of, or likely to be overheard by, third parties."  United States v. Montgomery, 384 F.3d 1050, 1056 (9th Cir. 2004)(citing United States v. Marashi, 913 F.2d 724, 729-30 (9th Cir. 1990)).  The Seventh Circuit Court of Appeals set forth similar rules for the application of the marital communications privilege in United States v. Lea, 249 F.3d 632, 641 (7th Cir. 2001)(privilege applies to statements made in confidence by one spouse to another during a valid marriage).  The First Circuit Court of Appeals has also consistently held that the marital communications privilege only applies to confidential

communications that took place during a marriage. <u>See</u> <u>United States v. Bey</u>, 188 F.3d 1, 4 (1st Cir. 1999); <u>United States v. Picciandra</u>, 788 F.2d 39, 43 (1st Cir. 1986). Thus, communications between paramours are not covered, even if they happen to wed at a later date. Here, the privilege would not prohibit the government from inquiring into conversations between the defendant and his then-girlfriend, Ms. Dunham, that occurred prior to April 9, 2005.

## II.     The occurrence or non-occurrence of a conversation between husband and wife is not privileged

Based on the same test cited above, the government can inquire of the defendant or Ms. Dunham, if she is called as a witness, whether the defendant and Ms. Dunham ever had a conversation about taxes. Since the question does not call for the revelation of confidential communications, the marital communications privilege does not bar such a question. Further, the marital communications privilege does not cover acts, such as filing a tax return. <u>See</u> <u>Pereira v. United States</u>, 347 U.S. 1, 6 (1954). The defendant, therefore, can be asked if he knew that his wife filed "married filing separately" tax returns for 2005, since the act of filing the returns is not a communication.

## III.    D.C. Code § 14-306

D.C. Code § 14-306 provides that "in civil and criminal proceedings, a husband or his wife is competent but not compellable to testify for or against the other." The statute continues, "a husband or his wife is not competent to testify as to any confidential communications made by one to the other during the marriage." As interpreted by the Court of Appeals for the D.C. Circuit, "these provisions obviously mean that a willing spouse may testify, save as to confidential communications inter se, nothwithstanding opposition by the marital copartner."

United States v. Lewis, 433 F.2d 1146, 1149 (D.C. Cir. 1970).  This section does not bar the cross-examination of the defendant regarding communications that he had with Ms. Dunham prior to April 9, 2005, nor does it bar the cross-examination of the defendant regarding whether conversations about taxes occurred between him and Ms. Dunham after April 9, 2005.

**IV.    Conclusion**

While the government does not intend on calling Ms. Dunham as a witness in its rebuttal case, we respectfully submit that cross-examination of the defendant subject to the limitations set forth above is proper.

Respectfully submitted,

NATHAN J. HOCHMAN
Assistant Attorney General

  s/Michael P. Ben'Ary
Michael P. Ben'Ary
Karen E. Kelly
Trial Attorneys
601 D. St., N.W.
7th Floor
Washington, DC 20004
(202) 514-5150