UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-107(PLF) |
| ) | |
| MICHAEL C. IRVING ) | |
| ) | |
| Defendant . ) | |

GOVERNMENT'S MOTION TO EXCLUDE IRS DOCUMENTS OF DECEASED PARTY AS IRRELEVANT

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." There are two requirements in the rule: (1) the evidence must tend to prove the matter sought to be proved, and (2) the matter sought to be proved must be one that is of consequence to the determination of the action. See United States v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981). Evidence which is not relevant is not admissible. See FRE 402. Rule 403 of the Federal Rules of Evidence provides that "relevant" evidence may be inadmissible if "its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."

The trial judge has broad discretion in ruling on questions of "relevancy" and in balancing the probative value of relevant evidence against any undue prejudice. See Hamling v. United States, 418 U.S. 87, 124-125 (1974). Only an abuse of discretion will result in the reversal of a

trial court's ruling on this point. See United States v. Williams, 545 F.2d 47 (8th Cir. 1976).

The evidence sought to be admitted by defendant, certified IRS transcripts of a deceased taxpayer, neither prove the matter sought to be proved, (i.e. that the decease told the defendant about an illegal exemption and illegal refund scheme) nor do the proposed records prove a the matter that is of any consequence to the determination of the action. In fact, the proposed records prove nothing, and are simply an attempt to prove that a third party engaged in some conduct that may or may not be similar to the conduct for which the defendant is on trial. The records are being offered to prove that the defendant was told by the deceased that it was okay to participate in the illegal exemption scheme and the illegal refund scheme. Defendant presented that testimony through his testimony. These proposed records do not corroborate that the deceased told the defendant anything. The proposed records do not corroborate that the deceased participated in any scheme, nor do they corroborate that the deceased spoke to the defendant. The deceased never filed trust tax returns with the IRS, and in fact, the deceased's tax conduct was very different from that of the defendant. Defendant wants these records admitted to prove to the jury that others, namely the deceased, committed some type of tax crime. That evidence could be deemed relevant and admissible only when it clearly links that other person to the commission of the crime. See Ford v. United States, 549 A.2d 1124, 1127 (1998). In this case, there is simply no link.

The proposed records do not prove anything, do not tend to prove any matter or consequence to the determination of the action, and are extremely confusing and misleading.

For the reasons stated above, the Defendant's Motion should be denied.

                                        Respectfully submitted,
                                        JOHN MARRELLA

                                        Deputy Assistant Attorney General
                                        For Criminal Matters


                                        _s/Michael P. Ben'Ary_
                                        Michael P. Ben'Ary
                                        Karen E. Kelly
                                        Trial Attorneys