# JURY INSTRUCTION NO. 1

## FILING FALSE CLAIMS FOR REFUND

Count One of the Indictment charges that on or about February 20, 2003, in the District of Columbia, and elsewhere, the defendant made and presented to the IRS a false claim for refund in the amount of $32,732, knowing such claim to be false, fictitious or fraudulent.

Count Two of the Indictment charges that on or about September 29, 2003, in the District of Columbia, and elsewhere, the defendant made and presented to the IRS a false claim for refund in the amount of $32,732, knowing such claim to be false, fictitious or fraudulent.

# JURY INSTRUCTION NO. 2

## 18 U.S.C. § 287 – PURPOSE OF THE STATUTE

Congress enacted section 287 to assure the integrity of claims submitted to the government, in an effort to protect the funds of the government from fraudulent claims, regardless of the particular form of the claim, or the particular function of the government department or agency against which the claim is made.  Congress intended to prevent any deception that would impair, obstruct or defeat the lawful, authorized functions of government departments or agencies.

# JURY INSTRUCTION NO. 3

## ELEMENTS OF THE OFFENSE

In order to prove the crime of making a false claim, the government must establish beyond a reasonable doubt each of the following facts:

First, that on or about February 20, 2003 (for Count One), and September 29, 2003 (for Count Two), the defendant knowingly made or presented a claim.

Second, that the claim which was presented was a claim against the United States or a department or agency of the United States.

Third, that the claim was false, fictitious, or fraudulent.

Fourth, that the defendant knew that the claim was

false, fictitious, or fraudulent.

The terms used in this instruction are defined in the following instructions.

# JURY INSTRUCTION NO. 4

# FIRST ELEMENT -- SUBMISSION OF CLAIM

The first element which the government must establish beyond a reasonable doubt is that the defendant knowingly made or presented a claim to the IRS.

An act is done knowingly if it is done purposely and deliberately. An act is not done knowingly if it is done by ignorance, mistake, accident, misunderstanding, or other innocent reason.

# JURY INSTRUCTION NO. 5

## SECOND ELEMENT -- CLAIM AGAINST THE UNITED STATES

The second element the government must prove beyond a reasonable doubt is that the claim was made or presented upon or against the United States or an Agency of the United States. You are instructed that the IRS is a department or Agency of the United States within the meaning of this law.

If you find that the claim received by the Agency of the United States was one which the Agency was expected to pay, then this element of the offense is satisfied.

# JURY INSTRUCTION NO. 6

## THIRD ELEMENT – CLAIM WAS FALSE, FICTITIOUS OR FRAUDULENT

The third element you must find beyond a reasonable doubt is that the claim was false, fictitious, or fraudulent as to a material fact.

A claim is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made.

A claim is fictitious if it is not real or if it does not correspond to what actually happened.

A claim is fraudulent if it was falsely made or caused to be made with the specific intent to deceive.

A material fact is one which has a natural tendency to

influence or is capable of affecting or influencing a government function.  It must relate to an important fact as distinguished from some unimportant or trivial detail.

The question you must focus on is whether the claim in question contained any entry which you find from the evidence was false, fictitious, or fraudulent as to a material fact.  You need not find that all of the entries on the claim were false, fictitious, or fraudulent, so long as you find that there was one entry which was false, fictitious, or fraudulent as to a material fact.

# JURY INSTRUCTION NO. 7

# FOURTH ELEMENT -- KNOWLEDGE THAT CLAIM WAS FALSE

The Fourth element the government must prove beyond a reasonable doubt is that the defendant knew that the claim was false or fictitious or fraudulent.

It is not necessary, however, that the government prove that the defendant had knowledge of the relevant criminal provisions governing his conduct. You need only find that the defendant acted with knowledge that the claim was false or fictitious or fraudulent.

# JURY INSTRUCTION NO. 9

## "CLAIM" DEFINED

A "claim" as that word is used in these instruction is a demand for money, property, credit or reimbursement. A tax return seeking a tax refund constitutes a claim.

# JURY INSTRUCTION NO.  10

# "CLAIM" NOT HONORED

There is no requirement that the claim presented by the defendant actually have been honored by the IRS, or that the IRS suffer any monetary loss as a result of the defendant's conduct.

# JURY INSTRUCTION NO.  11

# TAX EVASION – NATURE OF OFFENSE

Counts Three, Four and Five of the Indictment charge that for the calendar years 2003, 2004 and 2005, in the District of Columbia, defendant Michael C. Irving willfully attempted to evade or defeat a substantial federal income tax which was due and owing to the United States for the respective years.

# JURY INSTRUCTION NO. 12

## STATUTE DEFINING OFFENSE

Section 7201 of Title 26 of the United States Code provides, in part, that :

Any person who willfully attempts in any manner to evade or defeat any federal tax imposed by this title * * * shall * * * be guilty of an offense against the United States.

# JURY INSTRUCTION NO. 13

## ELEMENTS OF ATTEMPT
## TO EVADE OR DEFEAT A TAX

To establish the offense of attempting to evade and defeat a federal tax, the government is required to prove beyond a reasonable doubt each of the following three elements:

First, a substantial federal income tax was due and owing from the defendant;

Second, defendant, in any manner, attempted to evade or defeat the federal income tax, and

Third, the defendant acted willfully.

# JURY INSTRUCTION NO.  14

# TAX DEFICIENCY

The first element of attempted tax evasion in Counts Three through Five of the Indictment is a substantial federal tax deficiency, or in other words, a substantial amount of federal income tax due and owing by the defendant.  The proof need not show, however, the precise amount or all of the additional tax due as a result of the charged conduct.

Each year must be considered separately.  The defendant's tax obligation in any one year must be determined separately from his tax obligation in any other year.

A tax deficiency arises by operation of law on the date a tax return is due if the evidence establishes that the defendant owed a substantial tax.

# JURY INSTRUCTION NO.   15

# SUBSTANTIAL DEFINED

The meaning of the term "substantial" as used here depends upon the facts, circumstances, and conditions shown by the evidence.  However, any amount of unreported taxable income, greater than relatively small sums, is substantial.

# JURY INSTRUCTION NO. 16

## AFFIRMATIVE ACT OF EVASION
## (SECOND ELEMENT)

The second element that the government must prove beyond a reasonable doubt is that the defendant committed an affirmative act constituting tax evasion.

The Internal Revenue Code makes it a crime to attempt, in any manner, to evade or defeat any income tax imposed by law.  There are many different ways in which a tax may be evaded, or an attempt may be made to evade it.  In this case, the indictment alleges that the defendant, with the intent to evade or defeat taxes, filed a false income tax return for 2002, failed to file income tax returns for the years 2003, 2004 and 2005, failed to pay

income taxes, and caused to be filed false Forms W-4 which stated that he was exempt from withholding of income taxes from his paychecks.

I instruct you that the failure to file a tax return is not by itself sufficient to satisfy this element. Instead, the government must prove beyond a reasonable doubt that the defendant engaged in an affirmative act of evasion – that is, a positive act of commission which was designed to mislead or conceal and which was likely to have that effect. Even an activity that would otherwise be legal can constitute such an affirmative act.

Causing a false W-4 to be filed constitutes an affirmative act of evasion.

# JURY INSTRUCTION NO. 17

## WILLFULNESS (THIRD ELEMENT)

The third element the government must prove beyond a reasonable doubt is that the defendant acted willfully.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty.  In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited or did not do something he knew the law required, that is to say, with intent either to disobey or to disregard the law.

An act is not done willfully if it is done because of mistake, accident, negligence, recklessness, or due to a good faith belief that his actions comply with the law.

# JURY INSTRUCTION NO. 18

# GOOD FAITH

In order to find the defendant guilty of any of the charges against him, you must find that the defendant had a particular intent – or 'state of mind' – when he acted.

Specifically, counts 1 and 2 require you to find that the defendant *knowingly* filed a false and fraudulent claim against the IRS. Counts 3, 4 and 5 require you to find that the defendant *willfully* evaded or attempted to evade a tax owed to the United States. Count 6 requires you to find that the defendant *intended to defraud* the District of Columbia. Counts 7, 8 and 9 require you to find that the defendant *willfully* evaded or attempted to evade a tax he owed to the District of Columbia.

The defendant's good faith is a defense to each count
of the indictment because a finding that he acted in good
faith is simply inconsistent with a finding that he
knowingly filed false claims, willfully evaded or
attempted to evade a tax owed, or intended to defraud the
government.

While the term 'good faith' has no precise definition,
it means, among other things, a belief honestly held and
an intention to comply with known legal duties.  A good
faith belief is one which is honestly and genuinely held.

Thus, if the defendant honestly believed that what he
was doing was in accord with the law, then he did not act
with the criminal intent necessary to violate the laws
under which he is charged.  This is so even if the

defendant's belief was not objectively reasonable, so long as he genuinely held that belief.  Nevertheless, you may consider whether the defendant's belief was objectively reasonable as a factor in deciding whether he held that belief honestly and genuinely.

The burden of proving good faith does not rest with the defendant, because he does not have any obligations to prove anything in this case.  It is the government's burden to prove beyond a reasonable doubt that the defendant acted with the intent necessary to violate the laws under which he is charged.  If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with the necessary criminal intent, you must find the defendant not guilty.

In deciding whether the defendant acted with criminal intent or in good faith, you may consider all of the evidence presented at trial that bears on the defendant's state of mind, as well as any reasonable inferences that may be drawn from that evidence.

# JURY INSTRUCTION NO. 20

## DELIBERATE IGNORANCE

In deciding whether the defendant knew what the law required of him, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of that fact. That is say, the defendant willfully made himself blind to that fact.

It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.

# JURY INSTRUCTION NO. 21

## INCOME TAX IMPOSED; REQUIREMENT TO FILE INCOME TAX RETURNS AND PAY TAXES DUE

For each tax year requires all individuals to file a tax return and pay taxes due if their gross income exceeds a specific amount of income for that year.

The Internal Revenue Code requires individuals to pay any income tax imposed on them, without any requirement of notice or demand for payment from the IRS.  For most individuals, income tax is due by April 15th of the following year.

# JURY INSTRUCTION NO. 25

## FIRST DEGREE FRAUD

In Count Six of the Indictment, defendant is charged with First Degree Fraud in violation of the District of Columbia Code.

The elements of Fraud in the First Degree, each of which the government must prove beyond a reasonable doubt, are as follows:

(1)  That, in 2002,  the defendant engaged in a scheme or systematic course of conduct;

(2)  The defendant did so with the intent to defraud the District of Columbia or obtain property of the District of Columbia by means of false or fraudulent pretense, representation or promise;

(3)  As a result of that scheme or systematic course of conduct, the defendant obtained property of the District of Columbia, consisting of District of Columbia income taxes; and

(4)  That the property lost or obtained had a value of $250 or more.

# JURY INSTRUCTION NO. 26

## SCHEME DEFINED

A scheme is any pattern of behavior calculated to deceive persons of ordinary prudence and comprehension. A systematic course of conduct is a pattern of activity. It need not exist over an extended period of time, but there must be more than an isolated act.

# JURY INSTRUCTION NO. 27

# INTENT TO DEFRAUD

To act with intent to defraud means to act knowingly and with the purpose to deceive or cheat.  An intent to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person or entity -- in this case, the D.C. government.  The government need not prove that the defendant intended to defraud any particular person or entity, so long as it proves that he intended to defraud any person or entity.

# JURY INSTRUCTION NO. 28

# FALSE OR FRAUDULENT PRETENSE --
# DEFINED

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important aspect of the matter in question. The term includes an actual false statement, a direct false statement, a half-truth, and a knowing concealment of a fact that is material or important to the matter in question. The defendant must have known that the statement or assertion was untrue when he made it.

# JURY INSTRUCTION NO. 29

# MATERIAL FACT -- DEFINED

I have already instructed you as to what a material fact is.

# JURY INSTRUCTION NO. 30

## PROPERTY OF ANOTHER -- DEFINED

Property of another means anything of value in which a government or a person other than the defendant has an interest.

# JURY INSTRUCTION NO. 31

# TAX EVASION -- NATURE OF OFFENSE

Counts Seven, Eight and Nine of the Indictment charge that for the calendar years 2003, 2004 and 2005, in the District of Columbia, defendant Michael C. Irving willfully attempted to evade or defeat a substantial income tax that was due and owing to the District of Columbia for the respective years, in violation of the District of Columbia Code.

# JURY INSTRUCTION NO. 32

## ELEMENTS OF ATTEMPT TO
## EVADE OR DEFEAT
## A TAX DUE THE DISTRICT OF COLUMBIA

To establish the offense of attempting to evade and defeat a DC tax, as set forth in counts Seven through Nine, the government is required to provide beyond a reasonable doubt the following three elements:

First, defendant, in any manner, attempted to evade or defeat the income tax, and

Second, the defendant acted willfully, and

Third, the amount of the DC tax evaded or attempted to be evaded was greater than $10,000.

I have already explained to you the meaning of

attempt to evade and willfulness when I discussed

Counts 3, 4 and 5.

# JURY INSTRUCTION NO. 34

# CIVIL REMEDIES IMMATERIAL

There is a distinction between civil liability for the payment of taxes, and criminal liability.  As you know, this is a criminal case. The defendant is charged with the commission of a crime, and the fact that there may be civil tax consequences for his conduct may not be considered by you in determining the issues for resolution in this case.

# JURY INSTRUCTION NO. 39

# FORM W-4 WITHHOLDING ALLOWANCE EXEMPTION CERTIFICATE

Counts Three through Five and Seven through Nine of the Indictment all charge as an affirmative act of evasion, that the defendant filed, or caused to be filed, a false and fraudulent IRS Form W-4, or a DC Form D-4, claiming exemption from federal income taxes and DC income taxes. In this regard, I instruct you that all employees are required by law to furnish their employer with a signed Withholding Allowance Exemption Certificate, otherwise known as an IRS Form W-4 and DC Form D-4, indicating the number of withholding exemptions that the employee claims. The number of

exemptions claimed on the W-4 and D-4 forms advise the

employer how much of the employee's wages should be

withheld from the employee's pay and sent by the

employer to the IRS or DC Office of Tax and Revenue as

a down payment on the employee's income taxes.

## JURY INSTRUCTION NO. 40

## FORMS W-4 AND D-4

The filing, or causing to be filed, of one false Form W-4 or Form D-4 may satisfy the affirmative act requirement of tax evasion for each year that it remains in effect.  An individual is under a continuing obligation to correct any intentional misrepresentations on the Forms.

# FINAL INSTRUCTIONS TO JURY

Ladies and gentlemen of the jury, tomorrow morning you will hear the closing arguments of counsel concerning the evidence in the case. At this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this case.

## 2.01  FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole.  You may not ignore any instruction, or question the wisdom of any rule of law.

## 2.02 FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion

as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

## 2.03  JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

## 2.04  EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses and the exhibits which were admitted into evidence.

## 2.05  STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

As I told you at the beginning of the case, the opening statements and closing arguments of the lawyers are not evidence in this case.  They are statements or arguments based on the evidence, and they are intended to help you understand the evidence.

The lawyers' closing arguments are the lawyers' chance to try to persuade you and to demonstrate to you what the evidence has shown.

It is entirely proper for a lawyer to argue to you thoroughly and vigorously about what the lawyer contends that the evidence shows in this case.  At the

same time, however, a lawyer may not express a personal belief or personal opinion during argument.  It is not a lawyer's personal belief or opinion -- just as I have told you earlier it is not my personal belief or opinion -- that matters.  The only thing that should matter in your deliberations is what you decide the evidence has shown.  Your verdicts must be based only on the evidence.

# 1.07 QUESTION NOT EVIDENCE

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness' answer -- not the lawyer's question. A lawyer's question is not evidence.

## 2.06  INDICTMENT NOT EVIDENCE

The indictment is not evidence.  It is merely the formal way of accusing a person of a crime to bring him to trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

# 2.07  INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your

deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

# 2.08  BURDEN OF PROOF --
# PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense

beyond a reasonable doubt, you must find the defendant

not guilty.

## 2.09  REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would

cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

# 2.10  DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the facts of a case -- direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence

The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

## 2.28  DEFENDANT AS WITNESS

The defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant. In weighing the testimony of Mr. Irving in this case, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

## 1.08  EXPERT TESTIMONY

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the Court has permitted Renee Brown and Michael Fahey to testify as experts on the examination and computation of taxes -- Mr. Brown with respect to U.S. taxes and Mr. Fahey with respect to D.C. taxes.

You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or

experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

# SUMMARY WITNESS TESTIMONY

Mr. Brown and Mr. Fahey also testified as summary witnesses to summarize voluminous bank records and tax records. This summary evidence was offered by the government for the purpose of explaining facts disclosed by records, other documents, and testimony admitted as evidence in the case. Summary testimony is not, in and of itself, proof of any facts. Summary testimony is provided only as a matter of convenience. If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case or the evidence as you remember it or the bank records and tax records that are also in evidence, then you should give this summary testimony the weight you believe it deserves. Your recollection of the facts controls.

# SUMMARY CHARTS

Through these witnesses, the government has introduced a number of summary charts that you will have with you in the jury room.  They are Government Exhibits 7.1, 7.2, 7.3 and 8.1.  The government has offered these summary charts in evidence in order to make the other evidence it has presented more meaningful and understandable and to aid you in considering the evidence.  The charts are not independent proof of any facts and are not themselves independent evidence.  They are no better than the testimony or the documents upon which they are based.  Therefore, you are to give no greater consideration to these charts than you would give to the evidence upon which they are based.

It is for you to decide whether the summary charts

correctly present the information contained in the testimony and in the exhibits on which they were based. While the charts are not independent evidence, you are entitled to consider them if you find that they are of assistance to you in analyzing and understanding the evidence. If you do not believe the charts correctly reflect the facts shown by the evidence in the case, you should disregard them. I remind you that you and you alone are the finders of facts in this case, and it is your recollection of the facts that controls.

Other charts, summaries, diagrams and timelines shown to you during opening statements and/or closing arguments by the government and by defense counsel have not been admitted in evidence. They were used for the purpose of illustrating the government's arguments or the defendant's arguments from the evidence in this case.

These charts are not evidence in this trial or proof of any fact. They will not be available to you during your deliberations. They are for demonstrative purposes only. If you believe that these charts did not correctly reflect facts shown by the evidence in the case, you should disregard the charts. Like the opening statements and closing arguments of counsel themselves, these charts are not evidence. They are intended only to assist you in understanding and evaluating the evidence.

## 2.26  POLICE OFFICER'S TESTIMONY

In this case, you heard the testimony of a number of law enforcement officers.  The testimony of a law enforcement officer, such as an IRS agent or a Metropolitan Police Officer, should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

## 2.11  CREDIBILITY OF WITNESSES

In determining whether the government has

established the charges against the defendant beyond a

reasonable doubt, you must consider and weigh the

testimony of all the witnesses who have appeared before

you.

You are the sole judge of the credibility of the

witnesses.  In other words, you alone are to determine

whether to believe any witness and the extent to which

any witness should be believed.

In reaching a conclusion as to the credibility of any

witness, you may consider any matter that may have a

bearing on the subject. You may consider the demeanor

and the behavior of the witness on the witness stand; the

witness' manner of testifying; whether the witness

impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it

pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

# 2.13  NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary.

## 3.02  PROOF OF STATE OF MIND

I have used the words intent and intend, knowledge and knowingly, and willfully in these instructions. Someone's knowledge, intent or willfulness ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer the defendant's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent, knowledge or willfulness.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly or willfully or intentionally done or knowingly or wilfully or intentionally omitted.  It is

entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

## 2.52  MULTIPLE COUNTS -- ONE DEFENDANT

There are nine separate counts in the indictment in this case.  A separate offense is charged in each of the counts of the indictment which you are to consider. Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

## 2.71  SELECTION OF FOREPERSON

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## 2.72  UNANIMITY

The verdict must represent the considered judgment of each juror.  In order to return a  verdict, each juror must agree to the verdict. Your verdict must be unanimous.

## 2.73  EXHIBITS DURING DELIBERATIONS

I am sending into the jury room with you all the exhibits that have been received in evidence.

You may examine any or all of the exhibits as you consider your verdict.  If you believe that you do not have all of the exhibits, please inform the Deputy Marshal or Ms. Moon and they will advise me.

## 2.76  FURNISHING THE JURY
## WITH A COPY OF THE INSTRUCTION

I will provide you with a copy of these instructions, as well as a copy of the indictment. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## 2.74  POSSIBLE PUNISHMENT
## NOT RELEVANT

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

## 2.75  COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how jurors are voting until you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is

divided on any matter. This means, for example, that you should never tell me that the jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or any other issue in the case.

## 1.02  NOTETAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes.  You may take your notes with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear our from your notebooks any notes you have made and give them to your foreperson.  The clerk will collect your notebooks and pencils when you return to the courtroom, and I will

ask the foreperson to give the clerk your notes when your verdict is announced.  The clerk will give the notes to me and I will destroy your notes immediately after the trail. No one, including myself, will look at them.

# VERDICT FORM

A verdict form has been prepared for your convenience.  You will take this form to the jury room.

The verdict form is not evidence but rather is provided to assist the jury.  Nothing in the verdict form is intended to suggest or convey any opinion by the Court regarding what the verdict should be.  When you have reached a unanimous decision, the foreperson should sign and date the verdict form and return it to the Court once a decision has been reached.

# JURY INSTRUCTION NO. 43

## EACH TAX YEAR IS SEPARATE

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from any such failure to comply for a different year. The tax obligations of the defendant in any one year must be determined separately from the tax obligations in any other year.

# JURY INSTRUCTION NO. 44

# WHEN THE OFFENSE CHARGED IS COMPLETE

If you find beyond a reasonable doubt from the evidence in the case that defendant committed attempted tax evasion as charged in Counts Three, Four, Five, Seven, Eight, and Nine of the indictment, then you are advised that the offense charged was complete on the date the returns were due but not filed.

# JURY INSTRUCTION NO. 45

# SUBSEQUENT CONDUCT BY DEFENDANT IS OF NO CONSEQUENCE TO CRIME

You are advised that the crime of attempted tax evasion is complete when the defendant willfully failed to file the income tax return when it was due, in conjunction with the commission of any charged affirmative act. That the defendant may have, thereafter, taken any subsequent acts to file or pay taxes, is not a defense to the past intention to evade taxes.

# DEFENDANT'S THEORY OF THE CASE

Detective Irving has pled not guilty to all nine counts in the indictment. He contends that he did not commit any of the acts alleged by the Government with the necessary criminal intent. Rather, Detective Irving has testified that he acted on an honestly held subjective belief that the actions he took did not violate any provisions of the tax laws or any other legal duties. Detective Irving asserts that he believed at the relevant time periods that he was not violating any known legal obligation or duty but, rather, that he was acting upon and relying upon information he received from other persons that he genuinely believed to be correct at the time.

# SIGNATURE ON RETURN/KNOWLEDGE OF CONTENTS

The fact that an individual's name is signed to a tax return . . . shall be prima facie evidence for all purposes that the return . . . was actually signed by him or her, which is to say that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it.  You may also infer, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, that the individual who signed their name to the return had knowledge of the contents of that tax return.